1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BROOKS SPORTS, INC., a Washington corporation,<br><br>      Plaintiff,<br><br>v.<br><br>SPARC Group, LLC, a Delaware limited liability company,<br><br>      Defendants. | CASE NO.  2:20-cv-1491<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK DILUTION, AND DECLARATORY JUDGMENT OF NONINFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

16  Plaintiff BROOKS SPORTS, INC. ("Brooks") files this COMPLAINT FOR

17 TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK DILUTION, and

18 DECLARATORY JUDGMENT OF NONINFRINGEMENT ("Complaint") against Defendant

19 SPARC GROUP, LLC, ("SPARC"), alleging as follows:

20   1.  Since its founding in 1914, Brooks has built an authentic global brand known for

21 premium, innovative performance athletic shoes, apparel, and accessories.  The trademark

22 BROOKS appears on every product Brooks sells.  The BROOKS brand is established nationally

23 and globally for anything related to exercise, fitness, or athletic performance, including footwear,

24 apparel, accessories, experiences, events, stores, and tools for persons of all ages, abilities, and

25 backgrounds.

26

COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, TRADEMARK DILUTION, AND
DECLARATORY JUDGMENT OF NONINFRINGEMENT - 1
CASE NO.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

2.      Upon information and belief, defendant SPARC designs, sources, manufactures, distributes, and markets apparel and accessories through retail stores and other retail outlets and via ecommerce around the world, including in this judicial district.

3.      In August of 2020, SPARC bought the assets of the Brooks Brothers Group, Inc. ("Brooks Brothers") out of bankruptcy.  These assets include Brooks Brothers' trademark rights.[1] SPARC intends to operate Brooks Brothers as a going concern, including at least 125 Brooks Brothers retail stores.  Upon information and belief, SPARC also intends to further monetize the trademarks it has acquired by licensing them to third parties.

4.      Brooks Brothers was known for its traditional, ready-to-wear fashion apparel and tailored business and formal wear sold under its BROOKS BROTHERS mark.

5.      SPARC has announced that it plans to change the focus of the Brooks Brothers brand from tailored clothing to sportswear and athletic footwear and apparel.  It plans to license its trademark rights to third-party athletic brands for use with athletic clothing and footwear.  It also plans to dramatically expand its online presence.

6.      SPARC intends to use the term BROOKS alone, without "brothers" or any other word, as a trademark in connection with its footwear, apparel, and other goods and services.  In short, SPARC's actions and public statements indicate an immediate ability and intent to use Brooks' very identity while engaging in direct competition with Brooks.

7.      The present lawsuit seeks injunctive relief to stop SPARC from using Brooks' famous BROOKS trademark as well as trademarks that are confusing similar thereto in connection with SPARC's stores and products in order to prevent public confusion and dilution of Brooks' BROOKS mark.

8.      Specifically, this is an action for: infringement of Brooks' famous federally-registered BROOKS and BROOKS-formative trademarks under Section 32(1) of the Lanham Act,

---

[1] The purchased trademark assets excluded the "Southwick" marks, which have no relevance here.

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK DILUTION, AND DECLARATORY JUDGMENT OF NONINFRINGEMENT - 2
CASE NO.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

15 U.S.C. § 1114(1); unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); and substantial and related claims of unfair competition and trademark dilution under the statutory and common laws of Washington state, all arising from SPARC's unauthorized use of the mark BROOKS and other confusingly similar trademarks in connection with the manufacture, distribution, marketing, advertising, promotion, offering for sale, and/or sale of athletic and athletic-inspired apparel, footwear, accessories, and equipment and related retail store and online store services.  Brooks further seeks declaratory judgment of noninfringement on SPARC's rights in the Brooks Brothers trademarks based on Brooks' superior rights in BROOKS.

## I.     THE PARTIES

9.     Brooks is a Washington corporation with its principal place of business and flagship retail store located at 3400 Stone Way North, Suite 500, Seattle, Washington 98103 ("Brooks Flagship Store").

10.     SPARC Group, LLC is a Delaware limited liability company with its corporate offices located at 125 Chubb Ave, Fl. 5, Lyndhurst, New Jersey 07071.

## II.     JURISDICTION AND VENUE

### A.     SUBJECT MATTER JURISDICTION

11.     On information and belief, SPARC offers and intends to offer athletic apparel and footwear as well as other goods and services to Washington residents and persons in Washington through the Brooks Brothers-branded website and the Brooks Brothers-branded retail store, and other retail stores located in Washington state.

12.     This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, because this action arises under the Lanham Act.  This Court has supplemental jurisdiction over the causes of action under Washington state law because those causes of action are substantially related to the causes of action over which this Court has original jurisdiction, pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, TRADEMARK DILUTION, AND
DECLARATORY JUDGMENT OF NONINFRINGEMENT - 3
CASE NO.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

13.     This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1332, because the matter in controversy exceeds the value of $75,000, exclusive of interest and costs, and is between citizens of different states.  Brooks is a Washington state corporation with its principal place of business in Washington state.  SPARC Group, LLC is a Delaware limited liability company with its principal place of business in New Jersey.

14.     The Court has subject matter jurisdiction over Brooks' claim for declaratory judgment of noninfringement pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202 for reasons set forth in Claim VII and incorporated herein by reference.

**B.     PERSONAL JURISDICTION**

15.     On information and belief, SPARC employs dozens of employees in Washington state to solicit and consummate sales of the goods and services alleged to be infringing hereunder in Brooks Brothers-branded retail stores located in Washington state, including the Brooks Brothers retail store that is located approximately three miles from the Brooks Flagship Store.

16.     SPARC has an immediate intent and capacity to market and presently markets and advertises its goods, and solicits and consummates sales of infringing goods in Washington state, through its Brooks Brothers-branded retail stores and in other third-party retail stores located in Washington state.

17.     SPARC operates an interactive website and knowingly sends direct solicitations via e-mail to Washington state residents and others in Washington to solicit the sale of its infringing goods and services.

18.     SPARC is seeking, and purports to be entitled to, the exclusive right to use BROOKS for retail and online retail services featuring the sale of footwear and apparel, in Washington as well as in the rest of the United States.

19.     SPARC knows that Brooks is headquartered with numerous employees in Washington state; operates two brick and mortar Brooks stores in Washington state; has retail

COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, TRADEMARK DILUTION, AND
DECLARATORY JUDGMENT OF NONINFRINGEMENT - 4
CASE NO.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1   marketing, advertising and sales at Expo events and "pop-up" stores in Washington state; and harm

2   to Brooks will be felt in Washington state.

3      20. Accordingly, this Court has specific personal jurisdiction over SPARC because

4   SPARC has committed, and has the immediate intention and capacity to commit, willful acts of

5   trademark infringement, unfair competition and trademark dilution in Washington state, and has

6   purposely availed itself of Washington law by operating retail stores in Washington state, marketing

7   and selling its products in other retail stores in Washington state, and intentionally soliciting and

8   consummating sales with Washington state residents and other persons in Washington through its

9   highly interactive website.

10  **C.   VENUE**

11     21. Venue is proper under 28 U.S.C. § 1391(b)(2).

12     22. Brooks offers its goods for direct sales to consumers under the trademark BROOKS

13  through its website, which is operated, developed, tested and maintained by Brooks employees in

14  Washington state; the Brooks Flagship Store; its retail outlet store located at 24110 Bothell-Everett

15  Hwy, Bothell, WA 98021 ("Brooks Outlet Store"); Brooks-branded stores at Expos in this judicial

16  district; and in retail "pop-up" stores located in this judicial district.  Brooks has completed several

17  hundred thousand sales in this judicial district through these channels.

18     23. SPARC is transacting business within this judicial district and intends to commit the

19  acts complained of in this judicial district.  SPARC operates retail stores and markets and sells its

20  goods and services in other third-party retail stores within this judicial district, and does business

21  using its highly interactive Brooks Brothers-branded website in this judicial district with persons in

22  Washington and with Washington residents.  SPARC has committed and intends to commit the acts

23  complained of in this Complaint in this judicial district.  Accordingly, SPARC's infringing acts have

24  been aimed at and felt within this judicial district.

25

26

COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, TRADEMARK DILUTION, AND
DECLARATORY JUDGMENT OF NONINFRINGEMENT - 5
CASE NO.

1

2

### III.     FACTS

**Brooks' Famous Marks**

3       24.     Brooks is the owner of federal registrations on the Principal Register for BROOKS

4 and BROOKS-formative marks for athletic footwear, apparel and accessories ("Registered Brooks

5 Marks").   A table of Brooks' registrations is attached to this Complaint as **Exhibit A** and

6 incorporated herein by this reference.

7       25.     Brooks was founded in 1914.  Since then, it has grown from a small, family-owned

8 shoe factory to become a premium global brand.  Brooks has always been known to the world as

9 Brooks.  As a result of over 106 years of widespread, continuous and exclusive use of the BROOKS

10 mark to identify its goods and services, Brooks owns valid and subsisting federal statutory and

11 common law rights in the term BROOKS in connection with footwear, apparel and accessories, and

12 retail store and online store services for the same, including the Registered Brooks Marks

13 (collectively, the "Brooks Marks").

14

15

16



17

18

19

20

21

22

23

24

25

26

COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, TRADEMARK DILUTION, AND
DECLARATORY JUDGMENT OF NONINFRINGEMENT - 6
CASE NO.

Summit Law Group, PLLC
315 Fifth Avenue South, Suite 1000
Seattle, Washington 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26



COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, TRADEMARK DILUTION, AND
DECLARATORY JUDGMENT OF NONINFRINGEMENT - 7

CASE NO.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26





COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, TRADEMARK DILUTION, AND
DECLARATORY JUDGMENT OF NONINFRINGEMENT - 8

CASE NO.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26





COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, TRADEMARK DILUTION, AND
DECLARATORY JUDGMENT OF NONINFRINGEMENT - 9

CASE NO.

1
2
3
4
5
6
7
8
9
10
11
12
13



14
15
16
17
18
19
20
21
22
23
24
25



26

COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, TRADEMARK DILUTION, AND
DECLARATORY JUDGMENT OF
NONINFRINGEMENT - 10

CASE NO.

1
2
3
4
5
6
7
8
9
10



11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26



COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, TRADEMARK DILUTION, AND
DECLARATORY JUDGMENT OF
NONINFRINGEMENT - 11

CASE NO.

26.     The Brooks Marks are used by Brooks throughout the United States and worldwide and are recognized and trusted by consumers of athletic footwear, apparel, accessories, equipment, events, stores, tools, and experiences.

27.     Brooks offers its goods for direct sales to consumers under the Brooks Marks through its website located at www.brooksrunning.com, at Brooks-branded retail stores, at Brooks-branded stores at Expos for athletic and fitness events in cities across the United States, and in numerous retail "pop-up" stores located throughout the United States.



28.     Brooks' goods are also sold in over 5,000 third-party retail stores and online stores throughout the United States, including over fifty third-party retail stores in Washington state.

29.     Brooks operates and supports community engagement events, including in this judicial district such as the November Project, the Brooks Trailhead Running Club (which has over 600 members and has regular group runs starting and ending at its flagship retail store);  sponsorship of the 2018 USA Special Olympics, including sponsorship of two athletes competing in the Special Olympics; the Seattle Running Club (which has several

COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, TRADEMARK DILUTION, AND
DECLARATORY JUDGMENT OF
NONINFRINGEMENT - 12
CASE NO.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

hundred active members); the annual Brooks PR Invitational (an invitation-only track and field contest for the best high school athletes in the country that is regularly held at the University of Washington's Husky Stadium in this judicial district); and the Seattle Rock and Roll Marathon (which features running races of various distances including a marathon that starts and finishes at Seattle Center, taking runners through downtown Seattle, Fremont, over the Ballard Bridge, and



past Kerry Park). Brooks operates and/or supports approximately 25 races and other major events in the United States each year.

COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, TRADEMARK DILUTION, AND
DECLARATORY JUDGMENT OF
NONINFRINGEMENT - 13
CASE NO.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001





COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, TRADEMARK DILUTION, AND
DECLARATORY JUDGMENT OF
NONINFRINGEMENT - 14

CASE NO.

30.     Brooks has expended substantial time, money, and resources marketing, advertising, and promoting the footwear, apparel and accessories sold under its Brooks Marks.  Brooks has received numerous accolades and industry praise for its athletic footwear and apparel sold under the Brooks Marks, including Editor's Choice, "best running shoe," "best running shorts," "best sports bra," "best workout hoodie," and other awards from *Outside*, *Men's Health*, *Women's Health*, *Fit Bottomed Girls*, *Trail Runner*, *Runner's World*, *Trail Sisters*, *Esquire*, and *Self* magazines.

31.     Brooks offers a complete line of state-of-the-art running shoes, apparel and accessories.  Brooks' products have been an enormous commercial success with runners and non-runners alike.  Brooks has been the top-selling running shoe brand in specialty running stores since 2011.  Brooks is second to only Nike, Inc. in apparel sales at specialty running stores, with a 17.5% market share in 2019, ahead of Adidas, Asics, Saucony, and New Balance.  Brooks' reputation for performance high-quality and innovative running shoes extends to footwear and apparel for consumers interested in active lifestyles and fitness.  Over half of Brooks' sales are to consumers who do not consider themselves to be runners.

32.     Brooks sold more than 12 million units of its goods in 2019 worth over $1.2 billion dollars in consumer purchases at retail, all bearing the Brooks Marks.  More than $20 million worth of Brooks' 2019 annual retail sales were derived from sales in Washington state.  Brooks has completed several hundred thousand sales to Washington state residents through its website, the Brooks Flagship Store, its retail outlet store in Bothell, Brooks-branded stores at Expos for athletic and fitness events, and in "pop-up" retail stores.

33.     As a result of Brooks' significant expenditures and efforts, the Brooks Marks have come to signify the high-quality athletic shoes, apparel and accessories sold by Brooks, and have acquired incalculable distinction, reputation, and goodwill belonging exclusively to Brooks.

34.     The Brooks Marks are distinctive to both the consuming public and Brooks' market. This is especially true online.  Over the past decade, internet sales have generated a significant and growing share of Brooks' revenues.  In 2019, approximately 50% of Brooks' retail sales came from

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK DILUTION, AND DECLARATORY JUDGMENT OF NONINFRINGEMENT - 15

CASE NO.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

online channels.  Since March of 2020, as the response to the COVID-19 pandemic closed most retail stores, Brooks' online sales surged.  Online sales from March through August 2020 were approximately 130% higher than the same period in 2019.  Every product that Brooks advertises or sells on the internet is branded BROOKS, and consumers looking for Brooks products can find them by typing "Brooks" into a search engine.  Brooks dominates internet search results for the query "Brooks," featuring as the top organic Google search result since 2012.

### The BROOKS BROTHERS Marks

35.     While Brooks is known for athletic footwear, apparel and accessories sold under the Brooks Marks, Brooks Brothers is known for its traditional ready-to-wear fashion apparel and tailored business and formal wear sold under its BROOKS BROTHERS family of marks, such as BROOKS BROTHERS and BROOKS BROTHERS RED FLEECE. Upon information and belief, until recently Brooks Brothers did not sell or offer for sale any athletic or athletic-related goods or services under the BROOKS BROTHERS family of marks, except for non-technical golf polo shirts.

36.     On information and belief, Brooks Brothers never used the word BROOKS as a trademark in connection with the sale or offer for sale of footwear, apparel or accessories, or retail store or online store services for the sale of footwear, apparel or accessories.

37.     Consequently, Brooks and Brooks Brothers coexisted without a likelihood of confusion for decades by selling their respective goods and services under their respective marks in different markets to customers who have different objectives in purchasing the parties' respective products.  In 1981, Brooks and Brooks Brothers entered into an agreement (the "1980 Agreement") intended to help the parties avoid conflict by defining areas of trademark use and registration in which each party could operate without objection from the other.

38.     Over recent years, consumers have increasingly preferred active lifestyle and athletic-inspired footwear and apparel for everyday wear, including for wear in business settings. As a result, the market for traditional suits, ties, and ready-to-wear and tailored clothing has declined.

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK DILUTION, AND DECLARATORY JUDGMENT OF NONINFRINGEMENT - 16

CASE NO.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

39.     Even before acquisition by SPARC, Brooks Brothers responded to this trend by increasing its offering of athletic or athletic-inspired apparel and introducing athletic-inspired shoes. On information and belief, Brooks Brothers first began to enter the athletic footwear market in approximately 2018, selling what it called "Athletic" shoes on its website.



40.     In recent years, Brooks Brothers also began selling more apparel that it marketed as athletic-inspired, such as what it refers to as the Performance Series Half-Zip.

41.     SPARC's public statements indicate that it will even more aggressively pursue growth of athletic-inspired clothing.

42.     In 2019, Brooks Brothers also decided to begin using the trademark BROOKS.  On or about December 30, 2019, Brooks Brothers filed a federal trademark application seeking the exclusive right to use the mark BROOKS in connection with, among other goods and services, all-purpose sport bags in Class 18 and retail store services and online retail store services featuring clothing and sporting goods in Class 35 (U.S. Application No. 88/742,542) ("ITU Application") on

COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, TRADEMARK DILUTION, AND
DECLARATORY JUDGMENT OF
NONINFRINGEMENT - 17

CASE NO.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

the basis that Brooks Brothers had a bona fide intent to use the BROOKS mark in commerce under Section 1(b) of the federal Lanham Act, 15 U.S.C. § 1051(b).

43.    In submitting the ITU Application, Brooks Brothers declared it "believe[d] that [it] is entitled to use the mark in commerce" and "has a bona fide intention to use the mark in commerce on or in connection with the goods/services in the [ITU A]pplication."

44.    Brooks Brothers also began an active campaign to obstruct Brooks' efforts to manage and protect its trademark rights by opposing its registration of BROOKS.  In 2018, Brooks Brothers filed an opposition with the U.S. Patent and Trademark Office against Brooks' pending application for the mark BROOKS in connection with athletic footwear, apparel, and other products.

45.    Brooks Brothers cited the 1980 Agreement in support of its obstructive efforts, contending that in the 1980 Agreement, Brooks had agreed not to engage in certain trademark uses, rather than merely agreeing *not to object to* certain acts by Brooks Brothers.  Brooks Brothers invoked these nonexistent terms to try to limit Brooks' use of BROOKS.  Additionally, in the approximately 40 years since the 1980 Agreement was executed, online shopping emerged and has surged in popularity.  As a result, instead of being sold through different channels of trade, the parties' respective goods now appear side-by-side on the internet.  Because the 1980 Agreement had ceased to serve its intended purpose and had become obsolete, Brooks terminated the 1980 Agreement, effective July 13, 2020, via written notice provided on June 12, 2020.  A copy of the termination notice is attached to this Complaint **Exhibit B**.

46.    On February 10, 2020, Brooks filed suit against Brooks Brothers in the Western District of Washington, asserting, inter alia, that Brooks Brothers' use of BROOKS infringed Brooks' federal and common law trademark rights, and that Brooks Brothers had infringed the 1980 Agreement.  A copy of the Complaint is attached to this Complaint **Exhibit C**.  On March 4, 2020, Brooks Brothers filed an answer and counterclaims acknowledging that consumer confusion would result if both Brooks and Brooks Brothers used BROOKS-formative marks, but asserting that Brooks Brothers owns superior rights in BROOKS.  Brooks Brothers contended that Brooks' use of

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK DILUTION, AND DECLARATORY JUDGMENT OF NONINFRINGEMENT - 18

CASE NO.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

its own name, without a logo, on apparel infringed Brooks Brothers' trademark rights, and alleged that Brooks had breached the 1980 Agreement.   A copy of Brooks Brothers' Answer and Counterclaims is attached as **Exhibit D.**

47.     On or about July 8, 2020, Brooks Brothers declared bankruptcy.  On or about August 31, 2020, SPARC bought Brooks Brothers' assets, including, on information and belief, all of its trademark rights in any mark that includes the word "brooks."   SPARC now owns the ITU Application, and SPARC has assumed the statements of intended use made by Brooks Brothers. SPARC reaffirmed its intent to use the BROOKS mark during its prosecution of the ITU Application by arguing against the USPTO's refusal to register the ITU Application for BROOKS (alone) on September 14, 2020.

48.     SPARC has a bona fide intent to further pivot the Brooks Brothers brand into the athletic and athletic-inspired apparel, footwear, accessories, and equipment market, by offering for sale and selling goods and services that are identical, similar, overlapping or related to Brooks' athletic and athletic-inspired apparel, footwear, accessories, and equipment, and retail store and online store services for the same.  As reported in publications including Women's Wear Daily, SPARC executive Jamie Salter has publicly stated that going forward, "there will be a lot more leisurewear and activewear" in the Brooks Brothers product line, and that "we won't forget the tailored piece but there won't be a huge emphasis in that area." A copy of an August 17, 2020 article from Women's Wear Daily is attached as **Exhibit E**.  Mr. Salter acknowledges that Brooks Brothers' reputation is primarily as a purveyor of suits and sport coats, but says going forward leisure and activewear "needs to be 80%" of the Brooks Brothers product line.  *Id.*  Mr. Salter intends to hire a "big name" designer with a "strong sportswear background" to engineer this change.  *Id.*

49.     Mr. Salter stated that SPARC plans to expand Brooks Brothers' e-commerce business from "a couple hundred million" to $1 billion within the next 24 to 36 months.  *Id.*  Mr. Salter has indicated that these changes would be immediately implemented, and upon information and belief, are already underway.

COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, TRADEMARK DILUTION, AND
DECLARATORY JUDGMENT OF
NONINFRINGEMENT - 19
CASE NO.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

50.     SPARC's further transition of the Brooks Brothers product line from suits and sport coats to leisure and activewear, especially together with the expansion of e-commerce, means that consumers will be entirely dependent on the word "brothers" to distinguish between goods sold by SPARC and goods sold by Brooks.  Consequently, trademarks that do not contain "brothers," such as but not limited to BROOKSTECH, BROOKSCLOUD, BROOKSCOOL, BROOKSSTORM, and BROOKS STRETCH, cause a likelihood of confusion with Brooks' BROOKS mark when used on such goods and services.  Upon information and belief, SPARC is using and/or has an immediate intent and capacity to use these marks in connection with leisure and activewear footwear and apparel and retail store and online services for same.

51.     On information and belief, SPARC knows that its use of marks that contain "brooks" but do not contain "brothers," such as BROOKS and the marks listed above, in connection with athletic and athletic-inspired apparel, footwear, accessories, and equipment, and retail store and online store services for the same, is likely to cause confusion and deception in the marketplace with Brooks' Brooks Marks, and divert potential sales of Brooks' goods and services to SPARC.

52.     On information and belief, SPARC's acts are willful, and are committed with the deliberate intent to trade on the goodwill of Brooks' Brooks Marks, cause confusion and deception in the marketplace, and divert potential sales of Brooks' goods and services to SPARC.

53.     SPARC's acts, unless restrained, will cause damage and immediate irreparable harm to Brooks and to its valuable reputation and goodwill with the consuming public for which Brooks has no adequate remedy at law.

## IV.     CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

54.     Brooks repeats and realleges the preceding paragraphs as if fully set forth herein.

55.     The public in the United States and throughout the world associate the Brooks Marks with Brooks' goods and services.  SPARC's actions alleged herein will confuse consumers and also

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK DILUTION, AND DECLARATORY JUDGMENT OF NONINFRINGEMENT - 20

CASE NO.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1  will allow SPARC to unjustly benefit from Brooks' long-standing reputation in the marketplace for

2  quality, innovation, and performance.

3  56.  SPARC's unauthorized use in commerce of trademarks that include "brooks"

4  without "brothers," including BROOKS mark as claimed in the ITU Application as well as

5  BROOKSTECH, BROOKSCLOUD, BROOKSCOOL, BROOKSSTORM, and BROOKS

6  STRETCH, in connection with apparel, footwear, accessories, and equipment (collectively, the

7  "Infringing Marks") as alleged herein is likely to deceive consumers as to the origin, source,

8  sponsorship, or affiliation of SPARC's goods and services.  SPARC's unauthorized use is likely to

9  cause consumers to believe, contrary to fact, that SPARC's goods and services are sold, authorized,

10  endorsed, sponsored, or otherwise approved by Brooks, or that SPARC is in some way affiliated

11  with Brooks.

12  57.  Brooks has prior rights in the Brooks Marks in connection with athletic and athletic-

13  inspired apparel, footwear, accessories, and equipment, and retail store and online retail store

14  services for the sale of the same as alleged herein.  SPARC's conduct therefore constitutes trademark

15  infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

16  58.  Upon information and belief, SPARC has and intends to commit the foregoing acts

17  of infringement with full knowledge of Brooks' rights in the Brooks Marks and with the willful

18  intent to cause confusion and trade on Brooks' goodwill.

19  59.  SPARC's conduct threatens to cause and is causing immediate and irreparable harm

20  and injury to Brooks, and to its goodwill and reputation, and will and continue to both damage

21  Brooks and confuse the public unless enjoined by this court.  Brooks has no adequate remedy at

22  law.

23  60.  Brooks is entitled to, among other relief, injunctive relief and an award of actual

24  damages, SPARC's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of

25  the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with

26  prejudgment and post-judgment interest.

COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, TRADEMARK DILUTION, AND
DECLARATORY JUDGMENT OF
NONINFRINGEMENT - 21
CASE NO.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

61.    SPARC's continued and threatened use of the Infringing Marks despite its awareness of the Brooks Marks and that it is causing and will cause confusion is extraordinary.

## SECOND CLAIM FOR RELIEF

## FEDERAL UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)

62.    Brooks repeats and realleges the preceding paragraphs as if fully set forth herein.

63.    SPARC's unauthorized use in commerce of the Infringing Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of its goods and services, and is likely to cause consumers to believe, contrary to fact, that SPARC's goods and services are sold, authorized, endorsed, or sponsored by Brooks, or that SPARC is in some way affiliated with or sponsored by Brooks.

64.    SPARC's unauthorized use in commerce of the Infringing Marks as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

65.    Upon information and belief, SPARC's conduct as alleged herein is willful and is intended to and likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of SPARC with Brooks.

66.    SPARC's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

67.    SPARC's conduct threatens to cause and is causing immediate and irreparable harm and injury to Brooks, and to its goodwill and reputation, and will continue to both damage Brooks and confuse the public unless enjoined by this court.  Brooks has no adequate remedy at law.

68.    SPARC's continued and threatened use of the Infringing Marks despite its awareness of Brooks' ownership of the Brooks Marks and the harm and confusion that it is causing and will cause is extraordinary.

69.    Brooks is entitled to, among other relief, injunctive relief and an award of actual damages, SPARC's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK DILUTION, AND DECLARATORY JUDGMENT OF NONINFRINGEMENT - 22

CASE NO.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF

## FEDERAL TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c)

70.     Brooks repeats and realleges the preceding paragraphs as if fully set forth herein.

71.     Brooks' Brooks Marks are distinctive and "famous marks" within the meaning of Section 43(c) of the Lanham Act.

72.     Brooks' Brooks Marks became distinctive and famous before SPARC's acts as alleged herein.

73.     SPARC's acts as alleged herein have diluted and will, unless enjoined, continue to dilute and are likely to dilute the distinctive quality of Brooks' famous Brooks Marks.

74.     SPARC's acts as alleged herein have tarnished and will, unless enjoined, continue to tarnish, and are likely to tarnish Brooks' Brooks Marks by undermining and damaging the valuable goodwill associated therewith.

75.     SPARC's acts as alleged herein are intentional and willful in violation of Section 43(c)(1) of the Lanham Act, 15 U.S.C. § 1125(c)(1), and have already caused Brooks irreparable damage and will, unless enjoined, damage and continue to so damage Brooks, which has no adequate remedy at law.

76.     Brooks is entitled to, among other relief, injunctive relief and an award of actual damages, SPARC's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

77.     SPARC's continued and threatened use of the Infringing Marks despite its awareness of Brooks' Brooks Marks and the harm and confusion that it is causing and will cause is extraordinary.

COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, TRADEMARK DILUTION, AND
DECLARATORY JUDGMENT OF
NONINFRINGEMENT - 23
CASE NO.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

## FOURTH CLAIM FOR RELIEF

## UNFAIR COMPETITION UNDER RCW § 19.86.020

78.     Brooks repeats and realleges the preceding paragraphs as if fully set forth herein.

79.     SPARC's unfair and deceptive practices have directly and proximately injured Brooks and its threatened acts will continue to injure Brooks, including causing injury to Brooks' business and property.

80.     SPARC's unfair and deceptive practices have negatively affected and injured the public interest.

81.     SPARC's conduct as alleged herein constitutes unfair competition in violation of Washington's Consumer Protection Act, RCW 19.86.020.

82.     SPARC's conduct threatens to cause and is causing immediate and irreparable harm and injury to Brooks, and to its goodwill and reputation, and will and continue to both damage Brooks and confuse the public unless enjoined by this court.  Brooks has no adequate remedy at law.

83.     Brooks is entitled to, among other relief, injunctive relief and an award of actual damages, SPARC's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action, and an increased award of up to three times its actual damages under RCW 19.86.090, together with prejudgment and post-judgment interest.

## FIFTH CLAIM FOR RELIEF

## TRADEMARK DILUTION UNDER RCW § 19.77.160

84.     Brooks repeats and realleges the preceding paragraphs as if fully set forth herein.

85.     Brooks owns common law trademark rights in its Brooks Marks and all such rights owned by Brooks are superior to any rights that SPARC may claim to have in the BROOKS mark.

86.     Due to over 100 years of use, and as evidenced by Brooks' impressive commercial success and industry praise of Brooks' goods and services, Brooks' Brooks Marks are famous and

COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, TRADEMARK DILUTION, AND
DECLARATORY JUDGMENT OF
NONINFRINGEMENT - 24
CASE NO.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

distinctive in the state of Washington and have been for many years prior to SPARC's first sale of any goods or services similar to those offered by Brooks under its Brooks Marks.

87.     SPARC's acts as alleged herein are intentional and willful in violation of RCW § 19.77.160, and have already caused Brooks irreparable damage and will, unless enjoined, damage and continue to so damage Brooks, which has no adequate remedy at law.

88.     Brooks is entitled to, among other relief, injunctive relief under RCW § 19.77.160.

## SIXTH CLAIM FOR RELIEF

## TRADEMARK INFRINGEMENT UNDER

## WASHINGTON STATE COMMON LAW

89.     Brooks repeats and realleges the preceding paragraphs as if fully set forth herein.

90.     Brooks owns common law trademark rights in its Brooks Marks and all such rights owned by Brooks are superior to any rights that SPARC may claim to have in the BROOKS mark.

91.     Brooks Brothers' unauthorized use of the Brooks Marks in commerce to advertise and offer goods or services similar to Brooks' goods and services is likely to cause, has caused, and will continue to cause a likelihood of confusion and deception with Brooks' Brooks Marks, or cause confusion, mistake or deception as to the origin of SPARC's goods and services.

92.     SPARC's acts as alleged herein are intentional and willful in violation of Brooks' common law trademark rights under Washington state common law and RCW 19.77.900.

93.     Brooks is entitled to, among other relief, injunctive relief and its actual damages under common law.

## SEVENTH CLAIM FOR RELIEF

## DECLARATORY JUDGMENT OF NONINFRINGEMENT

94.     Books repeats and realleges the preceding paragraphs as if fully set forth herein.

95.     This is a Declaratory Judgment action for declarations of non-infringement that Brooks' use of BROOKS does not infringe any trademark right owned by SPARC and that Brooks is the senior user of the BROOKS mark in connection athletic and athletic-inspired footwear,

COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, TRADEMARK DILUTION, AND
DECLARATORY JUDGMENT OF
NONINFRINGEMENT - 25
CASE NO.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

apparel, accessories, and equipment, and retail store and online retail store services for the sale of the same.

96.     On March 4, 2020, Brooks Brothers filed claims against Brooks for trademark infringement, trademark dilution, false designation of origin, and unfair competition, alleging that Brooks Brothers owned the exclusive right to use the trademark BROOKS, and Brooks' sale and offer for sale of apparel using its BROOKS mark was a willful violation of Brooks Brothers' trademark rights.  Brooks Brothers alleged that in selling goods marked with its house mark, which Brooks has been using for over a century, Brooks knowingly, willfully, and maliciously acted with intent to trade upon Brooks Brothers' reputation and goodwill and to injure Brooks Brothers. Brooks Brothers sought injunctive relief, damages, and an order enjoining Brooks from using its own name on its products.

97.     On information and belief, SPARC now owns any and all trademark rights in any mark containing the word "brooks" that was previously owned by Brooks Brothers.  In addition to acquiring Brooks Brothers' trademark rights, SPARC has continued prosecuting the ITU Application.

98.     By continuing to prosecute the ITU Application, SPARC has represented that it has a bona-fide intention to claim exclusive rights to the BROOKS mark in connection with, among other goods and services, sports bags and retail store and online retail store services for the sale clothing and sporting goods.

99.     Notably, SPARC has not amended the ITU Application to subrogate its claimed rights in BROOKS to Brooks' rights, which are known to SPARC.  SPARC therefore maintains Brooks Brothers' attestation that its rights in the BROOKS mark in connection with the goods and services in the ITU Application are superior to Brooks' rights.

100.     Brooks continues to use its BROOKS mark on its goods and services as it has for over a century, including in connection with apparel, retail store and online retail store services featuring clothing, and a host of other products and services—the very acts that Brooks Brothers

COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, TRADEMARK DILUTION, AND
DECLARATORY JUDGMENT OF
NONINFRINGEMENT - 26

CASE NO.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

accused as being willful, intentional, and malicious acts of infringement of rights that SPARC now owns, and the very goods and services in connection with which SPARC now seeks exclusive rights via the ITU Application.

101.    Upon information and belief, neither SPARC nor its predecessor in interest Brooks Brothers have ever used the trademark or service mark BROOKS, nor do they have any rights in BROOKS.  In contrast, Brooks has been known to the world as "Brooks" since its founding in 1914. And, as a result of over a century of widespread, continuous and exclusive use of the Brooks Marks, including BROOKS, to identify its goods and services, Brooks owns valid and subsisting federal statutory and common law rights in the BROOKS mark in connection with footwear, apparel and accessories, and retail stores and online store services for the same, including the Registered Brooks Marks.  Consequently, Brooks' rights to BROOKS are superior to SPARC's rights, if any.

102.    As the senior user in the United States, Brooks cannot infringe upon any rights SPARC may have in the BROOKS marks under federal statutory or common law.

103.    Brooks has a reasonable apprehension that it will be sued by SPARC because of SPARC's acts alleged herein.  A real, immediate, justiciable controversy exists between Brooks and SPARC with respect to which company, as between SPARC or Brooks, owns superior rights in BROOKS, and therefore as to whether the use of BROOKS by Brooks infringes any trademark right owned by SPARC.  The Court has subject matter jurisdiction over this claim for declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

## COUNT I:

### Federal False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(a)

104.    Brooks incorporates the preceding paragraphs by reference as if fully set forth herein.

105.    As between the parties, Brooks is the senior user of BROOKS.  BROOKS is recognized by the consuming public of the United States as a designation of source for Brooks, not SPARC.  SPARC has no valid claim for false designation of origin or unfair competition under 15 U.S.C. § 1125(a).

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK DILUTION, AND DECLARATORY JUDGMENT OF NONINFRINGEMENT - 27
CASE NO.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

**COUNT II**

**Federal Trademark Dilution, 15 U.S.C. § 1125(c)**

106.     Brooks incorporates the preceding paragraphs by reference as if fully set forth herein.

107.     As between the parties, Brooks is the senior user of BROOKS.   BROOKS is recognized by the consuming public of the United States as a designation of source for Brooks, not SPARC.  SPARC has no valid claim for dilution under 15 U.S.C. § 1125(c).

**COUNT III**

**Common Law Trademark Infringement**

108.     Brooks incorporates the preceding paragraphs by reference as if fully set forth herein.

109.     As between the parties, Brooks is the senior user of BROOKS.  SPARC owns no common law rights in BROOKS.  BROOKS is recognized by the consuming public of the United States as a designation of source for Brooks, not SPARC.  SPARC has no valid claim for common law trademark infringement against Brooks.

**COUNT IV**

**Unfair Competition RCW § 19.86.020**

110.     Brooks incorporates the preceding paragraphs by reference as if fully set forth herein.

111.     As between the parties, Brooks is the senior user of BROOKS, and therefore its use of BROOKS does not constitute an unfair or deceptive practice and does not constitute unfair competition in violation of Washington's Consumer Protection Act, RCW § 19.86.020.

**COUNT V**

**Trademark Dilution RCW §19.77.160**

112.     Brooks incorporates the preceding paragraphs by reference as if fully set forth herein.

113.     As between the parties, Brooks is the senior user of BROOKS, and therefore SPARC owns no common law rights in BROOKS, does not have priority in BROOKS, and owns no superior rights in BROOKS.

114.     Brooks' use of BROOKS cannot and does not violate RCW § 19.77.160.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

## VI.  DEMAND FOR JURY TRIAL

115.    Pursuant to Fed. R. Civ. P. 38(b), Brooks requests a trial by jury on all issues.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Brooks requests judgment against SPARC as follows:

1.    That SPARC has violated Section 32 of the Lanham Act (15 U.S.C. § 1114); Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

2.    That SPARC has violated RCW 19.86.020; RCW § 19.77.160; and RCW 19.77.900.

3.    That SPARC committed Washington state common law trademark infringement and unfair competition.

4.    Declaring that Brooks' use of BROOKS does not violate 15 U.S.C. §1125(a), §1125(c) or §1114; that Brooks' use of BROOKS does not violate any common law trademark right owned by SPARC; that Brooks' use of BROOKS does not constitute unfair competition under RCW §19.86.020; and that Brooks' use of BROOKS does not constitute trademark dilution under RCW §19.77.160.

5.    Declaring that Brooks has the sole and exclusive right to use the term "BROOKS" as a trademark or service mark in connection with athletic and athletic-inspired apparel, footwear, accessories, and equipment, and retail store and online store services for the sale of the same.

6.    Granting an injunction permanently enjoining SPARC and its licensees, their respective employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, contractors, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

a.  manufacturing, distributing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute, sell, market, advertise or promote athletic and athletic inspired apparel, footwear, accessories, and equipment bearing the mark

BROOKS or any other mark, including BROOKS-formative marks, that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Brooks' Brooks Marks;

b. engaging in any activity that infringes Brooks' rights in its Brooks Marks;

c. engaging in any activity constituting unfair competition with Brooks;

d. engaging in any activity that is likely to dilute the distinctiveness of Brooks' Brooks Marks;

e. making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) SPARC's goods and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Brooks or (ii) Brooks' goods and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with SPARC;

f. using or authorizing any third-party to use any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Brooks and/or the Brooks Marks;

g. registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark BROOKS without the term BROTHERS, including BROOKS-formative marks or any other mark that infringes or is likely to be confused with the Brooks Marks, in connection with athletic and athletic-inspired apparel, footwear, accessories, and equipment, and retail store and online retail store services in connection with the sale of the same; and

h. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (i).

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

7.      Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by SPARC or are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Brooks or constitute or are connected with Brooks' goods and services.

8.      Ordering that SPARC recall and destroy all athletic and athletic-inspired apparel, footwear, accessories, and equipment and related advertisements, promotions, signs, displays, and other materials incorporating or bearing the mark BROOKS or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of Brooks' Brooks Marks.

9.      Ordering SPARC to formally abandon with prejudice any and all of its applications to register and registrations for the mark BROOKS, BROOKS-formative marks and any mark consisting of, incorporating, or containing Brooks' Brooks Marks or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof in connection with athletic and athletic-inspired apparel, footwear, accessories, and equipment on any state or federal trademark registry, including, without limitation, U.S. Application Serial Nos. 88/742,542 for BROOKS, 87/562,491 for BROOKSTECH and 88/643,092 for BROOKSFLEX, and U.S. Registration Nos. 5,823,029 for BROOKSCLOUD, 4,142,789 for BROOKSCOOL, 3,009,280 for BROOKSSTORM, 2,498,929 for BROOKS STRETCH.

10.     Ordering SPARC to withdraw with prejudice Opposition No. 91,243,962 against U.S. Application Serial No. 87/804,267.

11.     Within thirty (30) days after service on SPARC of an injunction in this action, or such extended period as the court may direct, and pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), ordering SPARC to file with the court and serve upon Brooks' counsel, a report in writing under oath, setting forth in detail the manner and form in which SPARC has complied therewith.

COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, TRADEMARK DILUTION, AND
DECLARATORY JUDGMENT OF
NONINFRINGEMENT - 31
CASE NO.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

12.     Ordering corrective advertisements in a form approved by the Court that informs the public of the violations of the law as Brooks may prove, and to ameliorate the false and deceptive impressions produced by such violations.

13.     Awarding Brooks an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

14.     Ordering that SPARC account to and pay over to Brooks all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Brooks for the damages caused thereby.

15.     Awarding Brooks punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

16.     Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)) and awarding Brooks its costs and reasonable attorneys' fees thereunder.

17.     Awarding Brooks its actual damages sustained, its costs and expenses, including reasonable attorney's fees, and treble damages under RCW 19.86.090.

18.     Awarding Brooks injunctive relief and its actual damages, together with the costs and expenses, including reasonable attorneys' fees, sustained from Brooks' defense of Opposition No. 91,243,962.

19.     Awarding Brooks interest, including prejudgment and post-judgment interest, on the foregoing sums.

20.     Awarding such other and further relief as the Court deems just and proper.

///
///
///

COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, TRADEMARK DILUTION, AND
DECLARATORY JUDGMENT OF
NONINFRINGEMENT - 32
CASE NO.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1    DATED this 8th day of October, 2020.

2                                             Respectfully submitted,

3                                             SUMMIT LAW GROUP, PLLC
                                              *Attorneys for Brooks Sports, Inc.*
4
                                              By *s/ Diana Siri Breaux*
5                                                 Diana Siri Breaux, WSBA #46112
                                                  315 Fifth Avenue S., Suite 1000
6                                                 Seattle, WA 98104
                                                  Tel: (206) 676-7000
7                                                 dianab@summitlaw.com

8
                                              SCHWABE, WILLIAMSON & WYATT, P.C.
9                                             *Attorneys for Brooks Sports, Inc.*

10                                            By *s/Brenna K. Legaard*
                                                 Brenna K. Legaard, (*pro hac vice pending*)
11
                                              By *s/Balazs Takacs*
12                                               Balazs Takacs, (*pro hac vice pending*)
                                                 1420 5th Avenue, Suite 3400
13                                               Seattle, WA  98101-4010
                                                 Tel: 206-622-1711
14                                               blegaard@schwabe.com
                                                 btakacs@schwabe.com
15    4848-1129-8510, v. 1

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, TRADEMARK DILUTION, AND
DECLARATORY JUDGMENT OF
NONINFRINGEMENT - 33
CASE NO.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

# EXHIBIT A

# EXHIBIT A

**Exhibit A**
**Five Most Relevant of Brooks Sports, Inc.'s Trademark Applications and Registrations**

| Class: | Trademark<br>Description | Country<br>Status | Application No<br>Filing Date | Registration No<br>Registration Date |
|---|---|---|---|---|
| 25: | **BROOKS**<br><br>Athletic shoes. | United States of America<br>Registered | 73125926<br>May 9, 1977 | 1161034<br>Jul 14, 1981 |
| 25: | **BROOKS**<br>Athletic footwear; athletic clothing, namely, tops, pants, jackets, headwear, shorts, tights, hosiery, bras, gloves, mittens, sweat shirts, skirts, leggings, rainwear, vests. | United States of America<br>Published | 87804267<br>Feb 20, 2018 | |
| 25: | **BROOKS and Heritage Design**<br><br>Athletic clothing;  namely, shirts, pants, jackets, hats, caps, shorts, tights, and hosiery and athletic footwear. | United States of America<br>Registered | 74046570<br>Apr 6, 1990 | 1683840<br>Apr 21, 1992 |
| 25: | **BROOKS and Path Design**<br><br>Footwear; shoes; athletic clothing, namely, gloves, mittens, hats, headbands, jackets, jogging suits, pants, shirts, shorts, socks, t-shirts, tank tops, tights, track suits, visors, warm up suits, waterproof jackets and pants, wind resistant jackets. | United States of America<br>Registered | 86160256<br>Jan 8, 2014 | 4631302<br>Nov 4, 2014 |
| 25: | **BROOKS Below Chevron Oval Design**<br><br>Clothing, namely, shoes, socks, footwear. | United States of America<br>Registered | 75932902<br>Mar 2, 2000 | 2521124<br>Dec 18, 2001 |

Int. Cl.: 25

Prior U.S. Cl.: 39

## United States Patent and Trademark Office

Reg. No. 1,161,034
Registered Jul. 14, 1981

## TRADEMARK
### Principal Register

# BROOKS

Brooks Shoe Manufacturing Company, Inc.
  (Pennsylvania corporation)
131 Factory St.
Hanover, Pa. 17331

For: ATHLETIC SHOES, in CLASS 25 (U.S. Cl. 39).

First use 1914; in commerce 1914.

Ser. No. 125,926, filed May 9, 1977.

ROBERT PEVERADA, Primary Examiner

Int. Cl.: 25

Prior U.S. Cl.: 39

Reg. No. 1,683,840

**United States Patent and Trademark Office**   Registered Apr. 21, 1992

## TRADEMARK
### PRINCIPAL REGISTER

# ⏵BROOKS

WOLVERINE WORLD WIDE, INC. (DELA-
WARE CORPORATION)
9341 COURTLAND DRIVE, N.E.
ROCKFORD, MI 49351

FOR: ATHLETIC CLOTHING; NAMELY,
SHIRTS, PANTS, JACKETS, HATS, CAPS,
SHORTS, TIGHTS AND HOSIERY, AND ATH-
LETIC FOOTWEAR, IN CLASS 25 (U.S. CL. 39).

FIRST USE 11–17–1987; IN COMMERCE
11–17–1987.
OWNER OF U.S. REG. NOS. 1,161,034, 1,319,454
AND OTHERS.

SER. NO. 74–046,570, FILED 4–6–1990.

ANDREW D. LAWRENCE, EXAMINING AT-
TORNEY

# United States of America
### United States Patent and Trademark Office



**Reg. No. 4,631,302**

**Registered Nov. 4, 2014**

**Int. Cl.: 25**

**TRADEMARK**

**PRINCIPAL REGISTER**

BROOKS SPORTS, INC. (WASHINGTON CORPORATION)
4300 ROOSEVELT WAY NE
SEATTLE, WA 98105

FOR: FOOTWEAR; SHOES; ATHLETIC CLOTHING, NAMELY, GLOVES, MITTENS, HATS, HEADBANDS, JACKETS, JOGGING SUITS, PANTS, SHIRTS, SHORTS, SOCKS, T-SHIRTS, TANK TOPS, TIGHTS, TRACK SUITS, VISORS, WARM UP SUITS, WATERPROOF JACKETS AND PANTS, WIND RESISTANT JACKETS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 6-30-2011; IN COMMERCE 6-30-2011.

OWNER OF U.S. REG. NOS. 1,161,034, 2,521,124 AND OTHERS.

THE MARK CONSISTS OF THE WORD "BROOKS" FOLLOWING THE STYLIZATION OF A CHEVRON DESIGN.

SER. NO. 86-160,256, FILED 1-8-2014.

DORITT L. CARROLL, EXAMINING ATTORNEY



**Deputy Director of the United States**
**Patent and Trademark Office**

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

## United States Patent and Trademark Office

Reg. No. 2,521,124

Registered Dec. 18, 2001

## TRADEMARK
### PRINCIPAL REGISTER



BROOKS SPORTS, INC. (WASHINGTON COR-
PORATION)
19820 NORTH CREEK PARKWAY
SUITE 200
BOTHELL, WA 98011

FOR: CLOTHING, NAMELY SHOES, BOOTS,
SLIPPERS, SOCKS, FOOTWEAR, SHIRTS, PANTS,
JACKETS, HATS, CAPS, SHORTS, TIGHTS, HOSI-
ERY, JOGGING SUITS, GLOVES, SWEAT PANTS,
SWEAT SUITS, SWEAT SHIRTS, WARM UP SUITS,
HEADWEAR, HEAD BANDS, T-SHIRTS, SKIRTS,
LEGGINGS, UNITARDS, WIND RESISTANT JACK-
ETS, BELTS, RAINWEAR, INSOLES, VESTS, WA-
TERPROOF JACKETS, WATERPROOF PANTS,

WATERPROOF VESTS, SWEATERS, TRACK SUITS,
TANK TOPS, TURTLE NECKS, TROUSERS, JER-
SEYS, VISORS, AND WRIST BANDS, IN CLASS 25
(U.S. CLS. 22 AND 39).

FIRST USE 1-0-2000; IN COMMERCE 2-0-2000.

THE MARK CONSISTS OF THE WORD
"BROOKS" AND A CHEVRON DESIGN WITHIN
AN OVAL.

SN 75-932,902, FILED 3-2-2000.

RUDY R. SINGLETON, EXAMINING ATTORNEY

# EXHIBIT B



My *Brooks* Rewards

Find a Store    Follow Us

*Brooks Brothers*

Search    MY ACCOUNT

MEN    WOMEN    KIDS    RED FLEECE    HOME    SALE    MAGAZINE    GIFT CARDS

**Winter Sale: Up to 50% Off** ⊕

Men | Shoes:    *Item# MH00535 Style# 00083764*








## Sporty Sneakers

$ 198.00

★★★★☆  4.0  (5)    Write a review

**COLOR:  DARK BROWN**

 

**SIZE**

SIZING GUIDE

| 9 | 9½ | 10 | 10½ | 11 | 12 |

**WIDTH**

| D |

**QUANTITY**    −  1  +    LIMITED QUANTITIES

**ADD TO BAG**

+WISHLIST    📍 FIND IN STORE

🛒 SHOPRUNNER    Free 2-Day Shipping  |  LEARN MORE  |  SIGN IN

SHIPPING INFO  |  RETURN POLICY  |  HELP

**SHARE**

f  🐦  📷  📌  ▶

[+]
FEEDBACK

**DESCRIPTION**    ▾

These sporty sneakers are a great addition to your casual wardrobe. They are fully lined in leather with a specially developed innersole shaped to give excellent comfort and stability. Tonal laces and antiskid soles. Made in Portugal.

The brown is crafted with suede and nubuck upper.

The navy is crafted with suede and performance merino textile upper.

We use cookies for analytics and advertising and to improve our site. By closing this message box or continuing to use our site, you agree to our use of cookies. To find out more, see our Privacy Policy.

I ACCEPT

  

# Reviews

WRITE A REVIEW



**RATING SNAPSHOT**
Select a row below to filter reviews.

| | | |
|---|---|---|
| 5 ★ | ████████ | 3 |
| 4 ★ | ███ | 1 |
| 3 ★ | | 0 |
| 2 ★ | | 0 |
| 1 ★ | ████ | 1 |

**AVERAGE CUSTOMER RATINGS**

| | | |
|---|---|---|
| Overall | ★★★★☆ | 4.0 |
| Fit | ████████ | 4.0 |
| How Does It Fit | Runs Small    Runs Big | |
| Quality | ████████ | 4.0 |
| Appearance | ████████ | 4.8 |

**1–5 of 5 Reviews**

Sort by: Most Recent ▼

★☆☆☆☆ Marten · 7 months ago
**Left Shoe Fell Apart - Sole Detached**

I purchased these shoes in spring 2018, wearing them a few times a month for indoor exercise for the first 4 months. Then for 6 months I did not wear them. However, while I had started wearing them regularly over 10 weeks, the soles on each shoe began to detach at the heel. On the right shoe, the separation is small, i.e. the shoe is still functional, yet the defect is apparent, i.e. I cannot help but notice each time I put the shoe on, an act now obviated by the disintegration of the left shoe. Simultaneously but more so, the left shoe suffered separation at the heel between sole and body that increasingly widened. Then after facing some heavy monsoon rain here in S. Korea, the sole separated from the body of shoe so that it flapped with an audible snap at each step as if I were wearing an oversize flipper. The disintegration indicates a very cheap/loose connection by some adhesive or glue, nothing stronger, between the sole and body, a construction not built to last. While appealing to the eye, these shoes ultimately disappointed.

**How Does It Fit**

Runs Small             Runs Big
**Quality**
████████
**Appearance**
████████

⊗ **No**, I do not recommend this product.

Helpful? | Yes · 3 | No · 0 | Report

★★★★★ Southern cali · a year ago
**Great shoes**

Love the shoes, it adds another 1/2 inch to your height lol..they are comfortable I might have to get the blue one next.I also had to size down an inch to fit

⊘ **Yes**, I recommend this product.

**Fit**
████████
**Quality**
████████
**Appearance**
████████

Helpful? | Yes · 0 | No · 0 | Report

[+]
FEEDBACK

★★★★☆ ken332 · 2 years ago
**Nice, but narrow**

I've got a wide enough foot that I usually have to go up a 1/2 size for most of my shoes. Unfortunately, even a half

**Fit**

We use cookies for analytics and advertising and to improve our site. By closing this message box or continuing to use our site, you agree to our use of cookies. To find out more, see our Privacy Policy.

I ACCEPT



  
Nice, but narrow

I've got a wide enough foot that I usually have to go up a 1/2 size for most of my shoes. Unfortunately, even a half size up, the sole has begun to separate from the shoe on the sides after one only month of wear.

I would recommend passing on these if you require a wide shoe, as these are narrower than most Ds. Which is a shame, because they're otherwise beautiful sneakers. Would be nice if the next model was slightly wider and had a touch of arch support.

Fit

Quality

Appearance

✔ Yes,  I recommend this product.

Helpful?   Yes · 5     No · 0     Report

★★★★★  Jim62  · 2 years ago

Very comfortable shoes

I walk a lot and these are perfect. Extremely comfortable and good looking.
I'm thinking about purchasing another pair.

Fit

Quality

Appearance

✔ Yes,  I recommend this product.

Helpful?   Yes · 1     No · 0     Report

★★★★★  Intl Customer  · 2 years ago

Unique luxury sneakers

Great quality sneakers with a unique look. Quite solid by design but they fit very well and are comfortable to wear around the city.

Fit

Quality

Appearance

✔ Yes,  I recommend this product.

Helpful?   Yes · 2     No · 0     Report

Questions? Give us a call at: 800.274.1815

### HELP
Email Us
Leave Feedback
Track Your Order
Global Shipping Information
Returns & Exchanges
Corporate Membership
Find a Store

### ABOUT US
200th Anniversary
Our Heritage
Product Innovation
Social Purpose
CA Transparency Act
Made to Measure
Career Opportunities

### CREDIT CARDS
Apply for a Card
Pay/Manage My Credit Card Account

### GIFT CARDS
Traditional Gift Cards
e-Gift Cards
Check Balance

### SIGN UP FOR EMAILS
Enter Email Address

United States ◄

SUBMIT

[+] FEEDBACK

We use cookies for analytics and advertising and to improve our site. By closing this message box or continuing to use our site, you agree to our use of cookies. To find out more, see our Privacy Policy.

I ACCEPT



EXHIBIT B

# EXHIBIT C

2/10/2020

Case 2:20-cv-01401-RGK Document 1-1 Filed 10/08/20 Page 46 of 131
Case 2:20-cv-08201 Document 1-1 Filed 02/10/20 Page 12 of 14

Home / Men / **Shoes**

‹ Prev  1 of 1  Next ›

Price High To Low ▾

## Men's Dress & Casual Shoes

**MEN**

COLLECTIONS ◂
APPAREL ◂
SHOES & ACCESSORIES ◂
SALE ◂

✕ CLEAR

**FILTER BY**

SIZE                    SIZING GUIDE
[ CHOOSE A SIZE ▾ ]

**COLOR**

**STYLE**
☐ Boat Shoes
☐ Boots & Galoshes
☐ Driving Moccasins
☐ Lace-Ups
☐ Loafers
☐ Monk Strap
☐ Sandals & Flip Flops
☐ Slippers
☑ Sneaker & Athletic

**MATERIAL**
☐ Canvas
☐ Cotton
☐ Exotic
☐ Leather & Suede

**COLLECTION**
☐ 1818
☐ Red Fleece



**QUICKSHOP**

Lizard Sneakers
$~~1198.00~~
$ 718.80
Free Standard Shipping on orders $250 or more



Leather Sneakers
$ 398.00
Free Standard Shipping on orders $250 or more
  
★★★☆☆

Leather Sneakers
$ 398.00
Free Standard Shipping on orders $250 or more
★★★★★

1818 Footwear Textured Leather Chukka Sneakers
$ 298.00
Free Standard Shipping on orders $250 or more

★★★★½



Suede Wingtip Sneakers



Penny Sneakers



Sporty Sneakers



Leather High-Top Sneakers

2/10/2020

Case 2:20-cv-01401-RGK-Document 1-1 Filed 10/08/20 Page 47 of 131
Case 2:20-cv-06207 Document 1-1 Filed 02/10/20 Page 13 of 14

$ 298.00
Free Standard Shipping on orders $250 or more


★★★★☆

$ 118.80 - $ 198.00
Free Standard Shipping on orders $250 or more


★★★☆☆

$ 198.00
Free Standard Shipping on orders $250 or more


★★★★☆

$ 128.00
Free Standard Shipping on orders $250 or more

★★★★☆



**Color-Contrast Leather Sneakers**
$ 98.00
Free Standard Shipping on orders $250 or more


★★★★★



**White Contrast Leather Sneakers**
$ 98.00
Free Standard Shipping on orders $250 or more

★★★★★



**Leather Sneakers**
$ 98.00
Free Standard Shipping on orders $250 or more


★★★★½



**Tonal Red Fleece Leather Sneakers**
$ 98.00
Free Standard Shipping on orders $250 or more

★★★★☆



**Color-Block Suede Sneakers**
$ 98.00



**Suede Sneakers**
$ 78.00



**Suede Sneakers**
$ 78.00



**Suede Slip-On Sneakers**
$ 78.00




Free Standard Shipping on orders $250 or more

★★★★★

Free Standard Shipping on orders $250 or more

★★★★½

Free Standard Shipping on orders $250 or more

★★★★★

Free Standard Shipping on orders $250 or more

★★★★★





**Canvas Sneakers**

$ 58.00

Free Standard Shipping on orders $250 or more



★★★★★

**Canvas Sneakers**

$ 58.00

Free Standard Shipping on orders $250 or more



★★★★½

‹ Prev    1 of 1    Next ›

Find the right men's shoes to complement your casual, dress and formal attire. Browse stylish shoes for men from premiere collections like Peal& Co® and Edward Green, and add a sophisticated touch to accompany **suits** on workdays and **polo shirts** on days off. Command the boardroom with men's dress shoes in navy blue, black and brown hues that perfectly match your favorite **power suits**, or hit the office in polished loafers, lace-ups and men's designer boots. When the workday is over, retire into a pair of smooth-soled slippers or moccasins to unwind in comfort and style in smooth-soled slippers and moccasins. We also offer men's casual footwear options, including sandals, flip-flops and sneakers — all perfect for integrating some laid-back style into your downtime.

At Brooks Brothers, we craft our men's designer shoes from premium materials, including rich leathers and suede, for shoes that stand the test of time while maintaining the classic, refined look we're known for. Search our men's shoe selection by your desired upper and sole materials and color, and get the perfect pair that meets all your requirements. After selecting your shoes, remember to choose the appropriate care accessories, such as oils and waxes, to keep your shoes in prime condition for years to come.

EXHIBIT B

**BROOKS**

*Sent via email only (MBaldo@BrooksBrothers.com)*

June 12, 2020

Brooks Brothers
346 Madison Ave
New York, NY 10017

   RE:  Notice of Termination of Brooks Brothers-Brooks Agreement

Dear Claudio:

   With this letter, Brooks Sports, Inc. ("Brooks") provides notice of its intent to terminate the Agreement between Garfinckel, Brooks Brothers, Miller & Rhoades, Inc., Brooks Brothers Group, Inc.'s ("Brooks Brothers") predecessor in interest, and Brooks Shoe Manufacturing Co., Inc., Brooks' predecessor in interest, executed in January 1981 (the "Agreement").  The termination will be effective July 13, 2020.

   While the Agreement attempted to limit conflict by defining areas where each party could operate without objection from the other, as a practical matter, that benefit has since disappeared.  Especially in recent years, Brooks Brothers has cited the Agreement in objecting to registrations of trademarks Brooks has used for years.  At times, these objections have been clear violations of the Agreement, such as Brooks Brothers' December 2018 objection to the BROOKS registration for athletic shoes.  As a result, Brooks has expended significant sums of money on routine management of its trademark portfolio.  Not only has Brooks spent legal fees addressing Brooks Brothers' repeated invocation of the Agreement, but Brooks has also extended significant courtesies to Brooks Brothers to avoid disputes under the Agreement— courtesies that are not required by the Agreement.

   Second, as repeatedly acknowledged by each party, the Agreement is poorly drafted and replete with ambiguous terms.  Interpreting these ambiguities in light of the changes in the marketplace has caused the parties' understanding of the terms of the Agreement to drift further apart.  Simply put, the parties now disagree almost completely about what the Agreement means, rendering it useless as a mechanism to limit conflict between the parties, which from Brooks' perspective, has always been its sole purpose.

   In fact, the Agreement has now become a source of conflict between the parties.  Brooks Brothers now invokes nonexistent terms of the 1980 Agreement to limit Brooks' use of its house mark.  The Agreement simply does not state what Brooks Brothers says it does, and in terminating the Agreement, Brooks will avoid the legal fees and disruption occasioned by Brooks Brothers' repeated and inappropriate invocation of the Agreement.

   Finally, circumstances have materially changed.  In the nearly forty years since the parties executed the Agreement, consumer shopping behavior and methods have changed in unprecedented ways as a result of online commerce.  Forty years ago, the parties sold their products in different channels of trade.  Today, they appear side by side on the internet where most of Brooks' sales occur, a trend that Covid-19

**BROOKS**

has dramatically accelerated.  The fact that the Agreement was executed before the advent of online commerce and fails to address the most significant channel of Brooks' present sales provides further grounds for termination.

For all of these reasons, Brooks is terminating the Agreement effective July 13, 2020.  I trust that thirty days is more than adequate notice given that termination imposes no burden and compels no action by Brooks Brothers.  I remind you that Brooks repeatedly offered to negotiate a Trademark Coexistence Agreement to replace the Agreement, but such efforts have failed to date.  While Brooks' decision to terminate is final, you are welcome to contact me to discuss any questions you may have about the matter.

Best regards,

BROOKS SPORTS, INC.

Jim Weber, CEO

CC:     MBaldo@BrooksBrothers.com
        RBarnett@brooksbrothers.com
        NDroumbanis@BrooksBrothers.com
        NFriedma@hodgsonruss.com
        Connorst@lanepowell.com

# EXHIBIT C

1
2
3
4
5
6
7                              UNITED STATES DISTRICT COURT
                              WESTERN DISTRICT OF WASHINGTON
8

9   BROOKS SPORTS, INC., a Washington           Case No. _____
    corporation,
10                                               **COMPLAINT FOR TRADEMARK
                         Plaintiff,              INFRINGEMENT, UNFAIR
11                                               COMPETITION, TRADEMARK
    v.                                           DILUTION, TRADE DRESS
12                                               INFRINGEMENT, AND BREACH OF
    BROOKS BROTHERS GROUP, INC., a               CONTRACT**
13  Delaware corporation,
                                                 **JURY TRIAL DEMANDED**
14                       Defendant.

15
        Plaintiff BROOKS SPORTS, INC. ("Brooks") files this COMPLAINT FOR
16
    TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
17
    DILUTION, TRADE DRESS INFRINGEMENT, AND BREACH OF CONTRACT
18
    ("Complaint") against Defendant BROOKS BROTHERS GROUP, INC., ("Brooks
19
    Brothers"), alleging as follows:
20
        1.      The lawsuit seeks to stop Brooks Brothers from using Brooks' famous
21
    BROOKS trademark on Brooks Brothers' stores and products and prevent public confusion
22
    and dilution of the BROOKS mark.  Brooks also seeks damages for Brooks Brothers' unfair
23
    competition and breach of contract.
24
        2.      Brooks has built an authentic brand for premium, innovative and performance
25
    athletic wear worldwide for more than 100 years.  The Brooks brand is established nationally
26

    COMPLAINT - 1                                SCHWABE, WILLIAMSON & WYATT, P.C.
                                                            Attorneys at Law
                                                      1420 5th Avenue, Suite 3400
                                                       Seattle, WA 98101-4010
                                                      Telephone: 206.622.1711

    PDX\135106\250279\WFA\27305326.1

and globally for anything related to athletic, fitness and performance, including footwear, apparel, accessories, experiences, events, stores, and tools. The Brooks brand extends to persons of all ages, abilities, and backgrounds who are interested in fitness, exercise and walking, and includes footwear, apparel, and accessories for lifestyles related to activities of all kinds and at all levels of participation.

3.     While Brooks is known for athletic-inspired innovative footwear, apparel and accessories under its famous BROOKS mark, Brooks Brothers is known for its traditional ready-to-wear fashion apparel and tailored business and formal wear under its BROOKS BROTHERS mark. Brooks and Brooks Brothers have coexisted in their respective areas using their own marks for over a century. The parties entered into an agreement in 1980 regarding their areas of business and the use of their discrete marks.

4.     Fashion has evolved toward active lifestyle and athletic-inspired footwear and apparel for everyday wear, including business casual settings. The market for traditional suits, ties, and ready-to-wear and tailored clothing has changed significantly.

5.     Brooks Brothers is attempting to establish a brand identity for the tastes and expectations of consumers who are less interested in the traditional clothing products for which Brooks Brothers has been known for so many years. Brooks Brothers' efforts to re-brand itself and sell new products that differ from its traditional offerings, however, cannot use Brooks' famous BROOKS marks. Doing so would confuse the public, dilute the BROOKS marks, ride on Brooks' coattails for establishing its reputation in the area of activewear and athletic footwear and apparel, violate the parties' coexistence agreement, and damage Brooks.

6.     On December 30, 2019, Brooks Brothers filed a new trademark application to use BROOKS alone, without the word BROTHERS, on eight categories of goods, including clothing, sporting goods and accessories for athletics, and retail stores. Brooks Brothers has

COMPLAINT - 2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\135106\250279\WFA\27305326.1

also attempted to block Brooks from obtaining registrations for its BROOKS trademark in the United States and other countries, despite decades of unopposed use.

7.     Brooks Brothers' actions alleged herein will cause consumer confusion and damage Brooks' famous BROOKS marks, and Brooks Brothers will unfairly benefit from its misuse of the BROOKS brand.

8.     Brooks' famous BROOKS trademarks described are critical in today's digital world in which consumers shop for goods using word and voice searches.  Consumers cannot search for designs or symbols, such as the Brooks chevron logo, that do not appear on their mobile phones or computer keyboards.  As Brooks' BROOKS trademarks continue to grow in the expanding market of consumers interested in athletics, fitness and exercise, Brooks must protect against consumer confusion by those who wish to trade off the famous BROOKS trademarks that Brooks has spent over a century building.

9.     This action seeks to protect Brooks' famous federally-registered BROOKS and BROOKS-formative trademarks from Brooks Brothers' efforts to use these marks as Brooks Brothers attempts to enter into the active lifestyle and athletic footwear, apparel and accessories market.

10.     Specifically, this is an action for: infringement of Brooks' famous federally-registered BROOKS and BROOKS-formative trademarks under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); and substantial and related claims of unfair competition, trademark dilution and breach of contract under the statutory and common laws of Washington state, all arising from Brooks Brothers' unauthorized use of the mark BROOKS in connection with the manufacture, distribution, marketing, advertising, promotion, offering for sale, and/or sale of Brooks Brothers' athletic-related footwear, apparel and accessories and related retail store and online store services.

COMPLAINT - 3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

11.     Brooks seeks injunctive and monetary relief.

## I.     THE PARTIES

12.     Brooks repeats and realleges paragraphs 1 through 11 hereof, as if fully set forth herein.

13.     Brooks is a Washington corporation with its principal place of business at 3400 Stone Way North, Suite 500, Seattle, Washington 98103.  Brooks sells athletic footwear, apparel and accessories used for a variety of activities and loungewear in more than 50 countries worldwide under its federally-registered BROOKS family of marks. Brooks has been selling its goods and offering its services in the United States under the BROOKS mark, U.S. Reg. No. 1,161,034, since as early as 1914.

14.     Brooks Brothers is a Delaware corporation with its corporate offices located at 100 Phoenix Avenue, Enfield, Connecticut 06082.  Brooks Brothers sells what it describes as "luxury," traditional and "business casual" apparel suitable for professionals in a business environment and in upscale or formal leisure settings throughout the United States under its "BROOKS BROTHERS" family of marks.  Brook Brothers owns federal registrations for BROOKS BROTHERS-formative marks for these products, but does not own a registration for the term "BROOKS" or a registration in connection with athletic-related goods and services.

## II.     FACTS

### Brooks' Famous Marks

15.     Brooks repeats and realleges paragraphs 1 through 14 hereof, as if fully set forth herein.

16.     Brooks is the owner of federal registrations on the Principal Register for BROOKS and BROOKS-formative marks for athletic footwear, apparel and accessories ("Registered Brooks Marks").  A table of Brooks' registrations is attached to this Complaint as Exhibit A and incorporated herein by this reference.

COMPLAINT - 4

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\135106\250279\WFA\27305326.1

17.     As a result of over 106 years of widespread, continuous and exclusive use of the BROOKS mark to identify its goods and services, Brooks owns valid and subsisting federal statutory and common law rights in the term BROOKS in connection with athletic footwear, apparel and accessories, and retail stores and online store services for the same, including the Registered Brooks Marks (collectively, the "Brooks Marks").



COMPLAINT - 5

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\135106\250279\WFA\27305326.1



COMPLAINT - 6

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\135106\250279\WFA\27305326.1



COMPLAINT - 7

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\135106\250279\WFA\27305326.1



COMPLAINT - 8

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\135106\250279\WFA\27305326.1





COMPLAINT - 9

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711





COMPLAINT - 10

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\135106\250279\WFA\27305326.1

18.      The Brooks Marks are used by Brooks throughout the United States and worldwide and are relied on by consumers for athletic performance and quality footwear, apparel, accessories, events, stores, tools, and experiences for all fitness, athletic, and exercise levels.

19.      Brooks offers its goods for direct sales to consumers under the Brooks Marks through its website located at www.brooksrunning.com, at Brooks-branded retail stores, at Brooks-branded stores at Expos for athletic and fitness events in cities across the United States, and in numerous retail "pop-up" stores located throughout the United States.



COMPLAINT - 11

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\135106\250279\WFA\27305326.1



20.     Brooks' goods are also sold in over 5,000 third-party retail stores and online stores throughout the United States, including over fifty third-party retail stores in this judicial district.

21.     Brooks operates and supports community engagement events in this judicial district such as the November Project, the Brooks Trailhead Running Club (which has over 550 members and has regular group runs starting and ending at the Brooks Flagship Store); sponsorship of the 2018 USA Special Olympics, including sponsorship of two athletes

COMPLAINT - 12

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\135106\250279\WFA\27305326.1

competing in the Special Olympics; the Seattle Running Club (which has several hundred active members); the annual Brooks PR Invitational (an invitation-only track and field contest for the best high school athletes in the country that is regularly held at the University of Washington's Husky Stadium in this judicial district); and the Seattle Rock and Roll Marathon (which features running races of various distances including a marathon that starts and finishes at Seattle Center, taking runners through downtown Seattle, Fremont, over the Ballard Bridge, and past Kerry Park).

22.     Brooks has expended substantial time, money, and resources marketing, advertising, and promoting the athletic footwear, apparel and accessories sold under its Brooks Marks.  Brooks has received numerous accolades and industry praise for its athletic footwear and apparel sold under the Brooks Marks, including Editor's Choice, "best running shoe," "best running shorts," "best sports bra," "best workout hoodie," and other awards from *Outside*, *Men's Health*, *Women's Health*, *Fit Bottomed Girls*, *Trail Runner*, *Runner's World*, *Trail Sisters*, *Esquire*, and *Self* magazines.

23.     Brooks has been the top-selling running shoe brand in specialty running stores since 2011.  Brooks is second to only Nike, Inc. in apparel sales at specialty running stores, with a 19.2% market share in 2019.  Brooks' reputation for performance high-quality and innovative running shoes extends to footwear and apparel for consumers interested in active lifestyles and fitness.  Over half of Brooks' sales are to consumers who do not consider themselves to be runners.

24.     Brooks sold more than 12 million units of its goods in 2019 worth over $1.2 billion dollars in consumer purchases at retail, all bearing the Brooks Marks.  More than $20 million worth of Brooks' 2019 annual consumer purchases at retail were derived from sales in Washington state.  Brooks has completed several hundred thousand sales to Washington state residents through its website, the Brooks Flagship Store, its retail outlet store in Bothell, Brooks-branded stores at Expos for athletic and fitness events, and in "pop-up" retail stores.

COMPLAINT - 13

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

25.     As a result of Brooks' significant expenditures and efforts, the Brooks Marks have come to signify the high-quality of the athletic clothing and accessories designated by the Brooks Marks, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Brooks.

26.     The Brooks Marks are distinctive to both the consuming public and Brooks' market.

### Brooks Brothers' Use of its BROOKS BROTHERS Marks

27.     Brooks Brothers sells its goods under its "BROOKS BROTHERS" family of marks through its interactive website located at: www.brooksbrothers.com, where customers can browse pictures and read literature about Brooks Brothers and its products, and then place orders by selecting the style, color, size and quantity of the desired goods.  The Brooks Brothers website is used by persons in Washington state and by Washington residents to shop for and purchase products from Brooks Brothers.  Brooks Brothers then facilitates shipment of the purchased goods directly to the customer, including persons in Washington state and Washington residents.

28.     Brooks Brothers also sells its goods in retail stores throughout the United States under its "BROOKS BROTHERS" family of marks, including three retail stores in Washington state within this district located at 1330 Fifth Avenue, Seattle, WA 98101 ("Brooks Brothers Seattle Store"), 1101 Outlet Collection Way, Suite 1108, Auburn, WA 98001, and 10600 Quil Ceda Boulevard, Suite #508, Tulalip, WA 98271.

29.     Brooks Brothers markets and advertises its products in Washington state to promote sales in this district.

30.     Brooks Brothers also markets and sells its products in third-party retail stores in Washington state, including Amazon, Nordstrom and Macy's.

COMPLAINT - 14

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\135106\250279\WFA\27305326.1

**The Parties' Previous Coexistence**

31.    On information and belief, Brooks Brothers has only sold goods under BROOKS BROTHERS-formative marks, such as BROOKS BROTHERS and BROOKS BROTHERS RED FLEECE.  On information and belief, Brooks Brothers has only offered and sold its luxury and traditional clothing under its BROOKS BROTHERS-formative marks.  On information and belief, until recently, Brooks Brothers has not sold or offered for sale any athletic or athletic-related goods or services under its BROOKS BROTHERS family of marks, except for non-technical golf polo shirts.

32.    In contrast, Brooks has only offered and sold athletic and athletic-related goods and services under its Brooks Marks.

33.    On information and belief, Brooks Brothers has never used the term BROOKS as a trademark in connection with the sale or offer for sale of athletic footwear, apparel or accessories, or retail store or online store services for the sale of the athletic footwear, apparel or accessories.

34.    Consequently, Brooks and Brooks Brothers have coexisted without a likelihood of confusion for over one-hundred years by selling their respective goods and services under their respective marks in different markets to different customers who have different objectives in purchasing the parties' respective products.

35.    However, the present Complaint is not the first dispute between the parties over their respective rights in the term "BROOKS."

36.    The parties' first dispute arose on November 25, 1977, when Brooks Brothers initiated an opposition action with the United States Patent and Trademark Office ("USPTO") against Brooks' federal trademark application for the mark BROOKS in connection with athletic shoes in Class 25 (Opposition No. 91,060,319).

COMPLAINT - 15

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\135106\250279\WFA\27305326.1

37.    On or about January 16, 1980, Brooks and Brooks Brothers executed an agreement ("Settlement Agreement") resolving Opposition No. 91,060,319.  The Settlement Agreement is of indefinite duration.

38.    The Settlement Agreement sets forth each party's covenants to refrain from objecting to the other's use and registration of certain marks as had been the practice of the parties for decades.

39.    The Settlement Agreement attempted to formalize the then status quo market segmentation by granting Brooks the right to use BROOKS-formative marks for all athletic and athletic-related clothing, with a narrow exception for golf related clothing, and granting Brooks Brothers the right to use BROOKS BROTHERS-formative marks on clothing other than athletic shoes and apparel, with an exception for golf polo shirts.

40.    In particular, Brooks Brothers agreed in Section (1) of the Settlement Agreement not to "object to the use and registration by [Brooks] for the entire world of the [trademark] BROOKS or BROOKS SHOES in connection with any type of athletic shoe. . ."

41.    Brooks Brothers breached its covenant in Section (1) of the Settlement Agreement, on October 3, 2018, by filing an opposition with the USPTO against Brooks' pending application for the mark BROOKS in connection with athletic footwear; athletic clothing, namely, tops, pants, jackets, headwear, shorts, tights, hosiery, bras, gloves, mittens, sweatshirts, skirts, leggings, rainwear, and vests in Class 25 (U.S. Application Serial No. 87/804,267) (Opposition No. 91,243,962) ("Opposition").

42.    The parties attempted to resolve the Opposition between themselves in December 2019.  The attempt to resolve Opposition was unsuccessful.

43.    The Opposition is pending before the Trademark Trial and Appeal Board.

COMPLAINT - 16

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\135106\250279\WFA\27305326.1

### Brooks Brothers' Expansion into Athletic Clothing

44.     On information and belief, Brooks Brothers began to enter the athletic footwear market as early as 2018, and is threatening to expand its presence into the athletic and active lifestyle footwear, apparel and accessories markets using the Brooks Marks.

45.     In late 2018, Brooks became aware that Brooks Brothers is offering and selling athletic shoes, such as the "Sporty Sneakers," under the BROOKS BROTHERS mark. *See, e.g,* Exhibit B.



46.     On information and belief, Brooks Brothers classifies its footwear by style.  The Sporty Sneakers, among the other sneakers offered and sold under the BROOKS BROTHERS mark, are classified by Brooks Brothers as "Sneaker & Athletic" shoes. *See* Exhibit C.

COMPLAINT - 17

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\135106\250279\WFA\27305326.1



47.    Brooks Brothers knowingly sells and has sold the Sporty Sneakers and other athletic shoes in Washington state through its Washington retail stores and to persons in Washington state and to Washington residents through its website.

48.    On or about December 30, 2019, just days after the discussions between the parties regarding the Opposition failed, Brooks Brothers filed a federal trademark application for the mark BROOKS in connection with, among other goods and services, all-purpose sport bags in Class 18 and retail store services and online retail store services featuring clothing and sporting goods in Class 35 (U.S. Application No. 88/742,542) ("ITU Application") on the basis that Brooks Brothers has a bona fide intent to use the mark in commerce under Section 1(b) of the federal Lanham Act, 15 U.S.C. § 1051(b).

49.    In submitting the ITU Application, Brooks Brothers declared it "believe[d] that [it] is entitled to use the mark in commerce" and "has a bona fide intention to use the mark in commerce on or in connection with the goods/services in the [ITU A]pplication."

50.    Brooks Brothers filed several other BROOKS-formative federal trademark applications in connection with footwear, apparel and accessories, including athletic-related

COMPLAINT - 18

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\135106\250279\WFA\27305326.1

footwear, apparel and accessories, such as BROOKSTECH (U.S. Application No. 87/562,491) and BROOKSFLEX (U.S. Application No. 88/643,092).

51.     On information and belief, Brooks Brothers has a bona fide intent to expand its presence in the athletic and active lifestyle footwear, apparel and accessories market by offering for sale and selling goods and services that are identical, similar, overlapping or related to Brooks' athletic and active lifestyle footwear, apparel and accessories, and retail store and online store services for the same, under the BROOKS mark that is identical to the Brooks Marks.

52.     Brooks Brothers knows that its use of the mark BROOKS in connection with athletic and active lifestyle footwear, apparel and accessories, and retail store and online store services for the same, is likely to cause confusion and deception in the marketplace and divert potential sales of Brooks' goods to Brooks Brothers.

53.     On information and belief, Brooks Brothers' acts are willful with the deliberate intent to trade on the goodwill of Brooks' Brooks Marks, cause confusion and deception in the marketplace, and divert potential sales of Brooks' athletic and active lifestyle footwear, apparel and accessories to Brooks Brothers.

54.     Brooks Brothers' acts are threatening to cause and causing, and unless restrained, will cause and continue to cause damage and immediate irreparable harm to Brooks and to its valuable reputation and goodwill with the consuming public for which Brooks has no adequate remedy at law.

## III.     JURISDICTION AND VENUE

### A.     SUBJECT MATTER JURISDICTION

55.     Brooks repeats and realleges paragraphs 1 through 54 hereof, as if fully set forth herein.

COMPLAINT - 19

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

56.     On information and belief, Brooks Brothers intends to offer the goods and services claimed in the ITU Application to Washington residents and persons in Washington through its website and its own and other retail stores located in Washington state.

57.     This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, because this action arises under the Lanham Act. This Court has supplemental jurisdiction over the causes of action under Washington state law because those causes of action are substantially related to the causes of action over which this Court has original jurisdiction, pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

58.     This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1332, because the matter in controversy exceeds the value of $75,000, exclusive of interest and costs, and is between citizens of different states. Brooks is a Washington state corporation with its principal place of business in Washington state. Brooks Brothers is a Delaware corporation with its principal place of business in Connecticut.

## B.     PERSONAL JURISDICTION

59.     On information and belief, Brooks Brothers employs dozens of employees in Washington state to solicit and consummate sales of the goods and services alleged to be infringing hereunder in Brooks Brothers' retail stores located in Washington state, including the Brooks Brothers Seattle Store that is located approximately three miles from the Brooks Flagship Store.

60.     Brooks Brothers markets and advertises its goods and solicits and consummates sales in Washington state through its three retail stores and in other third-party retail stores located in Washington state.

61.     Brooks Brothers operates an interactive website and knowingly sends direct solicitations via e-mail to Washington state residents and others in Washington to solicit the sale of its infringing goods and services.

COMPLAINT - 20

PDX\135106\250279\WFA\27305326.1

62. The ITU Application contains no limitations on Brooks Brothers' use of the BROOKS mark in connection with the infringing goods and services in Washington state, and, consequently, Brooks Brothers seeks the exclusive right to use the BROOKS mark in connection with the allegedly infringing goods and services in Washington state.

63. On information and belief, Brooks Brothers knows that Brooks is headquartered with numerous employees in Washington state; operates two brick and mortar Brooks stores- its Brooks Flagship Store and the Brooks Outlet Store in Washington state; has retail marketing, advertising and sales at Expo events and "pop-up" stores in Washington state; and all harm to Brooks will be felt in Washington state.

64. Accordingly, this Court has specific personal jurisdiction over Brooks Brothers because Brooks Brothers committed and intends to commit willful acts of trademark infringement, unfair competition and trademark dilution in Washington state, and has purposely availed itself to Washington law by operating three retail stores in Washington state, marketing and selling its products in other retail stores in Washington state, and intentionally soliciting and consummating sales with Washington state residents and other persons in Washington through its highly interactive website.

## C. VENUE

65. Venue is proper under 28 U.S.C. § 1391(b)(2).

66. Brooks offers its goods for direct sales to consumers under the Brooks Marks through its website, which is operated, developed, tested and maintained by Brooks employees in Washington state; its flagship retail store called the "Brooks Trailhead" located at 3400 Stone Way North, Seattle, WA 98103 ("Brooks Flagship Store"); its retail outlet store located at 24110 Bothell-Everett Hwy, Bothell, WA 98021 ("Brooks Outlet Store"); Brooks branded stores at Expos in this judicial district; and in retail "pop-up" stores located in this judicial district. Brooks has completed several hundred thousand sales in this judicial district through these channels.

COMPLAINT - 21

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

1
2
3
4
5
6
7
8
9
10
11
12
13
14



15
16
17
18
19
20
21
22
23
24
25
26

COMPLAINT - 22

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\135106\250279\WFA\27305326.1





COMPLAINT - 23

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\135106\250279\WFA\27305326.1

67.     Brooks' goods are also sold in third-party retail stores and online stores throughout the United States, including over fifty third-party retail stores in this judicial district.

68.     Brooks operates and supports community engagement events in this judicial district such as the November Project, the Brooks Trailhead Running Club (which has over 550 members and has regular group runs starting and ending at the Brooks Flagship Store); sponsorship of the 2018 USA Special Olympics, including sponsorship of two athletes competing in the Special Olympics; the Seattle Running Club (which has several hundred active members); the annual Brooks PR Invitational (an invitation-only track and field contest for the best high school athletes in the country that is regularly held at the University of Washington's Husky Stadium in this judicial district); and the Seattle Rock and Roll Marathon (an infusion of music and running with races of various distances including a marathon that starts and finishes at Seattle Center, taking runners through downtown Seattle, Fremont, over the Ballard Bridge, and past Kerry Park).



COMPLAINT - 24

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\135106\250279\WFA\27305326.1

69.     Brooks sponsors and endorses numerous professional athletes, including well-known athletes and teams within this judicial district, such as the "Brooks Beasts" (a training group comprised of an elite squad of middle distance runners training in Seattle, Washington), and athletes Allie Ostrander, who won the Mike Frankfurt Women's 3000 meter race at the 113th New York Road Runners Millrose Games, and Des Linden, winner of the 2018 Boston Marathon.

70.     Brooks Brothers is transacting business within this judicial district and intends to commit the acts complained of in this judicial district.  Brooks Brothers operates its own retail stores and markets and sells in other third-party retail stores within this judicial district, and does business using its highly interactive website in this judicial district with persons in Washington and with Washington residents.  Brooks Brothers has committed, and intends to commit, the acts complained of in this Complaint in this judicial district.  Accordingly, Brooks Brothers' infringing acts have been aimed at and felt within this judicial district.

## IV.     CLAIMS FOR RELIEF

### A.     FEDERAL TRADEMARK INFRINGEMENT

71.     Brooks repeats and realleges paragraphs 1 through 70 hereof, as if fully set forth herein.

72.     Over many decades, Brooks has built a premium brand for outstanding, innovative, premium athletic-related products and services, including footwear, apparel, stores, events, and accessories.  The public in the United States and throughout the world associate the Brooks Marks with these athletic-related products and services.  Brooks Brothers' actions alleged herein will confuse consumers and also allow Brooks Brothers to obtain the benefit of Brooks' long-standing reputation in the marketplace for quality, innovation, and performance.

73.     Brooks Brothers' unauthorized use in commerce of the BROOKS mark claimed in the ITU Application and its BROOKS BROTHERS marks used in connection

COMPLAINT - 25

PDX\135106\250279\WFA\27305326.1

with athletic footwear (collectively, the "Infringing Marks") as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Brooks Brothers' athletic footwear, sports bags and retail store and online store services for clothing and sporting goods. Brooks Brothers' unauthorized use is likely to cause consumers to believe, contrary to fact, that Brooks Brothers' athletic footwear, sports bags and retail store and online store services for clothing and sporting goods are sold, authorized, endorsed, or sponsored by Brooks, or that Brooks Brothers is in some way affiliated with or sponsored by Brooks. Moreover, Brooks has prior rights in the Brooks Marks in connection with athletic footwear, apparel and accessories as alleged herein. Brooks Brothers' conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

74.     Upon information and belief, Brooks Brothers has committed the foregoing acts of infringement with full knowledge of Brooks' prior rights in the Brooks Marks and with the willful intent to cause confusion and trade on Brooks' goodwill.

75.     Brooks Brothers' conduct threatens to cause and is causing immediate and irreparable harm and injury to Brooks, and to its goodwill and reputation, and will and continue to both damage Brooks and confuse the public unless enjoined by this court. Brooks has no adequate remedy at law.

76.     Brooks is entitled to, among other relief, injunctive relief and an award of actual damages, Brooks Brothers' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

77.     Brooks Brothers' continued and threatened use of the Infringing Marks despite its awareness of the Brooks Marks and that it is causing and will cause confusion is extraordinary.

COMPLAINT - 26

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\135106\250279\WFA\27305326.1

## B. FEDERAL UNFAIR COMPETITION

78. Brooks repeats and realleges paragraphs 1 through 77 hereof, as if fully set forth herein.

79. Brooks Brothers' unauthorized use in commerce of the Infringing Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of its athletic footwear, sports bags and retail store and online store services for clothing and sporting goods, and is likely to cause consumers to believe, contrary to fact, that Brooks Brothers' athletic footwear, sports bags and retail store and online store services for clothing and sporting goods are sold, authorized, endorsed, or sponsored by Brooks, or that Brooks Brothers is in some way affiliated with or sponsored by Brooks.

80. Brooks Brothers' unauthorized use in commerce of the Infringing Marks as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

81. Upon information and belief, Brooks Brothers' conduct as alleged herein is willful and is intended to and likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Brooks Brothers with Brooks.

82. Brooks Brothers' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

83. Brooks Brothers' conduct threatens to cause and is causing immediate and irreparable harm and injury to Brooks, and to its goodwill and reputation, and will continue to both damage Brooks and confuse the public unless enjoined by this court. Brooks has no adequate remedy at law.

84. Brooks Brothers' continued and threatened use of the Infringing Marks despite its awareness of Brooks' Brooks Marks and the harm and confusion that it is causing and will cause is extraordinary.

COMPLAINT - 27

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\135106\250279\WFA\27305326.1

85. Brooks is entitled to, among other relief, injunctive relief and an award of actual damages, Brooks Brothers' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

### C. FEDERAL TRADEMARK DILUTION

86. Brooks repeats and realleges paragraphs 1 through 85 hereof, as if fully set forth herein.

87. Brooks' Brooks Marks are distinctive and "famous marks" within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

88. Brooks' Brooks Marks became distinctive and famous before Brooks Brothers' acts as alleged herein.

89. Brooks Brothers' acts as alleged herein have diluted and will, unless enjoined, continue to dilute and are likely to dilute the distinctive quality of Brooks' famous Brooks Marks.

90. Brooks Brothers' acts as alleged herein have tarnished and will, unless enjoined, continue to tarnish, and are likely to tarnish Brooks' Brooks Marks by undermining and damaging the valuable goodwill associated therewith.

91. Brooks Brothers' acts as alleged herein are intentional and willful in violation of Section 43(c)(1) of the Lanham Act, 15 U.S.C. § 1125(c)(1), and have already caused Brooks irreparable damage and will, unless enjoined, damage and continue to so damage Brooks, which has no adequate remedy at law.

92. Brooks is entitled to, among other relief, injunctive relief and an award of actual damages, Brooks Brothers' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

COMPLAINT - 28

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\135106\250279\WFA\27305326.1

93.     Brooks Brothers' continued and threatened use of the Infringing Marks despite its awareness of Brooks' Brooks Marks and the harm and confusion that it is causing and will cause is extraordinary.

### D.     TRADE DRESS INFRINGEMENT

94.     Brooks repeats and realleges paragraphs 1 through 93 hereof, as if fully set forth herein.

95.     Brooks' Heritage Collection shoes feature Brooks' classic athletic styles ("Heritage Collection"). *See* Fig. X. The Heritage Collection is based on Brooks' famous Vanguard silhouette, which Brooks has been known for as early as 1977.



96.     Brooks' Heritage Collection features the following distinctive elements: (a) a sleek running inspired design; (b) a rubber outsole below a foam midsole extending up to the front of the toe box; (c) the sole curving up towards the toe; (d) a prominently raised heel tab; (e) a leather heel tab on fabric upper; (f) a heel cup wrapped in additional fabric; (g) a lace guard with a rounded bottom; and (h) the lace guard, heel cup and toe cap in a different shade but same color as the upper (collectively, the "Heritage Trade Dress")

97.     Brooks Brothers produces, markets, distributes, offers for sale and sells a shoe that it calls the "Sporty Sneaker" that imitates every element of the Heritage Trade Dress (as shown in Fig. X below).

COMPLAINT - 29

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

**FIG. X.**

**Brooks' Heritage Collection Footwear**          **Brooks Brothers' Sporty Sneaker**

          

| Heritage Trade Dress | Sporty Sneaker |
|---|---|
| Sleek running inspired design | same |
| Rubber outsole below a foam midsole extending up to the front of the toe box | same |
| Sole curving up towards the toe | same |
| Prominently raised heel tab | same |
| Leather heel tab on fabric upper | same |
| Heel cup covered with additional fabric | same |
| Lace guard featuring a rounded bottom | same |
| Lace guard, heel cup and toe cap in a different shade but same color as the upper | same |

COMPLAINT - 30

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

98.     The similarities described above show that Brooks Brothers intends the Sporty Sneaker to be a confusingly similar imitation of Brooks' Heritage Collection shoes.  The Sporty Sneaker is similar to, and competes with, footwear sold by Brooks, and the parties' respective footwear is sold through overlapping channels of trade.  The likelihood of confusion is increased by Brooks Brothers' use of a BROOKS formative mark in connection with the Sporty Sneaker.

99.     Brooks Brothers' unauthorized use in commerce of the Heritage Trade Dress as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of its Sporty Sneakers, and is likely to cause consumers to believe, contrary to fact, that Brooks Brothers' Sporty Sneakers are sold, authorized, endorsed, or sponsored by Brooks, or that Brooks Brothers is in some way affiliated with or sponsored by Brooks.

100.    Brooks Brothers' unauthorized use in commerce of the Heritage Trade Dress as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

101.    Upon information and belief, Brooks Brothers' conduct as alleged herein is willful and is intended to and likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Brooks Brothers with Brooks.

102.    Brooks Brothers' conduct threatens to cause and is causing immediate and irreparable harm and injury to Brooks, and to its goodwill and reputation, and will and continue to both damage Brooks and confuse the public unless enjoined by this court.  Brooks has no adequate remedy at law.

103.    Brooks Brothers' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

104.    Brooks is entitled to, among other relief, injunctive relief and an award of actual damages, Brooks Brothers' profits, enhanced damages and profits, reasonable

COMPLAINT - 31

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\135106\250279\WFA\27305326.1

attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15

U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

### E.     UNFAIR COMPETITION UNDER RCW § 19.86.020

105.     Brooks repeats and realleges paragraphs 1 through 104 hereof, as if fully set
forth herein.

106.     Brooks Brothers' unfair and deceptive practices have directly and proximately
injured Brooks, including causing injury to Brooks' business and property.

107.     Brooks Brothers' unfair and deceptive practices have negatively affected and
injured the public interest.

108.     Brooks Brothers' conduct as alleged herein constitutes unfair competition in
violation of Washington's Consumer Protection Act, RCW 19.86.020.

109.     Brooks Brothers' conduct threatens to cause and is causing immediate and
irreparable harm and injury to Brooks, and to its goodwill and reputation, and will and
continue to both damage Brooks and confuse the public unless enjoined by this court.
Brooks has no adequate remedy at law.

110.     Brooks is entitled to, among other relief, injunctive relief and an award of
actual damages, Brooks Brothers' profits, enhanced damages and profits, reasonable
attorneys' fees, and costs of the action, and an increased award of up to three times its actual
damages under RCW 19.86.090, together with prejudgment and post-judgment interest.

### F.     TRADEMARK DILUTION UNDER RCW § 19.77.160

111.     Brooks repeats and realleges paragraphs 1 through 110 hereof, as if fully set
forth herein.

112.     Brooks owns common law trademark rights in its Brooks Marks and all such
rights owned by Brooks are superior to any rights that Brooks Brothers may claim to have in
the mark.

COMPLAINT - 32

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

113.     Due to over 100 years of use, and as evidenced by Brooks' impressive commercial success and industry praise of Brooks' goods and services, Brooks' Brooks Marks are famous and distinctive in the state of Washington and have been for many years prior to Brooks Brothers' first sale of any goods or services similar to those offered by Brooks under its Brooks Marks.

114.     Brooks Brothers' acts as alleged herein are intentional and willful in violation of RCW § 19.77.160, and have already caused Brooks irreparable damage and will, unless enjoined, damage and continue to so damage Brooks, which has no adequate remedy at law.

115.     Brooks is entitled to, among other relief, injunctive relief under RCW § 19.77.160.

## G.     TRADEMARK INFRINGEMENT UNDER WASHINGTON STATE COMMON LAW

116.     Brooks repeats and realleges paragraphs 1 through 115 hereof, as if fully set forth herein.

117.     Brooks owns common law trademark rights in its Brooks Marks and the Heritage Trade Dress and all such rights owned by Brooks are superior to any rights that Brooks Brothers may claim to have in the mark.

118.     Brooks Brothers' unauthorized use of the Brooks Marks and the Heritage Trade Dress in commerce to advertise and offer goods or services similar to Brooks' goods and services is likely to cause, has caused, and will continue to cause a likelihood of confusion and deception with Brooks' Brooks Marks, or cause confusion, mistake or deception as to the origin of Brooks Brothers' goods and services.

119.     Brooks Brothers' acts as alleged herein are intentional and willful in violation of Brooks' common law trademark rights under Washington state common law and RCW 19.77.900.

COMPLAINT - 33

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\135106\250279\WFA\27305326.1

120.     Brooks is entitled to, among other relief, injunctive relief and its actual damages under common law.

### H.     BREACH OF CONTRACT

121.     Brooks repeats and realleges paragraphs 1 through 120 hereof, as if fully set forth herein.

122.     Brooks Brothers breached Section (1) of the Settlement Agreement when it filed Opposition No. 91,243,962 objecting to Brooks' registration of the trademark BROOKS in connection with athletic footwear.

123.     Brooks Brothers breached the implied covenants in the Settlement Agreement by filing U.S. Application Serial No. 88/742,542 for the mark BROOKS in connection with all-purpose sport bags and retail store services and online store services featuring clothing and sporting goods.

124.     Brooks is entitled to, among other relief, injunctive relief and its actual damages, together with the costs and expenses, including reasonable attorneys' fees, sustained during Brooks' defense of Opposition No. 91,243,962 and enforcement of the Settlement Agreement.

### V.     DEMAND FOR JURY TRIAL

125.     Pursuant to Fed. R. Civ. P. 38(b), Brooks requests a trial by jury on all issues.

### VI.     PRAYER FOR RELIEF

WHEREFORE, Brooks requests judgment against Brooks Brothers as follows:

1.      That Brooks Brothers has violated Section 32 of the Lanham Act (15 U.S.C. § 1114); Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

2.      That Brooks Brothers has violated RCW 19.86.020; RCW § 19.77.160; and RCW 19.77.900.

COMPLAINT - 34

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\135106\250279\WFA\27305326.1

3.      That Brooks Brothers committed Washington state common law trademark infringement and unfair competition.

4.      That Brooks Brothers breached the Settlement Agreement.

5.      Declaring that Brooks has the sole and exclusive right to use the term "BROOKS" as a trademark or servicemark in connection with athletic and athletic-related footwear, apparel, accessories, and equipment, and retail store and online store services for the sale of the same.

6.      Granting an injunction permanently enjoining Brooks Brothers, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, contractors, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

a.  manufacturing, distributing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute, sell, market, advertise or promote athletic footwear, apparel and accessories bearing the mark BROOKS or any other mark, including Brooks-formative marks and the Heritage Trade Dress, that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Brooks' Brooks Marks;

b.  engaging in any activity that infringes Brooks' rights in its Brooks Marks and the Heritage Trade Dress;

c.  engaging in any activity constituting unfair competition with Brooks;

d.  engaging in any activity that is likely to dilute the distinctiveness of Brooks' Brooks Marks and the Heritage Trade Dress;

e.  making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Brooks Brothers' goods and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by

COMPLAINT - 35

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\135106\250279\WFA\27305326.1

or associated, affiliated, or otherwise connected with Brooks or (ii) Brooks' goods and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Brooks Brothers;

f.  using or authorizing any third-party to any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Brooks or tend to do so;

g.  selling, offering to sell, distributing, advertising, marketing or manufacturing the Sporty Sneakers as presently designed and/or using any Brooks-formative mark;

h.  registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark Brooks, including Brooks-formative marks, or any other mark that infringes or is likely to be confused with the Brooks Marks, or any goods or services of Brooks, or Brooks as their source; and

i.  aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (h).

7.      Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Brooks Brothers are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Brooks or constitute or are connected with Brooks' goods and services.

8.      Ordering that Brooks Brothers recall and destroy all athletic footwear, apparel and accessories, and related advertisements, promotions, signs, displays, and other materials incorporating or bearing the mark BROOKS or the Heritage Trade Dress or any other mark

COMPLAINT - 36

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

that is a counterfeit, copy, confusingly similar variation, or colorable imitation of Brooks' Brooks Marks or the Heritage Trade Dress.

9.      Ordering Brooks Brothers to formally abandon with prejudice any and all of its applications to register and registrations for the mark BROOKS, BROOKS-formative marks and any mark consisting of, incorporating, or containing Brooks' Brooks Marks or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof in connection with activewear and athletic footwear, apparel and accessories on any state or federal trademark registry, including, without limitation, U.S. Application Serial Nos. 88/742,542 for BROOKS, 87/562,491 for BROOKSTECH and 88/643,092 for BROOKSFLEX, and U.S. Registration Nos. 5,823,029 for BROOKSCLOUD, 4,142,789 for BROOKSCOOL, 3,009,280 for BROOKSSTORM, 2,498,929 for BROOKS STRETCH.

10.      Ordering Brooks Brothers to withdraw with prejudice Opposition No. 91,243,962 against U.S. Application Serial No. 87/804,267.

11.      Ordering, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Brooks Brothers to file with the court and serve upon Brooks' counsel within thirty (30) days after service on Brooks Brothers of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Brooks Brothers has complied therewith.

12.      Ordering corrective advertisements in a form approved by the Court that informs the public of the violations of the law as Brooks may prove, and to ameliorate the false and deceptive impressions produced by such violations.

13.      Awarding Brooks an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

14.      Ordering that Brooks Brothers account to and pay over to Brooks all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Brooks for the damages caused thereby.

COMPLAINT - 37

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\135106\250279\WFA\27305326.1

15.     Awarding Brooks punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

16.     Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Brooks its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

17.     Awarding Brooks its actual damages sustained, its costs and expenses, including reasonable attorney's fees, and treble damages under RCW 19.86.090.

18.     Declaring that the Settlement Agreement is terminated and Brooks is excused from all further performance thereunder.

19.     Awarding Brooks injunctive relief and its actual damages, together with the costs and expenses, including reasonable attorneys' fees, sustained from Brooks' defense of Opposition No. 91,243,962 and enforcement of the Settlement Agreement.

20.     Awarding Brooks interest, including prejudgment and post-judgment interest, on the foregoing sums.

21.     Awarding such other and further relief as the Court deems just and proper.

Dated this 10th day of February, 2020.

SCHWABE, WILLIAMSON & WYATT, P.C.

By:     /s/ William F. Abrams
        William F. Abrams, WSBA #54900
        Email:  wabrams@schwabe.com
        Nika Aldrich, WSBA #48473
        Email:  naldrich@schwabe.com
        Balazs Takacs, (*pro hac vice pending*)
        Email:  btakacs@schwabe.com
        Schwabe, Williamson &Wyatt PC
        1420 5th Avenue, Suite 3400
        Seattle, WA  98101-4010
        Telephone: 206-622-1711

        *Attorneys for Brooks Sports, Inc.*

COMPLAINT - 38

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

PDX\135106\250279\WFA\27305326.1

# EXHIBIT D

1   THE HONORABLE THOMAS S. ZILLY

2

3

4

5

6

7   UNITED STATES DISTRICT COURT
    WESTERN DISTRICT OF WASHINGTON
8   AT SEATTLE

9   BROOKS SPORTS, INC., a Washington        )
    corporation,                             )
10                                           )
                              Plaintiff,     )   Case No. 2:20-cv-00207-TSZ
11                                           )
          v.                                 )   **BROOKS BROTHERS GROUP,**
12                                           )   **INC.'S ANSWER, DEFENSES, AND**
                                             )   **COUNTERCLAIMS**
    BROOKS BROTHERS GROUP, INC., a           )
13  Delaware corporation,                    )   **JURY DEMAND**
                                             )
14                            Defendant.     )
                                             )
15  _____ )

16         Brooks Brothers Group, Inc. ("Brooks Brothers"), by and through its attorneys, Lane

17  Powell and Hodgson Russ LLP (*pro hac vice* pending), for its Answer to the Complaint of Brooks

18  Sports, Inc. ("Brooks Sports") and for its Defenses and Counterclaims, states as follows:

19         1.     Brooks Brothers acknowledges that Brooks Sports has filed a trademark

20  infringement lawsuit, denies that the lawsuit has any merit, and denies the remaining allegations

21  in that paragraph.  Brooks Brothers also states that many of the claims asserted in this lawsuit are

22  precluded by the parties' 1980 settlement agreement.

23         2.     Brooks Brothers denies the allegations in paragraph 2.

24         3.     With respect to the allegations in paragraph 3, Brooks Brothers admits that it

25  entered into an agreement with Brooks Sports in 1980, states that the 1980 agreement precludes

26  Brooks Sports' lawsuit (as explained further below), and denies the remaining allegations in that

27  paragraph.

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 1

4.      Brooks Brothers denies the allegations in paragraph 4.

5.      Brooks Brothers denies the allegations in paragraph 5.

6.      With respect to the allegations in paragraph 6, Brooks Brothers admits that it filed a trademark application on or about December 30, 2019, states that the trademark application speaks for itself, states that Brooks Sports has misrepresented the content of that trademark application, and denies the remaining allegations in that paragraph.

7.      Brooks Brothers denies the allegations in paragraph 7.

8.      Brooks Brothers denies the allegations in paragraph 8.

9.      Brooks Brothers denies the allegations in paragraph 9.

10.     With respect to the allegations in paragraph 10, Brooks Brothers acknowledges that Brooks Sports has asserted claims for trademark infringement, unfair competition, and dilution under the Lanham Act, and claims under the common laws of Washington, denies that the claims have any merit, and denies the remaining allegations in that paragraph.

11.     With respect to the allegations in paragraph 11, Brooks Brothers acknowledges that Brooks Sports seeks injunctive and monetary relief, denies that Brooks Sports is entitled to any such relief, and denies the remaining allegations in that paragraph.

12.     Brooks Brothers repeats its responses to the allegations incorporated by reference in paragraph 12 of the Complaint.

13.     With respect to the allegations in paragraph 13, Brooks Brothers denies knowledge and information sufficient to form a belief as to the truth of Brooks Sports' allegations regarding its state of incorporation and principal place of business, and denies the remaining allegations in that paragraph.

14.     With respect to the allegations in paragraph 14, Brooks Brothers admits that it is a Delaware corporation and that it sells clothing, apparel, and other items throughout the United States under federally-registered trademarks (many of which are incontestable), and denies the remaining allegations in that paragraph.

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 2

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

133100.0001/7985435.2

15.     Brooks Brothers repeats its responses to the allegations incorporated by reference in paragraph 15 of the Complaint.

16.     Brooks Brothers lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 16, and therefore, Brooks Brothers denies the allegations.

17.     Brooks Brothers denies the allegations in paragraph 17.

18.     Brooks Brothers denies the allegations in paragraph 18.

19.     Brooks Brothers lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 19, and therefore, Brooks Brothers denies the allegations.

20.     Brooks Brothers lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 20, and therefore, Brooks Brothers denies the allegations.

21.     Brooks Brothers lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 21, and therefore, Brooks Brothers denies the allegations.

22.     Brooks Brothers lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 22, and therefore, Brooks Brothers denies the allegations.

23.     Brooks Brothers lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 23, and therefore, Brooks Brothers denies the allegations.

24.     Brooks Brothers lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 24, and therefore, Brooks Brothers denies the allegations.

25.     Brooks Brothers denies the allegations in paragraph 25.

26.     Brooks Brothers denies the allegations in paragraph 26.

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

133100.0001/7985435.2

27.     With respect to the allegations in paragraph 27, Brooks Brothers admits that it sells certain products through a website located at www.brooksbrothers.com, and denies the remaining allegations in that paragraph.

28.     With respect to the allegations in paragraph 28, Brooks Brothers admits that it sells goods in retail stores in various States under federally-registered trademarks, admits that it maintains retail stores in Washington, and denies the remaining allegations in that paragraph.

29.     With respect to the allegations in paragraph 29, Brooks Brothers admits that it markets and advertises certain products to consumers in Washington, and denies the remaining allegations in that paragraph.

30.     With respect to the allegations in paragraph 30, Brooks Brothers admits that it sells certain products to third-party retail stores in Washington, and denies the remaining allegations in that paragraph.

31.     Brooks Brothers denies the allegations in paragraph 31.

32.     With respect to the allegations in paragraph 32, Brooks Brothers admits that Brooks Sports has only sold athletic-related goods, and denies the remaining allegations in that paragraph.

33.     With respect to the allegations in paragraph 33, Brooks Brothers admits that it has not, and does not, use the term BROOKS as a trademark on athletic footwear, and denies the remaining allegations in that paragraph.

34.     With respect to the allegations in paragraph 34, Brooks Brothers admits that Brooks Brothers and Brooks Sports coexisted for an extended period, states that the parties coexisted for a certain period under a 1980 coexistence settlement agreement, and denies the remaining allegations in that paragraph.

35.     With respect to the allegations in paragraph 35, Brooks Brothers admits that this lawsuit does not present the first dispute between Brooks Brothers and Brooks Sports concerning Brooks Sports' breaches of the 1980 agreement and Brooks Sports' trademark infringement, and denies the remaining allegations in that paragraph.

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 4

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

36.     With respect to the allegations in paragraph 36, Brooks Brothers admits that it filed an opposition action in the United States Patent and Trademark Office (the "USPTO") against a Brooks Sports' trademark application for the mark BROOKS in connection with athletic shoes, and denies the remaining allegations in that paragraph.

37.     With respect to the allegations in paragraph 37, Brooks Brothers admits that, on or about January 16, 1980, Brooks Brothers and Brooks Sports entered into a settlement agreement that resolved Opposition No. 91,060,319, admits that the 1980 settlement agreement is of indefinite duration, states that Brooks Sports has willfully breached that agreement (as discussed in detail below), and denies the remaining allegations in that paragraph.

38.     With respect to the allegations in paragraph 38, Brooks Brothers states that the 1980 settlement agreement speaks for itself, and denies the remaining allegations in that paragraph.

39.     With respect to the allegations in paragraph 39, Brooks Brothers states that the 1980 settlement agreement speaks for itself, and denies any allegations that are contrary to the 1980 settlement agreement.

40.     With respect to the allegations in paragraph 40, Brooks Brothers states that the 1980 settlement agreement speaks for itself, and denies the remaining allegations in that paragraph.

41.     Brooks Brothers denies the allegations in paragraph 41.

42.     With respect to the allegations in paragraph 42, Brooks Brothers admits that Brooks Brothers and Brooks Sports attempted to resolve their dispute concerning Brooks Brothers' Opposition No. 91,243,962, and denies the remaining allegations in that paragraph.

43.     Brooks Brothers admits the allegations in paragraph 43.

44.     Brooks Brothers denies the allegations in paragraph 44.

45.     Brooks Brothers denies the allegations in paragraph 45.

46.     Brooks Brothers denies the allegations in paragraph 46.

47.     Brooks Brothers denies the allegations in paragraph 47.

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 5

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

133100.0001/7985435.2

48.     With respect to the allegations in paragraph 48, Brooks Brothers admits that it filed Trademark Application No. 88/742,542, states that the application speaks for itself, and denies the remaining allegations in that paragraph.

49.     With respect to the allegations in paragraph 49, Brooks Brothers states that Application No. 88,742,542 speaks for itself, and denies the remaining allegations in that paragraph.

50.     With respect to the allegations in paragraph 50, Brooks Brothers admits that it has filed BROOKS-formative federal trademark applications, states that those trademark applications speak for themselves, and denies the remaining allegations in that paragraph.

51.     Brooks Brothers denies the allegations in paragraph 51.

52.     Brooks Brothers denies the allegations in paragraph 52.

53.     Brooks Brothers denies the allegations in paragraph 53.

54.     Brooks Brothers denies the allegations in paragraph 54.

55.     Brooks Brothers repeats its responses to the allegations incorporated by reference in paragraph 55 of the Complaint.

56.     Brooks Brothers lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 56, and therefore, Brooks Brothers denies the allegations.

57.     The allegations in paragraph 57 are legal conclusions to which no response is required, and to the extent that a response is required, Brooks Brothers denies the allegations.

58.     The allegations in paragraph 58 are legal conclusions to which no response is required, and to the extent that a response is required, Brooks Brothers denies the allegations.

59.     Brooks Brothers denies the allegations in paragraph 59.

60.     Brooks Brothers admits the allegations in paragraph 60.

61.     Brooks Brothers denies the allegations in paragraph 61.

62.     With respect to the allegations in paragraph 62, Brooks Brothers states that its trademark application speaks for itself, and denies the remaining allegations in that paragraph.

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 6

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

63.     Brooks Brothers denies the allegations in paragraph 63.

64.     Brooks Brothers denies the allegations in paragraph 64.

65.     The allegations in paragraph 65 are legal conclusions to which no response is required, and to the extent that a response is required, Brooks Brothers denies the allegations.

66.     Brooks Brothers lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 66, and therefore, Brooks Brothers denies the allegations.

67.     Brooks Brothers lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 67, and therefore, Brooks Brothers denies the allegations.

68.     Brooks Brothers lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 68, and therefore, Brooks Brothers denies the allegations.

69.     Brooks Brothers lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 69, and therefore, Brooks Brothers denies the allegations.

70.     Brooks Brothers denies the allegations in paragraph 70.

71.     Brooks Brothers repeats its responses to the allegations incorporated by reference in paragraph 71 of the Complaint.

72.     Brooks Brothers denies the allegations in paragraph 72.

73.     Brooks Brothers denies the allegations in paragraph 73.

74.     Brooks Brothers denies the allegations in paragraph 74.

75.     Brooks Brothers denies the allegations in paragraph 75.

76.     Brooks Brothers denies the allegations in paragraph 76.

77.     Brooks Brothers denies the allegations in paragraph 77.

78.     Brooks Brothers repeats its responses to the allegations incorporated by reference in paragraph 78 of the Complaint.

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 7

133100.0001/7985435.2

79.     Brooks Brothers denies the allegations in paragraph 79.

80.     Brooks Brothers denies the allegations in paragraph 80.

81.     Brooks Brothers denies the allegations in paragraph 81.

82.     Brooks Brothers denies the allegations in paragraph 82.

83.     Brooks Brothers denies the allegations in paragraph 83.

84.     Brooks Brothers denies the allegations in paragraph 84.

85.     Brooks Brothers denies the allegations in paragraph 85.

86.     Brooks Brothers repeats its responses to the allegations incorporated by reference in paragraph 86 of the Complaint.

87.     Brooks Brothers denies the allegations in paragraph 87.

88.     Brooks Brothers denies the allegations in paragraph 88.

89.     Brooks Brothers denies the allegations in paragraph 89.

90.     Brooks Brothers denies the allegations in paragraph 90.

91.     Brooks Brothers denies the allegations in paragraph 91.

92.     Brooks Brothers denies the allegations in paragraph 92.

93.     Brooks Brothers denies the allegations in paragraph 93.

94.     Brothers repeats its responses to the allegations incorporated by reference in paragraph 94 of the Complaint.

95.     Brooks Brothers denies the allegations in paragraph 95.

96.     Brooks Brothers denies the allegations in paragraph 96.

97.     Brooks Brothers denies the allegations in paragraph 97.

98.     Brooks Brothers denies the allegations in paragraph 98.

99.     Brooks Brothers denies the allegations in paragraph 99.

100.     Brooks Brothers denies the allegations in paragraph 100.

101.     Brooks Brothers denies the allegations in paragraph 101.

102.     Brooks Brothers denies the allegations in paragraph 102.

103.     Brooks Brothers denies the allegations in paragraph 103.

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 8

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

133100.0001/7985435.2

104.     Brooks Brothers denies the allegations in paragraph 104.

105.     Brooks Brothers repeats its responses to the allegations incorporated by reference in paragraph 105 of the Complaint.

106.     Brooks Brothers denies the allegations in paragraph 106.

107.     Brooks Brothers denies the allegations in paragraph 107.

108.     Brooks Brothers denies the allegations in paragraph 108.

109.     Brooks Brothers denies the allegations in paragraph 109.

110.     Brooks Brothers denies the allegations in paragraph 110.

111.     Brooks Brothers repeats its responses to the allegations incorporated by reference in paragraph 111 of the Complaint.

112.     Brooks Brothers denies the allegations in paragraph 112.

113.     Brooks Brothers denies the allegations in paragraph 113.

114.     Brooks Brothers denies the allegations in paragraph 114.

115.     Brooks Brothers denies the allegations in paragraph 115.

116.     Brooks Brothers repeats its responses to the allegations incorporated by reference in paragraph 116 of the Complaint.

117.     Brooks Brothers denies the allegations in paragraph 117.

118.     Brooks Brothers denies the allegations in paragraph 118.

119.     Brooks Brothers denies the allegations in paragraph 119.

120.     Brooks Brothers denies the allegations in paragraph 120.

121.     Brooks Brothers repeats its responses to the allegations incorporated by reference in paragraph 121 of the Complaint.

122.     Brooks Brothers denies the allegations in paragraph 122.

123.     Brooks Brothers denies the allegations in paragraph 123.

124.     Brooks Brothers denies the allegations in paragraph 124.

125.     Brooks Brothers denies each and every allegation not specifically addressed in the preceding paragraphs of this Answer.

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 9

## DEFENSES

### First Defense

126.    Brooks Sports' Complaint fails to state a claim upon which relief can be granted.

### Second Defense

127.    Brooks Sports' claims are barred by the parties' 1980 settlement agreement.

### Third Defense

128.    Brooks Sports' claims are barred because Brooks Sports breached the parties' 1980 settlement agreement.

### Fourth Defense

129.    Brooks Sports' claims are moot and present no justiciable claim.

### Fifth Defense

130.    Brooks Brothers' filing of trademark applications does not constitute trademark use or infringement and does not create a justiciable controversy.  Brooks Brothers' alleged intent to use trademark applications does not constitute trademark use or infringement and does not create a justiciable controversy.

### Sixth Defense

131.    Brooks Sports' claims are barred by the doctrines of waiver, laches, and estoppel. Brooks Sports is estopped from pursuing its claims under the parties' 1980 settlement agreement.

### Seventh Defense

132.    Brooks Sports' claims are barred, in whole in part, by the doctrine of unclean hands.

### Eighth Defense

133.    Brooks Sports has failed to mitigate its alleged damages, if any.

### Ninth Defense

134.    Brooks Sports' purported "Heritage Trade Tress" has not acquired any secondary meaning, and therefore, it is unregistrable, invalid, and unprotectable.

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 10

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

133100.0001/7985435.2

**Tenth Defense**

135.    Brooks Sports cannot show that the "Heritage Trade Dress" acquired secondary meaning prior to any allegedly infringing use by Brooks Brothers.

**Eleventh Defense**

136.    Any prior use by Brooks Sports of the alleged "Heritage Trade Dress" was not substantially exclusive.

**Twelfth Defense**

137.    Brooks Sports' purported "Heritage Trade Dress" is unregistrable, invalid, and unprotectable under the doctrine of utilitarian functionality.

**Thirteenth Defense**

138.    The accused Brooks Brothers footwear is not substantially similar to the "Heritage Trade Dress."

**Fourteenth Defense**

139.    There is no likelihood of confusion between Brooks Sports purported trade dress and the accused footwear products.

**Fifteenth Defense**

140.    Brooks Brothers' actions in the alleged Complaint were innocent and non-willful.

**Sixteenth Defense**

141.    Except with respect to athletic footwear, the BROOKS word mark is primarily merely a surname and has not acquired any secondary meaning that can be claimed by Brooks Sports.

**Seventeenth Defense**

142.    Except with respect to athletic footwear, the BROOKS word mark is unregistrable, invalid, and unprotectable to Brooks Sports.

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 11

133100.0001/7985435.2

**Eighteenth Defense**

143.    Brooks Sports is not entitled to injunctive relief because any alleged injury to Brooks Sports is not immediate or irreparable, and Brooks Sports has an adequate remedy at law.

**Nineteenth Defense**

144.    Brooks Sports' claims are barred because Brooks Brothers has trademark priority.

**Twentieth Defense**

145.    Brooks Sports' claims are barred because Brooks Brothers is the owner of prior BROOKS and BROOKS-formative registrations, as set forth on Exhibit 1, and many of the prior registrations are incontestable.

**Twenty-first Defense**

146.    Brooks Sports' alleged trademarks are not famous or distinctive, and as a result, Brooks Sports' dilution and tarnishment claims are barred.

## RESERVATION OF RIGHTS

147.    Brooks Brothers reserves its right to assert other defenses as they may become available or apparent during the course of discovery.

## COUNTERCLAIMS

### Overview of the Action

148.    This dispute arises out of Brooks Sports' bad-faith breach of a long-standing coexistence agreement with Brooks Brothers and Brooks Sports' willful infringement of Brooks Brothers' trademark rights.

149.    Brooks Brothers is an iconic brand founded in 1818.  It is the oldest apparel company in the United States and a world-renowned fashion innovator.  While famous for its clothing offerings and related retail services, Brooks Brothers is also well-known as a lifestyle brand, which markets and sells footwear, eyewear, bags, jewelry, watches, sports articles, games, personal care items, tableware, fragrances, bedding, linens, food items, beverages, and more.

150.    Brooks Brothers started using the trademark BROOKS BROTHERS on its clothing and in connection with retail services as early as 1854.  Brooks Brothers owns numerous

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 12

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

133100.0001/7985435.2

trademark registrations in the United States Patent and Trademark Office ("USPTO") that are comprised of BROOKS BROTHERS or BROOKS for various goods and services—the earliest of which registered in 1915 for a myriad of clothing articles and footwear.  Brooks Brothers has long been known by consumers as BROOKS as a result of the company's marketing campaigns that refer to the brand as BROOKS.  Brooks Brothers has reinforced this branding message through its use of the BROOKS BROTHERS trademark and its numerous BROOKS-formative marks.

151.    Brooks Sports, formerly known as "BRUXSHU" and "Brooks Shoe," sells only running shoes and clothing used in the sport of running.  Its ecommerce site, www.brooksrunning.com, is dedicated solely to footwear and running apparel.  Upon information and belief, Brooks Sports first started selling running shoes in the 1970s—over a century after Brooks Brothers' adoption and use of the BROOKS BROTHERS mark, and about sixty years after the first BROOKS BROTHERS trademark registration for clothing and footwear.

152.    In 1977, Brooks Sports filed its first trademark application with the USPTO.  Brooks Sports sought protection for the word BROOKS alone (not joined with another word or symbol) in connection with athletic shoes.  Brooks Brothers opposed that application before the Trademark Trial and Appeal Board ("TTAB") based on its numerous preexisting BROOKS-formative registrations.

153.    To resolve the dispute before TTAB and to memorialize an understanding on coexisting trademark use and filings, the parties entered into a settlement agreement in 1980 (the "1980 Agreement"), which is attached as Exhibit 2.

154.    One of the principal objectives of the 1980 Agreement was to govern the parties' use of the word BROOKS alone.  To that end, under the 1980 Agreement, the parties agreed to the following principal terms:

> (a)    Brooks Brothers would not object to Brooks Sports' use or registration of the word BROOKS, as a stand-alone mark, solely in connection with athletic

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 13

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

133100.0001/7985435.2

shoes.  Brooks Sports would only use or apply for a stand-alone BROOKS word mark in connection with athletic shoes.  *See, e.g.*, Ex. 2 ¶ 1.

(b)     Brooks Sports would not object to Brooks Brothers' use or registration of BROOKS, as a stand-alone mark, in connection with clothing and footwear not classified as athletic shoes.  *See, e.g.*, Ex. 2 ¶ 2.

(c)     Brooks Sports could use or seek to register the word BROOKS in connection with certain athletic clothing, but *only if* Brooks Sports closely joined that word with another word or symbol (*i.e.*, if it used BROOKS within a composite mark).  *See, e.g.*, Ex. 2 ¶ 3.

(d)     Brooks Sports would abide by specific use parameters designed to ensure that the word BROOKS would not be featured by Brooks Sports as a stand-alone mark.  *See, e.g.*, Ex. 2 ¶ 3.

155.     In 2018 and 2020, Brooks Sports willfully breached the 1980 Agreement by filing trademark applications for the word mark BROOKS alone, without joining any symbol or other word, to be used in connection with athletic clothing.  Brooks Sports also breached the 1980 Agreement by offering for sale and selling clothing emblazoned with the mark BROOKS, without a symbol or second term (the "Breaching Goods").

156.     For nearly two years, Brooks Brothers tried to resolve the dispute in good faith and requested Brooks Sports' compliance with the 1980 Agreement.  But Brooks Sports refused to honor its contract.

157.     Brooks Sports then filed this preemptive lawsuit, which constitutes yet another breach of the 1980 Agreement.  In its Complaint, Brooks Sports seeks to prevent Brooks Brothers from using the word BROOKS in connection with the sale of athletic clothing and apparel (Complaint ¶¶ 48-52), even though Brooks Sports expressly agreed in paragraph 2 of the 1980 Agreement that it would "not object to the use and registration by BROOKS BROTHERS for the entire world of the Trademark or Service Mark BROOKS or BROOKS BROTHERS in connection with services related to the sale of *clothing . . . .*"  *See* Ex. 2 ¶ 2 (emphasis added).

158.     As a result, Brooks Brothers now seeks relief in this Court to remedy Brooks Sports' breach and trademark infringement and to prevent further harm.

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 14

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

The Parties and Jurisdiction

159.    Brooks Brothers (the successor-in-interest to Garfinckel, Brooks Brothers, Miller & Rhoads, Inc.) is a Delaware Corporation with a principal place of business in New York, New York.  Brooks Brothers markets and sells lifestyle goods and apparel, including, but not limited to, clothing, footwear, eyewear, bags, jewelry, watches, sports articles, games, personal care items, tableware, fragrances, bedding, linens, food items, beverages, and more.

160.    Brooks Sports (the successor in interest to Brooks Shoe Manufacturing Company) is a Washington corporation with a principal place of business in Seattle, Washington.  Brooks Sports was founded as a ballet shoe and water shoe company.  It began selling running shoes in the 1970s under the name BRUXSHU.

161.    Brooks Sports is subject to general personal jurisdiction in Washington because it is a Washington corporation with a principal place of business in Washington.

162.    Venue is proper under 28 U.S.C. Section 1392(b)(1).

## THE FACTS

### I.    Brooks Brothers' Famous Brand and Trademarks

163.    Brooks Brothers started using the trademark BROOKS BROTHERS on its clothing, and in connection with retail store services, as early as 1854.  Its first trademark registration for clothing and footwear (among other things) issued in 1915.

164.    Today, Brooks Brothers owns many registrations for BROOKS-formative marks in the United States and throughout the world, including but not limited to: BROOKS BOYS, THE BROOKS CARD, MY BROOKS REWARDS, BROOKSGATE, BROOKSTWEED, BROOKSCLOUD, BROOKSCOOL, BROOKSSTORM, BROOKS-AIRE, and BROOKS STRETCH.

165.    These registrations cover a wide variety of goods and services, including clothing and footwear, jewelry, bags and luggage, sporting goods, home furnishings, fragrances, and retail store services.

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 15

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

133100.0001/7985435.2

166.    A summary table that identifies Brooks Brothers' registered trademarks is attached as Exhibit 1, along with copies of the corresponding registration certificates.  Each of the trademarks noted with an asterisk is incontestable under 15 U.S.C. §§ 1065 and 1115(b).  Brooks Brothers also owns the common law rights in the identified trademarks and the mark BROOKS.  Brooks Brothers' registered and common-law trademarks are referred to collectively as the "Trademarks."

167.    The Trademarks are in full force and effect.  The Trademarks and associated goodwill have never been abandoned.  Brooks Brothers intends to continue to use, preserve, and maintain its rights in the Trademarks.

168.    Brooks Brothers owns and operates more than 250 retail stores in the United States and more than 500 store locations in 45 countries around the world.

169.    Brooks Brothers spends millions of dollars each year to advertise and promote products offered for sale and sold under the Trademarks.  For example, Brooks Brothers' products are advertised and promoted through print media, social media, outdoor advertising, on the radio, and through sponsorship of various sporting events, music events, and charitable events.

170.    For nearly a century, a Brooks Brothers' advertisement has appeared daily on page two of *The New York Times*.  Copies of these advertisements also appeared generally in *The Boston Globe*, *The Los Angeles Times, The Chicago Tribune* and *The Washington Post*.  Brooks Brothers' archives includes unsolicited media coverage referencing Brooks Brothers within articles authored by third parties since 1857.

171.    Before the launch of Brooks Brothers' e-commerce website, Brooks Brothers' sales catalogs were distributed to nearly one million households and businesses throughout the United States.

172.    Brooks Brothers' shirts have repeatedly been top rated in *Consumer Reports*.

173.    Brooks Brothers has clothed 40 out of 45 U.S. Presidents.

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 16

133100.0001/7985435.2

174.    Brooks Brothers' clothes are often adorned by celebrities and "A-listers" to award shows and high profile events, including the Academy Awards.

175.    Brooks Brothers clothing and stores can be found within hundreds of movies, television shows, and Broadway musicals, including, but not limited to: *Mad Men; Saturday Night Live; The Colbert Report; The Graduate; The Great Debaters; In the Heat of the Night; Pearl Harbor; Royal Tenenbaums; Ali;Up in the Air; The Adjustment Bureau; The Muppets; Argo; Slumdog Millionaire; The Great Gatsby; Parks and Recreation; The Shadow*; *Promises, Promises; How to Succeed in Business; Finding Neverland; Love Letters; West Side Story; How to get away with Murder; Scandal; The Americans; Manifest; Blacklist; The Politician; American Horror Story (all seasons); Law & Order SVU; Prodigal Son; Bosch; Goliath; Good Girls; Glee; Gossip Girl; Billions; and Succession.*

176.    Brooks Brothers is the selected outfitter and designer for various uniforms and dress, including, for example, Jazz at Lincoln Center, the Inter Milan Soccer Team, the Olympiacos Football Club, the Japan Samurai baseball team, and the New York Yacht Club.

177.    Brooks Brothers has entered into various sports ambassadorship agreements to promote the Trademarks, including agreements with professional athletes, such as Taylor Leon and James Driscoll.

178.    Brooks Brothers has used the Trademarks in sponsorship of various sporting events and/or co-branded product lines, including the Head of the Charles Regatta, the Churchill Downs/Kentucky Derby, the PGA St. Jude Classic, Pebble Beach the Concours D'Elegance, St. Andrews Links and the International Tennis Hall of Fame.

179.    Brooks Brothers uses the Trademarks in connection with philanthropic activities for St. Jude Children's Hospital, the Make A Wish Foundation, the American Red Cross, and others.

180.    Throughout the company's history, customers, the media, and authors of famous literary works have referred to Brooks Brothers as "BROOKS," and Brooks Brothers has

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 17

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

133100.0001/7985435.2

routinely referred to itself as "BROOKS" on its website and in advertising, such that BROOKS is synonymous with BROOKS BROTHERS.

181.     The federal judiciary has recognized that "BROOKS" is a source indicator for Brooks Brothers.  In 1945, when Brooks Brothers filed a trademark infringement lawsuit against Brooks Clothing of California, the U.S. District Court for the Southern District of California ruled in Brooks Brothers' favor and found that the word "BROOKS," without "BROTHERS," had become the identification mark of Brooks Brothers and its clothes:

> [A]s the plaintiff, over a long period of years, has used "Brooks Brothers" as a tradename and mark, and has had, since 1915, a federal registration, and the plaintiff and the family which began the business a century and a quarter ago, having used the name "Brooks" in one form or another, which use was accompanied by extensive nation-wide advertising and solicitation of custom and fair dealings with customers in most of the states in the Union, the good will engendered by the word "Brooks" and by these practices belong to it.  More, it has created a condition where, to use the language of the Restatement of Torts, "confusion of source" is inherent in the use of the word "Brooks" by anyone but the plaintiff.

*See* Exhibit 3.

182.     As a result of Brooks Brothers' remarkable success, it has become one of the largest and best-known apparel companies in the United States and in the world.

183.     Due to Brooks Brothers' exclusive and extensive use of the Trademarks, the marks have acquired enormous value, recognition, and goodwill in the United States and throughout the world.  The Trademarks are well known to the consuming public and trade as identifying and distinguishing Brooks Brothers, exclusively and uniquely, as the source of origin of the high-quality products to which the Trademarks are applied.

184.     The Trademarks qualify as famous marks under 15 U.S.C. §1125(c)(1).

185.     The Trademarks have achieved secondary meaning throughout the world, including in the United States, as an identifier of origin, relationship, sponsorship, or association with Brooks Brothers.

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 18

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

133100.0001/7985435.2

186.    Due to the widespread sale of Brooks Brothers' goods and celebrity that the Trademarks have achieved, Brooks Brothers' goods and the Trademarks are recognized by the public and the trade as originating from a single source: Brooks Brothers Group, Inc.

187.    While Brooks Brothers sells tailored clothing, shirts, pants, and related articles, it is also an innovator and seller of sportswear.

188.    Brooks Brothers has sold sportswear under the Trademarks since the 1800s.  The company marketed its "sporting department" in an advertisement in 1939.

189.    Brooks Brothers is credited with bringing to the United States the first polo shirt, as well as designing and selling tennis clothing, ski clothing, swimwear, and golf apparel, which continues to be popular among customers today.

190.    Brooks Brothers has also marketed and sold sports shoes, golf balls, golf tees, golf tools, golf bags, croquet sets, hunting apparel, and custom polo gear.

## II.     The 1980 Agreement and the Parties' Course of Dealing

191.    Brooks Sports, originally known as BRUXSHU and later as Brooks Shoe, was founded as a company that sold water shoes and ballet shoes.  The company's website celebrates the brand's history of selling under the name BRUXSHU in the early-to-mid 1900s.

192.    Upon information and belief, Brooks Sports first started selling running shoes in the 1970s.

193.    In 1977—over 62 years after the first BROOKS BROTHERS trademark registration for clothing and footwear and over 100 years after Brooks Brothers started using its Trademarks in commerce —Brooks Sports filed a trademark application in the USPTO for the word mark BROOKS in connection with athletic shoes.  Brooks Sports had knowledge of Brooks Brothers' Trademarks before Brooks Sports' use and adoption of the name BROOKS.

194.    On the basis of its prior rights in BROOKS, and registrations for BROOKS-formative marks in relation to clothing and footwear, Brooks Brothers opposed the 1977 BROOKS application for athletic shoes before the TTAB.

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 19

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

133100.0001/7985435.2

195.    To resolve the TTAB proceeding, and to memorialize a path forward for the two companies to coexist in the marketplace and on trademark registers, the parties entered into the 1980 Agreement (Ex. 2).

196.    The 1980 Agreement was signed by Garfinckel, Brooks Brothers, Miller & Rhoads, Inc., on the one hand, and Brooks Shoe Manufacturing Company, Inc., on the other. Brooks Brothers is a successor to Garfinckel, Brooks Brothers, Miller & Rhoads, Inc.  Brooks Sports is a successor to Brooks Shoe Manufacturing Company, Inc.  Brooks Brothers and Brooks Sports are therefore bound by the terms of the 1980 Agreement.

197.    In the introductory paragraphs of the 1980 Agreement, Brooks Sports acknowledged Brooks Brothers' longstanding ownership of the BROOKS BROTHERS and BROOKS marks.  One of the principal objectives of the 1980 Agreement was to govern the parties' use and registration of word BROOKS alone.  To that end, under the 1980 Agreement, Brooks Sports and Brooks Brothers agreed to several covenants whereby (1) each party promised not to object to certain activity and (2) each party promised not to use or seek registration of certain marks.

198.    Under the 1980 Agreement, Brooks Brothers agreed not to object to Brooks Sports' use or registration of the word BROOKS, as a stand-alone mark, solely in connection with athletic shoes.  Brooks Sports agreed that it would only use or apply for a stand-alone BROOKS word mark in connection with athletic shoes.  *See, e.g.*, Ex. 2 ¶ 1.

199.    Under the 1980 Agreement, Brooks Sports agreed not to object to Brooks Brothers' use or registration of BROOKS, as a stand-alone mark, in connection with clothing and footwear not classified as athletic shoes.  *See, e.g.*, Ex. 2 ¶ 2.

200.    Under the 1980 Agreement, Brooks Sports agreed that, to the extent it used or sought to register a mark including the word BROOKS in connection with athletic clothing or athletic equipment, it would closely join that word with a symbol or other word.  *See, e.g.*, Ex. 2 ¶ 3.

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 20

133100.0001/7985435.2

201.    Under paragraph 4 of the 1980 Agreement, Brooks Sports agreed to abide by specific use parameters.   These use parameters were designed to avoid confusion in the marketplace and to ensure that the word BROOKS would not be featured by Brooks Sports as a separate or stand-alone mark on Brooks' Sports athletic clothing and equipment:

> [T]he use by Brooks Shoe of the second word or symbol together with the word BROOKS shall be under such conditions that the word BROOKS will be fairly and closely associated with the second word or symbol and that the size of the letters in the word BROOKS shall be of a height not greater than twice the height of the second word or of the symbol.  Where Brooks Shoe uses a symbol together with the word BROOKS, such symbol shall be of a height at least equal to the height of the letters of the word BROOKS.

Ex. 2 ¶ 4.

202.    The language and intent of the 1980 Agreement was clear:  Brooks Sports could use or seek to register the word BROOKS as a stand-alone mark in connection with athletic shoes; Brooks Brothers could use or seek to register the word BROOKS as a stand-alone mark in connection with clothing and footwear, as long as the footwear was not classified as athletic shoes; Brooks Sports could use or seek to register the word BROOKS in connection with athletic clothing, but only as a composite mark—that is, closely joined with a symbol or other word.

203.    The parties' course of dealing confirmed this understanding.  For many years after the 1980 Agreement, Brooks Sports sold only running shoes.  During the period of 1983 to 2000, Brooks Sports filed several trademark applications for athletic equipment or clothing that incorporated the word BROOKS, but in every instance, the word was joined with a symbol that Brooks Sports refers to as its "Path Logo."  *See, e.g.*, U.S. Trademark Application Serial Nos. 73425026; 73425027; 74280580; 74046570; and 75932902.  *See* Exhibit 4.

204.    On several occasions, Brooks Sports acknowledged its obligations under the 1980 Agreement by abandoning trademark applications or limiting its marketplace conduct.  For example:

(a)    In October 2004, Brooks Sports filed a U.S. trademark application (Serial No. 78508128) for BROOKS as a stand-alone word mark for water-bottle holsters

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 21

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

and for athletic bags, gym bags, backpacks, fanny packs, and fanny packs with water holders.  This application violated the 1980 Agreement.  After Brooks Brothers challenged Brooks Sports' breach, Brooks Sports expressly abandoned the application and acknowledged its obligations under the 1980 Agreement.

(b)      In or about 2004 through 2006, Brooks Sports filed trademark applications for BROOKS alone (not in connection with a symbol or other word) in several countries for bags and clothing in Classes 18 and 25, respectively.  Brooks Brothers objected to these filings because, among other reasons, they violated the 1980 Agreement.  Brooks Sports later withdrew the registrations in recognition of the parties' 1980 Agreement.  *See, e.g.*, Canadian Trademark Application No. 1233948 and Australian Trademark Application No. 1145895.

205.      Attached as Exhibit 5 is a 2011 email from Brooks Sports' counsel to Brooks Brothers' counsel acknowledging that several trademark applications filed by Brooks Sports in Panama, Australia, the EU, Canada, Taiwan, Chile, and Singapore violated the 1980 Agreement. The email also summarized Brooks Sports' undertakings to remedy these breaches.

206.      The understanding between the companies has been (and continues to be) that Brooks Sports can file trademarks and use BROOKS alone only for athletic shoes, and that in connection with athletic apparel, Brooks Sports must always file and use a symbol (*i.e.*, Path Logo) or a word with BROOKS in accordance with the parameters set forth in the 1980 Agreement.

III.      **Brooks Sports' Willful Breach of the 1980 Agreement**

   A.      **The Trademark Applications**

207.      In 2018 and 2020, Brooks Sports breached the 1980 Agreement, and the parties' long-standing course of dealing, by filing trademark applications for the word mark BROOKS in connection with athletic clothing and not solely athletic footwear.

208.      Specifically, on February 20, 2018, Brooks Sports filed U.S. Trademark Application Serial No. 87804267 (the "'267 Application") for the word mark BROOKS in connection with athletic footwear and athletic clothing—namely, tops, pants, jackets, headwear, shorts, tights, hosiery, bras, gloves, mittens, sweat shirts, skirts, leggings, rainwear, and vests in Class 25.  *See* Exhibit 6.

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 22

209.     On January 27, 2020, Brooks Sports filed U.S. Trademark Application Serial No. 88775125 (the "'125 Application") for the word mark BROOKS in connection with retail store services featuring clothing and footwear, and online retail store services featuring clothing and footwear. *See* Exhibit 7.

210.     By filing the '267 and '125 Applications, Brooks Sports violated the 1980 Agreement and the parties' course of dealing because, among other reasons, Brooks Sports sought to register the word BROOKS without joining the word with a symbol (such as the "Path Logo") or another word.

211.     Despite notices from Brooks Brothers reminding Brooks Sports of its violation of the 1980 Agreement, Brooks Sports has refused to withdraw the aforementioned applications, and Brooks Sports remains in breach of contract.

212.     Brooks Brothers has unnecessarily been forced to expend money on legal fees to protect the trademark registers in the United States and other countries around the world, so that the filings by Brooks Sports do not block lawful trademark applications of Brooks Brothers on likelihood of confusion grounds or otherwise place a cloud on the title of Brooks Brothers' trademarks or cause marketplace confusion.

**B.     The Sale of Clothing (the Breaching Goods)**

213.     In addition to the breaching trademark filings, Brooks Sports has been advertising, distributing, offering for sale, and selling articles of apparel that breach the terms and conditions of the 1980 Agreement (the "Breaching Goods").  Examples of the breaching apparel can be found below:

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

  

214.    In each instance above, Brooks Sports has used the word BROOKS on apparel, and Brooks Sports has failed to use BROOKS as a composite mark with either another word or symbol (such as the Path Logo device) in close proximity and size, as required under the terms of the 1980 Agreement.

215.    Based upon the description of goods within the '267 Application, Brooks Sports is selling or intends to enlarge its offerings to additional clothing articles that are of the same type that have been sold and continue to be sold by Brooks Brothers.

**C.    Brooks Sports' Lawsuit**

216.    By filing this lawsuit, Brooks Sports breached the 1980 Agreement.

217.     In its Complaint, Brooks Sports asserts, among other things, that Brooks Brothers unlawfully "applied for a new trademark application to use BROOKS alone, without the word BROTHERS," on various categories of goods, including clothing, sporting goods, and accessories for athletics, and retail stores.  Brooks Sports seeks to prevent Brooks Brothers from using the word BROOKS in connection with sale of athletic clothing and apparel and certain footwear. *See, e.g.*, Complaint ¶¶ 48-52.

218.    But in paragraph 2 of the 1980 Agreement, Brooks Sports expressly agreed that it would not object to Brooks Brothers' use of the mark BROOKS on clothing:

> BROOKS SHOE will not object to the use and registration by
> BROOKS BROTHERS for the entire world of the Trademark or
> Service Mark BROOKS or BROOKS BROTHERS in connection
> with services related to the sale of *clothing*, including, without

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 24

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

133100.0001/7985435.2

limitation, shoes not classified as athletic shoes, and promotional services relating thereto.

Ex. 2 ¶ 2 (emphasis added).

219.  Under the 1980 Agreement, Brooks Brothers may use the word BROOKS in connection with the sale of clothing, including athletic clothing.  Brooks Sports' claims to the contrary in this lawsuit are without merit, and by presenting such claims, Brooks Sports has breached the covenant not to oppose such use or registration.

## IV.  Brooks Sports' Willful Trademark Infringement

220.   In an effort to restore profits, Brooks Sports is trying to broaden its apparel offerings.  Brooks Sports has filed trademark applications—and Brooks Sports intends to market and sell clothing articles—that are directly in conflict with the clothing articles sold by Brooks Brothers.  This will lead to consumer confusion.

221.   With knowledge of Brooks Brothers' Trademarks and the parameters for permitted use and registration contained in the 1980 Agreement, Brooks Sports has distributed, offered for sale, and sold the Breaching Goods to consumers in interstate commerce bearing unauthorized uses of the Trademarks.

222.   The offer for sale and sale of the Breaching Goods is likely to cause confusion, to cause mistake, or to deceive consumers.

223.   The aforementioned actions of Brooks Sports were willful and intentional. Brooks Sports either knew that the Breaching Goods bore unauthorized uses of the Trademarks or willfully ignored such facts.  Brooks Sports' actions were part of a deliberate effort to cause confusion and mistake among the consuming public as to the source, affiliation, or sponsorship of Brooks Sports' products, and to gain for Brooks Sports the benefit of the enormous goodwill associated with Brooks Brothers' Trademarks.

224.   The unauthorized use of the BROOKS word mark by Brooks Sports, and Brooks Sports' expansion of its use of BROOKS alone into an array of clothing, has caused Brooks Brothers to lose the ability to control its reputation and image among the public.

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 25

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

133100.0001/7985435.2

225. Brooks Sports' actions have diluted, tarnished, and caused injury to Brooks Brothers' Trademarks.

226. Brooks Sports' actions are likely to have caused, and are likely to continue to cause, confusion and deception in the marketplace.

227. Brooks Sports' actions have been likely to cause, and are likely to continue to cause, the public to believe that the Breaching Goods possess the same quality and standards as the products that are distributed or licensed by Brooks Brothers.

228. The aforementioned actions of Brooks Sports in manufacturing, importing, distributing, offering for sale, and/or selling in interstate commerce the Breaching Goods: (a) are likely to cause confusion and mistake among the consuming public that all such goods originate with Brooks Brothers: (b) are likely to cause confusion and mistake among the consuming public that the Breaching Goods are being offered to the consuming public with the sponsorship or approval of Brooks Brothers: and (c) are likely to cause dilution of the distinctive quality of Brooks Brothers' Trademarks.

229. Brooks Sports' conduct has caused irreparable injury and harm to the goodwill and reputation associated with Brooks Brothers and the Trademarks, and will continue to cause irreparable injury and harm, unless and until Brooks Sports is restrained by this Court from violating Brooks Brothers' rights.

230. Brooks Brothers has no adequate remedy at law.

### First Counterclaim
### (Breach of Contract)

231. Brooks Brothers repeats and incorporates here all of the allegations set forth in the preceding paragraphs of these Counterclaims.

232. Brooks Brothers and Brooks Sports are parties to the 1980 Agreement.

233. The 1980 Agreement is an enforceable and binding contract.

234. Brooks Brothers has satisfied all of its obligations under the 1980 Agreement.

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 26

133100.0001/7985435.2

235.     Brooks Sports has willfully, and in bad faith, breached the 1980 Agreement by, among other things, filing the '267 and '125 Applications, which seek protection for the word mark BROOKS alone in connection with athletic clothing.

236.     Brooks Sports has willfully, and in bad faith, breached the 1980 Agreement by, among other things, using the word BROOKS alone in connection with the sale of the Breaching Goods.

237.     Brooks Sports has willfully, and in bad faith, breached the 1980 Agreement by commencing this action against Brooks Brothers.  In its Complaint, Brooks Sports seeks to prevent Brooks Brothers from using or registering the word BROOKS in connection with sale of athletic clothing and apparel, but in the 1980 Agreement, Brooks Sports expressly agreed not to object to such use or registration.

238.     Brooks Sports also has breached its duty of good faith and fair dealing by perpetrating the actions summarized above.

239.     Brooks Sports' willful, bad-faith breach has caused, and will continue to cause, substantial and irreparable harm to Brooks Brothers for which Brooks Brothers has no adequate remedy at law.  Among other things, Brooks Sports' filing and prosecution of the '267 and '125 Applications will serve to block lawful trademark applications of Brooks Brothers, which were contemplated by the parties under the 1980 Agreement.

240.     Brooks Sports' filing and prosecution of the '267 and '125 Applications, and its use of the word BROOKS in violation of the 1980 Agreement, will cause irreparable damage to the Trademarks and to the Brooks Brothers brand and its value, and will create a cloud on Brooks Brothers' right to use the Trademarks.

241.     Brooks Brothers is entitled to equitable relief and specific performance, including an order from this Court requiring Brooks Sports to withdraw the '267 and '125 Applications, and to cease any and all use of the word BROOKS, without a joining symbol or word, in connection with the sale of any athletic clothing, apparel, or equipment.

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 27

133100.0001/7985435.2

242. Brooks Brothers is also entitled to monetary damages, in an amount to be proved at trial, plus attorneys' fees and costs.

### Second Counterclaim
### (Federal False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(a))

243. Brooks Brothers repeats and incorporates here all of the allegations set forth in the preceding paragraphs of these Counterclaims.

244. The Trademarks are valid, federally-registered trademarks entitled to protection under the Lanham Act. Many of the Trademarks are incontestable.

245. Under these registrations, Brooks Brothers has the exclusive right to use the Trademarks. Brooks Brothers also has common law rights in the Trademarks.

246. Brooks Brothers has used the inherently distinctive and famous Trademarks continuously in connection with its goods and services, including, but not limited to, sportswear, headwear, and sports shoes.

247. Brooks Brothers has exerted significant effort and expense in the form of advertising, promotion, and sales to promote the Trademarks in the United States and throughout the world as distinctive of Brooks Brothers' goods and services in commerce.

248. As a result of Brooks Brothers' use and promotion of the Trademarks, the Trademarks have developed secondary meaning as an indicator that Brooks Brothers is the source of goods and services identified by the Trademarks.

249. The Trademarks represent valuable goodwill owned by Brooks Brothers.

250. Brooks Sports' ability to register and use the BROOKS word mark was specifically limited to athletic shoes by the 1980 Agreement.

251. Brooks Sports is using the Trademarks—specifically, the BROOKS word mark—without Brooks Brothers' consent. Such use constitutes a false designation of origin, a false or misleading description or representation of goods, tending wrongfully and falsely to describe or represent a connection between Brooks Brothers' goods and Brooks Sports' goods.

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 28

133100.0001/7985435.2

252.   Brooks Sports' use of the Trademarks—namely, BROOKS alone—on a wide variety of clothing articles, including the Breaching Goods, is likely to cause confusion, mistake, or deception as to the source of origin, sponsorship, or approval of its goods and services, in that consumers or others are likely to believe Brooks Sports' goods and services are actually Brooks Brothers' goods and services, or those of a company legitimately connected with, approved by, or related to Brooks Brothers.

253.   Brooks Sports' use of the Trademarks—namely, BROOKS alone—enables Brooks Sports to represent and deceptively advertise, merchandise, market, display, and promote Brooks Sports' goods and services as emanating from Brooks Brothers or from a company legitimately connected with, approved by, or related to Brooks Brothers.

254.   Brooks Sports had actual knowledge of Brooks Brothers' ownership and prior use of the Trademarks before Brooks Sports' conduct described herein, and Brooks Sports has acted knowingly, willfully, and maliciously with intent to trade upon the reputation and goodwill of Brooks Brothers and to injure Brooks Brothers.

255.   Brooks Sports' conduct described herein constitutes unfair competition, false designation of origin of goods and services, and false or misleading description or representation of goods and services under 15 U.S.C. § 1125(a).

256.   The willful nature of Brooks Sports' conduct described herein renders this an exceptional case within the meaning of 15 U.S.C. § 1117.

257.   By reason of the foregoing, Brooks Brothers has been injured in an amount not yet ascertained, and is entitled to the remedies provided for in 15 U.S.C. §§ 1116 *et seq.*

258.   Brooks Sports' conduct described herein has caused, and if not enjoined will continue to cause, irreparable damage to Brooks Brothers' rights in the Trademarks, and to Brooks Brothers' business, reputation, and goodwill, which cannot be adequately compensated solely by monetary damages.  Brooks Brothers therefore has no adequate remedy at law and seeks preliminary and permanent injunctive relief pursuant to 15 U.S.C. §§ 1116 *et seq.*

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 29

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

133100.0001/7985435.2

### Third Counterclaim
### (Federal Trademark Infringement, 15 U.S.C. §§ 1114, 1125(a))

259.    Brooks Brothers repeats and incorporates here all of the allegations set forth in the preceding paragraphs of these Counterclaims.

260.    The Trademarks are valid, federally-registered trademarks entitled to protection under the Lanham Act.  Under these registrations, Brooks Brothers has the exclusive right to use the Trademarks.  Brooks Brothers also has common law rights in the Trademarks.

261.    Brooks Brothers has used the inherently distinctive and famous Trademarks continuously in connection with its goods and services, including, but not limited to, sportswear, headwear, and sports shoes.

262.    Brooks Brothers has exerted significant effort and expense in the form of advertising, promotion, and sales to promote the Trademarks in the United States and throughout the world as distinctive of Brooks Brothers' goods and services in commerce.

263.    As a result of Brooks Brothers' use and promotion of the Trademarks, the Trademarks have developed secondary meaning as an indicator that Brooks Brothers is the source of goods and services identified by the Trademarks.

264.    The Trademarks represent valuable goodwill owned by Brooks Brothers.

265.    Brooks Sports had actual knowledge of Brooks Brothers' ownership and prior use of the Trademarks before its filing and use of the Trademarks alleged herein, and has acted knowingly, willfully, and maliciously with intent to trade upon the reputation and goodwill of Brooks Brothers by causing confusion and mistake among consumers, and by deceiving them.

266.    Brooks Sports has willfully, deliberately, and in conscious disregard of Brooks Brothers' rights used the Trademarks in interstate commerce in connection with the sale, offering for sale, distribution, and advertising of goods or services, including the Breaching Goods.

267.    Brooks Sports' use of the Trademarks beyond the parameters and license of the 1980 Agreement is likely to cause confusion, mistake, or deception as to the source of origin, sponsorship, or approval of its goods and services, in that consumers or others are likely to

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 30

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

133100.0001/7985435.2

believe Brooks Sports' Breaching Goods are Brooks Brothers' goods and services or those of a company legitimately connected with, approved by, or related to Brooks Brothers.

268.    Brooks Sports' use of the Trademarks enables Brooks Sports to represent and deceptively advertise, merchandise, market, display, and promote Brooks Sports' Breaching Goods as emanating from Brooks Brothers or from a concern legitimately connected with, approved by, or related to Brooks Brothers, and to substitute or pass off Brooks Sports' goods and services as those of Brooks Brothers.

269.    Brooks Sports' knowing and willful use has reproduced, copied, colorably imitated, and infringed the Trademarks in interstate commerce in violation of 15 U.S.C. § 1114.

270.    The willful nature of Brooks Sports' conduct described herein renders this an exceptional case within the meaning of 15 U.S.C. § 1117.

271.    By reason of the foregoing, Brooks Brothers has been injured in an amount not yet ascertained, and is entitled to the remedies provided for in 15 U.S.C. §§ 1116 *et seq*.

272.    Brooks Sports' conduct described herein has caused, and if not enjoined will continue to cause, irreparable damage to Brooks Brothers' rights in the Trademarks and to Brooks Brothers' business, reputation, and goodwill, which cannot be adequately compensated solely by monetary damages.

273.    Brooks Brothers therefore has no adequate remedy at law and seeks preliminary and permanent injunctive relief pursuant to 15 U.S.C. §§ 1116 *et seq*.

### Fourth Counterclaim
### (Federal Trademark Dilution, 15 U.S.C. § 1125(c))

274.    Brooks Brothers repeats and incorporates here all of the allegations set forth in the preceding paragraphs of these Counterclaims.

275.    The Trademarks are famous and distinctive, and became famous and distinctive, before Brooks Sports' conduct alleged herein.

276.    The Trademarks are recognized by the consuming public of the United States as a designation of source for Brooks Brothers' goods and services, and are therefore famous marks.

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 31

133100.0001/7985435.2

277.    Brooks Sports' conduct alleged herein constitutes trademark uses in commerce that are likely to dilute the distinctive quality of the Trademarks, by both blurring and tarnishment, in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

278.    Upon information and belief, Brooks Sports has engaged in such conduct willfully, deliberately, and in conscious disregard of Brooks Brothers' rights, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

279.    By reason of the foregoing, Brooks Brothers has been injured in an amount not yet ascertained, and is entitled to the remedies provided for in 15 U.S.C. §§ 1116, *et seq.*

280.    Brooks Sports' conduct described herein has caused, and if not enjoined will continue to cause, irreparable damage to Brooks Brothers' rights in the Trademarks, and to Brooks Brothers' business, reputation, and goodwill, which cannot be adequately compensated solely by monetary damages.

281.    Brooks Brothers therefore has no adequate remedy at law and seeks preliminary and permanent injunctive relief pursuant to 15 U.S.C. §§ 1116 et seq.

### Fifth Counterclaim
### (Common Law Trademark Infringement)

282.    Brooks Brothers repeats and incorporates here all of the allegations set forth in the preceding paragraphs of these Counterclaims.

283.    The general consuming public recognizes the Trademarks as designating Brooks Brothers as a source of goods and services.  Brooks Brothers has common law rights in the Trademarks.

284.    Brooks Sports has knowingly and willfully used the Trademarks in Washington in connection with the sale, offer for sale, distribution, and advertising of the Breaching Goods and related services.

285.    Brooks Sports willfully, deliberately, and in conscious disregard of Brooks Brothers' rights used the Trademarks in connection with the sale, offer for sale, distribution, and advertising of the Breaching Goods and related services.

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 32

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

133100.0001/7985435.2

286.     Brooks Sports' use of the Trademarks beyond the parameters and license of the 1980 Agreement is likely to cause confusion, mistake, or deception as to the source of origin, sponsorship, or approval of Brooks Sports' goods and services.

287.     By reason of the foregoing, Brooks Brothers has been injured in an amount not yet ascertained and is entitled to the remedies provided for it under the common law.

288.     Brooks Sports' conduct described herein has caused, and if not enjoined will continue to cause, irreparable damage to Brooks Brothers rights in the Trademarks and Brooks Brothers' business, reputation, and goodwill, which cannot be adequately compensated solely by monetary damages.   Brooks Brothers therefore has no adequate remedy at law and seeks preliminary and permanent injunctive relief.

### Sixth Counterclaim
### (Unfair Competition RCW § 19.86.020)

289.     Brooks Brothers repeats and incorporates here all of the allegations set forth in the preceding paragraphs of these Counterclaims.

290.     Brooks Sports' unfair and deceptive practices have directly and proximately injured Brooks Brothers, including causing injury to Brooks Brothers' business and property.

291.     Brooks Sports' unfair and deceptive practices have negatively affected and injured the public interest.

292.     The aforementioned acts of Brooks Sports' constitutes unfair competition in violation of Washington's Consumer Protection Act, RCW 19.86.020.

293.     Brooks Sports' conduct threatens to cause, and is causing, immediate and irreparable harm and injury to Brooks Brothers, and to its goodwill and reputation, and will and continue to both damage Brooks Brothers and confuse the public unless enjoined by this court. Brooks Brothers has no adequate remedy at law.

294.     Brooks Brothers is entitled to, among other relief, injunctive relief and an award of actual damages, Brooks Sports' profits, enhanced damages and profits, reasonable attorneys'

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 33

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

133100.0001/7985435.2

fees, and costs of the action, and an increased award of up to three times its actual damages under RCW 19.86.090, together with prejudgment and post-judgment interest.

<b>Seventh Counterclaim</b><br>
<b>(Trademark Dilution RCW § 19.77.160)</b>

295.     Brooks Brothers repeats and incorporates here all of the allegations set forth in the preceding paragraphs of these Counterclaims.

296.     Brooks Brothers owns common law rights in the Trademarks and has priority in BROOKS and BROOKS-formative marks dating back almost 200 years, and all such rights owned by Brooks are superior to any rights that Brooks Sports may claim or that is permitted under the 1980 Agreement.

297.     As a result of 200 years of use and enviable commercial success and notoriety, Brooks Brothers and its Trademarks were famous and distinctive in the State of Washington prior to any date that may lawfully be claimed by Brooks Sports for any goods or services similar to those offered by Brooks Sports under its marks.

298.     Brooks Sports' acts as alleged herein are intentional and willful in violation of RCW § 19.77.160 and have caused, and will continue to cause, irreparable damage to Brooks Brothers unless enjoined, and Brooks Brothers has no adequate remedy at law.

299.     Brooks Brothers is entitled to injunctive relief pursuant to RCW § 19.77.160.

<b><u>DEMAND FOR JURY TRIAL</u></b>

300.      Brooks Brothers requests a trial by jury on all issues so triable.

**WHEREFORE**, Brooks Brothers seeks judgment as follows:

(1) an order declaring Brooks Sports in breach of the 1980 Agreement;

(2) an order requiring Brooks Sports to withdraw the '267 and '125 Applications and to cease any and all use of the word BROOKS, without a joining symbol or word as required by the specific parameters of the 1980 Agreement, in connection with the sale of any athletic clothing, apparel, or equipment;

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 34

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

(3) an order enjoining Brooks Sports from prosecuting the '267 and '125 Applications and from using the word BROOKS, without a joining symbol or word as required by the specific parameters of the 1980 Agreement, in connection with the sale of any athletic clothing, apparel, or equipment;

(4) an order requiring Brooks Sports to withdraw any other applications or registrations consisting of the mark BROOKS, without a joining symbol or word as required by the specific parameters of the 1980 Agreement, in connection with clothing, apparel, or equipment and services related thereto;

(5) an order enjoining Brooks Sports from using the word BROOKS, without a joining symbol or word as required by the specific parameters of the 1980 Agreement, in connection with clothing, apparel, or equipment and services related thereto;

(6) an order declaring that that the Trademarks are valid and willfully infringed by Brooks Sports violation of 15 U.S.C. § 1114, et seq.;

(7) an order declaring that Brooks Sports has violated Section 32 of the Lanham Act (15 U.S.C. § 1114), Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), and Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)),

(8) an order declaring that Brooks Sports has violated RCW § 19.86.020, RCW § 19.77.160, and RCW §19.77.900

(9) an order declaring that Brooks Sports infringed Brooks Brothers' common law Trademarks and unfairly competed with Brooks Brothers at common law.

(10) an order preliminarily and permanently enjoining and restraining Brooks Sports, its subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them, from:

     a.     imitating, copying or making unauthorized use of the Trademarks;

     b.     manufacturing, importing, exporting, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product bearing any unauthorized reproductions, copies or colorable imitations of the Trademarks;

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 35

133100.0001/7985435.2

c.    using any unauthorized colorable imitation of the Trademarks in connection with the manufacture, promotion, advertisement, display, sale, offering for sale, production, import, export, circulation or distribution of any product in such manner as to relate or connect, or tend to relate or connect, such product in any way with Brooks Brothers or to any goods sold, sponsored, approved by, or connected with Brooks Brothers;

d.    using any unauthorized colorable imitation of the Trademarks in connection with the manufacture, promotion, advertisement, display, sale, offering for sale, production, import, export, circulation or distribution of any product which dilutes or is likely to dilute the distinctive quality of the Trademarks;

e.    engaging in any other activity constituting unfair competition with Brooks Brothers, or constituting an infringement of the Trademarks or of Brooks Brothers' rights in, or to its right to use or exploit such trademarks, or constituting dilution of the Trademarks and the reputation and the goodwill associated with the Trademarks;

f.    making any statement or representation whatsoever, with respect to the infringing goods in issue, that falsely designates the origin of the goods as those of Brooks Brothers, or that is false or misleading with respect to Brooks Brothers; and

g.    engaging in any other activity, including the effectuation of assignments or transfers of its interests in unauthorized colorable imitations of the Trademarks or the, the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsections 1(a) through 1(f) above; and

(11) an order requiring Brooks Sports to recall and destroy all Breaching Goods or any other goods that violate the 1980 Agreement or Brooks Brothers' Trademarks.

(12) an order and judgment awarding Brooks Brothers monetary damages, including but not limited to, actual and compensatory damages;

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 36

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

133100.0001/7985435.2

(13)  an order and judgment awarding Brooks Brothers punitive and exemplary damages as the Court finds appropriate to deter any future willful infringement and breach by Brooks Sports;

(14)  an order declaring that this is an exceptional case under Section 35(a) of the Lanham Act and awarding Brooks Brothers its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a));

(15)  an order and judgment awarding Brooks Brothers its actual damages sustained, its costs and expenses, including reasonable attorneys' fees and treble damages, under RCW 19.86.090.

(16)  an order and judgment awarding Brooks Brothers interest, including prejudgment and post-judgment interest, in the foregoing sums; and

(17) any other relief that this Court deems just and proper.

DATED:  March 4, 2020

LANE POWELL PC

By  */s/Tiffany Scott Connors*
Tiffany Scott Connors, WSBA No. 41740
connorst@lanepowell.com
Telephone: 206.223.7000
Facsimile: 206.223.7107

and

Neil B. Friedman *(Pro Hac Vice Pending)*
Robert J. Fluskey, Jr. (*Pro Hac Vice Pending*)
HODGSON RUSS LLP
Telephone: (716) 848-1688
rfluskey@hodgsonruss.com

*Attorneys for Brooks Brothers Group, Inc., a Delaware Corporation*

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 37

133100.0001/7985435.2

# EXHIBIT E



BUSINESS

# 'Big-Name Designer' Among Changes Expected for Brooks Brothers

● A creative with a strong background in sportswear will be hired before the end of the year, according to new owner, ABG's Jamie Salter.

BY JEAN E. PALMIERI



Jamie Salter

**Expect a well-known** designer and a restructuring team to make their appearance at Brooks Brothers within the next few months.

Those are just two of the changes that will be instituted quickly by its new owner, Jamie Salter, the founder and chief executive officer of Authentic Brands Group, who finalized the deal to purchase the 202-year-old retailer for $325 million on Friday through his Sparc Group partnership with Simon Property Group.

"This is a home run – a grand slam," Salter told WWD shortly after the acquisition was finalized. "It is definitely one of the best deals we've done in the last 10 years."

Salter said one of his partners at BlackRock, which last summer, through its Long Term Private Capital arm, invested $875 million into ABG, was the first one to tell him he should buy Brooks Brothers. "He travels all over the world and told me, 'This brand is for real. It has a huge heritage and I love it.' So I did the research and found that every data point says this brand is so undervalued and the opportunities are massive.

"I'm not saying this is the next Ralph Lauren, but there's incredible heritage, it has been well-maintained and has great brand integrity. Claudio [Del Vecchio, who has owned the business for the past 20 years] has done a great job, but there's so much low-hanging fruit."

Salter said that while there is a "ton of work to do, this is brand that has been built over 200 years. It has so much respect on a global basis and ticked all the boxes for us: it's global, is in a lot of categories and has an incredible retail footprint."

Salter said he has committed to keeping 125 of the company's approximately 250 stores open, and probably more. "I'm going to keep as many stores as I can, probably around 200," he said. There are 75 stores in Simon developments and another 10 in Brookfield Property

Partners' centers. In the past, he has also partnered with Brookfield on deals as well.

Salter said he has already spoken to Del Vecchio, who personally owns the building that houses the Brooks Brothers flagship on 44th Street and Madison Ave., about the fate of that site. "If he gives me a good deal on the rent, I'll keep it," Salter said.

Almost immediately, Salter will install a restructuring team that he will draw from his "bullpen of crisis managers" at ABG and Sparc. "The restructuring team will be going in right away, that's where we'll start," he said. "They'll get rid of all the fat – and I don't just mean employees. I mean Xerox machines and other contracts you don't really need. People don't understand when I say Xerox machines, but if you have 10 and nobody uses them, you don't need 10."

But Salter said the quality and the pricing of the merchandise will remain the same. "We never take anything downmarket," he said. "That's not what we do. But there will be a lot more leisurewear and activewear. We won't forget the tailored piece but there won't be a huge emphasis in that area."

Despite its reputation as a purveyor of mainly suits and sport coats, sportswear actually accounts for more than half of Brooks Brothers' sales. "That's true, but it needs to be 80 percent," he said. "And although they sell a lot of sportswear, they never put emphasis on it."

Salter is also in the final throes of hiring a "big-name" men's designer to join the company and oversee its merchandising going forward. "I've spoken to three different designers with strong sportswear backgrounds that we like and would be very powerful," he said.

Although he declined to mention names, some possible options are Todd Snyder and Michael Bastian, both of whom have the right pedigree for the job. And international players such as Nigo, the Japanese designer who created A Bathing Ape, may also be involved in some way, sources said. Brooks Brothers has a long-standing and successful business in Japan.

Salter would say only: "We'll be hiring someone soon – inside of this year for sure. It's going to be fast."

Ditto for a new ceo. Salter said he expects to tap into the executive team at Sparc and ABG for that position. "We have

50,000 employees and there are some special people inside Sparc and ABG with great skill sets."

He pointed to Marc Miller, ceo of Sparc, who joined the company after it acquired Aéropostale. "He's a phenomenal ceo and a great operator," Salter said. And he believes Brooks Brothers needs someone like Miller to take over the helm of that business.

Salter said he plans on retaining Brooks' existing joint ventures in China, Japan and Mexico, and will most likely switch to a different partner in Korea. He also expects to line up licensees in a number of categories where he sees opportunity including shoes, grooming, socks, underwear, small leather goods and home products.

"And we'll be in the wholesale business with sportswear, tailored, shirts and outerwear," he said. Brooks Brothers has wholesaled in the past, but it represents only a small percentage of its overall business, or around $50 million of its close to $1 billion in annual sales.

What won't be retained will be the company's three American factories that Del Vecchio said he would close this summer. ABG also owns Hart Schaffner Marx and Hickey Freeman which operate factories in Chicago and Rochester, N.Y., that produce their merchandise. "We're in the middle of negotiating a deal with them," he said. "Making made-to-measure clothing in the U.S. will be a key component going forward and we'll make it in those factories. And one of my friends may buy the shirt factory."

Brooks Brothers had owned a tailored clothing plant in Haverhill, Mass., a tie factory in Long Island City, N.Y., and a shirt factory in Garland, N.C.

"We do plan on still making things in the U.S.," he said.

He also complimented the team running the Brooks Brothers business in Europe and expects to retain that team, headed by Luca Gastaldi. But ABG has a large operation in France and some of the back-office functions will be merged, he said. And ABG's international sourcing capabilities are also expected to benefit the company.

"With our sourcing, we can bring prices down 10 to 15 percent without missing a beat," he said.

Overall, Salter believes the future is

bright for Brooks Brothers – it just needs to blow off a little of the dust and update its image and online capabilities. "I need young, vibrant people who understand e-commerce," he said, adding that he believes e-commerce alone can be a $1 billion business within the next 24 to 36 months. "Now, it does a couple hundred million," he said.

Earlier this week, Salter's ABG completed its acquisition of Lucky Brand Dungarees for $140 million, bringing the value of ABG's portfolio to $13 billion. He founded the company a decade ago and has since built a stable of well-known fashion brands including Barneys New York, Forever 21, Juicy Couture, Nautica, Aéropostale, Volcom, Spyder, Prince, Neil Lane and myriad other labels.

Although it started out as a brand management firm, over the past four years, Salter has begun putting more emphasis on purchasing brands and retaining the retail stores and e-commerce operations rather than acting as purely a licensing agent. It now has some 5,500 freestanding stores and shops-in-shops around the world and its retail, wholesale and e-commerce operations account for a little more than $4 billion in sales.

Brooks Brothers had filed Chapter 11 in July with $75 million in debtor-in-possession financing in place from ABG's competitor WHP Global. But ABG quickly raised the stakes by offering $80 million in DIP financing, becoming the stalking horse.

In addition to BlackRock, other investors in ABG include Leonard Green & Partners, General Atlantic, Lion Capital and the two big mall developers, Simon and Brookfield.

Salter's meteoric rise in the fashion and retail business is impressive. The 57-year-old Toronto native started his career in sports marketing and was the cofounder of Ride snowboards in the early Nineties. After that company went public, he and Fanatics' founder and executive chairman Michael Rubin created Global Sports Inc., which eventually became GSI Commerce. Once he exited that business, Salter turned his attention to licensing, cofounding Hilco Consumer Capital. He formed ABG in 2010.



The Brooks Brothers Madison Avenue flagship.

Photographs by George Chinsee

Copyright of WWD: Women's Wear Daily is the property of Penske Business Media, LLC and its content may not be copied or emailed to multiple sites or posted to a listserv without the copyright holder's express written permission. However, users may print, download, or email articles for individual use.