HONORABLE RICARDO S. MARTINEZ

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

BROOKS SPORTS, INC., a Washington
corporation,

                   Plaintiff,

10

11

v.

12

SPARC Group, LLC, a Delaware limited
liability company, AUTHENTIC BRANDS
GROUP, LLC, a Delaware limited liability
company, BB IPCO, LLC, a Delaware limited
liability company, BB OPCO LLC, a Delaware
limited liability company,

13

14

15

                   Defendants.

16

CASE NO. 2:20-cv-1491 RSM

**FIRST AMENDED COMPLAINT FOR
TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY
JUDGMENT OF NON-INFRINGEMENT**

**JURY TRIAL DEMANDED**

17

     Plaintiff BROOKS SPORTS, INC. ("Brooks") files this FIRST AMENDED

18

COMPLAINT for TRADEMARK INFRINGEMENT, UNFAIR COMPETITION,

19

TRADEMARK DILUTION, and DECLARATORY JUDGMENT OF NON-INFRINGEMENT

20

against Defendants SPARC GROUP, LLC ("SPARC"), BB IPCO LLC ("BB IPCO"), BB OPCO

21

LLC ("BB OPCO"), and AUTHENTIC BRANDS GROUP, LLC ("ABG"), alleging as follows:

22

## I.    INTRODUCTION

23

    1.    Brooks, a leading maker of performance athletic footwear and apparel, brings this

24

action to defend its rights to its signature trademark: BROOKS.  Defendants are a group of

25

26

FIRST AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 1

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1    opportunistic investors that purchased the Brooks Brothers[1] menswear business out of bankruptcy

2    and immediately announced that they would "redefine" and "reinvent" the brand to focus on

3    products such as sportswear and "athleisure" apparel.  Building on a strategy adopted by Brooks

4    Brothers immediately before the bankruptcy, Defendants have claimed rights to Brooks'

5    standalone BROOKS mark for themselves in an attempt to benefit from Brooks' brand identity

6    and goodwill.  And since this action was filed, Defendants launched a new Brooks Brothers-

7    branded "Athletic-Inspired Collection," replete with "athletic-inspired joggers" and "athletic-

8    inspired sweat shorts," that threatens to confuse and deceive consumers and dilute Brooks' hard-

9    won reputation as a premier performance brand.  Brooks asks the Court to stop Defendants from

10   unlawfully encroaching on Brooks' trademark rights.

11        2.     Despite the similarities between the names Brooks and Brooks Brothers, the

12   brands successfully co-existed for over a century by maintaining distinctly separate brand

13   identities and operating in different retail markets.  Most fundamentally, Brooks has marketed

14   itself as "Brooks" whereas Brooks Brothers has marketed itself as "Brooks Brothers."  As far as

15   Brooks is aware, Brooks Brothers has never – throughout its 200-year history – sold or marketed

16   any products bearing the standalone BROOKS trademark, while Brooks has consistently done so.

17   Furthermore, Brooks is a world-famous performance athletic apparel and footwear brand whereas

18   Brooks Brothers is primarily known for its men's suits and business and formal wear.  Brooks did

19   not make tuxedos and Brooks Brothers did not make running gear – until now.

20        3.     In recent years, Brooks has flourished and grown to become the premium

21   performance running brand in the United States, known for its high-quality performance running

22   shoes and athletic apparel.  Meanwhile, Brooks Brothers has struggled, culminating in the 2020

23   bankruptcy of the business's then-owner, Brooks Brothers Group, Inc. ("Brooks Brothers

---

[1] In this complaint, the term "Brooks Brothers" will be used to refer to the business operated under the "Brooks Brothers" name, formerly by Brooks Brothers Group, Inc. and its predecessors, and now by the Defendants.

FIRST AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 2
CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

Group").[2]  Consumers have increasingly turned away from suits and ties, the heart of Brooks Brothers' business.  Prior to the bankruptcy, Brooks Brothers began to respond to this changing environment by offering more casual and athletic-inspired clothing; it even introduced an athletic shoe in 2018 that was virtually identical to a Brooks shoe.

4.     As part of its attempt to reverse its declining fortunes, Brooks Brothers began to contend that it, rather than Brooks, had the right to use the standalone BROOKS trademark on apparel.  In December 2019, Brooks Brothers, for the first time in its history, tried to register the standalone BROOKS word mark for its own use, declaring to the United States Patent and Trademark Office ("USPTO") that it was using, or intended to imminently use, the BROOKS mark in commerce.  Brooks Brothers also opposed Brooks' registration of its BROOKS mark for use on apparel and shoes.

5.     Finding its brand under attack, Brooks filed suit against Brooks Brothers Group in this Court in February 2020, and subsequently sought preliminary injunctive relief to prevent Brooks Brothers from infringing Brooks' trademarks.[3]  Brooks Brothers Group counterclaimed, alleging that it had the superior right to the standalone BROOKS mark, based primarily on a 1980 agreement between the parties, despite the fact that Brooks Brothers had never used the standalone BROOKS mark on it products, either before or after the 1980 agreement.[4]  Just weeks after Brooks moved for injunctive relief—and before filing a response to Brooks' motion— Brooks Brothers Group filed for Chapter 11 bankruptcy and the case was stayed.

6.     Within weeks of the bankruptcy filing, the Brooks Brothers business was snapped up by SPARC, a joint venture between Defendant ABG and the mall operator Simon Property

---

[2] Madeline Stone, *Brooks Brothers was struggling even before the pandemic, as it became 'out of step' with a new generation's business fashion sense*, Business Insider (July 8, 2020), https://www.businessinsider.com/brooks-brothers-struggles-began-before-pandemic-fashion-shifted-2020-7.

[3] *Brooks Sports, Inc. v. Brooks Brothers Group, Inc.*, 2:20-cv-207-TSZ, Complaint (Dkt. #1), Motion for Preliminary Injunction (Dkt. #20).  **EXHIBIT A** (Complaint).

[4] *Id.*, Answer (Dkt. # 14).  **EXHIBIT B** (Answer).

FIRST AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 3
CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

Group, Inc. ("Simon Property").[5]  ABG is a licensing entity that buys intellectual property rights from companies in financial distress and licenses those rights to third-parties.  ABG owns a "sprawling mix" of once-venerable brands including Sports Illustrated, Juicy Couture, and Barney's department store, as well as the publicity rights of celebrities such as Marilyn Monroe and Elvis Presley.  ABG makes money by licensing its stable of trademarks for use "on new products," for example Sports Illustrated-brand CBD cream and protein powder.[6]  ABG and Simon Property previously partnered to purchase other ailing mall tenants out of bankruptcy— including both Forever 21 and Lucky Brands in 2020—and came together in this instance through their joint venture SPARC to purchase the Brooks Brothers business at a steep discount.

7.     Defendants' acquisition of Brooks Brothers intensified the threat to Brooks' trademark rights.  Defendants have maintained Brooks Brothers' claim to the BROOKS mark— before the trademark office, during bankruptcy proceedings, and in reference to the earlier litigation—and they continue to oppose Brooks' registration of its BROOKS mark.

8.     Meanwhile, consistent with their past business practices, Defendants announced their intention to "monetize" their newly acquired intellectual property rights by expanding their use to new markets.[7]  Despite having owned the Brooks Brothers business for just a few months, Defendants have already forged new collaborations and made plans for licensing deals for the Brooks Brothers brand.[8]

---

[5] SPARC is an acronym for Simon Properties Authentic Retail Concepts.  Simon Property Group holds 50 percent interest in SPARC.

[6] Sapna Maheshwari and Vanessa Friedman, *The Two Men Buying Your Favorite Retailers*, the New York Times (Sept. 8, 2020), https://www.nytimes.com/2020/09/08/business/retail-bankruptcy-authentic-brands.html.

[7] Sanford Stein, *Sparc Group, The Simon Property Group/ABG Creation, May Well Reimagine the Future 'Brandscape,'* Forbes (Aug. 20, 2020) (complete article on file with undersigned counsel), https://www.forbes.com/sites/sanfordstein/2020/08/20/sparc-group-the-simon-property-groupabg-creation-may-well-reimagine-the-future-brandscape/?sh=18b3560c6057; *Who Should Design Brooks Brothers,* GQ (Aug. 18, 2020), https://money.yahoo.com/design-brooks-brothers-163324660.html; Jean Palmieri, *The Brooks Brothers Playbook Includes More Sportswear, E-comm and Fun,* Women's Wear Daily (Dec. 1, 2020), https://finance.yahoo.com/news/exclusive-brooks-brothers-playbook-includes-050129922.html.

[8] Jean Palmieri, *The Brooks Brothers Playbook Includes More Sportswear, E-comm and Fun,* Women's Wear Daily (Dec. 1, 2020), https://finance.yahoo.com/news/exclusive-brooks-brothers-playbook-includes-050129922.html.

FIRST AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 4

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

9.      Defendants' expansion plans involve moving the Brooks Brothers brand closer to the marketspace occupied by Brooks.  Defendants have repeatedly told the press that they intend to extend the Brooks Brothers business into activewear and athleisure.[9]  They hired a new creative director as well as a new designer who describes the Fall 2021 collection as "beefing up sportwear" to take advantage of the activewear "trend."[10]  And just days before this filing, Defendants took a dramatic step in furtherance of this strategy, launching a Brooks Brothers-brand "Athletic-Inspired Collection" that includes "athletic-inspired joggers"  "designed to move from workouts to lounging," "athletic-inspired sweat shorts," and an "athletic-inspired hooded sweatshirt" that is advertised as perfect for throwing "over a tee for a jog."  The collection dominates the Brooks Brothers website homepage and is featured prominently on various Brooks Brothers social media platforms.  These faux athletic clothes sold under the "Brooks Brothers" brand threaten to confuse and demoralize consumers accustomed to associating the "Brooks" name with high-quality performance athletic apparel.

10.      In the face of Defendants' threats to its brand, Brooks brings this action for a declaratory judgment that Brooks, not Brooks Brothers, owns the BROOKS mark and has the right to use that mark in connection with footwear and apparel without unlawful interference from Defendants.  Brooks further asserts claims for infringement of Brooks' famous federally-registered BROOKS and BROOKS-formative trademarks under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); and substantial and related claims of unfair competition, trademark infringement, and trademark dilution under the statutory and common laws of Washington state.

---

[9] *Who Should Design Brooks Brothers,* GQ (Aug. 18, 2020), https://money.yahoo.com/design-brooks-brothers-163324660.html; Jean Palmieri, *The Brooks Brothers Playbook Includes More Sportswear, E-comm and Fun,* Women's Wear Daily (Dec. 1, 2020), https://finance.yahoo.com/news/exclusive-brooks-brothers-playbook-includes-050129922.html.

[10] Jean Palmieri, *The Brooks Brothers Playbook Includes More Sportswear, E-comm and Fun,* Women's Wear Daily (Dec. 1, 2020), https://finance.yahoo.com/news/exclusive-brooks-brothers-playbook-includes-050129922.html.

FIRST AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 5

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

## II.   THE PARTIES

11.     Brooks is a Washington corporation with its principal place of business and flagship retail store located at 3400 Stone Way North, Suite 500, Seattle, Washington 98103 ("Brooks Flagship Store").  Brooks markets and sells performance athletic footwear and apparel under the BROOKS trademark.

12.     SPARC is a Delaware limited liability company.  SPARC, a joint venture between ABG and Simon Property Group, Inc., purchased the Brooks Brothers business out of bankruptcy in August 2020.  SPARC, on its own behalf and through its subsidiaries, is responsible for the Brooks Brothers operations, including retail, wholesale, and e-commerce.

13.     ABG is a Delaware limited liability company.  ABG controls the Brooks Brothers trademarks, acquired by SPARC out of bankruptcy and assigned to BB IPCO.  ABG is also responsible for all licensing partnerships, brand development, and marketing of the acquired Brooks Brothers brand.

14.     BB IPCO is a Delaware limited liability company.  BB IPCO is the assignee of some or all of the intellectual property of Brooks Brothers, including its registered trademarks.

15.     BB OPCO is a Delaware limited liability company.  BB OPCO is operating some or all of the Brooks Brothers business, including the Brooks Brothers website.

16.     ABG and BB IPCO share a physical address at 1411 Broadway, 21st floor, New York, New York, 10018.

17.     SPARC and BB OPCO share a physical address at 125 Chubb Ave, Fl. 5, Lyndhurst, New Jersey 07071.

## III.   JURISDICTION AND VENUE

### A.   SUBJECT MATTER JURISDICTION

18.     This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because this action arises under the federal Lanham Act.  This Court has supplemental jurisdiction over the causes of action under Washington state law because

FIRST AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 6

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

those causes of action are substantially related to the causes of action over which this Court has original jurisdiction and are part of the same case and controversy, pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

19.    This Court also has subject matter jurisdiction over this action under 28 U.S.C. § 1332, because the matter in controversy exceeds the value of $75,000, exclusive of interest and costs, and is between citizens of different states.  Brooks is a Washington state corporation with its principal place of business in Washington state.  SPARC and BB OPCO are both Delaware limited liability companies with their principal place of business in New Jersey.  ABG and BB IPCO are both Delaware limited liability companies with their principal places of business in New York.

20.    The Court has subject matter jurisdiction over Brooks' claim for declaratory judgment of non-infringement pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202 and for the reasons set forth in the Seventh Claim for Relief, incorporated herein by reference.

### B.    PERSONAL JURISDICTION

21.    Defendants market, advertise, offer, and/or intend to offer infringing goods and services to Washington residents and persons in Washington, including through the Brooks Brothers website and at least one Brooks Brothers retail store located in Washington state.

22.    Defendants employ dozens of employees in Washington state in connection with the Brooks Brothers business.  Among other things, the employees solicit and consummate or intend to solicit and consummate sales of infringing goods in the Brooks Brothers brand retail store located in Washington state.  Each of the Defendants actively participates in the Washington activities of the Brooks Brothers business.

23.    ABG, SPARC, and BB OPCO have an immediate intent and capacity to market and/or presently do market, advertise, and solicit sales of infringing goods in Washington state

FIRST AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 7

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

through the Brooks Brothers-brand retail store and in other third-party retail stores located in Washington state.

24.     ABG, SPARC, and BB OPCO operate an interactive website and knowingly send or intend to imminently send direct solicitations via e-mail to Washington state residents and others in Washington to solicit the sale of its infringing goods and services.

25.     According to public statements, BB IPCO licenses the acquired trademark rights to SPARC, which has an immediate intent and capacity to and/or presently does market, advertise, and solicit sales of infringing goods in Washington state through the Brooks Brothers-brand retail store and in other third-party retail stores located in Washington state.

26.     Defendants are seeking, and purport to be entitled to, the exclusive right to use the BROOKS mark for retail and online retail services featuring the sale of footwear and apparel, in Washington state as well as in the rest of the United States.

27.     Defendants know that Brooks is headquartered with hundreds of employees in Washington state; operates two brick-and-mortar Brooks stores in Washington state; has retail marketing, advertising and sales at Expo events and "pop-up" stores in Washington state; and that harm to Brooks will be felt in Washington state.

28.     By filing its motion to dismiss without challenging personal jurisdiction, SPARC consented to personal jurisdiction in the instant action.  Brooks Brothers Group did the same in the earlier litigation, by filing its Answer without challenging personal jurisdiction.

29.     This Court has specific personal jurisdiction over Defendants because they have committed, and/or have the immediate intention and capacity to commit, willful acts of trademark infringement, unfair competition, and trademark dilution in Washington state, and have purposely availed themselves of Washington law by owning and/or operating retail stores in Washington state, marketing and selling products in other retail stores in Washington state, and intentionally soliciting and consummating sales with Washington state residents and other persons in Washington through the Brooks Brothers' highly interactive website.

FIRST AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 8

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

## C.     VENUE

30.     Venue is proper under 28 U.S.C. § 1391(b)(2).

31.     Brooks offers its goods for direct sales to consumers under the trademark BROOKS through its website, which is operated, developed, tested and maintained by Brooks employees in Washington state; the Brooks Flagship Store; its retail outlet store located at 24110 Bothell-Everett Hwy, Bothell, WA 98021 ("Brooks Outlet Store"); Brooks-branded stores at Expos in this judicial district; and in retail "pop-up" stores located in this judicial district. Brooks has completed several hundred thousand sales in this judicial district through these channels.

32.     Defendants are transacting business within this judicial district and intend to commit the acts complained of in this judicial district. Defendants own and/or operate retail stores and market and sell goods and services in other third-party retail stores within this judicial district and do business using the highly interactive Brooks Brothers brand website in this judicial district with persons in Washington and with Washington residents. Defendants purport to have exclusive rights in trademarks used by Brooks in this judicial district. Defendants have committed and intend to commit the acts described in this First Amended Complaint in this judicial district. Accordingly, Defendants' acts have been aimed at and felt within this judicial district.

33.     By filing its motion to dismiss without challenging venue, SPARC consented to venue in this action. Brooks Brothers Group consented to this venue in the earlier litigation as well.

## IV.     FACTS

## A.  Brooks' Famous Marks

34.     Brooks was founded in 1914. Since then, it has grown from a small, family-owned shoe factory to become a premium global brand for performance athletic footwear, apparel, and accessories.

FIRST AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK DILUTION, AND DECLARATORY JUDGMENT OF NON-INFRINGEMENT - 9
CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

35.     Brooks has always been known to the world as Brooks.  For the past century, Brooks has made widespread, continuous, and exclusive use of the BROOKS mark to identify its goods and services.  Brooks owns valid and subsisting federal statutory and common law rights in the BROOKS mark as well as BROOKS-formative marks in connection with footwear, apparel, and accessories, and retail store and online store services for the same, including many registered trademarks (collectively, the "Brooks Marks").

36.     For example, Brooks is the owner of federal registrations for BROOKS and BROOKS-formative marks for athletic footwear, apparel, and accessories (the "Registered Brooks Marks").  The Registered Brooks Marks include the BROOKS mark on its own as well as BROOKS alongside its chevron symbol.  Four of these marks are incontestable.[11]  A sample of the Registered Brooks Marks is attached to this First Amended Complaint as **EXHIBIT C** and is incorporated herein by reference.

37.     Among others, Brooks' registered marks include:

| Trademark | Category | Date |
|---|---|---|
| BROOKS | Athletic shoes. | Registered in the United States since July 1981. |
| BROOKS and Heritage Design<br>**BROOKS** | Athletic clothing, namely, shirts, pants, jackets, hats, caps, shirts, tights, and hosiery and athletic footwear. | Registered in the United States since April 1992. |

---

[11] A trademark achieves incontestable status five years after the mark has achieved registration on the Principal Register of the Patent and Trademark Office. 15 U.S.C. §§ 1064–65.  Once a trademark becomes incontestable, the grounds under which the trademark owner's rights in the mark may be challenged are limited by statute.  *Id.*

FIRST AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 10

CASE NO. 2:20-CV-1491 RSM

| | | |
|---|---|---|
| BROOKS and Path Design<br> | Footwear, shoes; athletic clothing, namely, gloves, mittens, hats, headbands, jackets, jogging suits, pants, shirts, shorts, socks, t-shirts, tank tops, tights, track suits, visors, warm up suits, waterproof jackets and pants, wind resistant jackets. | Registered in the United States since November 2014. |
| BROOKS Below Chevron Oval Design<br> | Clothing, namely, shoes, socks, footwear. | Registered in the United States since December 2001. |

38.     Brooks also has international registered BROOKS and BROOKS-formative trademarks for footwear, apparel, and accessories (the "International Registered Brooks Marks"), which it uses in connection with its worldwide sales.  Among others, Brooks has registrations for the standalone BROOKS mark for use on apparel in Australia, Austria, Bahrain, Brazil, China, France, Japan, Mexico, Morocco, New Zealand, Russia, Saudi Arabia, South Africa, Switzerland, Taiwan, Tangiers, Thailand, Ukraine, the United Kingdom, Uruguay, and Venezuela.  A sample of the International Registered Brooks Marks is attached to this First Amended Complaint as **EXHIBIT D** and is incorporated herein by reference.

39.     Brooks makes prolific use of the Brooks Marks.  Brooks uses the Brooks Marks throughout the United States and worldwide to offer its goods and services online, in stores, in over 5,000 third-party retail stores (including fifty in Washington state) as well as in connection with outreach and sporting events in the community.  Some representative examples of Brooks' use in commerce of the Brooks Marks include:

FIRST AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 11

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

a.   The Brooks Marks on shoes:





FIRST AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 12

CASE NO. 2:20-CV-1491 RSM

1

b.    The Brooks Marks on apparel:

2

3

4

5

6




7

8

9

10

11

12

13

14

15

16

17




18

19

20

21

22

23

24

25

26

FIRST AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 13

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

c.      The Brooks Marks on accessories:



d.      The Brooks Marks on packaging for goods and to offer services:





FIRST AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 14

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001



40.    Brooks offers its goods for direct sale to consumers under the Brooks Marks through its website located at www.brooksrunning.com, as well as at Brooks-branded retail stores, at Brooks-branded stores at Expos for athletic and fitness events in cities across the United States, and in numerous retail "pop-up" stores located throughout the United States.  Brooks uses the Brooks Marks in those venues as well, including:

a.    The Brooks Marks on the Brooks Flagship Store:



FIRST AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 15

CASE NO. 2:20-CV-1491 RSM

b.      The Brooks Marks on its website:



41.     Brooks also uses its Brooks Marks to represent itself in the community.  Brooks operates and supports community engagement events such as the November Project (a nonprofit dedicated to building communities through free workouts); the Brooks Trailhead Running Club (which has over 600 members and has regular group runs starting and ending at its flagship retail store called the "Brooks Trailhead"); the Seattle Running Club (which has several hundred active members); the annual Brooks PR Invitational (an annual invitation-only track and field contest for the top high school athletes in the country that is held at the University of Washington's Husky Stadium); and the Seattle Rock and Roll Marathon (featuring races of various distances including a marathon that starts and finishes at Seattle Center, taking runners through downtown Seattle, Fremont, over the Ballard Bridge, and past Kerry Park).  Brooks was a supporter of the 2018 USA Special Olympics and sponsored two athletes at the games.  Brooks sponsors the Brooks Beasts, a Seattle-based professional running team.  It also operates and/or supports approximately 25 races and other major events in the United States each year.  Representative photographs of these events are shown below:

FIRST AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 16

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1





42.     Brooks offers a complete line of state-of-the-art running shoes, apparel, and accessories under the Brooks Marks and consumers recognize and trust the Brooks Marks as indicators of quality and excellence.  The Brooks Marks have acquired incalculable distinction, reputation, and goodwill belonging exclusively to Brooks.

43.     Brooks has invested time, money, and other resources to grow the Brooks brand. In the last ten years alone, Brooks spent over $48 million on research to pioneer developments in

FIRST AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 17

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

design and materials and to ensure its products are top of the line. Brooks has spent more than $424 million dollars since 2011 on marketing its products. These efforts were not in vain; industry commentators have repeatedly recognized and praised Brooks for its athletic footwear and apparel and Brooks Marks-bearing products have been named Editor's Choice "best running shoe," "best running shorts," "best sports bra," "best workout hoodie," and more from *Outside*, *Men's Health*, *Women's Health*, *Fit Bottomed Girls*, *Trail Runner*, *Runner's World*, *Trail Sisters*, *Esquire*, and *Self* magazines.

44.     Brooks' products have been an enormous commercial success with runners and non-runners alike. Brooks has been the top-selling running shoe brand in specialty running stores since 2011. Brooks' reputation for performance high-quality and innovative running shoes extends to footwear and apparel for consumers interested in active lifestyles and fitness. In fact, over half of Brooks' sales are to consumers who do not consider themselves to be runners.

45.     Brooks sold more than 14 million units of its goods in 2020 worth over $1.5 billion dollars in consumer purchases at retail, all bearing a Brooks trademark. More than $25 million of that total was derived from sales in Washington state. Brooks has completed several hundred thousand sales to Washington state residents through its website, the Brooks Flagship Store, the Brooks Outlet Store, Brooks-branded stores at Expos for athletic and fitness events, and in "pop-up" retail stores.

46.     The Brooks Marks are distinctive to both the consuming public at large and to consumers in Brooks' market. This is particularly true online. Over the past decade, internet sales have generated a significant and growing share of Brooks' revenues. In 2020, approximately 55% of Brooks' retail sales came from online channels. Since March 2020, as the response to the COVID-19 pandemic closed most retail stores, Brooks' online sales surged. Online sales in the United States from March through December 2020 were approximately 81% higher than the same period in 2019. Every product that Brooks advertises or sells on the internet is branded with a

FIRST AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 18

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

Brooks trademark, and consumers looking for Brooks products can find them by typing "Brooks" into a search engine.

47.    Brooks dominates internet search results for the query "Brooks."  For example, running a Google search for Brooks in incognito mode (so that the browser does not tailor search results based on stored data) pulls up the following result:



**B.  The Brooks Brothers Marks**

48.    The Brooks Brothers business has been in operation since the 1800s.  Whereas Brooks is known as Brooks and recognized for its athletic footwear, apparel, and accessories, Brooks Brothers is known to consumers as Brooks Brothers and associated with its traditional ready-to-wear fashion apparel and tailored business and formal wear.  Brooks Brothers primary

FIRST AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 19

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

market—making up 80% of its sales—has been classic men's wear.[12]  Specifically, consumers know Brooks Brothers for its suits, ties, collared shirts, and leather oxford shoes.

49.    Until 2019, when it represented to the USPTO that it intended to use the stand-alone BROOKS mark on apparel, Brooks Brothers had, to the best of Brooks' knowledge, never used the standalone word BROOKS as a trademark in connection with the sale or offer for sale of its goods or services.  Until recently, Brooks Brothers also did not sell or offer for sale athletic or athletic-related goods or services (with the exception of its golf polo shirts) under any trademark.

50.    Brooks Brothers had its own family of marks that it used on its products (the "Brooks Brothers Marks").  The Brooks Brothers Marks include registered marks for BROOKS BROTHERS and other marks that include "Brooks Brothers," such as BROOKSBROTHERS.COM, BROOKS BROTHERS FACTORY STORE, BROOKS BROTHERS WOMEN, BROOKS BROTHERS COUNTRY CLUB, and the scripted BROOKS BROTHERS logo.

51.    The Brooks Brothers Marks also include certain registered trademarks that replace the word "brothers" with another word, for example BROOKSTWEED and BROOKSCOOL (the "Combination Marks").  In connection with apparel, Brooks Brothers has typically used these BROOKS BROTHERS Combination Marks as secondary marks along with the Brooks Brothers name to denote specific fabrics or subcategories of Brooks Brothers-brand products.  For instance:

---

[12] Teri Agins, *With a Glance Backwards, Brooks Brothers Looks to the Future*, the New York Times (Apr. 21, 2018), https://www.nytimes.com/2018/04/21/business/brooks-brothers-looks-to-the-future.html.

FIRST AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 20

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001



52.   Throughout its history, ***Brooks Brothers has never held a single trademark registration for the standalone BROOKS mark on any class of goods or services.***

### C.   Past Disputes Between Brooks and Brooks Brothers

53.   After Brooks entered the running shoe market in earnest in the 1970s, it applied to register the BROOKS trademark for use with athletic shoes.  Brooks Brothers opposed the application on the grounds that "BROOKS" was confusingly similar to "Brooks Brothers."  The parties resolved this dispute by agreement and Brooks Brothers dismissed its opposition to Brooks' registration of the BROOKS mark.  **EXHIBIT E** (the "1980 Agreement").  In addition to resolving the registration dispute, the 1980 Agreement created a framework aimed at avoiding certain conflicts.  Brooks Brothers agreed not to object to certain trademark uses and registrations by Brooks, and Brooks agreed not to object to certain trademark uses and registrations by Brooks Brothers.

54.   For a number of years, the 1980 Agreement served its purpose of minimizing conflicts between Brooks and Brooks Brothers throughout the world.  Brooks sold its athletic footwear, apparel, and accessories under its Brooks Marks and Brooks Brothers sold its ready-to-wear and formal fashions under its Brooks Brothers Marks.  Notably, during the years from 1980 to 2018, Brooks filed numerous trademark registrations for the standalone BROOKS trademark on athletic footwear and apparel in countries throughout the world.  During these years, Brooks

FIRST AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 21
CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

Brothers never sought to use or register the standalone BROOKS mark on any class of goods or services.

55.     Meanwhile, as consumers increasingly turned to active-lifestyle and athletic-inspired footwear and apparel for everyday wear—and even for business wear—the market for traditional suits, ties, and ready-to-wear and tailored clothing dwindled.  In the last decade, sales of athletic-inspired footwear and apparel grew by double digits.[13]  Along with many other retailers in its industry, Brooks Brothers struggled as its key market shrank.[14]

56.     Brooks Brothers' challenges were compounded by the rise of e-commerce and the diminishing importance of brick-and-mortar stores.  In the early 2000s, Brooks Brothers unwisely doubled down on the brick-and-mortar strategy, vastly expanding its physical locations in the United States and worldwide.  By 2018, Brooks Brothers had 300 stores nationally (up from 160 in 2001) and 600 stores globally (up from around 235).[15]  In contrast, Brooks was growing its internet sales and by 2020, 55% of Brooks' retail sales in the United States came from online. Brooks was on the right side of industry trends.  Industry-wide, online apparel sales increased from almost nothing in 2000 to nearly 40% in 2019 – before the global pandemic further boosted ecommerce.[16]

---

[13] George Arnett, *The future of athleisure lies in the workplace*, Vogue Business (May 21, 2019), https://www.voguebusiness.com/consumers/the-future-of-athleisure.

[14] Madeline Stone, *Brooks Brothers was struggling even before the pandemic, as it became 'out of step' with a new generation's business fashion sense*, Business Insider (July 8, 2020), https://www.businessinsider.com/brooks-brothers-struggles-began-before-pandemic-fashion-shifted-2020-7.

[15] Erin White, *Retail Brand Buys Brooks Brothers from Marks & Spencer for $225 Million*, Wall Street Journal (Nov. 23, 2001) (complete article on file with undersigned counsel), https://www.wsj.com/articles/SB1006468068116373960; Andria Cheng, *How 200-Year Old Brooks Brothers is Embracing AI and Millennials – And Why it May Cozy up to Amazon*, Forbes (Nov. 30, 2018) (complete article on file with undersigned counsel), https://www.forbes.com/sites/andriacheng/2018/11/30/how-200-year-old-brooks-brothers-is-embracing-ai-millennials-and-why-it-may-snuggle-up-to-amazon/?sh=2fb9fe3b321c.

[16] Digital Commerce 360, 2020 Online Apparel Report, https://www.digitalcommerce360.com/product/online-apparel-report/.

FIRST AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 22

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1

2

3

57.     In a belated attempt to adapt to the changing tide, Brooks Brothers increased its offering of athletic or athletic-inspired apparel and shoes, including online.  For example, Brooks Brothers began selling vests and half-zip sweaters with an athletic feel:

4

5

6

7

8

9

10

11

12

13

14

**Brooks Brothers' Vest**                **Brooks Brothers' Colorblock Half Zip**




15

16

58.     In or around 2018, Brooks Brothers began offering its so-called "Athletic" shoes on its website:

17

18

19

20

21

22

23

24

25

26



FIRST AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 23

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

59.     The Brooks Brothers' Sporty Sneaker was nearly identical to a Brooks shoe.  It copied the distinctive elements of Brooks' Heritage Collection shoe, including: the running-inspired design; the rubber outsole below a foam midsole extending up to the front of the toe box; the sole curving up towards the toe; the prominently raised heel tab; a leather heel tab on fabric upper; a heel cup wrapped in additional fabric; a lace guard with a rounded bottom; the lace guard, heel cup, and toe cap in a different shade but the same color as the upper.

| Brooks Brothers' "Sporty Sneaker" | Brooks' Heritage Collection Shoe |
| --- | --- |
|  |  |

60.     Around the same time that Brooks Brothers was attempting to pivot its brand closer to the markets in which Brooks operated, Brooks Brothers began to pursue the BROOKS mark for its own use.

61.     In 2018, Brooks Brothers opposed Brooks' registration of the BROOKS mark for athletic footwear and clothing in the United States.  **EXHIBIT F** ("2018 Opposition").   Brooks already own an incontestable registration for the standalone BROOKS mark in the United States for use on athletic shoes; it had multiple registrations for the use of BROOKS with a symbol; and it had long used BROOKS (both alone and with a symbol) in the United States for its footwear, apparel, and accessories.  Brooks had also registered the standalone BROOKS word mark for use on athletic apparel and other items in dozens of countries.  Despite this history, Brooks Brothers

FIRST AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 24
CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

contended that Brooks' continued use of the BROOKS mark would interfere with Brooks Brothers' trademark rights.

62.     In late 2019, Brooks Brothers, for the first time in its 200-year history, filed its own federal trademark application seeking the exclusive right to use the standalone BROOKS trademark.  **EXHIBIT G** ("First ITU Application").  Brooks Brothers applied to use the BROOKS mark in connection with a wide variety of goods as well as retail store and online retail store services featuring clothing for men, women, and sporting goods, among others.  Brooks Brothers applied for the registration on the basis that it had a bona fide intent to use the BROOKS mark in commerce under Section 1(b) of the Lanham Act, 15 U.S.C. § 1051(b).  Specifically, Brooks Brothers declared it "believe[d] that [it] is entitled to use the mark in commerce" and that it "has a bona fide intention to use the mark in commerce on or in connection with the goods/services" in the ITU Application.  In early 2020, it filed a second application to use the standalone BROOKS trademark, this time on Christmas tree ornaments, again declaring its intention to use the BROOKS mark in commerce.  **EXHIBIT H** ("Second ITU Application").

### D.     Brooks v. Brooks Brothers

63.     In the face of Brooks Brothers' encroachment into the market for athletic and athletic-inspired footwear and apparel and its brazen attempts to claim the BROOKS mark for itself, Brooks was left with no choice but to seek legal recourse.  On February 10, 2020, Brooks filed suit against Brooks Brothers in this District seeking injunctive relief on the basis that, among other things, Brooks Brothers had infringed Brooks' federal and common law trademark rights ("*Brooks v. Brooks Brothers*").[17]

64.     In its answer to the complaint in *Brooks v. Brooks Brothers*, Brooks Brothers alleged that it owned common law rights to BROOKS and asserted that it was ***Brooks*** that was infringing the Brooks Brothers' trademark rights by marketing its products under the BROOKS

---

[17] *Brooks Sports, Inc. v. Brooks Brothers Group, Inc.*, 2:20-cv-207-TSZ, Complaint (Dkt. #1).  **EXHIBIT A**.

FIRST AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 25
CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

name.  Brooks Brothers thus counterclaimed for trademark infringement, trademark dilution, unfair competition, and breach of contract.[18]  In its counterclaims, Brooks Brothers relied heavily on the 1980 Agreement, contending that – despite the fact that Brooks Brothers had never before used or sought to register the standalone BROOKS mark on any products either before or after 1980 – the agreement somehow gave Brooks Brothers rights in the standalone BROOKS trademark.

65.  Brooks Brothers' claim to the BROOKS mark is untenable.  Brooks Brothers does not have a registered BROOKS mark.  To the best of Brooks' knowledge, Brooks Brothers has never sold or offered for sale an item with the BROOKS mark or otherwise used BROOKS in commerce as required to possess trademark rights of any kind.  Moreover, Brooks Brothers' position disregards Brooks' federally-registered and common law rights to BROOKS.  And to the extent Brooks Brothers contends that the 1980 Agreement affords it rights beyond those it has developed through the goodwill of its business, it fundamentally misinterprets the 1980 Agreement.  The 1980 Agreement existed to minimize conflict between the parties as they pursued their respective businesses by avoiding disputes over trademark uses and registrations.  The 1980 Agreement did not limit or expand the trademark rights of either party.

66.  Brooks Brothers' recent claims to the standalone BROOKS mark are also contrary to Brooks Brothers' own prior representations to the USPTO during the lifetime of the 1980 Agreement.  For example, when Brooks Brothers tried to register a BROOKSBOYS mark in 2001, the USPTO refused the application based on a likelihood of confusion with eight of Brooks' registrations for BROOKS and BROOKS-formative marks.  **EXHIBIT I** (BROOKSBOYS refusal and response).  The examiner determined that there was a high degree of similarity between the marks because of the presence of BROOKS in BROOKSBOYS.  To overcome the refusal, Brooks Brothers argued that "***it might be a different story if Applicant***

---

[18] *Brooks Sports, Inc. v. Brooks Brothers Group, Inc.*, 2:20-cv-207-TSZ, Answer (Dkt. #14). **EXHIBIT B**.

FIRST AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 26
CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

*[Brooks Brothers] were seeking to register BROOKS alone*," but assured the USPTO that it was not seeking rights to the standalone BROOKS.  *Id.* at 12.

67.     Brooks Brothers faced the same issue when it tried to register BROOKS SHIRTS for a wide variety of clothing; the USPTO refused the application because the mark was "substantially similar" to Brooks' registered BROOKS and design trademark and the goods were "closely related" such that there existed a likelihood of confusion.  **EXHIBIT J** (BROOKS SHIRTS refusal and response).  Again, Brooks Brothers countered that "[i]t might be a different story if Applicant were seeking to register BROOKS alone . . . [h]owever, *it is not*."  *Id.* at 11.

68.     In *Brooks v. Brooks Brothers*, Brooks Brothers began to tell the "different story" that it had previously disavowed.  It adopted a new interpretation of the 1980 Agreement, which it sought to weaponize in support of a desperate strategy to save its struggling business.  In its Answer, Brooks Brothers asserted that if Brooks and Brooks Brothers market similar apparel under their respective names—with Brooks using its BROOKS mark and Brooks Brothers using its BROOKS BROTHERS or Combination Marks—there would be consumer confusion.[19]  Brooks Brothers also asserted that if both parties used the standalone BROOKS marks in connection with their respective goods, consumers would be confused.[20]  But Brooks Brothers maintained that this alleged consumer confusion—precipitated by Brooks Brothers' efforts to pivot into new markets and its newly-concocted position that it owns the standalone BROOKS mark—should be avoided by allowing *Brooks Brothers*, rather than Brooks, to use the standalone BROOKS mark on clothing.  Brooks Brothers contended that the 1980 Agreement required this inequitable and commercially unreasonable result.

69.     Brooks Brothers' aggressive reinterpretation of the 1980 Agreement in pursuit of a new business strategy thwarted the agreement's purpose of avoiding conflicts between the parties.  For this reason, among others, Brooks terminated the 1980 Agreement on June 13, 2020.

---

[19] *Brooks Sports, Inc. v. Brooks Brothers Group, Inc.*, 2:20-cv-207-TSZ, Answer, at ¶ 220 (Dkt. #14).

[20] *Id.* at ¶ 252.

FIRST AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 27
CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

70.     To head off Brooks Brothers' desperate efforts to steal its intellectual property, Brooks filed for preliminary injunctive relief on June 22, 2020 in *Brooks v. Brooks Brothers* to prevent Brooks Brothers from using the BROOKS mark pending resolution of the dispute.  That motion was never decided, however, because while it was pending, the already-reeling Brooks Brothers business collapsed in the face of the global Covid-19 pandemic.

## E.     The Brooks Brothers Bankruptcy and Defendants' Acquisition

71.     On or about July 8, 2020, Brooks Brothers Group filed for bankruptcy.  Less than two months later, Defendants bought Brooks Brothers' assets out of the bankruptcy for $325 million.  According to industry observers, this was a "bargain basement price for the two-hundred-year-old label . . . , which in 2019 generated a revenue of $991 million."[21]

72.     In public statements and filings, Defendants have stated that they acquired and manage the Brooks Brothers assets as follows:

a.  SPARC—the joint venture between Simon Property and ABG—purchased Brooks Brothers' assets out of bankruptcy and had Brooks Brothers assign all trademark rights to BB IPCO, a holding company wholly owned and controlled by ABG.

b.  ABG controls the Brooks Brothers trademark rights through BB IPCO.  ABG holds itself out as having "purchased" the trademark rights assigned to BB IPCO LLC and claims to control those rights.[22]  It has declared that it will oversee all licensing partnerships, new business, and brand development.

c.  SPARC is "the dedicated operating company for ABG owned brands . . . [and] assume[d] the role of core licensee for Brooks Brothers."  *Id.*  SPARC assigned at

---

[21] *New executive team drives relaunch of Brooks Brothers*, Fashion Network, https://ww.fashionnetwork.com/news/New-executive-team-drives-relaunch-of-brooks-brothers,1267596.html.

[22] *Authentic Brands Group and SPARC Group Finalize the Acquisition of Brooks Brothers*, ABG press release (Sept. 1, 2020), https://abgnewsroom.com/home/authentic-brands-group-and-sparc-group-finalize-the-acquisition-of-brooks-brothers.

FIRST AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 28
CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

least some of the Brooks Brothers assets to BB OPCO, which functions as an operating company.

    d.   ABG and SPARC—through BB IPCO and BB OPCO—jointly control the marketing and advertising of the Brooks Brothers goods and services, which includes use of all Brooks Brothers trademarks and therefore materially contribute to the use of those trademarks.

    e.   ABG and SPARC—through BB OPCO—jointly manage the sale and offer for sale of Brooks Brothers' goods and services in commerce.

    f.   Defendants operate as partners and have the authority to bind one another in transactions with third parties.  Defendants exercise joint ownership and control over the Brooks Brothers' products and trademarks.  Defendants have actual knowledge of all uses and intended uses of any trademarks on Brooks Brothers' goods and services.

### F.   Defendants' Infringement of the Brooks Marks

73.    Before Brooks Brothers filed for bankruptcy, it declared its intent to use the BROOKS mark in its ITU Application.  Brooks Brothers also claimed actual use of the BROOKS mark by alleging common law rights in the mark.[23]

74.    Prior to its bankruptcy, Brooks Brothers had also begun blurring the longstanding market segmentation between Brooks and Brooks Brothers.  Brooks Brothers began to characterize itself as an "innovator and seller of sportswear."[24]  It declared its intent to move into Brooks' market for athletic and athletic-inspired footwear and apparel and then began selling a "Sporty Sneaker" bearing an uncanny resemblance to a Brooks running shoe.

---

[23] *Brooks Sports, Inc. v. Brooks Brothers Group, Inc.*, 2:20-cv-207-TSZ, Answer, at ¶ 166 (Dkt. #14).

[24] *Id.* at ¶ 187.

FIRST AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 29

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

75.     Along with its other actions, Brooks Brothers' sworn representations in multiple forums that it was using and intended to use the BROOKS mark in commerce led Brooks to move for preliminary injunctive relief.

76.     With the acquisition of Brooks Brothers by Defendants, the threat to Brooks' brand is even more acute.  The CEO of Simon Property has described ABG as "very, very good about understanding where there is value in the [acquired] brand because they know how they can monetize that intellectual property."[25]  Defendants' efforts to milk every last dollar from the ailing Brooks Brothers' brand place Brooks' thriving premium brand in considerable jeopardy.

77.     Since the acquisition, Defendants have maintained Brooks Brothers' claim to the standalone BROOKS mark.  They adopted and continue to pursue Brooks Brothers intent-to-use application for the BROOKS mark and maintained the opposition to Brooks' registration of its BROOKS mark for shoes and apparel.  Defendants have also indicated that they will maintain Brooks Brothers' counterclaims from *Brooks v. Brooks Brothers*, including the claims to the BROOKS mark and their allegations that Brooks is infringing Brooks Brothers' purported rights in the BROOKS mark.

78.     Defendants have publicly stated their intention to pursue the growth of athletic-inspired clothing even more aggressively and rapidly than Brooks Brothers.[26]  In an article from August of 2020, SPARC and ABG executive Jamie Salter was quoted as stating that "[t]here will be a lot more leisurewear and activewear" in the Brooks Brothers product line and that "[w]e

---

[25] Sanford Stein, *Sparc Group, The Simon Property Group/ABG Creation, May Well Reimagine the Future 'Brandscape,'* Forbes (Aug. 20, 2020) (complete article on file with undersigned counsel), https://www.forbes.com/sites/sanfordstein/2020/08/20/sparc-group-the-simon-property-groupabg-creation-may-well-reimagine-the-future-brandscape/?sh=18b3560c6057.

[26] Jean Palmieri, *The Brooks Brothers Playbook Includes More Sportswear, E-comm and Fun,* Women's Wear Daily (Dec. 1, 2020), https://finance.yahoo.com/news/exclusive-brooks-brothers-playbook-includes-050129922.html; Cam Wolf, *Brooks Brothers's Future Looks a Lot Like Menswear's Past,* GQ (Dec. 1, 2020), https://www.gq.com/story/brooks-brothers-hires-michael-bastian.

FIRST AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK DILUTION, AND DECLARATORY JUDGMENT OF NON-INFRINGEMENT - 30

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

won't forget the tailored piece but there won't be a huge emphasis in that area."[27]  Mr. Salter acknowledged that Brooks Brothers' reputation is primarily as a purveyor of suits and sport coats, but said that going forward leisure and activewear "needs to be 80%" of the Brooks Brothers product line.  *Id.*  He added that he intended to hire a "big-name designer" with a "strong sportswear background" to engineer this change.  *Id.*

79.     By December, Defendants had done just that.  The new designer, Michael Bastian, claimed to be "beefing up sportwear" and jumping on the athleisure "trend" for both men and women for the Fall 2021 collection to "get a bigger piece of the pie."[28]  Mr. Bastian indicated that the brand was going to try to expand in the women's market and to "accelerate . . . growth in digital" and online commerce.  *Id.*  Mr. Salter has similarly disclosed Defendants' plans to expand Brooks Brothers' e-commerce business from "a couple hundred million" to $1 billion within two to three years.[29]  President and Chief Marketing Officer of ABG Nick Woodhouse previewed some "collaborations that are not expected from us" in a recent interview.[30]

80.     Just days ago, Defendants made good on their promises to veer aggressively away from Brooks Brothers' traditional domain.   On or about February 26, 2021, Defendants launched an "Athletic-Inspired Collection" under the Brooks Brothers name.   On about that day, the front page of the Brooks Brothers website began advertising that collection, notifying consumers that Brooks Brothers was now offering "[s]weatshirts, joggers & shorts that raise the bar on comfort" and began advertising the same on social media:

---

[27] Jean Palmieri, *Big-Name Designer Among the Changes Expected for Brooks Brothers,* Women's Wear Daily (Aug. 14, 2020) (complete article on file with undersigned counsel), https://wwd.com/business-news/retail/big-name-designer-among-the-changes-expected-for-brooks-brothers-1203699451/.

[28] Jean Palmieri, *The Brooks Brothers Playbook Includes More Sportswear, E-comm and Fun,* Women's Wear Daily (Dec. 1, 2020), https://finance.yahoo.com/news/exclusive-brooks-brothers-playbook-includes-050129922.html.

[29] Jean Palmieri, *Big-Name Designer Among the Changes Expected for Brooks Brothers,* Women's Wear Daily (Aug. 14, 2020) (complete article on file with undersigned counsel), https://wwd.com/business-news/retail/big-name-designer-among-the-changes-expected-for-brooks-brothers-1203699451/.

[30] Jean Palmieri, *The Brooks Brothers Playbook Includes More Sportswear, E-comm and Fun,* Women's Wear Daily (Dec. 1, 2020), https://finance.yahoo.com/news/exclusive-brooks-brothers-playbook-includes-050129922.html.

FIRST AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK DILUTION, AND DECLARATORY JUDGMENT OF NON-INFRINGEMENT - 31

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26





FIRST AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 32

CASE NO. 2:20-CV-1491 RSM

81.    Among other items, the Brooks Brothers "Athletic-Inspired Collection" includes:

a.  Athletic-inspired joggers that are "[d]esigned to move from workouts to lounging":



FIRST AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 33

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

b. Athletic-inspired sweatshirt for "workouts to weekdays":




FIRST AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 34

CASE NO. 2:20-CV-1491 RSM

c.   Athletic-inspired sweat shorts for "ultimate comfort through workouts":



d.   Athletic-inspired hooded sweatshirts to wear "for a jog":



FIRST AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 35

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

82.    The Brooks Brothers "Athletic-Inspired Collection" is a threat to Brooks' brand equity and trademark rights.  Although Defendants' new collection is clearly not the sort of performance athletic apparel for which Brooks is famous, the new collection openly purports to mimic such apparel and expressly advertises itself as running gear.  The use of the "Brooks Brothers" name on these fake running clothes threatens to confuse consumers who associate the "Brooks" name with high-quality performance running shoes and apparel, and to tarnish Brooks' hard-earned reputation as a premium performance brand.

83.    Meanwhile, in light of Defendants' actions and public statements asserting that they have rights to the standalone BROOKS mark, Brooks believes that Defendants are using or intend to imminently use the BROOKS mark in commerce in connection with the sale, offer for sale, or distribution of their goods.  Indeed, Brooks Brothers has publicly represented as much in various forums and Defendants have actively embraced these positions.

84.    Defendants' acts are willful, and are committed with the deliberate intent to trade on the goodwill of the Brooks Marks, cause confusion and deception in the marketplace, and divert potential sales of Brooks' goods and services to Defendants.

85.    Defendants' acts, unless restrained, will cause damage and irreparable harm to Brooks and to its valuable reputation and goodwill with the consuming public for which Brooks has no adequate remedy at law.

## V.    CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

86.    Brooks repeats and realleges the factual allegations stated above as if fully set forth herein.

87.    Brooks owns the rights to the Registered Brooks Marks, which are valid and subsisting.

FIRST AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 36
CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

88.     Brooks' rights in its Registered Brooks Marks predate Defendants' use of any BROOKS BROTHERS and/or Combination Marks in connection with athletic footwear, apparel, or accessories (other than golf apparel) and predate Defendants' use of BROOKS in connection with any goods or services.

89.     Based on the totality of the facts and circumstances alleged herein, Defendants are using the BROOKS BROTHERS Marks and are using and/or have an intent to imminently use in commerce the Combination Marks in connection with the sale, offering for sale, distribution, or advertising of athletic footwear, apparel, or accessories in ways that are likely to confuse consumers; and Defendants are using and/or have an intent to imminently use in commerce the BROOKS mark for the sale, offering for sale, and distribution of their goods.

90.     Defendants' conduct as alleged herein is likely to cause confusion, or to cause mistake, or to deceive, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

91.     The public in the United States and worldwide associate the Registered Brooks Marks with Brooks' goods and services.  Defendants' conduct as alleged herein will confuse and deceive consumers as to the origin, source, sponsorship or affiliation of their goods and services and will allow Defendants to unjustly benefit from Brooks' long-standing reputation in the marketplace for quality, innovation, and performance.  Among other things, Defendants unauthorized use is likely to cause consumers to believe, contrary to fact, that Defendants' goods and services are sold, authorized, endorsed, sponsored, or otherwise approved by Brooks, or that Defendants are in some way affiliated with Brooks.

92.     Defendants' conduct as alleged herein threatens to cause and is causing immediate and irreparable harm and injury to Brooks and to its goodwill and reputation.  Defendants' conduct as alleged herein will continue to both damage Brooks and confuse the public unless enjoined by this Court.  Brooks has no adequate remedy at law.

93.     Defendants' continued conduct as alleged herein constitutes willful infringement of Brooks' exclusive rights in the Brooks Marks.

FIRST AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK DILUTION, AND DECLARATORY JUDGMENT OF NON-INFRINGEMENT - 37

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

94.    Defendants' continued conduct as alleged herein is extraordinary and therefore makes this an exceptional case within the meaning of 15 U.S.C. § 1117.

95.    Each Defendant is directly, contributorily, and vicariously liable for the infringement of every other Defendant.

96.    Brooks is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## SECOND CLAIM FOR RELIEF

### FEDERAL UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)

97.    Brooks repeats and realleges the factual allegations stated above as if fully set forth herein.

98.    Brooks owns the rights to the Brooks Marks, including all federal statutory and common law rights.

99.    Based on the totality of the facts and circumstances alleged herein, Defendants are using the BROOKS BROTHERS Marks and are using and/or have an intent to imminently use in commerce the Combination Marks in connection with the sale, offering for sale, distribution, or advertising of athletic footwear, apparel, or accessories in ways that are likely to confuse consumers; and Defendants are using and/or have an intent to imminently use in commerce the BROOKS mark for the sale, offering for sale, and distribution of their goods.

100.    Defendants' conduct as alleged herein is likely to cause confusion, or to cause mistake, or to deceive, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

101.    The public in the United States and worldwide associate the Brooks Marks with Brooks' goods and services.  Defendants' conduct as alleged herein will confuse and deceive

FIRST AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 38

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

consumers as to the origin, source, sponsorship or affiliation of their goods and services and will allow Defendants to unjustly benefit from Brooks' long-standing reputation in the marketplace for quality, innovation, and performance.   Defendants' conduct is likely to cause consumers to believe, contrary to fact, that Defendants' goods and services are sold, authorized, endorsed, or sponsored by Brooks, or that Defendants are in some way affiliated with or sponsored by Brooks.

102.   Defendants' conduct as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

103.   Defendants' conduct as alleged herein threatens to cause and is causing immediate and irreparable harm and injury to Brooks, and to its goodwill and reputation.  Defendants' conduct as alleged herein will continue to both damage Brooks and confuse the public unless enjoined by this Court.  Brooks has no adequate remedy at law.

104.   Defendants' conduct as alleged herein is willful and is intended to and likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Brooks.

105.   Defendants' continued and threatened conduct as alleged herein despite their awareness of Brooks' ownership of the Brooks Marks and the harm and confusion that they are causing and will cause is extraordinary and makes this an exceptional case within the meaning of 15 U.S.C. § 1117.

106.   Brooks is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF

## FEDERAL TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c)

107.   Brooks repeats and realleges the factual allegations stated above as if fully set forth herein.

FIRST AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 39

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

108.   Brooks owns the rights to the Brooks Marks, including all federal statutory and common law rights.

109.   Due to over 100 years of use, and as evidenced by Brooks' impressive commercial success and industry praise of Brooks' goods and services, the Brooks Marks are distinctive and "famous marks" within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). The Brooks Marks became distinctive and famous before Defendants' conduct as alleged herein.

110.   Based on the totality of the facts and circumstances alleged herein, Defendants are using the BROOKS BROTHERS Marks and are using and/or have an intent to imminently use in commerce the Combination Marks in connection with the sale, offering for sale, distribution, or advertising of athletic footwear, apparel, or accessories in ways that are likely to confuse consumers; and Defendants are using and/or have an intent to imminently use in commerce the BROOKS mark for the sale, offering for sale, and distribution of their goods.

111.   Defendants are using and/or intend to imminently use one or more marks that is identical or nearly identical to the BROOKS mark.

112.   Defendants' conduct as alleged herein is likely to cause dilution by blurring or dilution by tarnishment of the famous Brooks Marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

113.   Defendants' conduct as alleged herein have diluted and will, unless enjoined, continue to dilute and are likely to dilute the distinctive quality of Brooks' famous Brooks Marks.

114.   Defendants' acts as alleged herein have tarnished and will, unless enjoined, continue to tarnish, and are likely to tarnish the Brooks Marks by undermining and damaging the valuable goodwill associated therewith.

115.   Defendants' acts as alleged herein are intentional and willful and have already caused Brooks irreparable damage and will, unless enjoined, damage and continue to so damage Brooks, which has no adequate remedy at law.

FIRST AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 40
CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

116.     Defendants' continued and threatened conduct as alleged herein despite their awareness of Brooks' ownership of the Brooks Marks and the harm and confusion that they are causing and will cause is extraordinary.

117.     Brooks is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## FOURTH CLAIM FOR RELIEF

## UNFAIR COMPETITION UNDER RCW § 19.86.020

118.     Brooks repeats and realleges the factual allegations stated above as if fully set forth herein.

119.     Brooks owns the rights to the Brooks Marks, including all common law rights.

120.     Based on the totality of the facts and circumstances alleged herein, Defendants are using the BROOKS BROTHERS Marks and are using and/or have an intent to imminently use in commerce the Combination Marks in connection with the sale, offering for sale, distribution, or advertising of athletic footwear, apparel, or accessories in ways that are likely to confuse consumers; and Defendants are using and/or have an intent to imminently use in commerce the BROOKS mark in connection for the sale, offering for sale, and distribution of their goods.

121.     Defendants' conduct as alleged herein is an unfair and deceptive practice and constitutes unfair competition in violation of RCW § 19.86.020.

122.     The public in the United States and worldwide associate the Brooks Marks with Brooks' goods and services.  Defendants' conduct as alleged herein will confuse and deceive consumers as to the origin, source, sponsorship or affiliation of their goods and services and will allow Defendants to unjustly benefit from Brooks' long-standing reputation in the marketplace for quality, innovation, and performance.

FIRST AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 41
CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

123.    Defendants' conduct as alleged herein threatens to cause and is causing immediate and irreparable harm and injury to Brooks, and to its goodwill and reputation, and will continue to both damage Brooks and confuse the public unless enjoined by this Court.  Brooks has no adequate remedy at law.

124.    Defendants' unfair and deceptive practices have directly and proximately injured Brooks and its threatened acts will continue to injure Brooks, including causing injury to Brooks' business and property.

125.    Defendants' unfair and deceptive practices have negatively affected and injured the public interest.

126.    Brooks is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action, and an increased award of up to three times its actual damages under RCW §19.86.090, together with prejudgment and post-judgment interest.

## FIFTH CLAIM FOR RELIEF

## TRADEMARK DILUTION UNDER RCW § 19.77.160

127.    Brooks repeats and realleges the factual allegations stated above as if fully set forth herein.

128.    Brooks owns rights in the Brooks Marks, including all common law rights.  All such rights owned by Brooks are superior to any rights that Defendants may claim to have in the BROOKS mark or any other Brooks Marks.

129.    Due to over 100 years of use, and as evidenced by Brooks' impressive commercial success and industry praise of Brooks' goods and services, the Brooks Marks are famous and distinctive in the state of Washington.  The Brooks Marks became distinctive and famous in the State of Washington before Defendants' conduct as alleged herein.

130.    Based on the totality of the facts and circumstances alleged herein, Defendants are using the BROOKS BROTHERS Marks and are using and/or have an intent to imminently use in

FIRST AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 42

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

commerce the Combination Marks in connection with the sale, offering for sale, distribution, or advertising of athletic footwear, apparel, or accessories in ways that are likely to confuse consumers; and Defendants are using and/or have an intent to imminently use in commerce the BROOKS mark for the sale, offering for sale, and distribution of their goods.

131.   Defendants are using and/or intend to imminently use one or more marks that are identical or nearly identical to the BROOKS mark.

132.   Defendants' unauthorized conduct in the State of Washington as alleged herein is likely to cause dilution of the famous Brooks Marks in violation of RCW § 19.77.160.

133.   Defendants' conduct as alleged herein has diluted and will, unless enjoined, continue to dilute and is likely to dilute the distinctive quality of Brooks' famous Brooks Marks.

134.   Defendants' conduct as alleged herein is intentional and willful in violation of RCW § 19.77.160, and has already caused Brooks irreparable damage and will, unless enjoined, damage and continue to so damage Brooks, which has no adequate remedy at law.

135.   Brooks is entitled to, among other relief, injunctive relief and its actual damages under RCW § 19.77.160.

### SIXTH CLAIM FOR RELIEF
### TRADEMARK INFRINGEMENT UNDER
### WASHINGTON STATE COMMON LAW

136.   Brooks repeats and realleges the factual allegations stated above as if fully set forth herein.

137.   Brooks owns the rights to the valid Brooks Marks, including all common law rights.  All such rights owned by Brooks are superior to any rights that Defendants may claim to have in the BROOKS mark or any other of the Brooks Marks.  Brooks' rights in the Brooks Marks predate Defendants' use of any BROOKS BROTHERS and/or Combination Marks in connection with athletic footwear, apparel, or accessories (other than golf apparel) and predate Defendants' use of the BROOKS mark in connection with any goods or services.

FIRST AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK DILUTION, AND DECLARATORY JUDGMENT OF NON-INFRINGEMENT - 43

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

138. Based on the totality of the facts and circumstances alleged herein, Defendants are using the BROOKS BROTHERS Marks and are using and/or have an intent to imminently use in commerce the Combination Marks in connection with the sale, offering for sale, distribution, or advertising of athletic footwear, apparel, or accessories in ways that are likely to confuse consumers; and Defendants are using and/or have an intent to imminently use in commerce the BROOKS mark for the sale, offering for sale, and distribution of their goods.

139. Defendants' conduct as alleged herein is likely to cause, has caused, and will continue to cause confusion and deception with the Brooks Marks, or cause confusion, mistake or deception as to the origin of Defendants' goods and services in violation of Washington state common law and RCW § 19.77.900.

140. The public in the United States and worldwide associate the Brooks Marks with Brooks' goods and services. Defendants actions as alleged herein will confuse and deceive consumers as to the origin, source, sponsorship or affiliation of their goods and services and will allow Defendants to unjustly benefit from Brooks' long-standing reputation in the marketplace for quality, innovation, and performance. Among other things, Defendants unauthorized use is likely to cause consumers to believe, contrary to fact, that Defendants' goods and services are sold, authorized, endorsed, sponsored, or otherwise approved by Brooks, or that Defendants are in some way affiliated with Brooks.

141. Defendants' conduct as alleged herein threatens to cause and is causing immediate and irreparable harm and injury to Brooks and to its goodwill and reputation. Defendants' conduct as alleged herein will continue to both damage Brooks and confuse the public unless enjoined by this Court. Brooks has no adequate remedy at law.

142. Defendants' conduct constitutes intentional and willful infringement of Brooks' exclusive rights in the Brooks Marks.

143. Each Defendant is directly, contributorily, and vicariously liable for the infringement of every other Defendant.

FIRST AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 44

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

144.   Brooks is entitled to, among other relief, injunctive relief and its actual damages under common law.

## SEVENTH CLAIM FOR RELIEF

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

145.   Brooks repeats and realleges the factual allegations stated above as if fully set forth herein.

146.   This is a Declaratory Judgment action for declarations of non-infringement that Brooks' use of BROOKS does not infringe any trademark right owned by Defendants and that Brooks is the senior user of the BROOKS mark.

147.   On March 4, 2020, Brooks Brothers filed claims against Brooks for trademark infringement, trademark dilution, false designation of origin, and unfair competition, alleging that Brooks Brothers owns the exclusive right to use the trademark BROOKS on apparel, and that Brooks' sale and offer for sale of apparel using its BROOKS mark was a willful violation of Brooks Brothers' trademark rights.  Brooks Brothers alleged that in selling goods marked with its house mark, which Brooks has been using for over a century, Brooks knowingly, willfully, and maliciously acted with intent to trade upon Brooks Brothers' reputation and goodwill and to injure Brooks Brothers.  Brooks Brothers sought injunctive relief, damages, and an order enjoining Brooks from using its own name on its products.

148.   According to public statements made by the Defendants, BB IPCO now owns, and Defendants control, any and all trademark rights that were previously owned by Brooks Brothers, including all federal trademark applications and registrations.  As part of their ownership of the Brooks Brothers' trademarks, Defendants have continued prosecuting the ITU Applications.

149.   By continuing to prosecute the ITU Applications, Defendants have represented that they have a bona fide intention to claim exclusive rights to the BROOKS mark, and to use the BROOKS mark, in connection with, among other goods and services, sports bags and retail and online retail store services for the sale of clothing and sporting goods.

FIRST AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK DILUTION, AND DECLARATORY JUDGMENT OF NON-INFRINGEMENT - 45

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

150.   Notably, Defendants have not amended the ITU Applications to subrogate BB IPCO's claimed rights in BROOKS to Brooks' rights, which are known to Defendants. Defendants therefore maintain Brooks Brothers' attestation that its rights in the BROOKS mark in connection with the goods and services in the ITU Applications are superior to Brooks' rights.

151.   Brooks continues to use its BROOKS mark on its goods and services as it has for years, including in connection with apparel, retail store and online retail store services featuring clothing, and a host of other products and services—the very acts that Brooks Brothers accused as being willful, intentional, and malicious acts of infringement of rights that Defendants now own, and the very goods and services in connection with which Defendants now seeks exclusive rights via the ITU Application.

152.   To the best of Brooks' knowledge, none of the Defendants nor their predecessor in interest, Brooks Brothers Group, ever used the trademark or service mark BROOKS, and none of them has any trademark rights in the BROOKS mark.  In contrast, Brooks has been known to the world as "Brooks" since its founding in 1914.  And, as a result of over a century of widespread, continuous and exclusive use of the Brooks Marks to identify its goods and services—including the BROOKS mark—Brooks owns valid and subsisting federal statutory and common law rights in the BROOKS mark in connection with footwear, apparel and accessories, and retail and online store services for the same.  Consequently, Brooks' rights to BROOKS are superior to any Defendant's rights, if any.

153.   As the senior user in the United States, Brooks cannot infringe upon any rights Defendants claim to have in the BROOKS marks under federal statutory or common law.

154.   Brooks has a reasonable apprehension that it will be sued by Defendants because of the conduct alleged herein.  A real, immediate, justiciable controversy exists between Brooks and Defendants with respect to which company, as between one or more of the Defendants or Brooks, owns superior rights in BROOKS, and therefore as to whether the use of BROOKS by Brooks infringes any trademark right owned by Defendants.  The Court has subject matter jurisdiction

FIRST AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK DILUTION, AND DECLARATORY JUDGMENT OF NON-INFRINGEMENT - 46

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

over this claim for declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

### Federal Trademark Infringement, 15 U.S.C. § 1114(a)

155.   Brooks incorporates the preceding paragraphs by reference as if fully set forth herein.

156.   As between the parties, Brooks is the senior user of BROOKS.  Brooks is recognized by the consuming public of the United States as a designation of source for Brooks. Defendants have no valid claim for trademark infringement under 15 U.S.C. § 1114(a).

### Federal False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(a)

157.   Brooks incorporates the preceding paragraphs by reference as if fully set forth herein.

158.   As between the parties, Brooks is the senior user of BROOKS.   BROOKS is recognized by the consuming public of the United States as a designation of source for Brooks. Defendants have no valid claim for false designation of origin or unfair competition under 15 U.S.C. § 1125(a).

### Federal Trademark Dilution, 15 U.S.C. § 1125(c)

159.   Brooks incorporates the preceding paragraphs by reference as if fully set forth herein.

160.   As between the parties, Brooks is the senior user of BROOKS.   BROOKS is recognized by the consuming public of the United States as a designation of source for Brooks. Defendants have no valid claim for dilution under 15 U.S.C. § 1125(c).

### Common Law Trademark Infringement

161.   Brooks incorporates the preceding paragraphs by reference as if fully set forth herein.

162.   As between the parties, Brooks is the senior user of BROOKS.  Defendants own no common law rights in BROOKS.  BROOKS is recognized by the consuming public of the United

FIRST AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK DILUTION, AND DECLARATORY JUDGMENT OF NON-INFRINGEMENT - 47

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

States as a designation of source for Brooks.  Defendants have no valid claim for common law trademark infringement against Brooks.

### Unfair Competition RCW § 19.86.020

163.   Brooks incorporates the preceding paragraphs by reference as if fully set forth herein.

164.   As between the parties, Brooks is the senior user of BROOKS, and therefore its use of BROOKS does not constitute an unfair or deceptive practice, and does not constitute unfair competition in violation of Washington's Consumer Protection Act, RCW § 19.86.020.

### Trademark Dilution RCW § 19.77.160

165.   Brooks incorporates the preceding paragraphs by reference as if fully set forth herein.

166.   As between the parties, Brooks is the senior user of BROOKS, and therefore no Defendant owns any common law rights in BROOKS, has priority in BROOKS, or owns superior rights in BROOKS.

167.   Brooks' use of BROOKS cannot and does not violate RCW § 19.77.160

### VI.  DEMAND FOR JURY TRIAL

168.   Pursuant to Fed. R. Civ. P. 38(b), Brooks requests a trial by jury on all issues.

### VII.   PRAYER FOR RELIEF

WHEREFORE, Brooks requests judgment against Defendants as follows:

1.   That Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114); Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

2.   That Defendants are liable for vicarious trademark infringement.

3.   That Defendants have contributorily infringed upon Brooks' rights in the Brooks Marks.

FIRST AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 48
CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

4.      That Defendants have violated RCW § 19.86.020; RCW § 19.77.160; and RCW § 19.77.900.

5.      That Defendants have committed trademark infringement and unfair competition under Washington state common law.

6.      Declaring that Brooks' use of the BROOKS mark does not violate Defendants' rights under 15 U.S.C. §§ 1114, 1125(a), or 1125(c); that Brooks' use of the BROOKS mark violates no common law trademark right owned by any Defendant; that Brooks' use of the BROOKS mark does not constitute unfair competition under RCW § 19.86.020; and that Brooks' use of BROOKS does not constitute trademark dilution under RCW § 19.77.160.

7.      Declaring that Brooks has the sole and exclusive right to use the term "BROOKS" as a trademark or service mark in connection with apparel, footwear, accessories, and equipment, and retail store and online store services for sale of the same.

8.      Granting an injunction permanently enjoining Defendants and their licensees, their respective employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, contractors, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

a.  manufacturing, distributing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute, sell, market, advertise or promote apparel, footwear, accessories, and equipment bearing the mark BROOKS or any other mark, including BROOKS-formative marks, that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Brooks Marks;

b.  manufacturing, distributing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute, sell, market, advertise or promote athletic apparel, footwear, accessories, and equipment bearing any of the BROOKS BROTHERS marks or Combination Marks, that is a counterfeit, copy, simulation,

FIRST AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 49

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1   confusingly similar variation, or colorable imitation of the Brooks Marks;

2   c.   engaging in any activity that infringes Brooks' rights in its Brooks Marks;

3   d.   engaging in any activity constituting unfair competition with Brooks;

4   e.   engaging in any activity that is likely to dilute the distinctiveness of the Brooks

5   Marks;

6   f.   making or displaying any statement, representation, or depiction that is likely to lead

7   the public or the trade to believe that (i) Defendants' goods and services are in any

8   manner approved, endorsed, licensed, sponsored, authorized, or franchised by or

9   associated, affiliated, or otherwise connected with Brooks or (ii) Brooks' goods and

10  services are in any manner approved, endorsed, licensed, sponsored, authorized, or

11  franchised by or associated, affiliated, or otherwise connected with any Defendant;

12  g.   using or authorizing any third-party to use any false description, false representation,

13  or false designation of origin, or any marks, names, words, symbols, devices, or trade

14  dress that falsely associate such business, goods and/or services with Brooks and/or

15  the Brooks Marks;

16  h.   registering or applying to register any trademark, service mark, domain name, trade

17  name, or other source identifier or symbol of origin consisting of or incorporating the

18  BROOKS mark without the term BROTHERS, including Combination Marks or any

19  other mark that infringes or is likely to be confused with the Brooks Marks, in

20  connection with athletic apparel, footwear, accessories, and equipment and retail store

21  and online retail store services in connection with the sale of the same; and

22  i.   aiding, assisting, or abetting any other individual or entity in doing any act prohibited

23  by sub-paragraphs (a) through (i).

24  9.   Granting such other and further relief as the Court may deem proper to prevent the

25  public and trade from deriving the false impression that any goods or services manufactured,

26  sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by

FIRST AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 50

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

Defendants are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Brooks or constitute or are connected with Brooks' goods and services.

10.     Ordering that Defendants recall and destroy all apparel, footwear, accessories, and equipment and related advertisements, promotions, signs, displays, and other materials incorporating or bearing the BROOKS mark.

11.     Ordering that Defendants recall and destroy all athletic apparel, footwear, accessories, and equipment and related advertisements, promotions, signs, displays, and other materials incorporating or bearing BROOKS BROTHERS or BROOKS BROTHERS Combination Marks or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of Brooks' Brooks Marks.

12.     Ordering Defendants to formally abandon with prejudice any and all of its applications to register and registrations for the mark BROOKS, BROOKS-formative marks and any mark consisting of, incorporating, or containing Brooks' Brooks Marks or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof in connection with athletic footwear, accessories, and equipment on any state or federal trademark registry, including, without limitation, U.S. Application Serial Nos. 88/742,542 and 88/746,602 for BROOKS, and 88/643,092 for BROOKSFLEX, and U.S. Registration Nos. 5,823,029 for BROOKSCLOUD, 4,142,789 for BROOKSCOOL, 3,009,280 for BROOKSSTORM, 2,498,929 for BROOKS STRETCH, 6,266,946 for BROOKSTECH, and 6,053,946 for BROOKSTECH.

13.     Ordering Defendants to withdraw with prejudice Opposition No. 91,243,962 against U.S. Application Serial No. 87/804,267.

14.     Ordering, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendants to file with the court and serve upon Brooks' counsel within thirty (30) days after service on Defendants of an injunction in this action, or such extended period as the court may

FIRST AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 51
CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

direct, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied therewith.

15.    Ordering corrective advertisements in a form approved by the Court that informs the public of the violations of the law as Brooks may prove, and to ameliorate the false and deceptive impressions produced by such violations.

16.    Awarding Brooks an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

17.    Ordering that Defendants account to and pay over to Brooks all profits realized by their wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Brooks for the damages caused thereby.

18.    Awarding Brooks punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

19.    Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)) and awarding Brooks its costs and reasonable attorneys' fees thereunder.

20.    Awarding Brooks its actual damages sustained, its costs and expenses, including reasonable attorney's fees, and treble damages under RCW § 19.86.090.

21.    Awarding Brooks its actual damages sustained, and its costs and expenses, including reasonable attorney's fees  under RCW § 19.86.160.

22.    Awarding Brooks injunctive relief and its actual damages, together with the costs and expenses, including reasonable attorneys' fees, sustained from Brooks' defense of Opposition No. 91,243,962.

23.    Awarding Brooks interest, including prejudgment and post-judgment interest, on the foregoing sums.

24.    Awarding such other and further relief as the Court deems just and proper.

FIRST AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 52
CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1    DATED this 1st day of March, 2021.

2

3                                    Respectfully submitted,

4                                    SUMMIT LAW GROUP, PLLC
                                     Attorneys for Brooks Sports, Inc.
5

6                                    By *s/ Diana Siri Breaux*
                                     Diana Siri Breaux, WSBA #46112
7                                    Hathaway Burden, WSBA #52970
                                     Email: dianab@summitlaw.com
8                                    Email: hathawayb@summitlaw.com
                                     315 5th Ave S, Suite 1000
9                                    Seattle, Washington 98104
                                     Telephone: 206-676-7058
10                                   And

11                                   PATTERSON BELKNAP WEBB & TYLER LLP

12                                   Geoffrey Potter (*admitted pro hac vice*)
                                     Email: gpotter@pbwt.com
13                                   Aron Fischer (*admitted pro hac vice*)
                                     Email: afischer@pbwt.com
14                                   Lachlan Campbell-Verduyn (*admitted pro hac vice*)
                                     Email: lcampbellverduyn@pbwt.com
15                                   1133 Avenue of the Americas
                                     New York, NY 10036
16                                   Telephone: 212-336-2000

17                                   *Attorneys for Brooks Sports, Inc.*

18

19   4848-0281-3150, v. 1

20

21

22

23

24

25

26

FIRST AMENDED COMPLAINT FOR TRADEMARK                SUMMIT LAW GROUP, PLLC
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK          315 FIFTH AVENUE SOUTH, SUITE 1000
DILUTION, AND DECLARATORY JUDGMENT OF NON-           SEATTLE, WASHINGTON 98104-2682
INFRINGEMENT - 53                                    Telephone: (206) 676-7000
                                                     Fax: (206) 676-7001
CASE NO. 2:20-CV-1491 RSM

# Exhibit A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BROOKS SPORTS, INC., a Washington corporation,<br><br>    Plaintiff,<br><br>v.<br><br>BROOKS BROTHERS GROUP, INC., a Delaware corporation,<br><br>    Defendant. | Case No. _____<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK DILUTION, TRADE DRESS INFRINGEMENT, AND BREACH OF CONTRACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff BROOKS SPORTS, INC. ("Brooks") files this COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK DILUTION, TRADE DRESS INFRINGEMENT, AND BREACH OF CONTRACT ("Complaint") against Defendant BROOKS BROTHERS GROUP, INC., ("Brooks Brothers"), alleging as follows:

1.  The lawsuit seeks to stop Brooks Brothers from using Brooks' famous BROOKS trademark on Brooks Brothers' stores and products and prevent public confusion and dilution of the BROOKS mark.  Brooks also seeks damages for Brooks Brothers' unfair competition and breach of contract.

2.  Brooks has built an authentic brand for premium, innovative and performance athletic wear worldwide for more than 100 years.  The Brooks brand is established nationally

COMPLAINT - 1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\135106\250279\WFA\27305326.1

and globally for anything related to athletic, fitness and performance, including footwear, apparel, accessories, experiences, events, stores, and tools.  The Brooks brand extends to persons of all ages, abilities, and backgrounds who are interested in fitness, exercise and walking, and includes footwear, apparel, and accessories for lifestyles related to activities of all kinds and at all levels of participation.

3.      While Brooks is known for athletic-inspired innovative footwear, apparel and accessories under its famous BROOKS mark, Brooks Brothers is known for its traditional ready-to-wear fashion apparel and tailored business and formal wear under its BROOKS BROTHERS mark.  Brooks and Brooks Brothers have coexisted in their respective areas using their own marks for over a century.  The parties entered into an agreement in 1980 regarding their areas of business and the use of their discrete marks.

4.      Fashion has evolved toward active lifestyle and athletic-inspired footwear and apparel for everyday wear, including business casual settings.  The market for traditional suits, ties, and ready-to-wear and tailored clothing has changed significantly.

5.      Brooks Brothers is attempting to establish a brand identity for the tastes and expectations of consumers who are less interested in the traditional clothing products for which Brooks Brothers has been known for so many years.  Brooks Brothers' efforts to re-brand itself and sell new products that differ from its traditional offerings, however, cannot use Brooks' famous BROOKS marks.  Doing so would confuse the public, dilute the BROOKS marks, ride on Brooks' coattails for establishing its reputation in the area of activewear and athletic footwear and apparel, violate the parties' coexistence agreement, and damage Brooks.

6.      On December 30, 2019, Brooks Brothers filed a new trademark application to use BROOKS alone, without the word BROTHERS, on eight categories of goods, including clothing, sporting goods and accessories for athletics, and retail stores.  Brooks Brothers has

COMPLAINT - 2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\135106\250279\WFA\27305326.1

also attempted to block Brooks from obtaining registrations for its BROOKS trademark in the United States and other countries, despite decades of unopposed use.

7.      Brooks Brothers' actions alleged herein will cause consumer confusion and damage Brooks' famous BROOKS marks, and Brooks Brothers will unfairly benefit from its misuse of the BROOKS brand.

8.      Brooks' famous BROOKS trademarks described are critical in today's digital world in which consumers shop for goods using word and voice searches.  Consumers cannot search for designs or symbols, such as the Brooks chevron logo, that do not appear on their mobile phones or computer keyboards.  As Brooks' BROOKS trademarks continue to grow in the expanding market of consumers interested in athletics, fitness and exercise, Brooks must protect against consumer confusion by those who wish to trade off the famous BROOKS trademarks that Brooks has spent over a century building.

9.      This action seeks to protect Brooks' famous federally-registered BROOKS and BROOKS-formative trademarks from Brooks Brothers' efforts to use these marks as Brooks Brothers attempts to enter into the active lifestyle and athletic footwear, apparel and accessories market.

10.      Specifically, this is an action for: infringement of Brooks' famous federally-registered BROOKS and BROOKS-formative trademarks under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); and substantial and related claims of unfair competition, trademark dilution and breach of contract under the statutory and common laws of Washington state, all arising from Brooks Brothers' unauthorized use of the mark BROOKS in connection with the manufacture, distribution, marketing, advertising, promotion, offering for sale, and/or sale of Brooks Brothers' athletic-related footwear, apparel and accessories and related retail store and online store services.

COMPLAINT - 3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

11.     Brooks seeks injunctive and monetary relief.

## I.      THE PARTIES

12.     Brooks repeats and realleges paragraphs 1 through 11 hereof, as if fully set forth herein.

13.     Brooks is a Washington corporation with its principal place of business at 3400 Stone Way North, Suite 500, Seattle, Washington 98103.  Brooks sells athletic footwear, apparel and accessories used for a variety of activities and loungewear in more than 50 countries worldwide under its federally-registered BROOKS family of marks. Brooks has been selling its goods and offering its services in the United States under the BROOKS mark, U.S. Reg. No. 1,161,034, since as early as 1914.

14.     Brooks Brothers is a Delaware corporation with its corporate offices located at 100 Phoenix Avenue, Enfield, Connecticut 06082.  Brooks Brothers sells what it describes as "luxury," traditional and "business casual" apparel suitable for professionals in a business environment and in upscale or formal leisure settings throughout the United States under its "BROOKS BROTHERS" family of marks.  Brook Brothers owns federal registrations for BROOKS BROTHERS-formative marks for these products, but does not own a registration for the term "BROOKS" or a registration in connection with athletic-related goods and services.

## II.      FACTS

### Brooks' Famous Marks

15.     Brooks repeats and realleges paragraphs 1 through 14 hereof, as if fully set forth herein.

16.     Brooks is the owner of federal registrations on the Principal Register for BROOKS and BROOKS-formative marks for athletic footwear, apparel and accessories ("Registered Brooks Marks").  A table of Brooks' registrations is attached to this Complaint as Exhibit A and incorporated herein by this reference.

COMPLAINT - 4

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\135106\250279\WFA\27305326.1

17.   As a result of over 106 years of widespread, continuous and exclusive use of the BROOKS mark to identify its goods and services, Brooks owns valid and subsisting federal statutory and common law rights in the term BROOKS in connection with athletic footwear, apparel and accessories, and retail stores and online store services for the same, including the Registered Brooks Marks (collectively, the "Brooks Marks").



COMPLAINT - 5

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\135106\250279\WFA\27305326.1





COMPLAINT - 6

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\135106\250279\WFA\27305326.1



COMPLAINT - 7

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\135106\250279\WFA\27305326.1







COMPLAINT - 8

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711





COMPLAINT - 9

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711





COMPLAINT - 10

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\135106\250279\WFA\27305326.1

18.     The Brooks Marks are used by Brooks throughout the United States and worldwide and are relied on by consumers for athletic performance and quality footwear, apparel, accessories, events, stores, tools, and experiences for all fitness, athletic, and exercise levels.

19.     Brooks offers its goods for direct sales to consumers under the Brooks Marks through its website located at www.brooksrunning.com, at Brooks-branded retail stores, at Brooks-branded stores at Expos for athletic and fitness events in cities across the United States, and in numerous retail "pop-up" stores located throughout the United States.



COMPLAINT - 11

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\135106\250279\WFA\27305326.1



20.     Brooks' goods are also sold in over 5,000 third-party retail stores and online

stores throughout the United States, including over fifty third-party retail stores in this

judicial district.

21.     Brooks operates and supports community engagement events in this judicial

district such as the November Project, the Brooks Trailhead Running Club (which has over

550 members and has regular group runs starting and ending at the Brooks Flagship Store);

sponsorship of the 2018 USA Special Olympics, including sponsorship of two athletes

COMPLAINT - 12

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

competing in the Special Olympics; the Seattle Running Club (which has several hundred active members); the annual Brooks PR Invitational (an invitation-only track and field contest for the best high school athletes in the country that is regularly held at the University of Washington's Husky Stadium in this judicial district); and the Seattle Rock and Roll Marathon (which features running races of various distances including a marathon that starts and finishes at Seattle Center, taking runners through downtown Seattle, Fremont, over the Ballard Bridge, and past Kerry Park).

22.     Brooks has expended substantial time, money, and resources marketing, advertising, and promoting the athletic footwear, apparel and accessories sold under its Brooks Marks.  Brooks has received numerous accolades and industry praise for its athletic footwear and apparel sold under the Brooks Marks, including Editor's Choice, "best running shoe," "best running shorts," "best sports bra," "best workout hoodie," and other awards from *Outside*, *Men's Health*, *Women's Health*, *Fit Bottomed Girls*, *Trail Runner*, *Runner's World*, *Trail Sisters*, *Esquire*, and *Self* magazines.

23.     Brooks has been the top-selling running shoe brand in specialty running stores since 2011.  Brooks is second to only Nike, Inc. in apparel sales at specialty running stores, with a 19.2% market share in 2019.  Brooks' reputation for performance high-quality and innovative running shoes extends to footwear and apparel for consumers interested in active lifestyles and fitness.  Over half of Brooks' sales are to consumers who do not consider themselves to be runners.

24.     Brooks sold more than 12 million units of its goods in 2019 worth over $1.2 billion dollars in consumer purchases at retail, all bearing the Brooks Marks.  More than $20 million worth of Brooks' 2019 annual consumer purchases at retail were derived from sales in Washington state.  Brooks has completed several hundred thousand sales to Washington state residents through its website, the Brooks Flagship Store, its retail outlet store in Bothell, Brooks-branded stores at Expos for athletic and fitness events, and in "pop-up" retail stores.

COMPLAINT - 13

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

25.     As a result of Brooks' significant expenditures and efforts, the Brooks Marks have come to signify the high-quality of the athletic clothing and accessories designated by the Brooks Marks, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Brooks.

26.     The Brooks Marks are distinctive to both the consuming public and Brooks' market.

**Brooks Brothers' Use of its BROOKS BROTHERS Marks**

27.     Brooks Brothers sells its goods under its "BROOKS BROTHERS" family of marks through its interactive website located at: www.brooksbrothers.com, where customers can browse pictures and read literature about Brooks Brothers and its products, and then place orders by selecting the style, color, size and quantity of the desired goods.  The Brooks Brothers website is used by persons in Washington state and by Washington residents to shop for and purchase products from Brooks Brothers.  Brooks Brothers then facilitates shipment of the purchased goods directly to the customer, including persons in Washington state and Washington residents.

28.     Brooks Brothers also sells its goods in retail stores throughout the United States under its "BROOKS BROTHERS" family of marks, including three retail stores in Washington state within this district located at 1330 Fifth Avenue, Seattle, WA 98101 ("Brooks Brothers Seattle Store"), 1101 Outlet Collection Way, Suite 1108, Auburn, WA 98001, and 10600 Quil Ceda Boulevard, Suite #508, Tulalip, WA 98271.

29.     Brooks Brothers markets and advertises its products in Washington state to promote sales in this district.

30.     Brooks Brothers also markets and sells its products in third-party retail stores in Washington state, including Amazon, Nordstrom and Macy's.

COMPLAINT - 14

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

PDX\135106\250279\WFA\27305326.1

**The Parties' Previous Coexistence**

31.     On information and belief, Brooks Brothers has only sold goods under BROOKS BROTHERS-formative marks, such as BROOKS BROTHERS and BROOKS BROTHERS RED FLEECE.  On information and belief, Brooks Brothers has only offered and sold its luxury and traditional clothing under its BROOKS BROTHERS-formative marks.  On information and belief, until recently, Brooks Brothers has not sold or offered for sale any athletic or athletic-related goods or services under its BROOKS BROTHERS family of marks, except for non-technical golf polo shirts.

32.     In contrast, Brooks has only offered and sold athletic and athletic-related goods and services under its Brooks Marks.

33.     On information and belief, Brooks Brothers has never used the term BROOKS as a trademark in connection with the sale or offer for sale of athletic footwear, apparel or accessories, or retail store or online store services for the sale of the athletic footwear, apparel or accessories.

34.     Consequently, Brooks and Brooks Brothers have coexisted without a likelihood of confusion for over one-hundred years by selling their respective goods and services under their respective marks in different markets to different customers who have different objectives in purchasing the parties' respective products.

35.     However, the present Complaint is not the first dispute between the parties over their respective rights in the term "BROOKS."

36.     The parties' first dispute arose on November 25, 1977, when Brooks Brothers initiated an opposition action with the United States Patent and Trademark Office ("USPTO") against Brooks' federal trademark application for the mark BROOKS in connection with athletic shoes in Class 25 (Opposition No. 91,060,319).

COMPLAINT - 15

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\135106\250279\WFA\27305326.1

37.     On or about January 16, 1980, Brooks and Brooks Brothers executed an agreement ("Settlement Agreement") resolving Opposition No. 91,060,319.  The Settlement Agreement is of indefinite duration.

38.     The Settlement Agreement sets forth each party's covenants to refrain from objecting to the other's use and registration of certain marks as had been the practice of the parties for decades.

39.     The Settlement Agreement attempted to formalize the then status quo market segmentation by granting Brooks the right to use BROOKS-formative marks for all athletic and athletic-related clothing, with a narrow exception for golf related clothing, and granting Brooks Brothers the right to use BROOKS BROTHERS-formative marks on clothing other than athletic shoes and apparel, with an exception for golf polo shirts.

40.     In particular, Brooks Brothers agreed in Section (1) of the Settlement Agreement not to "object to the use and registration by [Brooks] for the entire world of the [trademark] BROOKS or BROOKS SHOES in connection with any type of athletic shoe. . ."

41.     Brooks Brothers breached its covenant in Section (1) of the Settlement Agreement, on October 3, 2018, by filing an opposition with the USPTO against Brooks' pending application for the mark BROOKS in connection with athletic footwear; athletic clothing, namely, tops, pants, jackets, headwear, shorts, tights, hosiery, bras, gloves, mittens, sweatshirts, skirts, leggings, rainwear, and vests in Class 25 (U.S. Application Serial No. 87/804,267) (Opposition No. 91,243,962) ("Opposition").

42.     The parties attempted to resolve the Opposition between themselves in December 2019.  The attempt to resolve Opposition was unsuccessful.

43.     The Opposition is pending before the Trademark Trial and Appeal Board.

COMPLAINT - 16

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\135106\250279\WFA\27305326.1

**Brooks Brothers' Expansion into Athletic Clothing**

44.     On information and belief, Brooks Brothers began to enter the athletic footwear market as early as 2018, and is threatening to expand its presence into the athletic and active lifestyle footwear, apparel and accessories markets using the Brooks Marks.

45.     In late 2018, Brooks became aware that Brooks Brothers is offering and selling athletic shoes, such as the "Sporty Sneakers," under the BROOKS BROTHERS mark. *See, e.g,* Exhibit B.



46.     On information and belief, Brooks Brothers classifies its footwear by style. The Sporty Sneakers, among the other sneakers offered and sold under the BROOKS BROTHERS mark, are classified by Brooks Brothers as "Sneaker & Athletic" shoes. *See* Exhibit C.

COMPLAINT - 17

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711



47.     Brooks Brothers knowingly sells and has sold the Sporty Sneakers and other athletic shoes in Washington state through its Washington retail stores and to persons in Washington state and to Washington residents through its website.

48.     On or about December 30, 2019, just days after the discussions between the parties regarding the Opposition failed, Brooks Brothers filed a federal trademark application for the mark BROOKS in connection with, among other goods and services, all-purpose sport bags in Class 18 and retail store services and online retail store services featuring clothing and sporting goods in Class 35 (U.S. Application No. 88/742,542) ("ITU Application") on the basis that Brooks Brothers has a bona fide intent to use the mark in commerce under Section 1(b) of the federal Lanham Act, 15 U.S.C. § 1051(b).

49.     In submitting the ITU Application, Brooks Brothers declared it "believe[d] that [it] is entitled to use the mark in commerce" and "has a bona fide intention to use the mark in commerce on or in connection with the goods/services in the [ITU A]pplication."

50.     Brooks Brothers filed several other BROOKS-formative federal trademark applications in connection with footwear, apparel and accessories, including athletic-related

COMPLAINT - 18

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\135106\250279\WFA\27305326.1

footwear, apparel and accessories, such as BROOKSTECH (U.S. Application No. 87/562,491) and BROOKSFLEX (U.S. Application No. 88/643,092).

51.     On information and belief, Brooks Brothers has a bona fide intent to expand its presence in the athletic and active lifestyle footwear, apparel and accessories market by offering for sale and selling goods and services that are identical, similar, overlapping or related to Brooks' athletic and active lifestyle footwear, apparel and accessories, and retail store and online store services for the same, under the BROOKS mark that is identical to the Brooks Marks.

52.     Brooks Brothers knows that its use of the mark BROOKS in connection with athletic and active lifestyle footwear, apparel and accessories, and retail store and online store services for the same, is likely to cause confusion and deception in the marketplace and divert potential sales of Brooks' goods to Brooks Brothers.

53.     On information and belief, Brooks Brothers' acts are willful with the deliberate intent to trade on the goodwill of Brooks' Brooks Marks, cause confusion and deception in the marketplace, and divert potential sales of Brooks' athletic and active lifestyle footwear, apparel and accessories to Brooks Brothers.

54.     Brooks Brothers' acts are threatening to cause and causing, and unless restrained, will cause and continue to cause damage and immediate irreparable harm to Brooks and to its valuable reputation and goodwill with the consuming public for which Brooks has no adequate remedy at law.

### III.     JURISDICTION AND VENUE

### A.     SUBJECT MATTER JURISDICTION

55.     Brooks repeats and realleges paragraphs 1 through 54 hereof, as if fully set forth herein.

COMPLAINT - 19

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

56.     On information and belief, Brooks Brothers intends to offer the goods and services claimed in the ITU Application to Washington residents and persons in Washington through its website and its own and other retail stores located in Washington state.

57.     This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, because this action arises under the Lanham Act. This Court has supplemental jurisdiction over the causes of action under Washington state law because those causes of action are substantially related to the causes of action over which this Court has original jurisdiction, pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

58.     This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1332, because the matter in controversy exceeds the value of $75,000, exclusive of interest and costs, and is between citizens of different states. Brooks is a Washington state corporation with its principal place of business in Washington state. Brooks Brothers is a Delaware corporation with its principal place of business in Connecticut.

## B.     PERSONAL JURISDICTION

59.     On information and belief, Brooks Brothers employs dozens of employees in Washington state to solicit and consummate sales of the goods and services alleged to be infringing hereunder in Brooks Brothers' retail stores located in Washington state, including the Brooks Brothers Seattle Store that is located approximately three miles from the Brooks Flagship Store.

60.     Brooks Brothers markets and advertises its goods and solicits and consummates sales in Washington state through its three retail stores and in other third-party retail stores located in Washington state.

61.     Brooks Brothers operates an interactive website and knowingly sends direct solicitations via e-mail to Washington state residents and others in Washington to solicit the sale of its infringing goods and services.

COMPLAINT - 20

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\135106\250279\WFA\27305326.1

62.     The ITU Application contains no limitations on Brooks Brothers' use of the
BROOKS mark in connection with the infringing goods and services in Washington state,
and, consequently, Brooks Brothers seeks the exclusive right to use the BROOKS mark in
connection with the allegedly infringing goods and services in Washington state.

63.     On information and belief, Brooks Brothers knows that Brooks is
headquartered with numerous employees in Washington state; operates two brick and mortar
Brooks stores- its Brooks Flagship Store and the Brooks Outlet Store in Washington state;
has retail marketing, advertising and sales at Expo events and "pop-up" stores in Washington
state; and all harm to Brooks will be felt in Washington state.

64.     Accordingly, this Court has specific personal jurisdiction over Brooks
Brothers because Brooks Brothers committed and intends to commit willful acts of
trademark infringement, unfair competition and trademark dilution in Washington state, and
has purposely availed itself to Washington law by operating three retail stores in Washington
state, marketing and selling its products in other retail stores in Washington state, and
intentionally soliciting and consummating sales with Washington state residents and other
persons in Washington through its highly interactive website.

## C.     VENUE

65.     Venue is proper under 28 U.S.C. § 1391(b)(2).

66.     Brooks offers its goods for direct sales to consumers under the Brooks Marks
through its website, which is operated, developed, tested and maintained by Brooks
employees in Washington state; its flagship retail store called the "Brooks Trailhead" located
at 3400 Stone Way North, Seattle, WA 98103 ("Brooks Flagship Store"); its retail outlet
store located at 24110 Bothell-Everett Hwy, Bothell, WA 98021 ("Brooks Outlet Store");
Brooks branded stores at Expos in this judicial district; and in retail "pop-up" stores located
in this judicial district.  Brooks has completed several hundred thousand sales in this judicial
district through these channels.

COMPLAINT - 21

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711





COMPLAINT - 22

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\135106\250279\WFA\27305326.1





COMPLAINT - 23

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\135106\250279\WFA\27305326.1

67.     Brooks' goods are also sold in third-party retail stores and online stores throughout the United States, including over fifty third-party retail stores in this judicial district.

68.     Brooks operates and supports community engagement events in this judicial district such as the November Project, the Brooks Trailhead Running Club (which has over 550 members and has regular group runs starting and ending at the Brooks Flagship Store); sponsorship of the 2018 USA Special Olympics, including sponsorship of two athletes competing in the Special Olympics; the Seattle Running Club (which has several hundred active members); the annual Brooks PR Invitational (an invitation-only track and field contest for the best high school athletes in the country that is regularly held at the University of Washington's Husky Stadium in this judicial district); and the Seattle Rock and Roll Marathon (an infusion of music and running with races of various distances including a marathon that starts and finishes at Seattle Center, taking runners through downtown Seattle, Fremont, over the Ballard Bridge, and past Kerry Park).



COMPLAINT - 24

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\135106\250279\WFA\27305326.1

69.     Brooks sponsors and endorses numerous professional athletes, including well-known athletes and teams within this judicial district, such as the "Brooks Beasts" (a training group comprised of an elite squad of middle distance runners training in Seattle, Washington), and athletes Allie Ostrander, who won the Mike Frankfurt Women's 3000 meter race at the 113th New York Road Runners Millrose Games, and Des Linden, winner of the 2018 Boston Marathon.

70.     Brooks Brothers is transacting business within this judicial district and intends to commit the acts complained of in this judicial district. Brooks Brothers operates its own retail stores and markets and sells in other third-party retail stores within this judicial district, and does business using its highly interactive website in this judicial district with persons in Washington and with Washington residents. Brooks Brothers has committed, and intends to commit, the acts complained of in this Complaint in this judicial district. Accordingly, Brooks Brothers' infringing acts have been aimed at and felt within this judicial district.

## IV.     CLAIMS FOR RELIEF

### A.     FEDERAL TRADEMARK INFRINGEMENT

71.     Brooks repeats and realleges paragraphs 1 through 70 hereof, as if fully set forth herein.

72.     Over many decades, Brooks has built a premium brand for outstanding, innovative, premium athletic-related products and services, including footwear, apparel, stores, events, and accessories. The public in the United States and throughout the world associate the Brooks Marks with these athletic-related products and services. Brooks Brothers' actions alleged herein will confuse consumers and also allow Brooks Brothers to obtain the benefit of Brooks' long-standing reputation in the marketplace for quality, innovation, and performance.

73.     Brooks Brothers' unauthorized use in commerce of the BROOKS mark claimed in the ITU Application and its BROOKS BROTHERS marks used in connection

COMPLAINT - 25

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

with athletic footwear (collectively, the "Infringing Marks") as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Brooks Brothers' athletic footwear, sports bags and retail store and online store services for clothing and sporting goods. Brooks Brothers' unauthorized use is likely to cause consumers to believe, contrary to fact, that Brooks Brothers' athletic footwear, sports bags and retail store and online store services for clothing and sporting goods are sold, authorized, endorsed, or sponsored by Brooks, or that Brooks Brothers is in some way affiliated with or sponsored by Brooks. Moreover, Brooks has prior rights in the Brooks Marks in connection with athletic footwear, apparel and accessories as alleged herein. Brooks Brothers' conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

74. Upon information and belief, Brooks Brothers has committed the foregoing acts of infringement with full knowledge of Brooks' prior rights in the Brooks Marks and with the willful intent to cause confusion and trade on Brooks' goodwill.

75. Brooks Brothers' conduct threatens to cause and is causing immediate and irreparable harm and injury to Brooks, and to its goodwill and reputation, and will and continue to both damage Brooks and confuse the public unless enjoined by this court. Brooks has no adequate remedy at law.

76. Brooks is entitled to, among other relief, injunctive relief and an award of actual damages, Brooks Brothers' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

77. Brooks Brothers' continued and threatened use of the Infringing Marks despite its awareness of the Brooks Marks and that it is causing and will cause confusion is extraordinary.

COMPLAINT - 26

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\135106\250279\WFA\27305326.1

## B.     FEDERAL UNFAIR COMPETITION

78.     Brooks repeats and realleges paragraphs 1 through 77 hereof, as if fully set forth herein.

79.     Brooks Brothers' unauthorized use in commerce of the Infringing Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of its athletic footwear, sports bags and retail store and online store services for clothing and sporting goods, and is likely to cause consumers to believe, contrary to fact, that Brooks Brothers' athletic footwear, sports bags and retail store and online store services for clothing and sporting goods are sold, authorized, endorsed, or sponsored by Brooks, or that Brooks Brothers is in some way affiliated with or sponsored by Brooks.

80.     Brooks Brothers' unauthorized use in commerce of the Infringing Marks as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

81.     Upon information and belief, Brooks Brothers' conduct as alleged herein is willful and is intended to and likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Brooks Brothers with Brooks.

82.     Brooks Brothers' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

83.     Brooks Brothers' conduct threatens to cause and is causing immediate and irreparable harm and injury to Brooks, and to its goodwill and reputation, and will continue to both damage Brooks and confuse the public unless enjoined by this court.  Brooks has no adequate remedy at law.

84.     Brooks Brothers' continued and threatened use of the Infringing Marks despite its awareness of Brooks' Brooks Marks and the harm and confusion that it is causing and will cause is extraordinary.

COMPLAINT - 27

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\135106\250279\WFA\27305326.1

85.     Brooks is entitled to, among other relief, injunctive relief and an award of actual damages, Brooks Brothers' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## C.     FEDERAL TRADEMARK DILUTION

86.     Brooks repeats and realleges paragraphs 1 through 85 hereof, as if fully set forth herein.

87.     Brooks' Brooks Marks are distinctive and "famous marks" within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

88.     Brooks' Brooks Marks became distinctive and famous before Brooks Brothers' acts as alleged herein.

89.     Brooks Brothers' acts as alleged herein have diluted and will, unless enjoined, continue to dilute and are likely to dilute the distinctive quality of Brooks' famous Brooks Marks.

90.     Brooks Brothers' acts as alleged herein have tarnished and will, unless enjoined, continue to tarnish, and are likely to tarnish Brooks' Brooks Marks by undermining and damaging the valuable goodwill associated therewith.

91.     Brooks Brothers' acts as alleged herein are intentional and willful in violation of Section 43(c)(1) of the Lanham Act, 15 U.S.C. § 1125(c)(1), and have already caused Brooks irreparable damage and will, unless enjoined, damage and continue to so damage Brooks, which has no adequate remedy at law.

92.     Brooks is entitled to, among other relief, injunctive relief and an award of actual damages, Brooks Brothers' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

COMPLAINT - 28

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

93.     Brooks Brothers' continued and threatened use of the Infringing Marks despite its awareness of Brooks' Brooks Marks and the harm and confusion that it is causing and will cause is extraordinary.

### D.     TRADE DRESS INFRINGEMENT

94.     Brooks repeats and realleges paragraphs 1 through 93 hereof, as if fully set forth herein.

95.     Brooks' Heritage Collection shoes feature Brooks' classic athletic styles ("Heritage Collection"). *See* Fig. X. The Heritage Collection is based on Brooks' famous Vanguard silhouette, which Brooks has been known for as early as 1977.



96.     Brooks' Heritage Collection features the following distinctive elements: (a) a sleek running inspired design; (b) a rubber outsole below a foam midsole extending up to the front of the toe box; (c) the sole curving up towards the toe; (d) a prominently raised heel tab; (e) a leather heel tab on fabric upper; (f) a heel cup wrapped in additional fabric; (g) a lace guard with a rounded bottom; and (h) the lace guard, heel cup and toe cap in a different shade but same color as the upper (collectively, the "Heritage Trade Dress")

97.     Brooks Brothers produces, markets, distributes, offers for sale and sells a shoe that it calls the "Sporty Sneaker" that imitates every element of the Heritage Trade Dress (as shown in Fig. X below).

COMPLAINT - 29

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\135106\250279\WFA\27305326.1

**FIG. X.**

| Brooks' Heritage Collection Footwear | Brooks Brothers' Sporty Sneaker |
|---|---|

 

| Heritage Trade Dress | Sporty Sneaker |
|---|---|
| Sleek running inspired design | same |
| Rubber outsole below a foam midsole extending up to the front of the toe box | same |
| Sole curving up towards the toe | same |
| Prominently raised heel tab | same |
| Leather heel tab on fabric upper | same |
| Heel cup covered with additional fabric | same |
| Lace guard featuring a rounded bottom | same |
| Lace guard, heel cup and toe cap in a different shade but same color as the upper | same |

COMPLAINT - 30

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

98.     The similarities described above show that Brooks Brothers intends the Sporty Sneaker to be a confusingly similar imitation of Brooks' Heritage Collection shoes.  The Sporty Sneaker is similar to, and competes with, footwear sold by Brooks, and the parties' respective footwear is sold through overlapping channels of trade.  The likelihood of confusion is increased by Brooks Brothers' use of a BROOKS formative mark in connection with the Sporty Sneaker.

99.     Brooks Brothers' unauthorized use in commerce of the Heritage Trade Dress as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of its Sporty Sneakers, and is likely to cause consumers to believe, contrary to fact, that Brooks Brothers' Sporty Sneakers are sold, authorized, endorsed, or sponsored by Brooks, or that Brooks Brothers is in some way affiliated with or sponsored by Brooks.

100.     Brooks Brothers' unauthorized use in commerce of the Heritage Trade Dress as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

101.     Upon information and belief, Brooks Brothers' conduct as alleged herein is willful and is intended to and likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Brooks Brothers with Brooks.

102.     Brooks Brothers' conduct threatens to cause and is causing immediate and irreparable harm and injury to Brooks, and to its goodwill and reputation, and will and continue to both damage Brooks and confuse the public unless enjoined by this court.  Brooks has no adequate remedy at law.

103.     Brooks Brothers' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

104.     Brooks is entitled to, among other relief, injunctive relief and an award of actual damages, Brooks Brothers' profits, enhanced damages and profits, reasonable

COMPLAINT - 31

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\135106\250279\WFA\27305326.1

attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

### E. UNFAIR COMPETITION UNDER RCW § 19.86.020

105.    Brooks repeats and realleges paragraphs 1 through 104 hereof, as if fully set forth herein.

106.    Brooks Brothers' unfair and deceptive practices have directly and proximately injured Brooks, including causing injury to Brooks' business and property.

107.    Brooks Brothers' unfair and deceptive practices have negatively affected and injured the public interest.

108.    Brooks Brothers' conduct as alleged herein constitutes unfair competition in violation of Washington's Consumer Protection Act, RCW 19.86.020.

109.    Brooks Brothers' conduct threatens to cause and is causing immediate and irreparable harm and injury to Brooks, and to its goodwill and reputation, and will and continue to both damage Brooks and confuse the public unless enjoined by this court. Brooks has no adequate remedy at law.

110.    Brooks is entitled to, among other relief, injunctive relief and an award of actual damages, Brooks Brothers' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action, and an increased award of up to three times its actual damages under RCW 19.86.090, together with prejudgment and post-judgment interest.

### F. TRADEMARK DILUTION UNDER RCW § 19.77.160

111.    Brooks repeats and realleges paragraphs 1 through 110 hereof, as if fully set forth herein.

112.    Brooks owns common law trademark rights in its Brooks Marks and all such rights owned by Brooks are superior to any rights that Brooks Brothers may claim to have in the mark.

COMPLAINT - 32

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

113.     Due to over 100 years of use, and as evidenced by Brooks' impressive commercial success and industry praise of Brooks' goods and services, Brooks' Brooks Marks are famous and distinctive in the state of Washington and have been for many years prior to Brooks Brothers' first sale of any goods or services similar to those offered by Brooks under its Brooks Marks.

114.     Brooks Brothers' acts as alleged herein are intentional and willful in violation of RCW § 19.77.160, and have already caused Brooks irreparable damage and will, unless enjoined, damage and continue to so damage Brooks, which has no adequate remedy at law.

115.     Brooks is entitled to, among other relief, injunctive relief under RCW § 19.77.160.

## G.     TRADEMARK INFRINGEMENT UNDER WASHINGTON STATE COMMON LAW

116.     Brooks repeats and realleges paragraphs 1 through 115 hereof, as if fully set forth herein.

117.     Brooks owns common law trademark rights in its Brooks Marks and the Heritage Trade Dress and all such rights owned by Brooks are superior to any rights that Brooks Brothers may claim to have in the mark.

118.     Brooks Brothers' unauthorized use of the Brooks Marks and the Heritage Trade Dress in commerce to advertise and offer goods or services similar to Brooks' goods and services is likely to cause, has caused, and will continue to cause a likelihood of confusion and deception with Brooks' Brooks Marks, or cause confusion, mistake or deception as to the origin of Brooks Brothers' goods and services.

119.     Brooks Brothers' acts as alleged herein are intentional and willful in violation of Brooks' common law trademark rights under Washington state common law and RCW 19.77.900.

COMPLAINT - 33

120.     Brooks is entitled to, among other relief, injunctive relief and its actual damages under common law.

### H.     BREACH OF CONTRACT

121.     Brooks repeats and realleges paragraphs 1 through 120 hereof, as if fully set forth herein.

122.     Brooks Brothers breached Section (1) of the Settlement Agreement when it filed Opposition No. 91,243,962 objecting to Brooks' registration of the trademark BROOKS in connection with athletic footwear.

123.     Brooks Brothers breached the implied covenants in the Settlement Agreement by filing U.S. Application Serial No. 88/742,542 for the mark BROOKS in connection with all-purpose sport bags and retail store services and online store services featuring clothing and sporting goods.

124.      Brooks is entitled to, among other relief, injunctive relief and its actual damages, together with the costs and expenses, including reasonable attorneys' fees, sustained during Brooks' defense of Opposition No. 91,243,962 and enforcement of the Settlement Agreement.

### V.     DEMAND FOR JURY TRIAL

125.     Pursuant to Fed. R. Civ. P. 38(b), Brooks requests a trial by jury on all issues.

### VI.     PRAYER FOR RELIEF

WHEREFORE, Brooks requests judgment against Brooks Brothers as follows:

1.     That Brooks Brothers has violated Section 32 of the Lanham Act (15 U.S.C. § 1114); Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

2.     That Brooks Brothers has violated RCW 19.86.020; RCW § 19.77.160; and RCW 19.77.900.

COMPLAINT - 34

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\135106\250279\WFA\27305326.1

3.      That Brooks Brothers committed Washington state common law trademark infringement and unfair competition.

4.      That Brooks Brothers breached the Settlement Agreement.

5.      Declaring that Brooks has the sole and exclusive right to use the term "BROOKS" as a trademark or servicemark in connection with athletic and athletic-related footwear, apparel, accessories, and equipment, and retail store and online store services for the sale of the same.

6.      Granting an injunction permanently enjoining Brooks Brothers, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, contractors, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

a.  manufacturing, distributing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute, sell, market, advertise or promote athletic footwear, apparel and accessories bearing the mark BROOKS or any other mark, including Brooks-formative marks and the Heritage Trade Dress, that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Brooks' Brooks Marks;

b.  engaging in any activity that infringes Brooks' rights in its Brooks Marks and the Heritage Trade Dress;

c.  engaging in any activity constituting unfair competition with Brooks;

d.  engaging in any activity that is likely to dilute the distinctiveness of Brooks' Brooks Marks and the Heritage Trade Dress;

e.  making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Brooks Brothers' goods and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by

COMPLAINT - 35

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

or associated, affiliated, or otherwise connected with Brooks or (ii) Brooks' goods and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Brooks Brothers;

f. using or authorizing any third-party to any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Brooks or tend to do so;

g. selling, offering to sell, distributing, advertising, marketing or manufacturing the Sporty Sneakers as presently designed and/or using any Brooks-formative mark;

h. registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark Brooks, including Brooks-formative marks, or any other mark that infringes or is likely to be confused with the Brooks Marks, or any goods or services of Brooks, or Brooks as their source; and

i. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (h).

7.    Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Brooks Brothers are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Brooks or constitute or are connected with Brooks' goods and services.

8.    Ordering that Brooks Brothers recall and destroy all athletic footwear, apparel and accessories, and related advertisements, promotions, signs, displays, and other materials incorporating or bearing the mark BROOKS or the Heritage Trade Dress or any other mark

COMPLAINT - 36

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

that is a counterfeit, copy, confusingly similar variation, or colorable imitation of Brooks'
Brooks Marks or the Heritage Trade Dress.

9.    Ordering Brooks Brothers to formally abandon with prejudice any and all of
its applications to register and registrations for the mark BROOKS, BROOKS-formative
marks and any mark consisting of, incorporating, or containing Brooks' Brooks Marks or any
counterfeit, copy, confusingly similar variation, or colorable imitation thereof in connection
with activewear and athletic footwear, apparel and accessories on any state or federal
trademark registry, including, without limitation, U.S. Application Serial Nos. 88/742,542
for BROOKS, 87/562,491 for BROOKSTECH and 88/643,092 for BROOKSFLEX, and
U.S. Registration Nos. 5,823,029 for BROOKSCLOUD, 4,142,789 for BROOKSCOOL,
3,009,280 for BROOKSSTORM, 2,498,929 for BROOKS STRETCH.

10.    Ordering Brooks Brothers to withdraw with prejudice Opposition No.
91,243,962 against U.S. Application Serial No. 87/804,267.

11.    Ordering, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)),
Brooks Brothers to file with the court and serve upon Brooks' counsel within thirty (30) days
after service on Brooks Brothers of an injunction in this action, or such extended period as
the court may direct, a report in writing under oath, setting forth in detail the manner and
form in which Brooks Brothers has complied therewith.

12.    Ordering corrective advertisements in a form approved by the Court that
informs the public of the violations of the law as Brooks may prove, and to ameliorate the
false and deceptive impressions produced by such violations.

13.    Awarding Brooks an amount up to three times the amount of its actual
damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

14.    Ordering that Brooks Brothers account to and pay over to Brooks all profits
realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C.
§ 1117(a)), enhanced as appropriate to compensate Brooks for the damages caused thereby.

COMPLAINT - 37

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\135106\250279\WFA\27305326.1

15.    Awarding Brooks punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

16.    Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Brooks its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

17.    Awarding Brooks its actual damages sustained, its costs and expenses, including reasonable attorney's fees, and treble damages under RCW 19.86.090.

18.    Declaring that the Settlement Agreement is terminated and Brooks is excused from all further performance thereunder.

19.    Awarding Brooks injunctive relief and its actual damages, together with the costs and expenses, including reasonable attorneys' fees, sustained from Brooks' defense of Opposition No. 91,243,962 and enforcement of the Settlement Agreement.

20.    Awarding Brooks interest, including prejudgment and post-judgment interest, on the foregoing sums.

21.    Awarding such other and further relief as the Court deems just and proper.


Dated this 10th day of February, 2020.

SCHWABE, WILLIAMSON & WYATT, P.C.


By:    /s/ William F. Abrams
       William F. Abrams, WSBA #54900
       Email:  wabrams@schwabe.com
       Nika Aldrich, WSBA #48473
       Email:  naldrich@schwabe.com
       Balazs Takacs, (*pro hac vice pending*)
       Email:  btakacs@schwabe.com
       Schwabe, Williamson &Wyatt PC
       1420 5th Avenue, Suite 3400
       Seattle, WA  98101-4010
       Telephone: 206-622-1711

       *Attorneys for Brooks Sports, Inc.*

COMPLAINT - 38

PDX\135106\250279\WFA\27305326.1

# Exhibit B

1                               THE HONORABLE THOMAS S. ZILLY

2

3

4

5

6

7                       UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF WASHINGTON
8                             AT SEATTLE

9  BROOKS SPORTS, INC., a Washington     )
   corporation,                      )
10                            )    Case No. 2:20-cv-00207-TSZ
                  Plaintiff,     )
11                          )    **BROOKS BROTHERS GROUP,**
       v.                    )    **INC.'S ANSWER, DEFENSES, AND**
12                        )    **COUNTERCLAIMS**
   BROOKS BROTHERS GROUP, INC., a   )
13  Delaware corporation,             )    **JURY DEMAND**
                         )
14                     Defendant.   )
   _____)
15

16         Brooks Brothers Group, Inc. ("Brooks Brothers"), by and through its attorneys, Lane

Powell and Hodgson Russ LLP (*pro hac vice* pending), for its Answer to the Complaint of Brooks
17
Sports, Inc. ("Brooks Sports") and for its Defenses and Counterclaims, states as follows:
18
        1.       Brooks Brothers acknowledges that Brooks Sports has filed a trademark
19
infringement lawsuit, denies that the lawsuit has any merit, and denies the remaining allegations
20
in that paragraph. Brooks Brothers also states that many of the claims asserted in this lawsuit are
21
precluded by the parties' 1980 settlement agreement.
22
        2.       Brooks Brothers denies the allegations in paragraph 2.
23
        3.       With respect to the allegations in paragraph 3, Brooks Brothers admits that it
24
entered into an agreement with Brooks Sports in 1980, states that the 1980 agreement precludes
25
Brooks Sports' lawsuit (as explained further below), and denies the remaining allegations in that
26
paragraph.
27

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

133100.0001/7985435.2

1    4.      Brooks Brothers denies the allegations in paragraph 4.

2    5.      Brooks Brothers denies the allegations in paragraph 5.

6.      With respect to the allegations in paragraph 6, Brooks Brothers admits that it filed a trademark application on or about December 30, 2019, states that the trademark application speaks for itself, states that Brooks Sports has misrepresented the content of that trademark application, and denies the remaining allegations in that paragraph.

7.      Brooks Brothers denies the allegations in paragraph 7.

8.      Brooks Brothers denies the allegations in paragraph 8.

9.      Brooks Brothers denies the allegations in paragraph 9.

10.      With respect to the allegations in paragraph 10, Brooks Brothers acknowledges that Brooks Sports has asserted claims for trademark infringement, unfair competition, and dilution under the Lanham Act, and claims under the common laws of Washington, denies that the claims have any merit, and denies the remaining allegations in that paragraph.

11.      With respect to the allegations in paragraph 11, Brooks Brothers acknowledges that Brooks Sports seeks injunctive and monetary relief, denies that Brooks Sports is entitled to any such relief, and denies the remaining allegations in that paragraph.

12.      Brooks Brothers repeats its responses to the allegations incorporated by reference in paragraph 12 of the Complaint.

13.      With respect to the allegations in paragraph 13, Brooks Brothers denies knowledge and information sufficient to form a belief as to the truth of Brooks Sports' allegations regarding its state of incorporation and principal place of business, and denies the remaining allegations in that paragraph.

14.      With respect to the allegations in paragraph 14, Brooks Brothers admits that it is a Delaware corporation and that it sells clothing, apparel, and other items throughout the United States under federally-registered trademarks (many of which are incontestable), and denies the remaining allegations in that paragraph.

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 2

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

133100.0001/7985435.2

15.     Brooks Brothers repeats its responses to the allegations incorporated by reference in paragraph 15 of the Complaint.

16.     Brooks Brothers lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 16, and therefore, Brooks Brothers denies the allegations.

17.     Brooks Brothers denies the allegations in paragraph 17.

18.     Brooks Brothers denies the allegations in paragraph 18.

19.     Brooks Brothers lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 19, and therefore, Brooks Brothers denies the allegations.

20.     Brooks Brothers lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 20, and therefore, Brooks Brothers denies the allegations.

21.     Brooks Brothers lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 21, and therefore, Brooks Brothers denies the allegations.

22.     Brooks Brothers lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 22, and therefore, Brooks Brothers denies the allegations.

23.     Brooks Brothers lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 23, and therefore, Brooks Brothers denies the allegations.

24.     Brooks Brothers lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 24, and therefore, Brooks Brothers denies the allegations.

25.     Brooks Brothers denies the allegations in paragraph 25.

26.     Brooks Brothers denies the allegations in paragraph 26.

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 3

133100.0001/7985435.2

27.     With respect to the allegations in paragraph 27, Brooks Brothers admits that it sells certain products through a website located at www.brooksbrothers.com, and denies the remaining allegations in that paragraph.

28.     With respect to the allegations in paragraph 28, Brooks Brothers admits that it sells goods in retail stores in various States under federally-registered trademarks, admits that it maintains retail stores in Washington, and denies the remaining allegations in that paragraph.

29.     With respect to the allegations in paragraph 29, Brooks Brothers admits that it markets and advertises certain products to consumers in Washington, and denies the remaining allegations in that paragraph.

30.     With respect to the allegations in paragraph 30, Brooks Brothers admits that it sells certain products to third-party retail stores in Washington, and denies the remaining allegations in that paragraph.

31.     Brooks Brothers denies the allegations in paragraph 31.

32.     With respect to the allegations in paragraph 32, Brooks Brothers admits that Brooks Sports has only sold athletic-related goods, and denies the remaining allegations in that paragraph.

33.     With respect to the allegations in paragraph 33, Brooks Brothers admits that it has not, and does not, use the term BROOKS as a trademark on athletic footwear, and denies the remaining allegations in that paragraph.

34.     With respect to the allegations in paragraph 34, Brooks Brothers admits that Brooks Brothers and Brooks Sports coexisted for an extended period, states that the parties coexisted for a certain period under a 1980 coexistence settlement agreement, and denies the remaining allegations in that paragraph.

35.     With respect to the allegations in paragraph 35, Brooks Brothers admits that this lawsuit does not present the first dispute between Brooks Brothers and Brooks Sports concerning Brooks Sports' breaches of the 1980 agreement and Brooks Sports' trademark infringement, and denies the remaining allegations in that paragraph.

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 4

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

133100.0001/7985435.2

36.     With respect to the allegations in paragraph 36, Brooks Brothers admits that it filed an opposition action in the United States Patent and Trademark Office (the "USPTO") against a Brooks Sports' trademark application for the mark BROOKS in connection with athletic shoes, and denies the remaining allegations in that paragraph.

37.     With respect to the allegations in paragraph 37, Brooks Brothers admits that, on or about January 16, 1980, Brooks Brothers and Brooks Sports entered into a settlement agreement that resolved Opposition No. 91,060,319, admits that the 1980 settlement agreement is of indefinite duration, states that Brooks Sports has willfully breached that agreement (as discussed in detail below), and denies the remaining allegations in that paragraph.

38.     With respect to the allegations in paragraph 38, Brooks Brothers states that the 1980 settlement agreement speaks for itself, and denies the remaining allegations in that paragraph.

39.     With respect to the allegations in paragraph 39, Brooks Brothers states that the 1980 settlement agreement speaks for itself, and denies any allegations that are contrary to the 1980 settlement agreement.

40.     With respect to the allegations in paragraph 40, Brooks Brothers states that the 1980 settlement agreement speaks for itself, and denies the remaining allegations in that paragraph.

41.     Brooks Brothers denies the allegations in paragraph 41.

42.     With respect to the allegations in paragraph 42, Brooks Brothers admits that Brooks Brothers and Brooks Sports attempted to resolve their dispute concerning Brooks Brothers' Opposition No. 91,243,962, and denies the remaining allegations in that paragraph.

43.     Brooks Brothers admits the allegations in paragraph 43.

44.     Brooks Brothers denies the allegations in paragraph 44.

45.     Brooks Brothers denies the allegations in paragraph 45.

46.     Brooks Brothers denies the allegations in paragraph 46.

47.     Brooks Brothers denies the allegations in paragraph 47.

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 5

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

48.     With respect to the allegations in paragraph 48, Brooks Brothers admits that it filed Trademark Application No. 88/742,542, states that the application speaks for itself, and denies the remaining allegations in that paragraph.

49.     With respect to the allegations in paragraph 49, Brooks Brothers states that Application No. 88,742,542 speaks for itself, and denies the remaining allegations in that paragraph.

50.     With respect to the allegations in paragraph 50, Brooks Brothers admits that it has filed BROOKS-formative federal trademark applications, states that those trademark applications speak for themselves, and denies the remaining allegations in that paragraph.

51.     Brooks Brothers denies the allegations in paragraph 51.

52.     Brooks Brothers denies the allegations in paragraph 52.

53.     Brooks Brothers denies the allegations in paragraph 53.

54.     Brooks Brothers denies the allegations in paragraph 54.

55.     Brooks Brothers repeats its responses to the allegations incorporated by reference in paragraph 55 of the Complaint.

56.     Brooks Brothers lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 56, and therefore, Brooks Brothers denies the allegations.

57.     The allegations in paragraph 57 are legal conclusions to which no response is required, and to the extent that a response is required, Brooks Brothers denies the allegations.

58.     The allegations in paragraph 58 are legal conclusions to which no response is required, and to the extent that a response is required, Brooks Brothers denies the allegations.

59.     Brooks Brothers denies the allegations in paragraph 59.

60.     Brooks Brothers admits the allegations in paragraph 60.

61.     Brooks Brothers denies the allegations in paragraph 61.

62.     With respect to the allegations in paragraph 62, Brooks Brothers states that its trademark application speaks for itself, and denies the remaining allegations in that paragraph.

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 6

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

133100.0001/7985435.2

63. Brooks Brothers denies the allegations in paragraph 63.

64. Brooks Brothers denies the allegations in paragraph 64.

65. The allegations in paragraph 65 are legal conclusions to which no response is required, and to the extent that a response is required, Brooks Brothers denies the allegations.

66. Brooks Brothers lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 66, and therefore, Brooks Brothers denies the allegations.

67. Brooks Brothers lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 67, and therefore, Brooks Brothers denies the allegations.

68. Brooks Brothers lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 68, and therefore, Brooks Brothers denies the allegations.

69. Brooks Brothers lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 69, and therefore, Brooks Brothers denies the allegations.

70. Brooks Brothers denies the allegations in paragraph 70.

71. Brooks Brothers repeats its responses to the allegations incorporated by reference in paragraph 71 of the Complaint.

72. Brooks Brothers denies the allegations in paragraph 72.

73. Brooks Brothers denies the allegations in paragraph 73.

74. Brooks Brothers denies the allegations in paragraph 74.

75. Brooks Brothers denies the allegations in paragraph 75.

76. Brooks Brothers denies the allegations in paragraph 76.

77. Brooks Brothers denies the allegations in paragraph 77.

78. Brooks Brothers repeats its responses to the allegations incorporated by reference in paragraph 78 of the Complaint.

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 7

133100.0001/7985435.2

79.     Brooks Brothers denies the allegations in paragraph 79.

80.     Brooks Brothers denies the allegations in paragraph 80.

81.     Brooks Brothers denies the allegations in paragraph 81.

82.     Brooks Brothers denies the allegations in paragraph 82.

83.     Brooks Brothers denies the allegations in paragraph 83.

84.     Brooks Brothers denies the allegations in paragraph 84.

85.     Brooks Brothers denies the allegations in paragraph 85.

86.     Brooks Brothers repeats its responses to the allegations incorporated by reference in paragraph 86 of the Complaint.

87.     Brooks Brothers denies the allegations in paragraph 87.

88.     Brooks Brothers denies the allegations in paragraph 88.

89.     Brooks Brothers denies the allegations in paragraph 89.

90.     Brooks Brothers denies the allegations in paragraph 90.

91.     Brooks Brothers denies the allegations in paragraph 91.

92.     Brooks Brothers denies the allegations in paragraph 92.

93.     Brooks Brothers denies the allegations in paragraph 93.

94.     Brothers repeats its responses to the allegations incorporated by reference in paragraph 94 of the Complaint.

95.     Brooks Brothers denies the allegations in paragraph 95.

96.     Brooks Brothers denies the allegations in paragraph 96.

97.     Brooks Brothers denies the allegations in paragraph 97.

98.     Brooks Brothers denies the allegations in paragraph 98.

99.     Brooks Brothers denies the allegations in paragraph 99.

100.    Brooks Brothers denies the allegations in paragraph 100.

101.    Brooks Brothers denies the allegations in paragraph 101.

102.    Brooks Brothers denies the allegations in paragraph 102.

103.    Brooks Brothers denies the allegations in paragraph 103.

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 8

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

133100.0001/7985435.2

104.     Brooks Brothers denies the allegations in paragraph 104.

105.     Brooks Brothers repeats its responses to the allegations incorporated by reference in paragraph 105 of the Complaint.

106.     Brooks Brothers denies the allegations in paragraph 106.

107.     Brooks Brothers denies the allegations in paragraph 107.

108.     Brooks Brothers denies the allegations in paragraph 108.

109.     Brooks Brothers denies the allegations in paragraph 109.

110.     Brooks Brothers denies the allegations in paragraph 110.

111.     Brooks Brothers repeats its responses to the allegations incorporated by reference in paragraph 111 of the Complaint.

112.     Brooks Brothers denies the allegations in paragraph 112.

113.     Brooks Brothers denies the allegations in paragraph 113.

114.     Brooks Brothers denies the allegations in paragraph 114.

115.     Brooks Brothers denies the allegations in paragraph 115.

116.     Brooks Brothers repeats its responses to the allegations incorporated by reference in paragraph 116 of the Complaint.

117.     Brooks Brothers denies the allegations in paragraph 117.

118.     Brooks Brothers denies the allegations in paragraph 118.

119.     Brooks Brothers denies the allegations in paragraph 119.

120.     Brooks Brothers denies the allegations in paragraph 120.

121.     Brooks Brothers repeats its responses to the allegations incorporated by reference in paragraph 121 of the Complaint.

122.     Brooks Brothers denies the allegations in paragraph 122.

123.     Brooks Brothers denies the allegations in paragraph 123.

124.     Brooks Brothers denies the allegations in paragraph 124.

125.     Brooks Brothers denies each and every allegation not specifically addressed in the preceding paragraphs of this Answer.

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 9

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

## DEFENSES

### First Defense

126.     Brooks Sports' Complaint fails to state a claim upon which relief can be granted.

### Second Defense

127.     Brooks Sports' claims are barred by the parties' 1980 settlement agreement.

### Third Defense

128.     Brooks Sports' claims are barred because Brooks Sports breached the parties' 1980 settlement agreement.

### Fourth Defense

129.     Brooks Sports' claims are moot and present no justiciable claim.

### Fifth Defense

130.     Brooks Brothers' filing of trademark applications does not constitute trademark use or infringement and does not create a justiciable controversy.  Brooks Brothers' alleged intent to use trademark applications does not constitute trademark use or infringement and does not create a justiciable controversy.

### Sixth Defense

131.     Brooks Sports' claims are barred by the doctrines of waiver, laches, and estoppel. Brooks Sports is estopped from pursuing its claims under the parties' 1980 settlement agreement.

### Seventh Defense

132.     Brooks Sports' claims are barred, in whole in part, by the doctrine of unclean hands.

### Eighth Defense

133.     Brooks Sports has failed to mitigate its alleged damages, if any.

### Ninth Defense

134.     Brooks Sports' purported "Heritage Trade Tress" has not acquired any secondary meaning, and therefore, it is unregistrable, invalid, and unprotectable.

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 10

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

133100.0001/7985435.2

1

**Tenth Defense**

2      135.    Brooks Sports cannot show that the "Heritage Trade Dress" acquired secondary

3   meaning prior to any allegedly infringing use by Brooks Brothers.

4

**Eleventh Defense**

5      136.    Any prior use by Brooks Sports of the alleged "Heritage Trade Dress" was not

6   substantially exclusive.

7

**Twelfth Defense**

8      137.    Brooks Sports' purported "Heritage Trade Dress" is unregistrable, invalid, and

9   unprotectable under the doctrine of utilitarian functionality.

10

**Thirteenth Defense**

11      138.    The accused Brooks Brothers footwear is not substantially similar to the "Heritage

12   Trade Dress."

13

**Fourteenth Defense**

14      139.    There is no likelihood of confusion between Brooks Sports purported trade dress

15   and the accused footwear products.

16

**Fifteenth Defense**

17      140.    Brooks Brothers' actions in the alleged Complaint were innocent and

18   non-willful.

19

**Sixteenth Defense**

20      141.    Except with respect to athletic footwear, the BROOKS word mark is primarily

21   merely a surname and has not acquired any secondary meaning that can be claimed by Brooks

22   Sports.

23

**Seventeenth Defense**

24      142.    Except with respect to athletic footwear, the BROOKS word mark is

25   unregistrable, invalid, and unprotectable to Brooks Sports.

26

27

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 11

133100.0001/7985435.2

**Eighteenth Defense**

143.    Brooks Sports is not entitled to injunctive relief because any alleged injury to Brooks Sports is not immediate or irreparable, and Brooks Sports has an adequate remedy at law.

**Nineteenth Defense**

144.    Brooks Sports' claims are barred because Brooks Brothers has trademark priority.

**Twentieth Defense**

145.    Brooks Sports' claims are barred because Brooks Brothers is the owner of prior BROOKS and BROOKS-formative registrations, as set forth on Exhibit 1, and many of the prior registrations are incontestable.

**Twenty-first Defense**

146.    Brooks Sports' alleged trademarks are not famous or distinctive, and as a result, Brooks Sports' dilution and tarnishment claims are barred.

**RESERVATION OF RIGHTS**

147.    Brooks Brothers reserves its right to assert other defenses as they may become available or apparent during the course of discovery.

**COUNTERCLAIMS**

**Overview of the Action**

148.    This dispute arises out of Brooks Sports' bad-faith breach of a long-standing coexistence agreement with Brooks Brothers and Brooks Sports' willful infringement of Brooks Brothers' trademark rights.

149.    Brooks Brothers is an iconic brand founded in 1818.  It is the oldest apparel company in the United States and a world-renowned fashion innovator.  While famous for its clothing offerings and related retail services, Brooks Brothers is also well-known as a lifestyle brand, which markets and sells footwear, eyewear, bags, jewelry, watches, sports articles, games, personal care items, tableware, fragrances, bedding, linens, food items, beverages, and more.

150.    Brooks Brothers started using the trademark BROOKS BROTHERS on its clothing and in connection with retail services as early as 1854.  Brooks Brothers owns numerous

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 12

133100.0001/7985435.2

trademark registrations in the United States Patent and Trademark Office ("USPTO") that are comprised of BROOKS BROTHERS or BROOKS for various goods and services—the earliest of which registered in 1915 for a myriad of clothing articles and footwear. Brooks Brothers has long been known by consumers as BROOKS as a result of the company's marketing campaigns that refer to the brand as BROOKS. Brooks Brothers has reinforced this branding message through its use of the BROOKS BROTHERS trademark and its numerous BROOKS-formative marks.

151. Brooks Sports, formerly known as "BRUXSHU" and "Brooks Shoe," sells only running shoes and clothing used in the sport of running. Its ecommerce site, www.brooksrunning.com, is dedicated solely to footwear and running apparel. Upon information and belief, Brooks Sports first started selling running shoes in the 1970s—over a century after Brooks Brothers' adoption and use of the BROOKS BROTHERS mark, and about sixty years after the first BROOKS BROTHERS trademark registration for clothing and footwear.

152. In 1977, Brooks Sports filed its first trademark application with the USPTO. Brooks Sports sought protection for the word BROOKS alone (not joined with another word or symbol) in connection with athletic shoes. Brooks Brothers opposed that application before the Trademark Trial and Appeal Board ("TTAB") based on its numerous preexisting BROOKS-formative registrations.

153. To resolve the dispute before TTAB and to memorialize an understanding on coexisting trademark use and filings, the parties entered into a settlement agreement in 1980 (the "1980 Agreement"), which is attached as Exhibit 2.

154. One of the principal objectives of the 1980 Agreement was to govern the parties' use of the word BROOKS alone. To that end, under the 1980 Agreement, the parties agreed to the following principal terms:

> (a) Brooks Brothers would not object to Brooks Sports' use or registration of the word BROOKS, as a stand-alone mark, solely in connection with athletic

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 13

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

133100.0001/7985435.2

shoes. Brooks Sports would only use or apply for a stand-alone BROOKS word mark in connection with athletic shoes. *See, e.g.*, Ex. 2 ¶ 1.

(b)     Brooks Sports would not object to Brooks Brothers' use or registration of BROOKS, as a stand-alone mark, in connection with clothing and footwear not classified as athletic shoes. *See, e.g.*, Ex. 2 ¶ 2.

(c)     Brooks Sports could use or seek to register the word BROOKS in connection with certain athletic clothing, but *only if* Brooks Sports closely joined that word with another word or symbol (*i.e.*, if it used BROOKS within a composite mark). *See, e.g.*, Ex. 2 ¶ 3.

(d)     Brooks Sports would abide by specific use parameters designed to ensure that the word BROOKS would not be featured by Brooks Sports as a stand-alone mark. *See, e.g.*, Ex. 2 ¶ 3.

155.     In 2018 and 2020, Brooks Sports willfully breached the 1980 Agreement by filing trademark applications for the word mark BROOKS alone, without joining any symbol or other word, to be used in connection with athletic clothing. Brooks Sports also breached the 1980 Agreement by offering for sale and selling clothing emblazoned with the mark BROOKS, without a symbol or second term (the "Breaching Goods").

156.     For nearly two years, Brooks Brothers tried to resolve the dispute in good faith and requested Brooks Sports' compliance with the 1980 Agreement. But Brooks Sports refused to honor its contract.

157.     Brooks Sports then filed this preemptive lawsuit, which constitutes yet another breach of the 1980 Agreement. In its Complaint, Brooks Sports seeks to prevent Brooks Brothers from using the word BROOKS in connection with the sale of athletic clothing and apparel (Complaint ¶¶ 48-52), even though Brooks Sports expressly agreed in paragraph 2 of the 1980 Agreement that it would "not object to the use and registration by BROOKS BROTHERS for the entire world of the Trademark or Service Mark BROOKS or BROOKS BROTHERS in connection with services related to the sale of *clothing* . . . ." *See* Ex. 2 ¶ 2 (emphasis added).

158.     As a result, Brooks Brothers now seeks relief in this Court to remedy Brooks Sports' breach and trademark infringement and to prevent further harm.

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 14

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

133100.0001/7985435.2

The Parties and Jurisdiction

159.    Brooks Brothers (the successor-in-interest to Garfinckel, Brooks Brothers, Miller & Rhoads, Inc.) is a Delaware Corporation with a principal place of business in New York, New York.  Brooks Brothers markets and sells lifestyle goods and apparel, including, but not limited to, clothing, footwear, eyewear, bags, jewelry, watches, sports articles, games, personal care items, tableware, fragrances, bedding, linens, food items, beverages, and more.

160.    Brooks Sports (the successor in interest to Brooks Shoe Manufacturing Company) is a Washington corporation with a principal place of business in Seattle, Washington.  Brooks Sports was founded as a ballet shoe and water shoe company.  It began selling running shoes in the 1970s under the name BRUXSHU.

161.    Brooks Sports is subject to general personal jurisdiction in Washington because it is a Washington corporation with a principal place of business in Washington.

162.    Venue is proper under 28 U.S.C. Section 1392(b)(1).

## THE FACTS

### I.    Brooks Brothers' Famous Brand and Trademarks

163.    Brooks Brothers started using the trademark BROOKS BROTHERS on its clothing, and in connection with retail store services, as early as 1854.  Its first trademark registration for clothing and footwear (among other things) issued in 1915.

164.    Today, Brooks Brothers owns many registrations for BROOKS-formative marks in the United States and throughout the world, including but not limited to: BROOKS BOYS, THE BROOKS CARD, MY BROOKS REWARDS, BROOKSGATE, BROOKSTWEED, BROOKSCLOUD, BROOKSCOOL, BROOKSSTORM, BROOKS-AIRE, and BROOKS STRETCH.

165.    These registrations cover a wide variety of goods and services, including clothing and footwear, jewelry, bags and luggage, sporting goods, home furnishings, fragrances, and retail store services.

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 15

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

133100.0001/7985435.2

166.    A summary table that identifies Brooks Brothers' registered trademarks is attached as Exhibit 1, along with copies of the corresponding registration certificates.  Each of the trademarks noted with an asterisk is incontestable under 15 U.S.C. §§ 1065 and 1115(b).  Brooks Brothers also owns the common law rights in the identified trademarks and the mark BROOKS.  Brooks Brothers' registered and common-law trademarks are referred to collectively as the "Trademarks."

167.    The Trademarks are in full force and effect.  The Trademarks and associated goodwill have never been abandoned.  Brooks Brothers intends to continue to use, preserve, and maintain its rights in the Trademarks.

168.    Brooks Brothers owns and operates more than 250 retail stores in the United States and more than 500 store locations in 45 countries around the world.

169.    Brooks Brothers spends millions of dollars each year to advertise and promote products offered for sale and sold under the Trademarks.  For example, Brooks Brothers' products are advertised and promoted through print media, social media, outdoor advertising, on the radio, and through sponsorship of various sporting events, music events, and charitable events.

170.    For nearly a century, a Brooks Brothers' advertisement has appeared daily on page two of *The New York Times*.  Copies of these advertisements also appeared generally in *The Boston Globe*, *The Los Angeles Times, The Chicago Tribune* and *The Washington Post*.  Brooks Brothers' archives includes unsolicited media coverage referencing Brooks Brothers within articles authored by third parties since 1857.

171.    Before the launch of Brooks Brothers' e-commerce website, Brooks Brothers' sales catalogs were distributed to nearly one million households and businesses throughout the United States.

172.    Brooks Brothers' shirts have repeatedly been top rated in *Consumer Reports*.

173.    Brooks Brothers has clothed 40 out of 45 U.S. Presidents.

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 16

133100.0001/7985435.2

174. Brooks Brothers' clothes are often adorned by celebrities and "A-listers" to award shows and high profile events, including the Academy Awards.

175. Brooks Brothers clothing and stores can be found within hundreds of movies, television shows, and Broadway musicals, including, but not limited to: *Mad Men; Saturday Night Live; The Colbert Report; The Graduate; The Great Debaters; In the Heat of the Night; Pearl Harbor; Royal Tenenbaums; Ali;Up in the Air; The Adjustment Bureau; The Muppets; Argo; Slumdog Millionaire; The Great Gatsby; Parks and Recreation; The Shadow*; *Promises, Promises; How to Succeed in Business; Finding Neverland; Love Letters; West Side Story; How to get away with Murder; Scandal; The Americans; Manifest; Blacklist; The Politician; American Horror Story (all seasons); Law & Order SVU; Prodigal Son; Bosch; Goliath; Good Girls; Glee; Gossip Girl; Billions; and Succession.*

176. Brooks Brothers is the selected outfitter and designer for various uniforms and dress, including, for example, Jazz at Lincoln Center, the Inter Milan Soccer Team, the Olympiacos Football Club, the Japan Samurai baseball team, and the New York Yacht Club.

177. Brooks Brothers has entered into various sports ambassadorship agreements to promote the Trademarks, including agreements with professional athletes, such as Taylor Leon and James Driscoll.

178. Brooks Brothers has used the Trademarks in sponsorship of various sporting events and/or co-branded product lines, including the Head of the Charles Regatta, the Churchill Downs/Kentucky Derby, the PGA St. Jude Classic, Pebble Beach the Concours D'Elegance, St. Andrews Links and the International Tennis Hall of Fame.

179. Brooks Brothers uses the Trademarks in connection with philanthropic activities for St. Jude Children's Hospital, the Make A Wish Foundation, the American Red Cross, and others.

180. Throughout the company's history, customers, the media, and authors of famous literary works have referred to Brooks Brothers as "BROOKS," and Brooks Brothers has

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 17

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

133100.0001/7985435.2

routinely referred to itself as "BROOKS" on its website and in advertising, such that BROOKS is synonymous with BROOKS BROTHERS.

181. The federal judiciary has recognized that "BROOKS" is a source indicator for Brooks Brothers. In 1945, when Brooks Brothers filed a trademark infringement lawsuit against Brooks Clothing of California, the U.S. District Court for the Southern District of California ruled in Brooks Brothers' favor and found that the word "BROOKS," without "BROTHERS," had become the identification mark of Brooks Brothers and its clothes:

> [A]s the plaintiff, over a long period of years, has used "Brooks Brothers" as a tradename and mark, and has had, since 1915, a federal registration, and the plaintiff and the family which began the business a century and a quarter ago, having used the name "Brooks" in one form or another, which use was accompanied by extensive nation-wide advertising and solicitation of custom and fair dealings with customers in most of the states in the Union, the good will engendered by the word "Brooks" and by these practices belong to it. More, it has created a condition where, to use the language of the Restatement of Torts, "confusion of source" is inherent in the use of the word "Brooks" by anyone but the plaintiff.

*See* Exhibit 3.

182. As a result of Brooks Brothers' remarkable success, it has become one of the largest and best-known apparel companies in the United States and in the world.

183. Due to Brooks Brothers' exclusive and extensive use of the Trademarks, the marks have acquired enormous value, recognition, and goodwill in the United States and throughout the world. The Trademarks are well known to the consuming public and trade as identifying and distinguishing Brooks Brothers, exclusively and uniquely, as the source of origin of the high-quality products to which the Trademarks are applied.

184. The Trademarks qualify as famous marks under 15 U.S.C. §1125(c)(1).

185. The Trademarks have achieved secondary meaning throughout the world, including in the United States, as an identifier of origin, relationship, sponsorship, or association with Brooks Brothers.

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 18

133100.0001/7985435.2

186.     Due to the widespread sale of Brooks Brothers' goods and celebrity that the Trademarks have achieved, Brooks Brothers' goods and the Trademarks are recognized by the public and the trade as originating from a single source: Brooks Brothers Group, Inc.

187.     While Brooks Brothers sells tailored clothing, shirts, pants, and related articles, it is also an innovator and seller of sportswear.

188.     Brooks Brothers has sold sportswear under the Trademarks since the 1800s.  The company marketed its "sporting department" in an advertisement in 1939.

189.     Brooks Brothers is credited with bringing to the United States the first polo shirt, as well as designing and selling tennis clothing, ski clothing, swimwear, and golf apparel, which continues to be popular among customers today.

190.     Brooks Brothers has also marketed and sold sports shoes, golf balls, golf tees, golf tools, golf bags, croquet sets, hunting apparel, and custom polo gear.

## II.     The 1980 Agreement and the Parties' Course of Dealing

191.     Brooks Sports, originally known as BRUXSHU and later as Brooks Shoe, was founded as a company that sold water shoes and ballet shoes.  The company's website celebrates the brand's history of selling under the name BRUXSHU in the early-to-mid 1900s.

192.     Upon information and belief, Brooks Sports first started selling running shoes in the 1970s.

193.     In 1977—over 62 years after the first BROOKS BROTHERS trademark registration for clothing and footwear and over 100 years after Brooks Brothers started using its Trademarks in commerce —Brooks Sports filed a trademark application in the USPTO for the word mark BROOKS in connection with athletic shoes.  Brooks Sports had knowledge of Brooks Brothers' Trademarks before Brooks Sports' use and adoption of the name BROOKS.

194.     On the basis of its prior rights in BROOKS, and registrations for BROOKS-formative marks in relation to clothing and footwear, Brooks Brothers opposed the 1977 BROOKS application for athletic shoes before the TTAB.

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 19

133100.0001/7985435.2

195.     To resolve the TTAB proceeding, and to memorialize a path forward for the two companies to coexist in the marketplace and on trademark registers, the parties entered into the 1980 Agreement (Ex. 2).

196.     The 1980 Agreement was signed by Garfinckel, Brooks Brothers, Miller & Rhoads, Inc., on the one hand, and Brooks Shoe Manufacturing Company, Inc., on the other. Brooks Brothers is a successor to Garfinckel, Brooks Brothers, Miller & Rhoads, Inc.  Brooks Sports is a successor to Brooks Shoe Manufacturing Company, Inc.  Brooks Brothers and Brooks Sports are therefore bound by the terms of the 1980 Agreement.

197.     In the introductory paragraphs of the 1980 Agreement, Brooks Sports acknowledged Brooks Brothers' longstanding ownership of the BROOKS BROTHERS and BROOKS marks.  One of the principal objectives of the 1980 Agreement was to govern the parties' use and registration of word BROOKS alone.  To that end, under the 1980 Agreement, Brooks Sports and Brooks Brothers agreed to several covenants whereby (1) each party promised not to object to certain activity and (2) each party promised not to use or seek registration of certain marks.

198.     Under the 1980 Agreement, Brooks Brothers agreed not to object to Brooks Sports' use or registration of the word BROOKS, as a stand-alone mark, solely in connection with athletic shoes.   Brooks Sports agreed that it would only use or apply for a stand-alone BROOKS word mark in connection with athletic shoes.  *See, e.g.*, Ex. 2 ¶ 1.

199.     Under the 1980 Agreement, Brooks Sports agreed not to object to Brooks Brothers' use or registration of BROOKS, as a stand-alone mark, in connection with clothing and footwear not classified as athletic shoes.  *See, e.g.*, Ex. 2 ¶ 2.

200.     Under the 1980 Agreement, Brooks Sports agreed that, to the extent it used or sought to register a mark including the word BROOKS in connection with athletic clothing or athletic equipment, it would closely join that word with a symbol or other word.  *See, e.g.*, Ex. 2 ¶ 3.

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 20

133100.0001/7985435.2

201.    Under paragraph 4 of the 1980 Agreement, Brooks Sports agreed to abide by specific use parameters.   These use parameters were designed to avoid confusion in the marketplace and to ensure that the word BROOKS would not be featured by Brooks Sports as a separate or stand-alone mark on Brooks' Sports athletic clothing and equipment:

> [T]he use by Brooks Shoe of the second word or symbol together with the word BROOKS shall be under such conditions that the word BROOKS will be fairly and closely associated with the second word or symbol and that the size of the letters in the word BROOKS shall be of a height not greater than twice the height of the second word or of the symbol.  Where Brooks Shoe uses a symbol together with the word BROOKS, such symbol shall be of a height at least equal to the height of the letters of the word BROOKS.

Ex. 2 ¶ 4.

202.    The language and intent of the 1980 Agreement was clear:  Brooks Sports could use or seek to register the word BROOKS as a stand-alone mark in connection with athletic shoes; Brooks Brothers could use or seek to register the word BROOKS as a stand-alone mark in connection with clothing and footwear, as long as the footwear was not classified as athletic shoes; Brooks Sports could use or seek to register the word BROOKS in connection with athletic clothing, but only as a composite mark—that is, closely joined with a symbol or other word.

203.    The parties' course of dealing confirmed this understanding.  For many years after the 1980 Agreement, Brooks Sports sold only running shoes.  During the period of 1983 to 2000, Brooks Sports filed several trademark applications for athletic equipment or clothing that incorporated the word BROOKS, but in every instance, the word was joined with a symbol that Brooks Sports refers to as its "Path Logo."  *See, e.g.*, U.S. Trademark Application Serial Nos. 73425026; 73425027; 74280580; 74046570; and 75932902.  *See* Exhibit 4.

204.    On several occasions, Brooks Sports acknowledged its obligations under the 1980 Agreement by abandoning trademark applications or limiting its marketplace conduct.  For example:

(a)    In October 2004, Brooks Sports filed a U.S. trademark application (Serial No. 78508128) for BROOKS as a stand-alone word mark for water-bottle holsters

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 21

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

and for athletic bags, gym bags, backpacks, fanny packs, and fanny packs with water holders. This application violated the 1980 Agreement. After Brooks Brothers challenged Brooks Sports' breach, Brooks Sports expressly abandoned the application and acknowledged its obligations under the 1980 Agreement.

(b)     In or about 2004 through 2006, Brooks Sports filed trademark applications for BROOKS alone (not in connection with a symbol or other word) in several countries for bags and clothing in Classes 18 and 25, respectively. Brooks Brothers objected to these filings because, among other reasons, they violated the 1980 Agreement. Brooks Sports later withdrew the registrations in recognition of the parties' 1980 Agreement. *See, e.g.*, Canadian Trademark Application No. 1233948 and Australian Trademark Application No. 1145895.

205.    Attached as Exhibit 5 is a 2011 email from Brooks Sports' counsel to Brooks Brothers' counsel acknowledging that several trademark applications filed by Brooks Sports in Panama, Australia, the EU, Canada, Taiwan, Chile, and Singapore violated the 1980 Agreement. The email also summarized Brooks Sports' undertakings to remedy these breaches.

206.    The understanding between the companies has been (and continues to be) that Brooks Sports can file trademarks and use BROOKS alone only for athletic shoes, and that in connection with athletic apparel, Brooks Sports must always file and use a symbol (*i.e.*, Path Logo) or a word with BROOKS in accordance with the parameters set forth in the 1980 Agreement.

## III.    **Brooks Sports' Willful Breach of the 1980 Agreement**

### A.    **The Trademark Applications**

207.    In 2018 and 2020, Brooks Sports breached the 1980 Agreement, and the parties' long-standing course of dealing, by filing trademark applications for the word mark BROOKS in connection with athletic clothing and not solely athletic footwear.

208.    Specifically, on February 20, 2018, Brooks Sports filed U.S. Trademark Application Serial No. 87804267 (the "'267 Application") for the word mark BROOKS in connection with athletic footwear and athletic clothing—namely, tops, pants, jackets, headwear, shorts, tights, hosiery, bras, gloves, mittens, sweat shirts, skirts, leggings, rainwear, and vests in Class 25. *See* Exhibit 6.

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 22

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

209.    On January 27, 2020, Brooks Sports filed U.S. Trademark Application Serial No. 88775125 (the "'125 Application") for the word mark BROOKS in connection with retail store services featuring clothing and footwear, and online retail store services featuring clothing and footwear.  *See* Exhibit 7.

210.    By filing the '267 and '125 Applications, Brooks Sports violated the 1980 Agreement and the parties' course of dealing because, among other reasons, Brooks Sports sought to register the word BROOKS without joining the word with a symbol (such as the "Path Logo") or another word.

211.    Despite notices from Brooks Brothers reminding Brooks Sports of its violation of the 1980 Agreement, Brooks Sports has refused to withdraw the aforementioned applications, and Brooks Sports remains in breach of contract.

212.    Brooks Brothers has unnecessarily been forced to expend money on legal fees to protect the trademark registers in the United States and other countries around the world, so that the filings by Brooks Sports do not block lawful trademark applications of Brooks Brothers on likelihood of confusion grounds or otherwise place a cloud on the title of Brooks Brothers' trademarks or cause marketplace confusion.

**B.**    **The Sale of Clothing (the Breaching Goods)**

213.    In addition to the breaching trademark filings, Brooks Sports has been advertising, distributing, offering for sale, and selling articles of apparel that breach the terms and conditions of the 1980 Agreement (the "Breaching Goods").  Examples of the breaching apparel can be found below:

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 23

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

133100.0001/7985435.2

  

214.    In each instance above, Brooks Sports has used the word BROOKS on apparel, and Brooks Sports has failed to use BROOKS as a composite mark with either another word or symbol (such as the Path Logo device) in close proximity and size, as required under the terms of the 1980 Agreement.

215.    Based upon the description of goods within the '267 Application, Brooks Sports is selling or intends to enlarge its offerings to additional clothing articles that are of the same type that have been sold and continue to be sold by Brooks Brothers.

**C.    Brooks Sports' Lawsuit**

216.    By filing this lawsuit, Brooks Sports breached the 1980 Agreement.

217.    In its Complaint, Brooks Sports asserts, among other things, that Brooks Brothers unlawfully "applied for a new trademark application to use BROOKS alone, without the word BROTHERS," on various categories of goods, including clothing, sporting goods, and accessories for athletics, and retail stores. Brooks Sports seeks to prevent Brooks Brothers from using the word BROOKS in connection with sale of athletic clothing and apparel and certain footwear. *See, e.g.*, Complaint ¶¶ 48-52.

218.    But in paragraph 2 of the 1980 Agreement, Brooks Sports expressly agreed that it would not object to Brooks Brothers' use of the mark BROOKS on clothing:

> BROOKS SHOE will not object to the use and registration by
> BROOKS BROTHERS for the entire world of the Trademark or
> Service Mark BROOKS or BROOKS BROTHERS in connection
> with services related to the sale of ***clothing***, including, without

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 24

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

133100.0001/7985435.2

limitation, shoes not classified as athletic shoes, and promotional services relating thereto.

Ex. 2 ¶ 2 (emphasis added).

219.    Under the 1980 Agreement, Brooks Brothers may use the word BROOKS in connection with the sale of clothing, including athletic clothing.  Brooks Sports' claims to the contrary in this lawsuit are without merit, and by presenting such claims, Brooks Sports has breached the covenant not to oppose such use or registration.

## IV.    **Brooks Sports' Willful Trademark Infringement**

220.    In an effort to restore profits, Brooks Sports is trying to broaden its apparel offerings.  Brooks Sports has filed trademark applications—and Brooks Sports intends to market and sell clothing articles—that are directly in conflict with the clothing articles sold by Brooks Brothers.  This will lead to consumer confusion.

221.     With knowledge of Brooks Brothers' Trademarks and the parameters for permitted use and registration contained in the 1980 Agreement, Brooks Sports has distributed, offered for sale, and sold the Breaching Goods to consumers in interstate commerce bearing unauthorized uses of the Trademarks.

222.    The offer for sale and sale of the Breaching Goods is likely to cause confusion, to cause mistake, or to deceive consumers.

223.    The aforementioned actions of Brooks Sports were willful and intentional.  Brooks Sports either knew that the Breaching Goods bore unauthorized uses of the Trademarks or willfully ignored such facts.  Brooks Sports' actions were part of a deliberate effort to cause confusion and mistake among the consuming public as to the source, affiliation, or sponsorship of Brooks Sports' products, and to gain for Brooks Sports the benefit of the enormous goodwill associated with Brooks Brothers' Trademarks.

224.    The unauthorized use of the BROOKS word mark by Brooks Sports, and Brooks Sports' expansion of its use of BROOKS alone into an array of clothing, has caused Brooks Brothers to lose the ability to control its reputation and image among the public.

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 25

133100.0001/7985435.2

225.    Brooks Sports' actions have diluted, tarnished, and caused injury to Brooks Brothers' Trademarks.

226.    Brooks Sports' actions are likely to have caused, and are likely to continue to cause, confusion and deception in the marketplace.

227.    Brooks Sports' actions have been likely to cause, and are likely to continue to cause, the public to believe that the Breaching Goods possess the same quality and standards as the products that are distributed or licensed by Brooks Brothers.

228.    The aforementioned actions of Brooks Sports in manufacturing, importing, distributing, offering for sale, and/or selling in interstate commerce the Breaching Goods: (a) are likely to cause confusion and mistake among the consuming public that all such goods originate with Brooks Brothers: (b) are likely to cause confusion and mistake among the consuming public that the Breaching Goods are being offered to the consuming public with the sponsorship or approval of Brooks Brothers: and (c) are likely to cause dilution of the distinctive quality of Brooks Brothers' Trademarks.

229.    Brooks Sports' conduct has caused irreparable injury and harm to the goodwill and reputation associated with Brooks Brothers and the Trademarks, and will continue to cause irreparable injury and harm, unless and until Brooks Sports is restrained by this Court from violating Brooks Brothers' rights.

230.    Brooks Brothers has no adequate remedy at law.

## First Counterclaim
### (Breach of Contract)

231.    Brooks Brothers repeats and incorporates here all of the allegations set forth in the preceding paragraphs of these Counterclaims.

232.    Brooks Brothers and Brooks Sports are parties to the 1980 Agreement.

233.    The 1980 Agreement is an enforceable and binding contract.

234.    Brooks Brothers has satisfied all of its obligations under the 1980 Agreement.

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 26

133100.0001/7985435.2

235.    Brooks Sports has willfully, and in bad faith, breached the 1980 Agreement by, among other things, filing the '267 and '125 Applications, which seek protection for the word mark BROOKS alone in connection with athletic clothing.

236.    Brooks Sports has willfully, and in bad faith, breached the 1980 Agreement by, among other things, using the word BROOKS alone in connection with the sale of the Breaching Goods.

237.    Brooks Sports has willfully, and in bad faith, breached the 1980 Agreement by commencing this action against Brooks Brothers.  In its Complaint, Brooks Sports seeks to prevent Brooks Brothers from using or registering the word BROOKS in connection with sale of athletic clothing and apparel, but in the 1980 Agreement, Brooks Sports expressly agreed not to object to such use or registration.

238.    Brooks Sports also has breached its duty of good faith and fair dealing by perpetrating the actions summarized above.

239.    Brooks Sports' willful, bad-faith breach has caused, and will continue to cause, substantial and irreparable harm to Brooks Brothers for which Brooks Brothers has no adequate remedy at law.  Among other things, Brooks Sports' filing and prosecution of the '267 and '125 Applications will serve to block lawful trademark applications of Brooks Brothers, which were contemplated by the parties under the 1980 Agreement.

240.    Brooks Sports' filing and prosecution of the '267 and '125 Applications, and its use of the word BROOKS in violation of the 1980 Agreement, will cause irreparable damage to the Trademarks and to the Brooks Brothers brand and its value, and will create a cloud on Brooks Brothers' right to use the Trademarks.

241.    Brooks Brothers is entitled to equitable relief and specific performance, including an order from this Court requiring Brooks Sports to withdraw the '267 and '125 Applications, and to cease any and all use of the word BROOKS, without a joining symbol or word, in connection with the sale of any athletic clothing, apparel, or equipment.

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 27

133100.0001/7985435.2

242.    Brooks Brothers is also entitled to monetary damages, in an amount to be proved at trial, plus attorneys' fees and costs.

**Second Counterclaim**
**(Federal False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(a))**

243.    Brooks Brothers repeats and incorporates here all of the allegations set forth in the preceding paragraphs of these Counterclaims.

244.    The Trademarks are valid, federally-registered trademarks entitled to protection under the Lanham Act. Many of the Trademarks are incontestable.

245.    Under these registrations, Brooks Brothers has the exclusive right to use the Trademarks. Brooks Brothers also has common law rights in the Trademarks.

246.    Brooks Brothers has used the inherently distinctive and famous Trademarks continuously in connection with its goods and services, including, but not limited to, sportswear, headwear, and sports shoes.

247.    Brooks Brothers has exerted significant effort and expense in the form of advertising, promotion, and sales to promote the Trademarks in the United States and throughout the world as distinctive of Brooks Brothers' goods and services in commerce.

248.    As a result of Brooks Brothers' use and promotion of the Trademarks, the Trademarks have developed secondary meaning as an indicator that Brooks Brothers is the source of goods and services identified by the Trademarks.

249.    The Trademarks represent valuable goodwill owned by Brooks Brothers.

250.    Brooks Sports' ability to register and use the BROOKS word mark was specifically limited to athletic shoes by the 1980 Agreement.

251.    Brooks Sports is using the Trademarks—specifically, the BROOKS word mark— without Brooks Brothers' consent. Such use constitutes a false designation of origin, a false or misleading description or representation of goods, tending wrongfully and falsely to describe or represent a connection between Brooks Brothers' goods and Brooks Sports' goods.

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 28

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

133100.0001/7985435.2

252.    Brooks Sports' use of the Trademarks—namely, BROOKS alone—on a wide variety of clothing articles, including the Breaching Goods, is likely to cause confusion, mistake, or deception as to the source of origin, sponsorship, or approval of its goods and services, in that consumers or others are likely to believe Brooks Sports' goods and services are actually Brooks Brothers' goods and services, or those of a company legitimately connected with, approved by, or related to Brooks Brothers.

253.    Brooks Sports' use of the Trademarks—namely, BROOKS alone—enables Brooks Sports to represent and deceptively advertise, merchandise, market, display, and promote Brooks Sports' goods and services as emanating from Brooks Brothers or from a company legitimately connected with, approved by, or related to Brooks Brothers.

254.    Brooks Sports had actual knowledge of Brooks Brothers' ownership and prior use of the Trademarks before Brooks Sports' conduct described herein, and Brooks Sports has acted knowingly, willfully, and maliciously with intent to trade upon the reputation and goodwill of Brooks Brothers and to injure Brooks Brothers.

255.    Brooks Sports' conduct described herein constitutes unfair competition, false designation of origin of goods and services, and false or misleading description or representation of goods and services under 15 U.S.C. § 1125(a).

256.    The willful nature of Brooks Sports' conduct described herein renders this an exceptional case within the meaning of 15 U.S.C. § 1117.

257.    By reason of the foregoing, Brooks Brothers has been injured in an amount not yet ascertained, and is entitled to the remedies provided for in 15 U.S.C. §§ 1116 *et seq.*

258.    Brooks Sports' conduct described herein has caused, and if not enjoined will continue to cause, irreparable damage to Brooks Brothers' rights in the Trademarks, and to Brooks Brothers' business, reputation, and goodwill, which cannot be adequately compensated solely by monetary damages. Brooks Brothers therefore has no adequate remedy at law and seeks preliminary and permanent injunctive relief pursuant to 15 U.S.C. §§ 1116 *et seq.*

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 29

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

133100.0001/7985435.2

### Third Counterclaim
### (Federal Trademark Infringement, 15 U.S.C. §§ 1114, 1125(a))

259.    Brooks Brothers repeats and incorporates here all of the allegations set forth in the preceding paragraphs of these Counterclaims.

260.    The Trademarks are valid, federally-registered trademarks entitled to protection under the Lanham Act.  Under these registrations, Brooks Brothers has the exclusive right to use the Trademarks.  Brooks Brothers also has common law rights in the Trademarks.

261.    Brooks Brothers has used the inherently distinctive and famous Trademarks continuously in connection with its goods and services, including, but not limited to, sportswear, headwear, and sports shoes.

262.    Brooks Brothers has exerted significant effort and expense in the form of advertising, promotion, and sales to promote the Trademarks in the United States and throughout the world as distinctive of Brooks Brothers' goods and services in commerce.

263.    As a result of Brooks Brothers' use and promotion of the Trademarks, the Trademarks have developed secondary meaning as an indicator that Brooks Brothers is the source of goods and services identified by the Trademarks.

264.    The Trademarks represent valuable goodwill owned by Brooks Brothers.

265.    Brooks Sports had actual knowledge of Brooks Brothers' ownership and prior use of the Trademarks before its filing and use of the Trademarks alleged herein, and has acted knowingly, willfully, and maliciously with intent to trade upon the reputation and goodwill of Brooks Brothers by causing confusion and mistake among consumers, and by deceiving them.

266.    Brooks Sports has willfully, deliberately, and in conscious disregard of Brooks Brothers' rights used the Trademarks in interstate commerce in connection with the sale, offering for sale, distribution, and advertising of goods or services, including the Breaching Goods.

267.    Brooks Sports' use of the Trademarks beyond the parameters and license of the 1980 Agreement is likely to cause confusion, mistake, or deception as to the source of origin, sponsorship, or approval of its goods and services, in that consumers or others are likely to

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 30

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

133100.0001/7985435.2

believe Brooks Sports' Breaching Goods are Brooks Brothers' goods and services or those of a company legitimately connected with, approved by, or related to Brooks Brothers.

268.    Brooks Sports' use of the Trademarks enables Brooks Sports to represent and deceptively advertise, merchandise, market, display, and promote Brooks Sports' Breaching Goods as emanating from Brooks Brothers or from a concern legitimately connected with, approved by, or related to Brooks Brothers, and to substitute or pass off Brooks Sports' goods and services as those of Brooks Brothers.

269.    Brooks Sports' knowing and willful use has reproduced, copied, colorably imitated, and infringed the Trademarks in interstate commerce in violation of 15 U.S.C. § 1114.

270.    The willful nature of Brooks Sports' conduct described herein renders this an exceptional case within the meaning of 15 U.S.C. § 1117.

271.    By reason of the foregoing, Brooks Brothers has been injured in an amount not yet ascertained, and is entitled to the remedies provided for in 15 U.S.C. §§ 1116 *et seq*.

272.    Brooks Sports' conduct described herein has caused, and if not enjoined will continue to cause, irreparable damage to Brooks Brothers' rights in the Trademarks and to Brooks Brothers' business, reputation, and goodwill, which cannot be adequately compensated solely by monetary damages.

273.    Brooks Brothers therefore has no adequate remedy at law and seeks preliminary and permanent injunctive relief pursuant to 15 U.S.C. §§ 1116 *et seq*.

### Fourth Counterclaim
### (Federal Trademark Dilution, 15 U.S.C. § 1125(c))

274.    Brooks Brothers repeats and incorporates here all of the allegations set forth in the preceding paragraphs of these Counterclaims.

275.    The Trademarks are famous and distinctive, and became famous and distinctive, before Brooks Sports' conduct alleged herein.

276.    The Trademarks are recognized by the consuming public of the United States as a designation of source for Brooks Brothers' goods and services, and are therefore famous marks.

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 31

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

277.   Brooks Sports' conduct alleged herein constitutes trademark uses in commerce that are likely to dilute the distinctive quality of the Trademarks, by both blurring and tarnishment, in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

278.   Upon information and belief, Brooks Sports has engaged in such conduct willfully, deliberately, and in conscious disregard of Brooks Brothers' rights, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

279.   By reason of the foregoing, Brooks Brothers has been injured in an amount not yet ascertained, and is entitled to the remedies provided for in 15 U.S.C. §§ 1116, *et seq.*

280.   Brooks Sports' conduct described herein has caused, and if not enjoined will continue to cause, irreparable damage to Brooks Brothers' rights in the Trademarks, and to Brooks Brothers' business, reputation, and goodwill, which cannot be adequately compensated solely by monetary damages.

281.   Brooks Brothers therefore has no adequate remedy at law and seeks preliminary and permanent injunctive relief pursuant to 15 U.S.C. §§ 1116 et seq.

### Fifth Counterclaim
#### (Common Law Trademark Infringement)

282.   Brooks Brothers repeats and incorporates here all of the allegations set forth in the preceding paragraphs of these Counterclaims.

283.   The general consuming public recognizes the Trademarks as designating Brooks Brothers as a source of goods and services.  Brooks Brothers has common law rights in the Trademarks.

284.   Brooks Sports has knowingly and willfully used the Trademarks in Washington in connection with the sale, offer for sale, distribution, and advertising of the Breaching Goods and related services.

285.   Brooks Sports willfully, deliberately, and in conscious disregard of Brooks Brothers' rights used the Trademarks in connection with the sale, offer for sale, distribution, and advertising of the Breaching Goods and related services.

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 32

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

133100.0001/7985435.2

286.     Brooks Sports' use of the Trademarks beyond the parameters and license of the 1980 Agreement is likely to cause confusion, mistake, or deception as to the source of origin, sponsorship, or approval of Brooks Sports' goods and services.

287.     By reason of the foregoing, Brooks Brothers has been injured in an amount not yet ascertained and is entitled to the remedies provided for it under the common law.

288.     Brooks Sports' conduct described herein has caused, and if not enjoined will continue to cause, irreparable damage to Brooks Brothers rights in the Trademarks and Brooks Brothers' business, reputation, and goodwill, which cannot be adequately compensated solely by monetary damages.  Brooks Brothers therefore has no adequate remedy at law and seeks preliminary and permanent injunctive relief.

### Sixth Counterclaim
### (Unfair Competition RCW § 19.86.020)

289.     Brooks Brothers repeats and incorporates here all of the allegations set forth in the preceding paragraphs of these Counterclaims.

290.     Brooks Sports' unfair and deceptive practices have directly and proximately injured Brooks Brothers, including causing injury to Brooks Brothers' business and property.

291.     Brooks Sports' unfair and deceptive practices have negatively affected and injured the public interest.

292.     The aforementioned acts of Brooks Sports' constitutes unfair competition in violation of Washington's Consumer Protection Act, RCW 19.86.020.

293.     Brooks Sports' conduct threatens to cause, and is causing, immediate and irreparable harm and injury to Brooks Brothers, and to its goodwill and reputation, and will and continue to both damage Brooks Brothers and confuse the public unless enjoined by this court. Brooks Brothers has no adequate remedy at law.

294.     Brooks Brothers is entitled to, among other relief, injunctive relief and an award of actual damages, Brooks Sports' profits, enhanced damages and profits, reasonable attorneys'

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 33

133100.0001/7985435.2

fees, and costs of the action, and an increased award of up to three times its actual damages under RCW 19.86.090, together with prejudgment and post-judgment interest.

### Seventh Counterclaim
### (Trademark Dilution RCW § 19.77.160)

295.  Brooks Brothers repeats and incorporates here all of the allegations set forth in the preceding paragraphs of these Counterclaims.

296.  Brooks Brothers owns common law rights in the Trademarks and has priority in BROOKS and BROOKS-formative marks dating back almost 200 years, and all such rights owned by Brooks are superior to any rights that Brooks Sports may claim or that is permitted under the 1980 Agreement.

297.  As a result of 200 years of use and enviable commercial success and notoriety, Brooks Brothers and its Trademarks were famous and distinctive in the State of Washington prior to any date that may lawfully be claimed by Brooks Sports for any goods or services similar to those offered by Brooks Sports under its marks.

298.  Brooks Sports' acts as alleged herein are intentional and willful in violation of RCW § 19.77.160 and have caused, and will continue to cause, irreparable damage to Brooks Brothers unless enjoined, and Brooks Brothers has no adequate remedy at law.

299.  Brooks Brothers is entitled to injunctive relief pursuant to RCW § 19.77.160.

### DEMAND FOR JURY TRIAL

300.  Brooks Brothers requests a trial by jury on all issues so triable.

**WHEREFORE**, Brooks Brothers seeks judgment as follows:

(1) an order declaring Brooks Sports in breach of the 1980 Agreement;

(2) an order requiring Brooks Sports to withdraw the '267 and '125 Applications and to cease any and all use of the word BROOKS, without a joining symbol or word as required by the specific parameters of the 1980 Agreement, in connection with the sale of any athletic clothing, apparel, or equipment;

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 34

133100.0001/7985435.2

(3) an order enjoining Brooks Sports from prosecuting the '267 and '125 Applications and from using the word BROOKS, without a joining symbol or word as required by the specific parameters of the 1980 Agreement, in connection with the sale of any athletic clothing, apparel, or equipment;

(4) an order requiring Brooks Sports to withdraw any other applications or registrations consisting of the mark BROOKS, without a joining symbol or word as required by the specific parameters of the 1980 Agreement, in connection with clothing, apparel, or equipment and services related thereto;

(5) an order enjoining Brooks Sports from using the word BROOKS, without a joining symbol or word as required by the specific parameters of the 1980 Agreement, in connection with clothing, apparel, or equipment and services related thereto;

(6) an order declaring that that the Trademarks are valid and willfully infringed by Brooks Sports violation of 15 U.S.C. § 1114, et seq.;

(7) an order declaring that Brooks Sports has violated Section 32 of the Lanham Act (15 U.S.C. § 1114), Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), and Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)),

(8) an order declaring that Brooks Sports has violated RCW § 19.86.020, RCW § 19.77.160, and RCW §19.77.900

(9) an order declaring that Brooks Sports infringed Brooks Brothers' common law Trademarks and unfairly competed with Brooks Brothers at common law.

(10) an order preliminarily and permanently enjoining and restraining Brooks Sports, its subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them, from:

    a.    imitating, copying or making unauthorized use of the Trademarks;

    b.    manufacturing, importing, exporting, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product bearing any unauthorized reproductions, copies or colorable imitations of the Trademarks;

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 35

133100.0001/7985435.2

c.       using any unauthorized colorable imitation of the Trademarks in connection with the manufacture, promotion, advertisement, display, sale, offering for sale, production, import, export, circulation or distribution of any product in such manner as to relate or connect, or tend to relate or connect, such product in any way with Brooks Brothers or to any goods sold, sponsored, approved by, or connected with Brooks Brothers;

d.       using any unauthorized colorable imitation of the Trademarks in connection with the manufacture, promotion, advertisement, display, sale, offering for sale, production, import, export, circulation or distribution of any product which dilutes or is likely to dilute the distinctive quality of the Trademarks;

e.       engaging in any other activity constituting unfair competition with Brooks Brothers, or constituting an infringement of the Trademarks or of Brooks Brothers' rights in, or to its right to use or exploit such trademarks, or constituting dilution of the Trademarks and the reputation and the goodwill associated with the Trademarks;

f.       making any statement or representation whatsoever, with respect to the infringing goods in issue, that falsely designates the origin of the goods as those of Brooks Brothers, or that is false or misleading with respect to Brooks Brothers; and

g.       engaging in any other activity, including the effectuation of assignments or transfers of its interests in unauthorized colorable imitations of the Trademarks or the, the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsections 1(a) through 1(f) above; and

(11) an order requiring Brooks Sports to recall and destroy all Breaching Goods or any other goods that violate the 1980 Agreement or Brooks Brothers' Trademarks.

(12) an order and judgment awarding Brooks Brothers monetary damages, including but not limited to, actual and compensatory damages;

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 36

133100.0001/7985435.2

(13) an order and judgment awarding Brooks Brothers punitive and exemplary damages as the Court finds appropriate to deter any future willful infringement and breach by Brooks Sports;

(14) an order declaring that this is an exceptional case under Section 35(a) of the Lanham Act and awarding Brooks Brothers its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a));

(15) an order and judgment awarding Brooks Brothers its actual damages sustained, its costs and expenses, including reasonable attorneys' fees and treble damages, under RCW 19.86.090.

(16) an order and judgment awarding Brooks Brothers interest, including prejudgment and post-judgment interest, in the foregoing sums; and

(17) any other relief that this Court deems just and proper.

DATED: March 4, 2020

LANE POWELL PC


By  */s/Tiffany Scott Connors*
    Tiffany Scott Connors, WSBA No. 41740
    connorst@lanepowell.com
    Telephone: 206.223.7000
    Facsimile: 206.223.7107

and

    Neil B. Friedman *(Pro Hac Vice Pending)*
    Robert J. Fluskey, Jr. (*Pro Hac Vice Pending*)
    HODGSON RUSS LLP
    Telephone: (716) 848-1688
    rfluskey@hodgsonruss.com

    *Attorneys for Brooks Brothers Group, Inc., a Delaware Corporation*

ANSWER, DEFENSES, AND COUNTERCLAIMS
CASE NO. 2:20-CV-00207-TSZ - 37

133100.0001/7985435.2

# Exhibit C

| Trademark | Category | Date | Registration No. |
|---|---|---|---|
| BROOKS | Athletic shoes. | Registered in the United States since July 1981. | 1161034 |
| BROOKS and Heritage Design  | Athletic clothing, namely, shirts, pants, jackets, hats, caps, shirts, tights, and hosiery and athletic footwear. | Registered in the United States since April 1992. | 1683840 |
| BROOKS and Path Design  | Footwear, shoes, athletic clothing, namely, gloves, mittens, hats, headbands, jackets, jogging suits, pants, shirts, shorts, socks, t-shirts, tank tops, tights, track suits, visors, warm up suits, waterproof jackets and pants, wind resistant jackets. | Registered in the United States since November 2014. | 4631302 |
| BROOKS Below Chevron Oval Design  | Clothing, namely, shoes, socks, footwear. | Registered in the United States since December 2001. | 2521124 |

| Trademark | Category | Date | Registration No. |
|---|---|---|---|
| **BROOKS on Path (Integrated Logo)**  | Footwear. | Registered in the United States since October 2018. | 5596496 |
| **BROOKS on Path (Straight Edge Integrated Logo)**  | Athletic Footwear. | Registered in the United States since March 2020. | 6008480 |
| **BROOKS TRANSCEND** | Footwear. | Registered in the United States since April 2015. | 4728097 |

Int. Cl.: 25

Prior U.S. Cl.: 39

Reg. No. 1,161,034

United States Patent and Trademark Office

Registered Jul. 14, 1981

## TRADEMARK
### Principal Register

# BROOKS

Brooks Shoe Manufacturing Company, Inc. (Pennsylvania corporation)
131 Factory St.
Hanover, Pa. 17331

For: ATHLETIC SHOES, in CLASS 25 (U.S. Cl. 39).

First use 1914; in commerce 1914.

Ser. No. 125,926, filed May 9, 1977.

ROBERT PEVERADA, Primary Examiner

Int. Cl.: 25

Prior U.S. Cl.: 39

Reg. No. 1,683,840

**United States Patent and Trademark Office**   Registered Apr. 21, 1992

## TRADEMARK
### PRINCIPAL REGISTER



WOLVERINE WORLD WIDE, INC. (DELA-WARE CORPORATION)
9341 COURTLAND DRIVE, N.E.
ROCKFORD, MI 49351

FOR: ATHLETIC CLOTHING; NAMELY, SHIRTS, PANTS, JACKETS, HATS, CAPS, SHORTS, TIGHTS AND HOSIERY, AND ATHLETIC FOOTWEAR, IN CLASS 25 (U.S. CL. 39).

FIRST USE 11-17-1987; IN COMMERCE 11-17-1987.
OWNER OF U.S. REG. NOS. 1,161,034, 1,319,454 AND OTHERS.

SER. NO. 74-046,570, FILED 4-6-1990.

ANDREW D. LAWRENCE, EXAMINING ATTORNEY

# United States of America

## United States Patent and Trademark Office



**Reg. No. 4,631,302**

**Registered Nov. 04, 2014**

**Amended Mar. 10, 2020**

**Int. Cl.: 25**

**Trademark**

**Principal Register**

Brooks Sports, Inc.  (WASHINGTON CORPORATION)
5th Floor
3400 Stone Way North
Seattle, WASHINGTON 98103

CLASS 25: Footwear; shoes; athletic clothing, namely, gloves, mittens, hats, headbands, jackets, jogging suits, pants, shirts, shorts, socks, t-shirts, tank tops, tights, track suits, visors, warm up suits, waterproof jackets and pants, wind resistant jackets

FIRST USE 6-30-2011; IN COMMERCE 6-30-2011

The mark consists of the word "BROOKS" following the stylization of a chevron design.

OWNER OF U.S. REG. NO. 2521124, 1683840, 1161034

SER. NO. 86-160,256, FILED 01-08-2014



Director of the United States
Patent and Trademark Office



**Int. Cl.: 25**

**Prior U.S. Cls.: 22 and 39**

Reg. No. 2,521,124

## United States Patent and Trademark Office

Registered Dec. 18, 2001

## TRADEMARK
### PRINCIPAL REGISTER



BROOKS SPORTS, INC. (WASHINGTON COR-
PORATION)
19820 NORTH CREEK PARKWAY
SUITE 200
BOTHELL, WA 98011

FOR: CLOTHING, NAMELY SHOES, BOOTS,
SLIPPERS, SOCKS, FOOTWEAR, SHIRTS, PANTS,
JACKETS, HATS, CAPS, SHORTS, TIGHTS, HOSI-
ERY, JOGGING SUITS, GLOVES, SWEAT PANTS,
SWEAT SUITS, SWEAT SHIRTS, WARM UP SUITS,
HEADWEAR, HEAD BANDS, T-SHIRTS, SKIRTS,
LEGGINGS, UNITARDS, WIND RESISTANT JACK-
ETS, BELTS, RAINWEAR, INSOLES, VESTS, WA-
TERPROOF JACKETS, WATERPROOF PANTS,
WATERPROOF VESTS, SWEATERS, TRACK SUITS,
TANK TOPS, TURTLE NECKS, TROUSERS, JER-
SEYS, VISORS, AND WRIST BANDS, IN CLASS 25
(U.S. CLS. 22 AND 39).

FIRST USE 1-0-2000; IN COMMERCE 2-0-2000.

THE MARK CONSISTS OF THE WORD
"BROOKS" AND A CHEVRON DESIGN WITHIN
AN OVAL.

SN 75-932,902, FILED 3-2-2000.

RUDY R. SINGLETON, EXAMINING ATTORNEY

# United States of America
## United States Patent and Trademark Office



**Reg. No. 5,596,496**

**Registered Oct. 30, 2018**

**Int. Cl.: 25**

**Trademark**

**Principal Register**

Brooks Sports, Inc.  (WASHINGTON CORPORATION)
3400 Stone Way North, 5th Floor
Seattle, WASHINGTON 98103

CLASS 25: footwear

FIRST USE 6-1-2018; IN COMMERCE 6-1-2018

The mark consists of a Chevron design with the word "BROOKS" superimposed thereon.

SER. NO. 87-354,999, FILED 03-01-2017



Director of the United States
Patent and Trademark Office

# United States of America

## United States Patent and Trademark Office



**Reg. No. 6,008,480**

**Registered Mar. 10, 2020**

**Int. Cl.: 25**

**Trademark**

**Principal Register**

Brooks Sports, Inc.  (WASHINGTON CORPORATION)
5th Floor
3400 Stone Way North
Seattle, WASHINGTON 98103

CLASS 25: Athletic footwear

FIRST USE 3-7-2018; IN COMMERCE 3-7-2018

The mark consists of a chevron design with the word "BROOKS" superimposed thereon.

SER. NO. 87-812,939, FILED 02-27-2018



Director of the United States
Patent and Trademark Office





# United States of America
## United States Patent and Trademark Office

# BROOKS TRANSCEND

**Reg. No. 4,728,097**
**Registered Apr. 28, 2015**

**Int. Cl.: 25**

**TRADEMARK**

**PRINCIPAL REGISTER**

BROOKS SPORTS, INC. (WASHINGTON CORPORATION)
3400 STONE WAY N
SEATTLE, WA 98103

FOR: FOOTWEAR, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 2-1-2014; IN COMMERCE 2-1-2014.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 1,683,840 AND 2,521,124.

SN 85-825,167, FILED 1-16-2013.

ROBERT STRUCK, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

# Exhibit D

| Trademark | Country | Category | Date |
|---|---|---|---|
| BROOKS | Australia | Footwear. | September 1988 |
| BROOKS | Australia | Athletic footwear; athletic clothing, namely, tops, pants, jackets, headwear, shorts, tights, hosiery, bras, gloves, mittens, sweat shirts, skirts, leggings, rainwear, vests. | March 2018 |
| BROOKS | Austria | Articles of clothing, especially athletics, sports and leisure clothing including boots, shoes and slippers. | December 1979 |
| BROOKS | Bahrain | Athletic footwear; athletic clothing, namely, tops, pants, jackets, headwear, shorts, tights, hosiery, bras, gloves, mittens, sweat shirts, skirts, leggings, rainwear, vests. | October 2018 |
| BROOKS | Benelux | Sporting articles that is not included in other classes. | June 1983 |
| BROOKS | Benelux | Valises and carrier bags, including carrier bags for sporting articles. Footwear, including sports footwear; garments for sports use. | August 1979 |
| BROOKS | Brazil | Athletic footwear; athletic clothing. | October 2020 |
| BROOKS | Canada | Athletic footwear, namely boots, shoe laces and insoles. | May 1985 |
| BROOKS | Chile | Footwear. | May 2003 |
| BROOKS | China | Athletic footwear. | September 1986 |
| BROOKS | China | Athletic footwear; athletic clothing, namely, tops, pants, jackets, headwear, shorts, tights, hosiery, bras, gloves, mittens, sweat shirts, skirts, leggings, rainwear, vests. | March 2018 |
| BROOKS | Costa Rica | Athletic footwear. | May 2014 |
| BROOKS | Croatia | Athletic footwear. | September 2012 |
| BROOKS | Dominican Republic | Footwear of all kinds. | February 1983 |
| BROOKS | Dominican Republic | Sporting goods. | February 1983 |
| BROOKS | European Union | Athletically-related footwear. | January 1999 |
| BROOKS | Finland | Athletic footwear. | February 1985 |
| BROOKS | France | Clothing including boots, shoes and slippers, in particular for use in recreation and sports. | September 1989 |
| BROOKS | Germany | Sports shoes. | May 1980 |
| BROOKS | Guatemala | Footwear. | July 2015 |
| BROOKS | Hong Kong | Athletic shoes. | April 2015 |
| BROOKS | Iceland | Athletic shoes. | January 2014 |
| BROOKS | India | Athletic footwear. | September 2016 |

1

| Trademark | Country | Category | Date |
|---|---|---|---|
| BROOKS | Indonesia | Sport shoes. | May 2013 |
| BROOKS | Indonesia | Athletic footwear; athletic clothing, namely, tops, pants, jackets, headwear, shorts, tights, hosiery, bras, gloves, mittens, sweat shirts, skirts, leggings, rainwear, vests. | March 2018 |
| BROOKS | WIPO | Athletic shoes. | January 2014 |
| BROOKS | WIPO | Athletic footwear; athletic clothing, namely, tops, pants, jackets, headwear, shorts, tights, hosiery, bras, gloves, mittens, sweat shirts, skirts, leggings, rainwear, vests. | March 2018 |
| BROOKS | Ireland | Athletic footwear. | February 1984 |
| BROOKS | Israel | Athletic shoes. | February 1992 |
| BROOKS | Italy | Clothing, footwear, headgear. | March 1987 |
| BROOKS | Italy | Bags including sporting bags. | June 2012 |
| BROOKS | Japan | Bags/pouches and the like, vanity cases (not fitted). Garters, stocking suspenders, braces, waistbands, belts. | December 1981 |
| BROOKS | Japan | Footwear. | June 1981 |
| BROOKS | Japan | Special sports clothing, special sports shoes. Sports goods; fishing tackle. | July 1988 |
| BROOKS | Japan | Athletic shoes, special athletic shoes excluding golf shoes | July 1999 |
| BROOKS | Jordan | Footwear, namely, sneakers; athletic footwear; special sport shoes. | September 2014 |
| BROOKS | Malaysia | Footwear. | May 1985 |
| BROOKS | Mexico | Clothing, footwear, headgear. | March 1992 |
| BROOKS | Morocco | Leather and imitations of leather, and goods made of these materials not included in other classes; animal skins, hides; trunks and travelling bags; umbrellas and parasols; walking sticks; whips; harness and saddlery. Clothing, footwear, headgear. | December 2011 |
| BROOKS | New Zealand | Athletic shoes and clothing, excluding items specifically designed for golfing. | March 1997 |
| BROOKS | New Zealand | Bags in this class including athletic bags and game bags; trunks and traveling bags; parts and fittings in this class for the afore said goods. | October 1996 |
| BROOKS | Norway | Athletic footwear. | November 1982 |
| BROOKS | Panama | Footwear. | June 2010 |
| BROOKS | Paraguay | All goods included in Class 25. | December 2014 |
| BROOKS | Philippines | Athletic shoes. | February 2015 |

| Trademark | Country | Category | Date |
|---|---|---|---|
| BROOKS | Korea | Vinyl shoes, baseball shoes, basketball shoes, rugby shoes, football shoes, hand ball shoes, track-racing shoes, hockey shoes, golf shoes, hiking shoes, low shoes, boots, laced boots, leather shoes, rain shoes, arctic shoes, boxing shoes, work shoes, and over shoes. | July 1981 |
| BROOKS | Russia | Clothing. | July 1988 |
| BROOKS | Saudi Arabia | Clothing, footwear, headgear. | May 2019 |
| BROOKS | Singapore | Footwear. | February 1992 |
| BROOKS | South Africa | Articles of clothing including articles of clothing for use in athletics, sports, jogging and leisure wear; boots, shoes and slippers. | February 1983 |
| BROOKS | Switzerland | Clothing, including boots, shoes and slippers for sports and leisure. | February 1980 |
| BROOKS | Taiwan | Clothing, footwear, headwear, scarves, head scarves, neckties, bow ties, diapers, bibs, hats and caps, cold resistant ear muffs, socks, dress gloves and cold resistant gloves, belts, leggings, aprons, shoe nails. | November 2004 |
| BROOKS | Tangiers | Leather and imitations of leather, and goods made of these materials and not included in other classes; animal skins, hides; trunks and travelling bags; umbrellas, parasols and walking sticks; whips, harness and saddlery. Clothing, footwear, headgear. | June 1992 |
| BROOKS | Thailand | Underwear, pants including sports pants, shoes. | July 2011 |
| BROOKS | Ukraine | Clothing. | June 1993 |
| BROOKS | United Arab Emirates | Athletically related footwear, excluding those items used exclusively for golf. | May 1996 |
| BROOKS | United Kingdom | Shoes for athletics. | August 1993 |
| BROOKS | United Kingdom | Athletically-related footwear. | January 1999 |
| BROOKS | United Kingdom | Athletic footwear; athletic clothing, namely, tops, pants, jackets, headwear, shorts, tights, hosiery, bras, gloves, mittens, sweat shirts, skirts, leggings, rainwear, vests. | March 2018 |
| BROOKS | Uruguay | Footwear of all class and nature. | November 1991 |
| BROOKS | Uruguay | Footwear and clothing. | June 1992 |
| BROOKS | Venezuela | Clothing, footwear, headgear. | January 1987 |

# Exhibit E

<u>AGREEMENT</u>

THIS AGREEMENT, now made by and between GARFINCKEL, BROOKS BROTHERS, MILLER & RHOADES, INC., a Virginia corporation, having a place of business at 346 Madison Avenue, New York, New York 10017 (hereinafter referred to as BROOKS BROTHERS) and BROOKS SHOE MANUFACTURING CO., INC., a Pennsylvania corporation, having a place of business at 131 Factory Street, Hanover, Pennsylvania 17331 (hereinafter referred to as BROOKS SHOE);

WHEREAS, BROOKS BROTHERS and its predecessors have been using the Trademarks BROOKS BROTHERS and BROOKS for many years in connection with various articles of clothing, as set forth in United States Patent and Trademark Office Trademark Certificates of Registration No. 103,889, No. 404,625, No. 404,683, No. 404,790, No. 404,792, No. 405,037, No. 405,282, No. 640,370, No. 667,458 and No. 867,673;

WHEREAS, BROOKS SHOE and its predecessors have been using the Trademark BROOKS and BROOKS SHOE for many years in connection with athletic shoes, the use of the Trademark BROOKS being set forth in pending United States Patent and Trademark Office Trademark Application Serial No. 125,926;

WHEREAS, BROOKS BROTHERS has instituted Trademark Opposition No. 60,319 against the aforesaid United States Patent and Trademark Office Trademark Application Serial No. 125,926 of BROOKS SHOE;

WHEREAS, it is the desire of both parties amicably to settle said Trademark Opposition No. 60,319, as well as avoiding future conflicts for the entire world.

NOW, THEREFORE, in consideration of the mutual covenants and promises contained herein, and because it is the intention of the parties hereto to be legally bound, it is agreed as follows, for the entire world:

(1)  BROOKS BROTHERS will not object to the use and registration by BROOKS SHOE for the entire world of the Trademark or Service Mark BROOKS or BROOKS SHOES in connection with any type of athletic shoes or in connection with services relating to the holding of athletic contests or any other athletically related promotional services relating thereto.

(2)  BROOKS SHOE will not object to the use and registration by BROOKS BROTHERS for the entire world of the Trademark or Service Mark BROOKS or BROOKS BROTHERS in connection with services relating ot the sale of clothing, including, without limitation, shoes not classified as athletic shoes, and promotional services relating thereto.

(3)  BROOKS BROTHERS will not object to the use and registration by BROOKS SHOE for the entire world of a composite Trademark or Service Mark comprising the word BROOKS and a second word (not similar to the word BROTHERS or any other word currently being used by BROOKS BROTHERS in association with the word BROOKS) or a symbol, such as, but not limited to, the "V" now appearing on athletic shoes being made and sold by BROOKS SHOE or the "CHEVRON" Design used by BROOKS SHOE on its letterhead in connection with athletically related clothing, equipment and products for use in various active sports such as, by way of example and not by way of limitation, walking, running, track & field, basketball, football, baseball, wrestling, tennis, soccer, racquetball, squash, swimming and other active sports, but not including golf.  However, BROOKS SHOE agrees not to use any symbol similar to the "GOLDEN FLEECE" Design currently being used by BROOKS BROTHERS.  With reference to golf related clothing, BROOKS SHOE shall have the right to use "BROOKS SHOE MANUFACTURING CO., INC." as the commercial corporate identity on any packaging.  Such use shall be in a type style no larger than 1/4" (one-quarter inch) high, in a relatively inconspicuous place, near the edge of the packaging.

-2-

(4)  In connection with paragraph (3), the use by BROOKS SHOE of the second word or symbol together with the word BROOKS shall be under such conditions that the word BROOKS will be fairly and closely associated with the second word or symbol and that the size of the letters in the word BROOKS shall be of a height not greater than twice the height of the second word or of the symbol. Where BROOKS SHOE uses a symbol together with the word BROOKS, such symbol shall be of a height at least equal to the height of the letters of the word BROOKS.  The word BROOKS and the second word or symbol may be of the same or different colors and of the same and different logo or script, excluding script similar to the script currently being used by BROOKS BROTHERS.

(5)  In the event BROOKS SHOE should cause to be published an advertisement for athletically related clothing, as further defined in paragraph (3) of the Agreement,, and in the further event that such advertisement also includes golf clothing, BROOKS SHOE shall take care that a trademark in compliance with this Agreement shall be fairly associated with the golf clothing.

(6)  While the parties recognize that BROOKS SHOE can exercise no control over its customers' advertising, BROOKS SHOE agrees that it will not suggest to its customers that clothing bearing the Trademark BROOKS used in accordance with paragraphs (3) and (4) hereinabove, is capable of golf use nor will it make any representation to its customers that such customers have the right to suggest such use.

(7)  In order to carry out this Agreement, the parties shall execute a Stipulation of Dismissal in the form attached hereto as Exhibit A, dismissing Opposition No. 60,319.  The Stipulation of Dismissal shall be executed and filed with the Patent and Trademark Office within thirty (30) days of the last signature of this Agreement.

- 3 -

(8)  Subject to the rights and limitations as set forth in paragraphs (1) to (6) hereinabove, each party undertakes to the other party that:

    (a)  It will not oppose or in any way contest the validity of the registration of the Trademarks or Service Marks of the other party.

    (b)  It will, when reasonably requested to do so, and within thirty (30) days of request, furnish written consent to registration of the Trademarks and Service Marks to the other party.

(9)  Each party hereto releases the other party, its successors and assigns from all claims arising from the prior use by the respective parties of the Trademarks or Service Marks set forth herein.  However, nothing contained in this paragraph shall be deemed to affect the obligations arising under this Agreement.

(10)  This Agreement shall be of indefinite duration so long as a party has not abandoned all of its Trademarks or Service Marks covered in this Agreement.  In the event that one party abandons all of its Trademarks or Service Marks as set forth herein in a particular country, then the other party shall have the right to use and register its Trademarks or Service Marks in that country and shall not be obligated in the future to issue a license to the party that has abandoned such Trademarks or Service Marks.

(11)  Each party will be responsible for its own costs incurred by the implementation of any part of this Agreement.

(12)  This Agreement shall be binding upon the successors and assigns of the respective parties.  This Agreement may be assigned together with substantially all of the assets of a

- 4 -

particular party relating to the subject matter of this Agreement,
but shall not otherwise be assignable without the written consent
of the other party having first been obtained.

       IN WITNESS WHEREOF, the parties have hereunto set their
hands and seals on the dates hereinbelow indicated.

                GARFINCKEL, BROOKS BROTHERS, MILLER &
                RHOADES, INC.

January 16  , 1980    By _____

(CORPORATE SEAL)          Senior Vice President-Treasurer
                           TITLE


                BROOKS SHOE MANUFACTURING CO., INC.

December 15 , 1980    By _____

(CORPORATE SEAL)           President
                           TITLE

- 5 -

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

GARFINCKEL, BROOKS BROTHERS,  :
MILLER & RHOADES, INC.,        :
                               :
          Opposer,             :
                               :
     vs.                       :     OPPOSITION NO. 60,319
                               :
BROOKS SHOE MANUFACTURING CO., :
INC.,                          :
                               :
          Applicant.           :

STIPULATION OF DISMISSAL

Hon. Commissioner of Patents and Trademarks
Washington, D. C.  20231

Sir:

     It is hereby stipulated by and between counsel for the
parties hereto that the above-entitled Opposition is dismissed
with prejudice.


                         AMSTER, ROTHSTEIN & ENGELBERG


_____, 1980    By_____
                            Anthony F. Locicero
                            90 Park Avenue
                            New York, New York 10016
                            (212) 697-5995
                            Attorneys for Opposer.


                         CAESAR, RIVISE, BERNSTEIN & COHEN, LTD.


_____, 1980    By_____
                            Alan H. Bernstein
                            Suite 800 - Stephen Girard Bldg.
                            21 South 12th Street
                            Philadelphia, Pennsylvania 19107
                            (215) 567-2010
                            Attorneys for Applicant.

# Exhibit F

*Trademark Trial and Appeal Board Electronic Filing System. http://estta.uspto.gov*

| ESTTA Tracking number: | **ESTTA926159** |
|---|---|
| Filing date: | **10/03/2018** |

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

# Notice of Opposition

Notice is hereby given that the following party opposes registration of the indicated application.

## Opposer Information

| Name | BROOKS BROTHERS GROUP, INC. |
|---|---|
| Granted to Date of previous extension | 10/03/2018 |
| Address | 100 Phoenix Avenue<br>ENFIELD, CT 06082<br>UNITED STATES |
| Correspondence information | Lisa W. Rosaya; Joshua S. Wolkoff<br>Baker & McKenzie LLP<br>452 Fifth Avenue<br>New York, NY 10018<br>UNITED STATES<br>nyctrademarks@bakermckenzie.com, Lisa.rosaya@bakermckenzie.com,<br>Joshua.Wolkoff@bakermckenzie.com<br>212 626 4100 |

## Applicant Information

| Application No | 87804267 | Publication date | 06/05/2018 |
|---|---|---|---|
| Opposition Filing Date | 10/03/2018 | Opposition Period Ends | 10/03/2018 |
| Applicant | Brooks Sports, Inc.<br>5th Floor<br>3400 Stone Way North<br>Seattle, WA 98103<br>UNITED STATES | | |

## Goods/Services Affected by Opposition

Class 025. First Use: 0 First Use In Commerce: 0
All goods and services in the class are opposed, namely: Athletic footwear; athletic clothing, namely, tops, pants, jackets, headwear, shorts, tights, hosiery, bras, gloves, mittens, sweat shirts, skirts, leggings, rainwear, vests

## Grounds for Opposition

| Priority and likelihood of confusion | Trademark Act Section 2(d) |
|---|---|
| Dilution by blurring | Trademark Act Sections 2 and 43(c) |

## Marks Cited by Opposer as Basis for Opposition

| U.S. Registration | 667458 | Application Date | 04/30/1957 |
|---|---|---|---|

| | | | |
|---|---|---|---|
| No. | | | |
| Registration Date | 09/23/1958 | Foreign Priority Date | NONE |
| Word Mark | BROOKS BROTHERS | | |
| Design Mark | | | |
| Description of Mark | NONE | | |
| Goods/Services | Class U039 (International Class 010, 025, 026). First use: First Use: 1856/00/00 First Use In Commerce: 1856/00/00<br><br>MEN'S AND BOYS' CLOTHING-NAMELY, SUITS,COATS INCLUDING TOP-COATS, OVERCOATS, AND RAINCOATS, SPORT COATS, JACKETS, PAR-KAS, SWEATERS, VESTS, TROUSERS, [ KILTS, ]WALKING SHORTS, OUT-ER SHIRTS INCLUDING EVENING, DRESS, POLO, AND SPORTS SHIRTS,COLLARS, PAJAMAS, ROBES, SMOKING JACKETS, DRESSING GOWNS, UNDERWEAR, MUFFLERS, GLOVES, NECKTIES, HANDKER-CHIEFS, HOSE, CAPS, HATS, BELTS, SUSPENDERS, GARTERS, BOOTS, SLIPPERS, SHOES, OVERSHOES, BEACH WEAR, SWIMWEAR, FORMAL WEAR AND MILITARYUNIFORMS; AND WOMEN'S CLOTHING-NAMELY, OUTER SHIRTS, WALKING SHORTS, SWEATERS, RAINCOATS, AND OUT-ER COATS | | |

| | | | |
|---|---|---|---|
| U.S. Registration No. | 2716108 | Application Date | 04/12/2000 |
| Registration Date | 05/13/2003 | Foreign Priority Date | NONE |
| Word Mark | 346 BROOKS BROTHERS | | |
| Design Mark | BROOKS BROTHERS 346 | | |
| Description of Mark | NONE | | |
| Goods/Services | Class 025. First use: First Use: 2001/02/28 First Use In Commerce: 2001/02/28<br><br>Clothing, namely, shirts, tops, sweaters, jackets, pants, suits, bottoms, socks, hats and caps, shoes, shorts, coats, neckties, underwear, vests, robes, hosiery, skirts, dresses, loungewear, scarves,rainwear, trousers, [ ascots, ties, ] [outer shirts, including evening, dress,polo, and sports shirts, collars, ] pajamas, [ smoking jackets, ] [ dressing gowns, mufflers, ] gloves, [ hose, ] belts, suspend-ers, [ garters, ] boots, slippers, [ overshoes, ] beachwear, swimwear, [ and form-al wear, namely, jackets, pants, suits, shirts, shoes, cummerbunds, ties, sus-penders and gowns ] | | |

| | | | |
|---|---|---|---|
| U.S. Registration No. | 4012556 | Application Date | 01/27/2011 |
| Registration Date | 08/16/2011 | Foreign Priority Date | NONE |
| Word Mark | BLACK FLEECE BY BROOKS BROTHERS | | |

| Design Mark | BLACK FLEECE BY BROOKS BROTHERS |
|---|---|
| Description of Mark | NONE |
| Goods/Services | Class 003. First use: First Use: 2009/09/01 First Use In Commerce: 2009/09/01 Fragrances |

| U.S. Registration No. | 4359876 | Application Date | 12/13/2011 |
|---|---|---|---|
| Registration Date | 07/02/2013 | Foreign Priority Date | NONE |
| Word Mark | BLACK FLEECE BY BROOKS BROTHERS | | |
| Design Mark | BLACK FLEECE BY BROOKS BROTHERS | | |
| Description of Mark | NONE | | |
| Goods/Services | Class 025. First use: First Use: 2007/08/00 First Use In Commerce: 2007/08/00 Belts; Blouses; Boots; Bottoms; Coats; Dresses; Evening dresses; Gloves; Hats; Hosiery; Jackets; Mufflers; Neckties; Pants; Rainwear; Scarves; Shirts; Shoes; Shorts; Skirts; Socks; Suits; Suspenders;Sweaters; Ties; Tops; Trousers, none ofthe forgoing include goods made from black fleece fabric | | |

| U.S. Registration No. | 2765572 | Application Date | 01/10/2001 |
|---|---|---|---|
| Registration Date | 09/16/2003 | Foreign Priority Date | NONE |
| Word Mark | BROOKS BOYS | | |
| Design Mark | | | |
| Description of Mark | NONE | | |
| Goods/Services | Class 025. First use: First Use: 2002/09/30 First Use In Commerce: 2002/09/30 Clothing, namely, shirts, tops, sweaters, jackets, pants, suits, [ bottoms, ] socks, hats and caps; shoes; shorts, coats, neckties, underwear, vests, [ robes, ho-siery, skirts, dresses, loungewear, ] scarves, rainwear, trousers, ascots, ties, [ outer shirts including evening, dress, ] polo, and sports shirts, [ collars, ] paja- | | |

|  | mas, [ robes, smoking jackets, dressing gowns, mufflers, ] gloves, [ hose, ] belts, [ suspenders, garters, ] boots, slippers, shoes, [ overshoes, ] beach wear, swim-wear, formal wear, namely, jackets, pants, suits, shirts, shoes, cummerbunds, ties [, suspenders and gowns ] |

| U.S. Registration No. | 3029206 | Application Date | 07/08/2005 |
|---|---|---|---|
| Registration Date | 12/13/2005 | Foreign Priority Date | NONE |
| Word Mark | BROOKS BROTHERS | | |
| Design Mark | BROOKS BROTHERS | | |
| Description of Mark | NONE | | |
| Goods/Services | Class 003. First use: First Use: 1964/09/13 First Use In Commerce: 1964/09/13<br><br>cosmetics and toiletries, namely, emeryboards, cologne, cologne spray, after-shave lotion, after-shaving balms, shaving cream, [ soap, deodorant for personal use, ] shampoo, [ styling gels, ] body lotion, body gel, fragrances for person-aluse, body creams, shower gels, skin cleansing cream, and skin and body lotions for personal use<br><br>Class 008. First use: First Use: 1948/12/31 First Use In Commerce: 1948/12/31<br><br>Nail implements, namely, fingernail andtoenail clippers, tweezers, cuticle nippers and scissors, and nail buffers; flatware, namely, forks, [ table and kitchen knives ] and spoons [ ; pocket knives ]<br><br>Class 009. First use: First Use: 1993/03/31 First Use In Commerce: 1993/03/31<br><br>Eyeglasses, comprising spectacles, spectacle frames, sunglasses, [ eyeglass chains, eyeglass retaining bands, ] eyeglass cases and lens [ ; binoculars, tape measures and pedometers, calculators, electronic calendars, electrically oper-ated shoe shine units; barometers; electric or battery operated travel irons, voltageconversion devices ]<br><br>Class 014. First use: First Use: 1948/12/31 First Use In Commerce: 1948/12/31<br><br>Watches, watchbands, clocks, key chainsmade of precious metal, and jewelry<br><br>Class 016. First use: First Use: 1903/01/03 First Use In Commerce: 1903/01/03<br><br>[ Tie Cases Made of Cardboard and Covered with Paper or Fabric and Sold Empty, Shoe Bags for Travel, ] Garment Bags forTravel, diaries; [ thesauri; dic-tionaries; ] books on a variety of subjects, namely, history, wine, dining, etiquette, fashion, public speaking, and game rule books; personal organizers; calendars; stationery; [ gift wrapping paper; ] giftboxes; [ gift bags; ] appointment books; greeting cards; mail order catalogs featuring all of the foregoing as well as clothing and accessories [, and cosmetics ]<br><br>Class 018. First use: First Use: 1903/01/13 First Use In Commerce: 1903/01/13<br><br>Handbags, tote bags, backpacks, luggage, wallets, purses, key cases, briefcases, duffel bags, all-purpose sport bags, business card cases, credit card cases; briefcase-type portfolios, billfolds, tiecase, attachÃ© cases, passport cases andumbrellas | | |

Class 020. First use: First Use: 1981/12/31 First Use In Commerce: 1981/12/31 picture frames [, furniture ] and pillows

Class 021. First use: First Use: 1914/00/00 First Use In Commerce: 1914/00/00 [ Hair combs and brushes, serving spoons and forks not made of metal; wood-enware, ] porcelain and china, namely, dishes, bowls, plates, serving platters, saladbowls, [ salad servers, cake servers, ]cups, saucers, [ salt and pepper shakers, ] non-electric coffee pots, tea pots not made of metal, containers for serving cream not made of metal, [ napkin holders, napkin rings not of precious metal,] candlestick holders not made of metal, vases and pitchers; crystal and glass beverage glassware, namely, [ cocktail shakers, mugs, goblets, ] wine-glasses, [ coasters, ] decanters, pitchers, bowls, vases, [ carafes, flasks, ice buckets, ice tongs not made of metal; ceramic and laminated accessories, namely, soap dishes and toothbrush holders; corkscrews ]

Class 024. First use: First Use: 1903/01/03 First Use In Commerce: 1903/01/03 bed sheets, [ comforters, bed blankets,] dust ruffles, duvet covers, pillow cases, pillow shams, bed shams, bed spreads, [ shower curtains, ] towels, wash cloths, [ fabric napkins, fabric placemats,fabric tablecloths and curtains ]

Class 025. First use: First Use: 1856/00/00 First Use In Commerce: 1856/00/00 Men's, women's, boy's and girl's shirts, tops, sweaters, jackets, pants, suits,bottoms, socks, hats and caps; shoes; shorts, coats, neckties, underwear, vests, robes, hosiery, skirts, dresses, loungewear, scarves, rainwear, trousers, ascots, ties, outer shirts including evening, dress, polo and sports shirts, collars, pajamas, robes, smoking jackets, dressing gowns, mufflers, gloves, hose, belts, suspenders, garters, boots, slippers, shoes, overshoes, beach wear, swimwear, and formal wear, namely, jackets, pants,suits, shirts, shoes, cummerbunds, ties, suspenders and gowns

Class 027. First use: First Use: 2005/03/31 First Use In Commerce: 2005/03/31 [ wallpaper ]

Class 028. First use: First Use: 1903/03/31 First Use In Commerce: 1903/03/31 Golf accessories and golf equipment, namely, divot tools, ball markers, golf balls, golf clubs, golf bags, [ golf ball washers, non-motorized golf carts, ] golf tees, and golf club covers

Class 035. First use: First Use: 1818/00/00 First Use In Commerce: 1818/00/00 retail store services, online retail store services and mail order catalog services featuring clothing for men, women and children, sporting goods, eyewear, fra-grance, body lotions, housewares, personal accessories and luggage

| U.S. Registration No. | 1771690 | Application Date | 07/27/1992 |
|---|---|---|---|
| Registration Date | 05/18/1993 | Foreign Priority Date | NONE |
| Word Mark | BROOKS BROTHERS | | |
| Design Mark | | | |
| Description of Mark | NONE | | |
| Goods/Services | Class 030. First use: First Use: 1990/09/00 First Use In Commerce: 1990/09/00 foods; namely, cakes, cookies | | |

| U.S. Registration No. | 3250433 | Application Date | 12/23/2004 |
|---|---|---|---|
| Registration Date | 06/12/2007 | Foreign Priority Date | NONE |
| Word Mark | BROOKS BROTHERS | | |

| Design Mark | |
|---|---|
| |  |
| Description of Mark | NONE |
| Goods/Services | Class 018. First use: First Use: 1998/08/01 First Use In Commerce: 1998/08/01 Handbags, tote bags, backpacks, luggage, wallets, purses, key cases, briefcases, duffel bags, all-purpose sport bags, business card cases, credit card cases; briefcase-type portfolios, billfolds, attache cases, and key cases |

| U.S. Registration No. | 1835798 | Application Date | 01/11/1993 |
|---|---|---|---|
| Registration Date | 05/10/1994 | Foreign Priority Date | NONE |
| Word Mark | BROOKS BROTHERS | | |
| Design Mark | | | |
| Description of Mark | NONE | | |
| Goods/Services | Class 042. First use: First Use: 1818/00/00 First Use In Commerce: 1818/00/00 retail store and mail order catalog services featuring clothing and accessoriestherefor, leather goods, soaps and cosmetics, glassware, eyewear, home furnishings and giftware | | |

| U.S. Registration No. | 3285134 | Application Date | 11/21/2006 |
|---|---|---|---|
| Registration Date | 08/28/2007 | Foreign Priority Date | NONE |
| Word Mark | BROOKS BROTHERS | | |
| Design Mark | | | |
| |  | | |
| Description of Mark | NONE | | |
| Goods/Services | Class 016. First use: First Use: 2005/00/00 First Use In Commerce: 2005/00/00 | | |

| | Pens |
|---|---|

| U.S. Registration No. | 4023020 | Application Date | 10/29/2007 |
|---|---|---|---|
| Registration Date | 09/06/2011 | Foreign Priority Date | NONE |
| Word Mark | BROOKS BROTHERS | | |
| Design Mark | **BROOKS BROTHERS** | | |
| Description of Mark | NONE | | |
| Goods/Services | Class 003. First use: First Use: 1964/09/13 First Use In Commerce: 1964/09/13 body beauty creams; Fragrances for personal use; Scented body lotions and creams; Shower and bath gel<br>Class 004. First use: First Use: 2006/11/00 First Use In Commerce: 2006/11/00 [ Candles ] | | |

| U.S. Registration No. | 3029064 | Application Date | 12/23/2004 |
|---|---|---|---|
| Registration Date | 12/13/2005 | Foreign Priority Date | NONE |
| Word Mark | BROOKS BROTHERS | | |
| Design Mark | *Brooks Brothers* | | |
| Description of Mark | NONE | | |
| Goods/Services | Class 025. First use: First Use: 1998/08/01 First Use In Commerce: 1998/08/01<br>Men's, women's, boys' and girl' shirts,tops, sweaters, jackets, pants, suits, bottoms, socks, hats and caps; shoes; shorts, coats, neckties, underwear, vests,robes, hosiery, skirts, dresses, loungewear, scarves, rainwear, trousers, ascots, ties, outer shirts including evening,dress, polo and sports shirts, collars,pajamas, robes, smoking jackets, dressing gowns, mufflers, gloves, hose, | | |

belts,suspenders, garters, boots, slippers, shoes, overshoes, beach wear, swim-wear, and formal wear, namely, jackets, pants, suits, shirts, shoes, cummer-bunds, ties,suspenders and gowns

Class 035. First use: First Use: 1998/08/01 First Use In Commerce: 1998/08/01

Retail store, on-line ecommerce store, and mail order catalog services featuring clothing and accessories therefor, leather goods, soaps and cosmetics, glass-ware, tableware, eyewear, home furnishings, and giftware

| U.S. Registration No. | 1839876 | Application Date | 05/28/1992 |
|---|---|---|---|
| Registration Date | 06/14/1994 | Foreign Priority Date | NONE |
| Word Mark | BROOKS BROTHERS | | |
| Design Mark | | | |
| Description of Mark | NONE | | |
| Goods/Services | Class 009. First use: First Use: 1993/03/00 First Use In Commerce: 1993/03/00 eyeglasses, comprising spectacles, spectacle frames, sunglasses, eyeglass chains, eyeglass retaining bands, eyeglass cases and lens; binoculars, tape measures and pedometers, calculators, electronic calendars, electrically oper-ated shoe shine units; barometers; travel irons, voltage conversion devices | | |

| U.S. Registration No. | 1835478 | Application Date | 12/09/1992 |
|---|---|---|---|
| Registration Date | 05/10/1994 | Foreign Priority Date | NONE |
| Word Mark | BROOKS BROTHERS | | |
| Design Mark | | | |
| Description of Mark | NONE | | |
| Goods/Services | Class 021. First use: First Use: 1914/00/00 First Use In Commerce: 1914/00/00 beverage glassware, bottles sold empty,[ jars sold empty, ] beverage containers for household use, carafes, drinking flasks, insulated and uninsulated beverage bottles sold empty and drinking cups | | |

| U.S. Registration No. | 867673 | Application Date | 06/22/1967 |
|---|---|---|---|
| Registration Date | 04/01/1969 | Foreign Priority Date | NONE |
| Word Mark | BROOKS BROTHERS | | |
| Design Mark |  | | |
| Description of Mark | NONE | | |
| Goods/Services | Class U051 (International Class 003, 005). First use: First Use: 1964/09/13 First Use In Commerce: 1964/09/13 | | |

| | TOILETRIES FOR MEN-NAMELY, COLOGNE, AFTER SHAVE LOTION, ALL PURPOSE LOTION, HAIR TONIC, SHAVING CREAM, SHAVING SOAP, PERSONAL DEODORANT AND MOUTH-WASH |
|---|---|
| | Class U052 (International Class 003, 005). First use: First Use: 1964/09/13 First Use In Commerce: 1964/09/13 |
| | [ TOILET SOAP AND LIQUID HAIR SHAMPOO ] |

| U.S. Registration No. | 4171950 | Application Date | 08/18/2008 |
|---|---|---|---|
| Registration Date | 07/10/2012 | Foreign Priority Date | NONE |
| Word Mark | BROOKS BROTHERS 1818 | | |
| Design Mark | BROOKS BROTHERS 1818 | | |
| Description of Mark | NONE | | |
| Goods/Services | Class 003. First use: First Use: 1964/00/00 First Use In Commerce: 1964/00/00 Cologne; Fragrances for personal use | | |

| U.S. Registration No. | 5341026 | Application Date | 06/06/2014 |
|---|---|---|---|
| Registration Date | 11/21/2017 | Foreign Priority Date | NONE |
| Word Mark | BROOKS BROTHERS 1818 RED FLEECE | | |

| Design Mark |  |
|---|---|
| Description of Mark | The mark consists of a repeat striped rectangular drawing with the colors red, gold, blue, gold, blue, gold, red with awhite oval device in the center with a red concentric oval within and featuringthe text "BROOKS BROTHERS", the Brooks Brothers Golden Fleece logo, the numbers"1818" and the text "RED FLEECE", all in red. |
| Goods/Services | Class 003. First use: First Use: 2014/06/00 First Use In Commerce: 2014/06/00 |
| | After shave lotions; after-shave balms;after-shave creams; bath gel; bath lotion; bath soaps; bathing lotions; beauty lotions; body lotion; body sprays; cologne; eau de perfume; eau-de-toilette; face and body beauty creams; face and body lotions; fragrances for personal use; perfume; perfumes, aftershaves and co-lognes; scented body lotions and creams; scented body spray; shampoos; shaving balm; shaving cream; shaving gel; shaving preparations; shower and bath gel; skin cream |

| U.S. Registration No. | 3821895 | Application Date | 02/15/2010 |
|---|---|---|---|
| Registration Date | 07/20/2010 | Foreign Priority Date | NONE |
| Word Mark | BROOKS BROTHERS BB COUNTRY CLUB | | |
| Design Mark |  | | |
| Description of Mark | The mark consists of the terms "BROOKS BROTHERS" in a script font and a crest design containing the letters "BB" with adecorative partition between the two letters and a ribbon containing the terms "COUNTRY CLUB". | | |

| Goods/Services | Class 003. First use: First Use: 2003/03/31 First Use In Commerce: 2003/03/31 Fragrances, after shave balm, body creams and body wash |
|---|---|
| | Class 018. First use: First Use: 2003/03/31 First Use In Commerce: 2003/03/31 [ handbags, tote bags, backpacks, luggage, wallets, purses, duffle bags, all-purpose sport bags, billfolds, key cases, travel bags, overnight bags, umbrellas ] |
| | Class 025. First use: First Use: 2003/03/31 First Use In Commerce: 2003/03/31 shirts, tops, [ sweaters, ] jackets, pants, [ bottoms, socks, hats and caps, shorts, coats, ] underwear, [ vests, robes, hosiery, skirts, dresses, loungewear, scarves, rainwear, ] trousers [, ties, pajamas, robes, gloves, belts, boots, beach wear, swimwear ] |
| | Class 028. First use: First Use: 2003/03/31 First Use In Commerce: 2003/03/31 golf accessories and golf equipment, namely, golf balls, golf bags, golf tees, and golf club covers |
| | Class 035. First use: First Use: 2003/03/31 First Use In Commerce: 2003/03/31 [ Retail mail order services and retailstores services and computerized online-ordering and online retail store services via a computer network in the field of consumer goods, namely, clothing, luggage, wallets, cosmetics and jewelry ] |

| U.S. Registration No. | 4132169 | Application Date | 07/17/2008 |
|---|---|---|---|
| Registration Date | 04/24/2012 | Foreign Priority Date | NONE |
| Word Mark | BROOKS BROTHERS COUNTRY CLUB | | |
| Design Mark | BROOKS BROTHERS COUNTRY CLUB | | |
| Description of Mark | NONE | | |
| Goods/Services | Class 003. First use: First Use: 2003/03/31 First Use In Commerce: 2003/03/31 [Bath soaps; ]bathing lotions; cologne[; shower and bath gel] | | |

| U.S. Registration No. | 2882928 | Application Date | 06/12/2002 |
|---|---|---|---|
| Registration Date | 09/07/2004 | Foreign Priority Date | NONE |
| Word Mark | BROOKS BROTHERS COUNTRY CLUB | | |
| Design Mark | | | |
| Description of Mark | NONE | | |
| Goods/Services | Class 018. First use: First Use: 2004/04/00 First Use In Commerce: 2004/04/00 [ HANDBAGS, TOTE BAGS, ] [ BACKPACKS, LUGGAGE, WALLETS, ] [ PURSES, ] [ KEY CASES, BRIEF CASES, DUFFLE BAGS, ALL-PURPOSE SPORT BAGS, BUSINESS CARD CASES, CREDIT CARD CASES, BRIEFCASE-TYPE PORTFOLIOS,BILLFOLDS, ATTACHE CASES, KEY | | |

|  | CASES, PASSPORT CASES, SUIT BAGS, WAIST AND FANNYPACKS; TRUNKS, TRAVEL BAGS, HAT BOXES FOR TRAVEL, LUGGAGE TAGS, OVERNIGHT BAGS AND CASES; COSMETIC; TOILETRY AND VAN-ITYCASES SOLD EMPTY; ] [ UMBRELLAS, ] [ CANES AND WALKING STICKS ] |  |  |
|--|--|--|--|
|  | Class 025. First use: First Use: 2004/04/00 First Use In Commerce: 2004/04/00 CLOTHING, NAMELY, SHIRTS, TOPS, SWEATERS, JACKETS, PANTS, [ SUITS, ] BOTTOMS, [SOCKS, ] HATS AND CAPS; [ SHOES; ] SHORTS, COATS, [ NECKTIES, ] UNDERWEAR, VESTS, [ ROBES, HOSIERY, ] SKIRTS, DRESSES, LOUNGEWEAR, [ SCARVES, RAINWEAR, TROUSERS, ASCOTS, TIES, OUTER SHIRTS INCLUDING EVENING, DRESS, ] POLO AND SPORTS SHIRTS, [ COLLARS, PAJAMAS, ROBES, SMOKING JACK-ETS, DRESSING GOWNS, MUFFLERS, ] GLOVES, [ HOSE, ] BELTS, [ SUS-PENDERS, GARTERS, BOOTS, SLIPPERS, SHOES, OVERSHOES, BEACH WEAR, ] SWIMWEAR, [ FORMAL WEAR, NAMELY, JACKETS, PANTS, SUITS, SHIRTS, SHOES, CUMMERBUNDS, TIES, SUSPENDERS AND GOWNS ] |  |  |
|  | Class 028. First use: First Use: 2004/04/00 First Use In Commerce: 2004/04/00 GOLF ACCESSORIES AND GOLF EQUIPMENT, NAMELY, GOLF BALLS, [ GOLF CLUBS, ] GOLF BAGS, [ GOLF BALL WASHERS, NON-MOTORIZED GOLF CARTS, ] GOLF TEES, AND GOLF CLUB COVERS |  |  |

| U.S. Registration No. | 404792 | Application Date | 07/26/1943 |
|--|--|--|--|
| Registration Date | 12/21/1943 | Foreign Priority Date | NONE |
| Word Mark | BROOKS BROTHERS ESTABLISHED 1818 |  |  |
| Design Mark |  |  |  |
| Description of Mark | The mark consists of the Golden Fleece logo above the terms BROOKS BROTHERS in a script font with the terms Established1818 at the bottom. |  |  |
| Goods/Services | Class U042 (International Class 022, 024, 026, 027). First use: First Use: 1903/01/13 First Use In Commerce: 1903/01/03 [ Motor Robes, Foot Muffs, Blankets, Napkins, and ] Towels |  |  |

| U.S. Registration No. | 404683 | Application Date | 07/26/1943 |
|---|---|---|---|
| Registration Date | 12/14/1943 | Foreign Priority Date | NONE |
| Word Mark | BROOKS BROTHERS ESTABLISHED 1818 | | |
| Design Mark |  | | |
| Description of Mark | The mark consists of the Golden Fleece logo above the terms BROOKS BROTHERS in a script font with the terms Established1818 at the bottom. | | |
| Goods/Services | Class 018. First use: First Use: 1903/01/13 First Use In Commerce: 1903/01/13 <br><br> [ Riding Crops and Whips, Polo Whips, Spur-Straps, Hound Collars and Couples Beagle Collars and Couples, ] Suitcases, Trunks, Duffle Bags, Gladstone Bags, Attache Cases, Wallets and Key Purses, Pocketbooks, Portfolios, Overnight Bags, [ Brief Cases, Utility Bags, ] Toilet Kits, Wardrobe [ Trunks, Collar Boxes Made of Leather, Cravat and Handkerchief Cases Made of Leather, Beach Bags and Bathing Suit Bags, Hat and Tie Boxes Made of Leather, Boot and Shoe Trunks, Jewel Cases Made of Leather, Cases for Playing Cards,and Empty Kits for Toilet Articles ] | | |

| U.S. Registration No. | 404790 | Application Date | 07/26/1943 |
|---|---|---|---|
| Registration Date | 12/21/1943 | Foreign Priority Date | NONE |
| Word Mark | BROOKS BROTHERS ESTABLISHED 1818 | | |

| Design Mark |  |
|---|---|
| Description of Mark | The mark consists of The mark consists of the Golden Fleece logo above the terms BROOKS BROTHERS in a script font with the terms Established 1818 at the bottom. |
| Goods/Services | Class U002 (International Class 006, 013, 014, 015, 016, 018, 020, 021, 022, 034). First use: First Use: 1903/01/13 First Use In Commerce: 1903/01/13<br><br>[Sandwich Boxes, ] [ Boxes for Hunting Tools, Cardboard Collar Boxes Sold Empty, Cravat Cases and Handkerchief Cases Made of Cardboard and Covered with Paper or Fabric and Sold Empty, Hat Boxes Made of Cardboard and Covered with Paper or Fabric and Sold Empty, Tie Cases Made of Cardboard and Covered with Paper or Fabric and Sold Empty, Sewing Baskets, Garden Baskets, ] Shoe Bags, [ Tea Baskets, Jewel Cases Made with Cardboard and Covered with Paper or Fabric and Sold Empty, ] Garment Bags [, Jacketed Va-cuum Bottles and Lunch-Boxes, Trays Made of Wood orCardboard Covered with Paper and Paper Cups] |

| U.S. Registration No. | 404625 | Application Date | 07/26/1943 |
|---|---|---|---|
| Registration Date | 12/07/1943 | Foreign Priority Date | NONE |
| Word Mark | BROOKS BROTHERS ESTABLISHED 1818 | | |

| Design Mark |  |
|---|---|
| Description of Mark | NONE |
| Goods/Services | Class 018. First use: First Use: 1903/01/13 First Use In Commerce: 1903/01/13 Walking Sticks and Canes, Umbrellas, Shooting Seats, Usable as Walking Sticks and Cane Umbrellas |

| U.S. Registration No. | 4641284 | Application Date | 04/28/2014 |
|---|---|---|---|
| Registration Date | 11/18/2014 | Foreign Priority Date | NONE |
| Word Mark | BROOKS BROTHERS ESTABLISHED 1818 COLLEGIATE COLLECTION | | |
| Design Mark | | | |

| Description of Mark | The mark consists of a circle design containing the terms "BROOKS BROTH-ERS", beneath which is the Golden Fleece design, beneath which are the terms |
|---|---|

| | |
|---|---|
| | "ESTABLISHED 1818". Beneath the circle design are the terms "COLLEGIATE COLLECTION". |
| Goods/Services | Class 025. First use: First Use: 2011/08/00 First Use In Commerce: 2011/08/00<br>Shirts; Sweaters; Ties; Tops |

| U.S. Registration No. | 3218098 | Application Date | 06/22/2006 |
|---|---|---|---|
| Registration Date | 03/13/2007 | Foreign Priority Date | NONE |
| Word Mark | BROOKS BROTHERS FACTORY STORE | | |
| Design Mark | BROOKS BROTHERS FACTORY STORE | | |
| Description of Mark | NONE | | |
| Goods/Services | Class 035. First use: First Use: 1991/00/00 First Use In Commerce: 1991/00/00<br>Retail stores featuring clothing for men, women and children, sporting goods, eyewear, fragrance, body lotions, housewares, personal accessories and lug-gage | | |

| U.S. Registration No. | 4122925 | Application Date | 02/21/2011 |
|---|---|---|---|
| Registration Date | 04/03/2012 | Foreign Priority Date | NONE |
| Word Mark | BROOKS BROTHERS FLATIRON SHOP | | |
| Design Mark | BROOKS BROTHERS FLATIRON SHOP | | |
| Description of Mark | NONE | | |
| Goods/Services | Class 035. First use: First Use: 2011/11/12 First Use In Commerce: 2011/11/12<br>Retail store services featuring clothing, footwear, eyewear, fragrances, leather goods, bags, and personal accessories | | |

| U.S. Registration No. | 4289342 | Application Date | 01/07/2010 |
|---|---|---|---|
| Registration Date | 02/12/2013 | Foreign Priority | NONE |

| | | Date | |
|---|---|---|---|
| Word Mark | BROOKS BROTHERS FLEECE | | |
| Design Mark | BROOKS BROTHERS FLEECE | | |
| Description of Mark | NONE | | |
| Goods/Services | Class 025. First use: First Use: 2010/08/01 First Use In Commerce: 2010/08/01 Clothing, namely, shirts, tops, sweaters, jackets, pants, suits, bottoms, socks, hats and caps; shoes; shorts, coats, underwear, vests, robes, hosiery, skirts,dresses, loungewear, scarves, rainwear,trousers, ties, polo shirts, paja-mas, gloves, belts, boots, slippers, beach wear, swimwear Class 035. First use: First Use: 2011/02/26 First Use In Commerce: 2011/02/26 Retail store services, online retail store services and mail order catalog services featuring clothing, sporting goods,eyewear, fragrance, housewares, personal ac-cessories and luggage | | |

| U.S. Registration No. | 4214156 | Application Date | 12/10/2007 |
|---|---|---|---|
| Registration Date | 09/25/2012 | Foreign Priority Date | NONE |
| Word Mark | BROOKS BROTHERS MADISON | | |
| Design Mark | BROOKS BROTHERS MADISON | | |
| Description of Mark | NONE | | |
| Goods/Services | Class 003. First use: First Use: 2010/11/00 First Use In Commerce: 2010/11/00 Fragrances for personal use | | |

| U.S. Registration No. | 2634532 | Application Date | 05/02/2001 |
|---|---|---|---|
| Registration Date | 10/15/2002 | Foreign Priority Date | NONE |
| Word Mark | BROOKS BROTHERS MAKERS | | |

| Design Mark | **BROOKS BROTHERS MAKERS** |
|---|---|
| Description of Mark | NONE |
| Goods/Services | Class 018. First use: First Use: 1943/00/00 First Use In Commerce: 1943/00/00 [ Handbags, tote bags, backpacks, luggage, wallets, purses, key cases, briefcases, duffel bags, all-purpose sport bags,business card cases, credit card cases;briefcase-type portfolios, billfolds, attache cases and passport cases ] Class 025. First use: First Use: 1943/00/00 First Use In Commerce: 1943/00/00 Clothing, namely, shirts, tops, [ sweaters, jackets, pants, suits, bottoms, socks, hats and caps; shoes; shorts, coats,neckties, underwear, vests, robes, hosiery, skirts, dresses, loungewear, scarves, rainwear, trousers, ascots, ties, outer shirts including evening, dress, polo, and sports shirts, collars, pajamas, robes, smoking jackets, dressing gowns, mufflers, gloves, handkerchiefs, hose, belts, suspenders, garters, boots, slippers, shoes, overshoes, beach wear, swimwear and formal wear, namely jackets, pants, suits, shirts, shoes, cummerbunds, ] ties, [ suspenders and gowns ] |

| U.S. Registration No. | 4042389 | Application Date | 04/09/2008 |
|---|---|---|---|
| Registration Date | 10/18/2011 | Foreign Priority Date | NONE |
| Word Mark | BROOKS BROTHERS NEW YORK | | |
| Design Mark | BROOKS BROTHERS NEW YORK | | |
| Description of Mark | NONE | | |
| Goods/Services | Class 003. First use: First Use: 2008/11/00 First Use In Commerce: 2008/11/00 Fragrances for personal use; After-shave lotions; Body cream Class 004. First use: First Use: 2008/11/00 First Use In Commerce: 2008/11/00 [ Candles ] | | |

| U.S. Registration No. | 5078203 | Application Date | 02/25/2013 |
|---|---|---|---|
| Registration Date | 11/08/2016 | Foreign Priority Date | NONE |
| Word Mark | BROOKS BROTHERS RED FLEECE | | |

| Design Mark | BROOKS BROTHERS RED FLEECE |
|---|---|
| Description of Mark | NONE |
| Goods/Services | Class 003. First use: First Use: 2014/06/00 First Use In Commerce: 2014/06/00 Shampoos; Shower and bath gel, Bath soaps, Eau-de-toilette Class 014. First use: First Use: 2015/06/00 First Use In Commerce: 2015/06/00 Jewelry; Tie clips; Watches Class 018. First use: First Use: 2016/01/00 First Use In Commerce: 2016/01/00 All purpose sport bags; All-purpose athletic bags; All-purpose carrying bags, backpacks, attachÂ© cases, briefcases, wallets, handbags, messenger bags and tote bags Class 025. First use: First Use: 2013/11/00 First Use In Commerce: 2013/11/00 Belts, caps, gloves, hats, hosiery, scarves, socks; bathing suits; blouses; coats; dresses; jackets; loungewear; neckties; pants; raincoats; rainwear; shirts; shorts; skirts; suits; sweat pants; sweaters; sweatshirts; swim suits; swimwear;ties; tops; trousers; vests |

| U.S. Registration No. | 5124632 | Application Date | 11/18/2013 |
|---|---|---|---|
| Registration Date | 01/17/2017 | Foreign Priority Date | NONE |
| Word Mark | BROOKS BROTHERS RED FLEECE | | |
| Design Mark | BROOKS BROTHERS RED FLEECE | | |
| Description of Mark | NONE | | |
| Goods/Services | Class 035. First use: First Use: 2013/11/00 First Use In Commerce: 2013/11/00 Mail order services featuring fragrances, body lotions, housewares, eyewear, jewelry, watches, leather goods, personal accessories, bags, luggage, clothing, footwear, hats, furniture, pillows, tableware, games, sporting equipment; On-line retail store services featuring fragrances, body lotions, housewares, eyewear, jewelry, watches, leather goods, personalaccessories, bags, luggage, clothing, footwear, hats, furniture, pillows, tableware, games, sporting equipment; Retail store services featuring fragrances, body lotions, housewares, eyewear, jew-elry,watches, leather goods, personal accessories, bags, luggage, clothing, foot- | | |

| | wear, hats, furniture, pillows, tableware, games, sporting equipment |
|---|---|

| U.S. Registration No. | 5161322 | Application Date | 06/04/2013 |
|---|---|---|---|
| Registration Date | 03/14/2017 | Foreign Priority Date | NONE |
| Word Mark | BROOKS BROTHERS THE ORIGINAL AMERICAN BRAND | | |
| Design Mark | BROOKS BROTHERS THE ORIGINAL AMERICAN BRAND | | |
| Description of Mark | NONE | | |
| Goods/Services | Class 035. First use: First Use: 2017/01/06 First Use In Commerce: 2017/01/06 Mail order services featuring Fragrances, body lotions, housewares, eyewear, jewelry, watches, leather goods, personal accessories, bags, luggage, clothing, footwear, hats, furniture, pillows, tableware, games, sporting equipment; On-line retail store services featuring Fragrances, body lotions, housewares, eyewear, jewelry, watches, leather goods, personalaccessories, bags, luggage, clothing, footwear, hats, furniture, pillows, tableware, games, sporting equipment; Retail store services featuring Fragrances, body lotions, housewares, eyewear, jew-elry,watches, leather goods, personal accessories, bags, luggage, clothing, foot-wear, hats, furniture, pillows, tableware, games, sporting equipment; The bring-ing together, for the benefit of others, of avariety of goods, enabling customers toconveniently view and purchase those goods in the field of Fragrances, body lotions, housewares, eyewear, jewelry, watches, leather goods, personal ac-cessories, bags, luggage, clothing, footwear, hats, furniture, pillows, tableware, games,sporting equipment; The bringing together, for the benefit of others, of a variety of goods and services, enabling customers to conveniently view and pur-chase those goods and services from an Internet web site particularly specializ-ing in the marketing of the sale of goods and services of others; Wholesale dis-tributorships featuring Fragrances, body lotions, housewares, eyewear, jewelry, watches,leather goods, personal accessories, bags, luggage, clothing, footwear, hats, furniture, pillows, tableware, games, sporting equipment | | |

| U.S. Registration No. | 3403721 | Application Date | 09/10/2004 |
|---|---|---|---|
| Registration Date | 03/25/2008 | Foreign Priority Date | NONE |
| Word Mark | BROOKS BROTHERS WOMEN | | |
| Design Mark | BROOKS BROTHERS WOMEN | | |
| Description of Mark | NONE | | |

| Goods/Services | Class 035. First use: First Use: 1998/09/11 First Use In Commerce: 1998/09/11 |
|---|---|
| | [Retail mail order services and ] retail stores services [ and computerized online ordering and retail services via a computer network ] in the field of consumer goods and services, namely, clothing,[fabrics, housewares,] jewelry, leather-goods, luggage and handbags, cosmetics [, paper goods and printed matter] |

| U.S. Registration No. | 2893198 | Application Date | 03/25/2003 |
|---|---|---|---|
| Registration Date | 10/12/2004 | Foreign Priority Date | NONE |
| Word Mark | BROOKS BUYS | | |
| Design Mark | **BROOKS BUYS** | | |
| Description of Mark | NONE | | |
| Goods/Services | Class 035. First use: First Use: 2001/09/00 First Use In Commerce: 2001/09/00 | | |
| | Retail stores services and computerizedonline ordering and retail services viaa computer network in the field of consumer goods, namely, shirts, tops, sweaters, jackets, pants, suits, bottoms, socks, hats and caps, shoes, shorts, coats, neck-ties, underwear, vests, robes, hosiery, skirts, dresses, loungewear, scarves, rainwear, trousers, ascots, ties, [ outer shirts including evening, dress, polo, and sports shirts, collars, ] pajamas, [ robes, smoking jackets, dressing gowns, mufflers, ] gloves, handkerchiefs, [hose, ] belts [, suspenders, garters, boots, slippers, shoes, overshoes, beach wear, swimwear, formal wear, handbags, tote bags, backpacks, luggage, wallets, purses, key cases, brief cases, duffle bags, all-purpose sport bags, business card cases, credit card cases, briefcase-type portfolios, billfolds, attachÃ© cases,key cases, passport cases, suit bags, waist and fanny packs, trunks, travel bags, hat boxes for travel, key fobs, luggage tags, overnight bags and cases, cosmetic, toiletry and vanity cases sold empty, umbrellas, canes, and walking sticks,cosmetics and jewelry, golf accessories, namely, golf equipment including golf balls, golf clubs, golf bags, golf shoes, golf ball washers, golf carts, golf tees, and golf club covers ] | | |

| U.S. Registration No. | 2498929 | Application Date | 09/22/1999 |
|---|---|---|---|
| Registration Date | 10/16/2001 | Foreign Priority Date | NONE |
| Word Mark | BROOKS STRETCH | | |
| Design Mark | **BROOKS STRETCH** | | |
| Description of Mark | NONE | | |
| Goods/Services | Class 025. First use: First Use: 1999/03/00 First Use In Commerce: 1999/03/00 | | |
| | Clothing, namely, shirts, pants, [ shorts, skirts, sweaters, ] jackets, [ shoes, socks, ties, hats, overcoats, dresses,underwear, hosiery, scarves, blouses, swimwear, ] suits, [ loungewear, caps, gloves, pajamas, ascots, trousers, rain-coats, parkas, vests, polo and sport shirts, belts, suspenders, boots, slippers, sport coats, dress shirts, formal wear, namely jackets, pants, suits, shirts, shoes, | | |

| | cummerbunds, ties, suspenders and gowns and robes ] |
|---|---|

| U.S. Registration No. | 2625045 | Application Date | 03/15/2001 |
|---|---|---|---|
| Registration Date | 09/24/2002 | Foreign Priority Date | NONE |
| Word Mark | BROOKSBROTHERS.COM | | |
| Design Mark | | | |
| Description of Mark | NONE | | |
| Goods/Services | Class 035. First use: First Use: 2000/08/00 First Use In Commerce: 2000/08/00 Retail store services, mail order services and computerized on-line retail services via a computer network featuring a wide variety of consumer goods; computerized on-line ordering services | | |

| U.S. Registration No. | 4142789 | Application Date | 11/03/2011 |
|---|---|---|---|
| Registration Date | 05/15/2012 | Foreign Priority Date | NONE |
| Word Mark | BROOKSCOOL | | |
| Design Mark | BROOKSCOOL | | |
| Description of Mark | NONE | | |
| Goods/Services | Class 025. First use: First Use: 2003/03/00 First Use In Commerce: 2003/03/00 Jackets; Pants; Shirts; Suits | | |

| U.S. Registration No. | 3861885 | Application Date | 08/19/2009 |
|---|---|---|---|
| Registration Date | 10/12/2010 | Foreign Priority Date | NONE |
| Word Mark | BROOKSIE | | |
| Design Mark | BROOKSIE | | |

| Description of Mark | NONE |
|---|---|
| Goods/Services | Class 028. First use: First Use: 2009/11/01 First Use In Commerce: 2009/11/01 Teddy bears |

| U.S. Registration No. | 3009280 | Application Date | 04/28/2001 |
|---|---|---|---|
| Registration Date | 10/25/2005 | Foreign Priority Date | NONE |
| Word Mark | BROOKSSTORM | | |
| Design Mark | | | |
| Description of Mark | NONE | | |
| Goods/Services | Class 025. First use: First Use: 2001/09/00 First Use In Commerce: 2001/09/00 Clothing with water resistant properties namely jackets, coats and rainwear | | |

| U.S. Registration No. | 5386978 | Application Date | 11/20/2014 |
|---|---|---|---|
| Registration Date | 01/23/2018 | Foreign Priority Date | NONE |
| Word Mark | BROOKSTWEED | | |
| Design Mark | BROOKSTWEED | | |
| Description of Mark | NONE | | |
| Goods/Services | Class 025. First use: First Use: 2017/08/00 First Use In Commerce: 2017/08/00 clothing, namely, blazers, coats, jackets and vests | | |

| U.S. Registration No. | 5477176 | Application Date | 07/27/2017 |
|---|---|---|---|
| Registration Date | 05/22/2018 | Foreign Priority Date | NONE |
| Word Mark | MY BROOKS REWARDS | | |

| Design Mark |  |
| --- | --- |
| Description of Mark | NONE |
| Goods/Services | Class 035. First use: First Use: 2017/10/00 First Use In Commerce: 2017/10/00<br><br>Providing incentive award programs through issuance and processing of loyalty points for purchase of a company's goods and services |

| U.S. Registration No. | 5477177 | Application Date | 07/27/2017 |
| --- | --- | --- | --- |
| Registration Date | 05/22/2018 | Foreign Priority Date | NONE |
| Word Mark | MY BROOKS REWARDS | | |

| Design Mark |  |
| --- | --- |
| Description of Mark | The mark consists of the wording "MY BROOKS REWARDS" in stylized font, above which appears a design of a sheep suspended from a ring by a ribbon tied around its middle. |
| Goods/Services | Class 035. First use: First Use: 2017/10/00 First Use In Commerce: 2017/10/00<br><br>Providing incentive award programs through issuance and processing of loyalty points for purchase of a company's goods and services |

| U.S. Registration No. | 2498978 | Application Date | 11/08/1999 |
| --- | --- | --- | --- |
| Registration Date | 10/16/2001 | Foreign Priority | NONE |

| | | Date | |
|---|---|---|---|
| Word Mark | THE BROOKS CARD | | |
| Design Mark | THE BROOKS CARD | | |
| Description of Mark | NONE | | |
| Goods/Services | Class 036. First use: First Use: 1999/11/00 First Use In Commerce: 1999/11/00 Credit card services | | |

| Attachments | 76024283#TMSN.png( bytes ) |
|---|---|
| | 85227463#TMSN.png( bytes ) |
| | 85494521#TMSN.png( bytes ) |
| | 78666736#TMSN.png( bytes ) |
| | 78538066#TMSN.png( bytes ) |
| | 77048808#TMSN.png( bytes ) |
| | 77315642#TMSN.png( bytes ) |
| | 78538053#TMSN.png( bytes ) |
| | 72274477#TMSN.png( bytes ) |
| | 77549635#TMSN.png( bytes ) |
| | 86302730#TMSN.png( bytes ) |
| | 77936030#TMSN.png( bytes ) |
| | 77524904#TMSN.png( bytes ) |
| | 71462304#TMSN.png( bytes ) |
| | 71462299#TMSN.png( bytes ) |
| | 71462298#TMSN.png( bytes ) |
| | 71462303#TMSN.png( bytes ) |
| | 86264393#TMSN.png( bytes ) |
| | 78914606#TMSN.png( bytes ) |
| | 85247752#TMSN.png( bytes ) |
| | 77907226#TMSN.png( bytes ) |
| | 77348241#TMSN.png( bytes ) |
| | 76249859#TMSN.png( bytes ) |
| | 77443939#TMSN.png( bytes ) |
| | 85859593#TMSN.png( bytes ) |
| | 86121225#TMSN.png( bytes ) |
| | 85949984#TMSN.png( bytes ) |
| | 78979708#TMSN.png( bytes ) |
| | 78229743#TMSN.png( bytes ) |
| | 75806140#TMSN.png( bytes ) |
| | 85463944#TMSN.png( bytes ) |
| | 77807759#TMSN.png( bytes ) |
| | 86460507#TMSN.png( bytes ) |
| | 87545715#TMSN.png( bytes ) |
| | 87545720#TMSN.png( bytes ) |
| | 75843184#TMSN.png( bytes ) |
| | Notice of Oppn adv. Brooks Sports Reduced.pdf(5603307 bytes ) |

| Signature | /JSW/ |
|---|---|

| Name | Joshua S. Wolkoff |
| Date | 10/03/2018 |

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

In the Matter of Serial No. 87/804,267
For the Mark: BROOKS
Filed on February 20, 2018
Published in the *Official Gazette* on June 5, 2018

| | |
|---|---|
| BROOKS BROTHERS GROUP, INC.<br><br>     Opposer,<br><br>    *- against -*<br><br>BROOKS SPORTS, INC.<br><br>     Applicant. | Opposition No.: |

## NOTICE OF OPPOSITION

   Brooks Brothers Group, Inc. ("Brooks Brothers" or "Opposer") believes it will be damaged by the registration of the mark BROOKS as shown in Application Serial No. 87/804,267, filed on February 20, 2018 by Brooks Sports, Inc. ("Brooks Sports" or "Applicant"), covering "*[a]thletic footwear; athletic clothing, namely, tops, pants, jackets, headwear, shorts, tights, hosiery, bras, gloves, mittens, sweat shirts, skirts, leggings, rainwear, vests*" in International Class 25, and published for opposition on June 5, 2018.  Brooks Brothers alleges, solely for the purpose of this proceeding, as grounds for this opposition, the following:

**Brooks Brothers' Trademarks**

   1.  Brooks Brothers is the oldest luxury clothing and apparel company in the United States with origins that trace back to 1818.  Over the course of its storied history, Brooks Brothers has dressed captains of industry, Hollywood legends, and politicians – including 40 out of 45 U.S. Presidents.  Since its founding, Brooks Brothers has grown from a small family

1

haberdasher to an iconic global brand that has shaped and defined the idiom of American fashion.

2.     Today, Brooks Brothers operates more than 280 retail stores in the United States alone, and more than 700 store locations in 45 countries around the world.  Brooks Brothers also maintains a robust e-commerce platform that enables its customers to browse and order Brooks Brothers' merchandise from virtually anywhere, at any time.

3.     For at least 150 years, Brooks Brothers has continuously used the BROOKS BROTHERS trademark in interstate commerce in connection with a wide array of goods and services, including clothing, jewelry, sporting goods, housewares, home furnishings, and retail store services related to these items.

4.     In addition, over the years, Brooks Brothers has continuously used various BROOKS-formative marks which utilize BROOKS as the leading prefix or primary distinctive word, in combination with non-distinctive words and phrases, in interstate commerce in connection with a wide array of goods and services, including, by way of example, BROOKSCOOL® (for clothing apparel made of ultra lightweight fabric), BROOKSTWEED® (for clothing), BROOKSTORM® (for water resistant clothing), BROOKS STRETCH® (for clothing), BROOKS BOYS® (for children's clothing), BROOKSTECH™ (for innovative clothing made from lightweight, breathable merino wool), THE BROOKS CARD® (for credit card services), and MY BROOKS REWARDS® (for a customer loyalty program).

5.     As a result of Brooks Brothers' commitment to innovation and craftsmanship, substantial investment, extensive advertising and promotional efforts, and prominent and continuous use of marks consisting primarily or exclusively of the words "BROOKS BROTHERS" or "BROOKS" as the leading term or prefix of various BROOKS-formative marks

(the "Brooks Brothers Trademarks"), Brooks Brothers has become widely recognized to the purchasing public as the source of a variety of goods and services bearing the Brooks Brothers Trademarks. As a result, the Brooks Brothers Trademarks have become synonymous with the goodwill and reputation of Opposer.

6.      By virtue of the foregoing, the BROOKS BROTHERS® trademark is famous and entitled to a wide zone of protection.

7.      In recognition of its rights in the Brooks Brothers Trademarks, Opposer has secured numerous U.S. federal trademark registrations for marks in which the words "BROOKS" or "BROOKS BROTHERS" form the dominant portion of the trademark, including, but not limited to:

| Mark | Reg. No. | Goods and Services | Reg. Date |
|------|----------|--------------------|-----------|
| BROOKS BROTHERS | 667458 | **Class 25:** *Men's and boys' clothing-namely, suits, coats including topcoats, overcoats, and raincoats, sport coats, jackets, parkas, sweaters, vests, trousers, walking shorts, outer shirts including evening, dress, polo, and sports shirts, collars, pajamas, robes, smoking jackets, dressing gowns, underwear, mufflers, gloves, neckties, handkerchiefs, hose, caps, hats, belts, suspenders, garters, boots, slippers, shoes, overshoes, beach wear, swimwear, formal wear and military uniforms; and women's clothing-namely, outer* | Sept. 23, 1958 |

| Mark | Reg. No. | Goods and Services | Reg. Date |
|------|----------|-------------------|-----------|
| | | *shirts, walking shorts, sweaters, raincoats, and outer coats.* | |
| 346 BROOKS BROTHERS | 2716108 | **Class 25:** *Clothing, namely, shirts, tops, sweaters, jackets, pants, suits, bottoms, socks, hats and caps, shoes, shorts, coats, neckties, underwear, vests, robes, hosiery, skirts, dresses, loungewear, scarves, rainwear, trousers, outer shirts, including evening, dress, polo, and sports shirts, collars, pajamas, dressing gowns, mufflers, gloves, hose, belts, suspenders, garters, boots, slippers, overshoes, beachwear, swimwear.* | May 13, 2003 |
| BLACK FLEECE BY BROOKS BROTHERS | 4012556 | **Class 3:** *Fragrances* | Aug. 16, 2011 |
| BLACK FLEECE BY BROOKS BROTHERS | 4359876 | **Class 25:** *Belts; Blouses; Boots; Bottoms; Coats; Dresses; Evening dresses; Gloves; Hats; Hosiery; Jackets; Mufflers; Neckties; Pants; Rainwear; Scarves; Shirts; Shoes; Shorts; Skirts; Socks; Suits; Suspenders; Sweaters; Ties; Tops; Trousers, none of the forgoing include goods made from black fleece fabric.* | July 2, 2013 |
| BROOKS BOYS | 2765572 | **Class 25:** *Clothing, namely, shirts, tops,* | Sept. 16, 2003 |

| Mark | Reg. No. | Goods and Services | Reg. Date |
|---|---|---|---|
| | | *sweaters, jackets, pants, suits, socks, hats and caps; shoes; shorts, coats, neckties, underwear, vests, scarves, rainwear, trousers, ascots, ties, polo, and sports shirts, pajamas, gloves, belts, boots, slippers, shoes, beach wear, swimwear, formal wear, namely, jackets, pants, suits, shirts, shoes, cummerbunds, ties.* | |
| BROOKS BROTHERS | 3029206 | **Class 3:** *Cosmetics and toiletries, namely, emery boards, cologne, cologne spray, after-shave lotion, after-shaving balms, shaving cream, shampoo, body lotion, body gel, fragrances for personal use, body creams, shower gels, skin cleansing cream, and skin and body lotions for personal use.* <br><br> **Class 8**: *Nail implements, namely, fingernail and toenail clippers, tweezers, cuticle nippers and scissors, and nail buffers; flatware, namely, forks, and spoons.* <br><br> **Class 9**: *Eyeglasses, comprising spectacles, spectacle frames, sunglasses, eyeglass cases and lens.* | Dec. 13, 2005 |

| Mark | Reg. No. | Goods and Services | Reg. Date |
|------|----------|--------------------|-----------|
|  |  | **Class 14**: *Watches, watchbands, clocks, key chains made of precious metal, and jewelry.*<br><br>**Class 16**: *Garment bags for travel, diaries; books on a variety of subjects, namely, history, wine, dining, etiquette, fashion, public speaking, and game rule books; personal organizers; calendars; stationery; gift boxes; appointment books; greeting cards; mail order catalogs featuring all of the foregoing as well as clothing and accessories.*<br><br>**Class 18**: *Handbags, tote bags, backpacks, luggage, wallets, purses, key cases, briefcases, duffel bags, all-purpose sport bags, business card cases, credit card cases; briefcase-type portfolios, billfolds, tie case, attaché cases, passport cases and umbrellas.*<br><br>**Class 20**: *Picture frames and pillows.*<br><br>**Class 21**: *Porcelain and china, namely, dishes, bowls, plates, serving* |  |

| Mark | Reg. No. | Goods and Services | Reg. Date |
|------|----------|--------------------|-----------|
| | | *platters, salad bowls, cups, saucers, non-electric coffee pots, tea pots not made of metal, containers for serving cream not made of metal, candlestick holders not made of metal, vases and pitchers; crystal and glass beverage glassware, namely, wineglasses, decanters, pitchers, bowls, vases.*<br><br>**Class 24**: *Bed sheets, dust ruffles, duvet covers, pillow cases, pillow shams, bed shams, bed spreads, towels, wash cloths.*<br><br>**Class 25**: *Men's, women's, boy's and girl's shirts, tops, sweaters, jackets, pants, suits, bottoms, socks, hats and caps; shoes; shorts, coats, neckties, underwear, vests, robes, hosiery, skirts, dresses, loungewear, scarves, rainwear, trousers, ascots, ties, outer shirts including evening, dress, polo and sports shirts, collars, pajamas, robes, smoking jackets, dressing gowns, mufflers, gloves, hose, belts, suspenders, garters, boots, slippers, shoes, overshoes, beach wear, swimwear, and formal wear, namely,* | |

| Mark | Reg. No. | Goods and Services | Reg. Date |
|------|----------|--------------------|-----------|
| | | *jackets, pants, suits, shirts, shoes, cummerbunds, ties, suspenders and gowns.*<br><br>**Class 28**:  *Golf accessories and golf equipment, namely, divot tools, ball markers, golf balls, golf clubs, golf bags, golf tees, and golf club covers.*<br><br>**Class 35**:  *Retail store services, online retail store services and mail order catalog services featuring clothing for men, women and children, sporting goods, eyewear, fragrance, body lotions, housewares, personal accessories and luggage.* | |
| BROOKS BROTHERS | 1771690 | **Class 30**:  *foods; namely, cakes, cookies* | May 18, 1993 |
| BROOKS BROTHERS | 3250433 | **Class 18**:  *Handbags, tote bags, backpacks, luggage, wallets, purses, key cases, briefcases, duffel bags, all-purpose sport bags, business card cases, credit card cases; briefcase-type portfolios, billfolds, attache cases, and key cases.* | June  12, 2007 |
| BROOKS BROTHERS | 1835798 | **Class 42**:  *retail store and mail order catalog services featuring clothing and accessories therefor, leather goods, soaps and* | May 10, 1994 |

| Mark | Reg. No. | Goods and Services | Reg. Date |
|------|----------|--------------------|-----------|
| | | *cosmetics, glassware, eyewear, home furnishings and giftware* | |
| BROOKS BROTHERS | 3285134 | **Class 16:** *Pens* | Aug. 28, 2007 |
| BROOKS BROTHERS | 4023020 | **Class 3:** *Body beauty creams; Fragrances for personal use; Scented body lotions and creams; Shower and bath gel.* | Sept. 6, 2011 |
| BROOKS BROTHERS | 3029064 | **Class 25:** *Men's, women's, boys' and girl' shirts, tops, sweaters, jackets, pants, suits, bottoms, socks, hats and caps; shoes; shorts, coats, neckties, underwear, vests, robes, hosiery, skirts, dresses, loungewear, scarves, rainwear, trousers, ascots, ties, outer shirts including evening, dress, polo and sports shirts, collars, pajamas, robes, smoking jackets, dressing gowns, mufflers, gloves, hose, belts, suspenders, garters, boots, slippers, shoes, overshoes, beach wear, swimwear, and formal wear, namely, jackets, pants, suits, shirts, shoes, cummerbunds, ties, suspenders and gowns.* <br><br> **Class 35**; *Retail store, on-line ecommerce store, and mail order catalog services featuring clothing and accessories therefor,* | Dec. 13, 2005 |

| Mark | Reg. No. | Goods and Services | Reg. Date |
|------|----------|--------------------|-----------|
| | | *leather goods, soaps and cosmetics, glassware, tableware, eyewear, home furnishings, and giftware.* | |
| BROOKS BROTHERS | 1839876 | **Class 9:** *eyeglasses, comprising spectacles, spectacle frames, sunglasses, eyeglass cases.* | June 14, 1994 |
| BROOKS BROTHERS | 1835478 | **Class 21:** *beverage glassware, bottles sold empty, jars sold empty, beverage containers for household use, carafes, drinking flasks, insulated and uninsulated beverage bottles sold empty and drinking cups* | May 10, 1994 |
| *Brooks Brothers* | 0867673 | **Class 3:** *Toiletries for men-namely, cologne, after shave lotion, all purpose lotion, hair tonic, shaving cream, shaving soap, personal deodorant and mouth-wash.* | April 1, 1969 |
| BROOKS BROTHERS 1818 | 4171950 | **Class 3:** *Cologne; Fragrances for personal use* | July 10, 2012 |
|  | 5341026 | **Class 3:** *After shave lotions; after-shave balms; after-shave creams; bath gel; bath lotion; bath soaps; bathing lotions; beauty lotions; body lotion; body sprays; cologne; eau de perfume; eau-de-toilette; face and body beauty creams; face and body lotions; fragrances for personal* | Nov. 21, 2017 |

| Mark | Reg. No. | Goods and Services | Reg. Date |
|------|----------|--------------------|-----------|
| | | *use; perfume; perfumes, aftershaves and colognes; scented body lotions and creams; scented body spray; shampoos; shaving balm; shaving cream; shaving gel; shaving preparations; shower and bath gel; skin cream* | |
|  | 3821895 | **Class 3:** *Fragrances, after shave balm, body creams and body wash.*<br><br>**Class 25:** *Shirts, jackets, pants, underwear, trousers.*<br><br>**Class 28:** *Golf accessories and golf equipment, namely, golf balls, golf bags, golf tees, and golf club covers.* | July 20, 2010 |
| BROOKS BROTHERS COUNTRY CLUB | 4132169 | **Class 3:** *Bath soaps; bathing lotions; cologne; shower and bath gel.* | April 24, 2012 |
| BROOKS BROTHERS COUNTRY CLUB | 2882928 | **Class 25:** *Clothing, namely, shirts, tops, sweaters, jackets, pants, bottoms, hats and caps; shorts, coats, underwear, vests, skirts, dresses, loungewear, polo and sports shirts, gloves, belts, swimwear.*<br><br>**Class 28**: *Golf accessories and golf equipment, namely, golf balls, golf bags, golf tees, and golf club covers* | Sept. 7, 2004 |

11

| Mark | Reg. No. | Goods and Services | Reg. Date |
|---|---|---|---|
|  | 0404792 | **Class 24:** *Towels* | Dec. 21, 1943 |
|  | 0404683 | **Class 18:** *Suitcases, Trunks, Duffle Bags, Gladstone Bags, Attache Cases, Wallets and Key Purses, Pocketbooks, Portfolios, Overnight Bags, Toilet Kits, Wardrobe* | Dec. 14, 1943 |
|  | 0404790 | **Class 16:** *Sandwich Boxes, Shoe Bags, Garment Bags, Jacketed Vacuum Bottles and Lunch-Boxes, Trays Made of Wood or Cardboard Covered with Paper and Paper Cups.* | Dec. 21, 1943 |
|  | 404625 | **Class 18:** *Walking Sticks and Canes, Umbrellas, Shooting Seats, Usable as Walking Sticks and Cane Umbrellas* | Dec. 7, 1943 |
|  | 4641284 | **Class 25:** *Shirts; sweaters; ties; tops.* | Nov. 18, 2014 |
| BROOKS BROTHERS FACTORY STORE | 3218098 | **Class 35:** *Retail stores featuring clothing for men,* | March 13, 2007 |

| Mark | Reg. No. | Goods and Services | Reg. Date |
|------|----------|-------------------|-----------|
| | | *women and children, sporting goods, eyewear, fragrance, body lotions, housewares, personal accessories and luggage* | |
| BROOKS BROTHERS FLATIRON SHOP | 4122925 | **Class 35**: - *Retail store services featuring clothing, footwear, eyewear, fragrances, leather goods, bags, and personal accessories.* | April 3, 2012 |
| BROOKS BROTHERS FLEECE | 4289342 | **Class 25**:  *Clothing, namely, shirts, tops, sweaters, jackets, pants, suits, bottoms, socks, hats and caps; shoes; shorts, coats, underwear, vests, robes, hosiery, skirts, dresses, loungewear, scarves, rainwear, trousers, ties, polo shirts, pajamas, gloves, belts, boots, slippers, beach wear, swimwear*<br><br>**Class 35**:  *Retail store services, online retail store services and mail order catalog services featuring clothing, sporting goods, eyewear, fragrance, housewares, personal accessories and luggage* | Feb. 12, 2013 |
| BROOKS BROTHERS MADISON | 4214156 | **Class 3**:  *Fragrances for personal use* | Sept. 25, 2012 |
| BROOKS BROTHERS MAKERS | 2634532 | **Class 25**:  *Clothing, namely, shirts, tops, ties.* | Oct. 15, 2002 |
| BROOKS BROTHERS NEW YORK | 4042389 | **Class 3**:  *Fragrances for personal use; after-shave* | Oct. 18, 2011 |

| Mark | Reg. No. | Goods and Services | Reg. Date |
|---|---|---|---|
| | | *lotions; body cream.* | |
| BROOKS BROTHERS RED FLEECE | 5078203 | **Class 3:** *Shampoos; Shower and bath gel, Bath soaps, Eau-de-toilette*<br><br>**Class 14:** *Jewelry; Tie clips; Watches*<br><br>**Class 18**: *All purpose sport bags; All-purpose athletic bags; All-purpose carrying bags, backpacks, attaché cases, briefcases, wallets, handbags, messenger bags and tote bags*<br><br>**Class 25**: *Ascots; bathing suits; belts; blouses; caps; coats; cummerbunds; dresses; footwear; gloves; gowns; hats; hosiery; jackets; loungewear; neckties; pajamas; pants; raincoats; rainwear; robes; scarves; shirts; shorts; skirts; socks; suits; suspenders; sweat pants; sweaters; sweatshirts; swim suits; swimwear; ties; tops; trousers; underwear; vests* | Nov. 6, 2016 |
| BROOKS BROTHERS RED FLEECE | 5124632 | **Class 35:** *Mail order services featuring fragrances, body lotions, housewares, eyewear, jewelry, watches, leather goods, personal accessories, bags, luggage,* | Jan. 17, 2017 |

| Mark | Reg. No. | Goods and Services | Reg. Date |
|------|----------|--------------------|-----------|
| | | *clothing, footwear, hats, furniture, pillows, tableware, games, sporting equipment; On-line retail store services featuring fragrances, body lotions, housewares, eyewear, jewelry, watches, leather goods, personal accessories, bags, luggage, clothing, footwear, hats, furniture, pillows, tableware, games, sporting equipment; Retail store services featuring fragrances, body lotions, housewares, eyewear, jewelry, watches, leather goods, personal accessories, bags, luggage, clothing, footwear, hats, furniture, pillows, tableware, games, sporting equipment* | |
| BROOKS BROTHERS THE ORIGINAL AMERICAN BRAND | 5161322 | **Class 35:** *Mail order services featuring Fragrances, body lotions, housewares, eyewear, jewelry, watches, leather goods, personal accessories, bags, luggage, clothing, footwear, hats, furniture, pillows, tableware, games, sporting equipment; On-line retail store services featuring Fragrances, body lotions, housewares, eyewear, jewelry, watches, leather* | March 14, 2017 |

| Mark | Reg. No. | Goods and Services | Reg. Date |
|------|----------|--------------------|-----------|
|  |  | *goods, personal accessories, bags, luggage, clothing, footwear, hats, furniture, pillows, tableware, games, sporting equipment; Retail store services featuring Fragrances, body lotions, housewares, eyewear, jewelry, watches, leather goods, personal accessories, bags, luggage, clothing, footwear, hats, furniture, pillows, tableware, games, sporting equipment; The bringing together, for the benefit of others, of a variety of goods, enabling customers to conveniently view and purchase those goods in the field of Fragrances, body lotions, housewares, eyewear, jewelry, watches, leather goods, personal accessories, bags, luggage, clothing, footwear, hats, furniture, pillows, tableware, games, sporting equipment; The bringing together, for the benefit of others, of a variety of goods and services, enabling customers to conveniently view and purchase those goods and services from an Internet web site particularly specializing in the* |  |

| Mark | Reg. No. | Goods and Services | Reg. Date |
|------|----------|--------------------|-----------|
| | | *marketing of the sale of goods and services of others; Wholesale distributorships featuring Fragrances, body lotions, housewares, eyewear, jewelry, watches, leather goods, personal accessories, bags, luggage, clothing, footwear, hats, furniture, pillows, tableware, games, sporting equipment* | |
| BROOKS BROTHERS WOMEN | 3403721 | **Class 35:** *Retail stores services in the field of consumer goods and services, namely, clothing, jewelry, leather goods, luggage and handbags, cosmetics* | March 25, 2008 |
| BROOKS BUYS | 2893198 | **Class 35:** *Retail stores services and computerized online ordering and retail services via a computer network in the field of consumer goods, namely, shirts, tops, sweaters, jackets, pants, suits, bottoms, socks, hats and caps, shoes, shorts, coats, neckties, underwear, vests, robes, hosiery, skirts, dresses, loungewear, scarves, rainwear, trousers, ascots, ties, pajamas, gloves, handkerchiefs, belts.* | Oct. 12, 2004 |
| BROOKS STRETCH | 2498929 | **Class 25:** *Clothing, namely, shirts, pants,* | Oct. 16, 2001 |

| Mark | Reg. No. | Goods and Services | Reg. Date |
|---|---|---|---|
| | | *jackets, suits* | |
| BROOKSBROTHERS.COM | 2625045 | **Class 35:** *Retail store services, mail order services and computerized on-line retail services via a computer network featuring a wide variety of consumer goods; computerized on-line ordering services* | Sept. 24, 2002 |
| BROOKSCOOL | 4142789 | **Class 25:** *Jackets; pants; shirts; suits* | May 15, 2012 |
| BROOKSIE | 3861885 | **Class 28:** *Teddy bears* | Oct. 12, 2010 |
| BROOKSSTORM | 3009280 | **Class 25:** *Clothing with water resistant properties namely jackets, coats and rainwear* | Oct. 25, 2005 |
| BROOKSTWEED | 5386978 | **Class 25:** *clothing, namely, blazers, coats, jackets and vests* | Jan. 23, 2018 |
| MY BROOKS REWARDS | 5477176 | **Class 35:** *Providing incentive award programs through issuance and processing of loyalty points for purchase of a company's goods and services* | May 22, 2018 |
|  | 5477177 | **Class 35:** *Providing incentive award programs through issuance and processing of loyalty points for purchase of a company's goods and services.* | May 22, 2018 |
| THE BROOKS CARD | 2498978 | **Class 36:** *Credit card services* | Oct. 16, 2001 |

("Brooks Brothers' Registrations").

8.      Brooks Brothers' Registrations are valid and subsisting.  They constitute *prima facie* evidence of their validity and serve as conclusive evidence of Brooks Brothers' exclusive rights to use the foregoing marks in connection with Brooks Brothers' goods and services.

**Brooks Sports' Application for BROOKS**

9.      On February 20, 2018, Brooks Sports filed an application based upon Section 1(b) of the Lanham Act, 15 U.S.C. § 1051(b), to register the BROOKS word mark ("Applicant's Mark") for "*[a]thletic footwear; athletic clothing, namely, tops, pants, jackets, headwear, shorts, tights, hosiery, bras, gloves, mittens, sweat shirts, skirts, leggings, rainwear, vests*" in International Class 25, which was assigned Application Ser. No. 87/804,267 (the "Application").

10.      On June 5, 2018, the Application was published for opposition in the *Official Gazette*.

11.      On June 21, 2018, Brooks Brothers filed the first of two requests for extensions of time to oppose Brooks Sports' Application.  Brooks Brothers was granted until October 3, 2018 to oppose Brooks Sports' Application.

### COUNT I – LIKELIHOOD OF CONFUSION
**(15 U.S.C. § 1052(d))**

12.      Opposer incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

13.      Opposer has priority over Applicant's Mark, as Opposer has used the Brooks Brothers Trademarks in commerce before the filing date of the opposed Application, and long before any date of first use of Applicant's Mark that Applicant may prove.  In particular, Opposer has used a number of the Brooks Brothers Trademarks since at least 1850, more than

two hundred years before Applicant filed its intent-to-use application to register Applicant's Mark. Moreover, Opposer's rights are evident from Brooks Brothers' Registrations.

14.     Applicant's Mark is confusingly similar to the Brooks Brothers Trademarks. Indeed, Applicant's Mark consists solely of the word "BROOKS," which is identical to the leading and dominant portion of the Brooks Brothers Trademarks in sound and appearance.

15.     The goods listed in Brooks Sports' Application are identical or highly related to the goods and services covered by Brooks Brothers' Registrations, as well as various other goods and services sold and/or rendered in connection with the Brooks Brothers Trademarks.

16.     Upon information and belief, Opposer's goods and services bearing the Brooks Brothers Trademarks are likely to be offered, promoted or rendered in the same channels of trade and to the same class of consumers as Applicant's goods provided under Applicant's Mark.

17.     Applicant's Mark so resembles Opposer's Brooks Brothers Trademarks in overall appearance, sound, and commercial impression, as to be likely, when used in connection with the goods set forth in Applicant's Application, to cause confusion, or cause mistake, or to deceive, with consequent injury to Opposer and the public, in violation of Section 2(d), 15 U.S.C. § 1052(d).

18.     In view of the widespread recognition of Opposer's Brooks Brothers Trademarks, the overwhelming similarities between the parties' marks, and Opposer's extensive use of its Brooks Brothers Trademarks for clothing and related services, consumers are likely to be confused into believing that Opposer is the source of Applicant's goods, or that Applicant or Applicant's goods are sponsored or otherwise affiliated with Opposer.

## COUNT II – DILUTION BY BLURRING
### (15 U.S.C. § 1125(c))

19.    Opposer incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

20.    Opposer's BROOKS BROTHERS trademark is famous and was famous well in advance of the filing date of the opposed Application and before any date of first use of Applicant's Mark that Applicant may later prove.

21.    The similarity of Opposer's famous BROOKS BROTHERS trademark and Applicant's Mark creates an association "that impairs the distinctiveness of [Opposer's] famous mark." 15 U.S.C. § 1125(c)(2)(B).

22.    If Applicant's Mark is allowed to register, it will cause a likelihood of dilution by blurring that will impair distinctive quality of Opposer's BROOKS BROTHERS trademark.

23.    For the foregoing reasons, Opposer is and will be further damaged by the registration of Applicant's Mark.

WHEREFORE, Brooks Brothers believes that it is being damaged, and will be damaged, by the registration of the mark shown in Application Serial No. 87/804,267, and requests that the opposition be sustained, and that registration be refused.

Brooks Brothers hereby gives notice under Rule 2.122(d) of the Trademark Rules of Practice that at any hearing or appeal in this opposition proceeding, it will rely on Brooks Brothers' Registrations as evidence in support of this Notice of Opposition.  True and correct printouts of the details of Brooks Brothers' Registrations from the United States Patent and Trademark Office TESS database are attached hereto as Exhibit 1.

Respectfully submitted,

Dated:  October 3, 2018                    BAKER & McKENZIE LLP

By:      /Lisa W. Rosaya/
         Lisa W. Rosaya
         Joshua S. Wolkoff
         452 Fifth Avenue
         New York, New York 10018
         Tel: (212) 626-4100
         Fax: (212) 310-1600
         nyctrademarks@bakermckenzie.com

*Counsel for Brooks Brothers Group, Inc.*

# EXHIBIT 1



United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Oct 2 05:21:01 EDT 2018*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |

| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout　Please logout when you are done to release system resources allocated for you.

Start　List At:　　　　　OR　Jump　to record:　　　**Record 81 out of 90**

| TSDR | ASSIGN Status | TTAB Status |  *( Use the "Back" button of the Internet Browser to return to TESS)*

# Typed Drawing

| | |
|---|---|
| **Word Mark** | BROOKS BROTHERS |
| **Goods and Services** | IC 010 025 026. US 039. G & S: MEN'S AND BOYS' CLOTHING-NAMELY, SUITS, COATS INCLUDING TOPCOATS, OVERCOATS, AND RAINCOATS, SPORT COATS, JACKETS, PARKAS, SWEATERS, VESTS, TROUSERS, [ KILTS, ] WALKING SHORTS, OUTER SHIRTS INCLUDING EVENING, DRESS, POLO, AND SPORTS SHIRTS, COLLARS, PAJAMAS, ROBES, SMOKING JACKETS, DRESSING GOWNS, UNDERWEAR, MUFFLERS, GLOVES, NECKTIES, HANDKERCHIEFS, HOSE, CAPS, HATS, BELTS, SUSPENDERS, GARTERS, BOOTS, SLIPPERS, SHOES, OVERSHOES, BEACH WEAR, SWIMWEAR, FORMAL WEAR AND MILITARY UNIFORMS; AND WOMEN'S CLOTHING-NAMELY, OUTER SHIRTS, WALKING SHORTS, SWEATERS, RAINCOATS, AND OUTER COATS. FIRST USE: 18560000. FIRST USE IN COMMERCE: 18560000 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 72029152 |
| **Filing Date** | April 30, 1957 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Registration Number** | 0667458 |
| **Registration Date** | September 23, 1958 |
| **Owner** | (REGISTRANT) JULIUS GARFINCKEL & CO., INCORPORATED CORPORATION VIRGINIA 346 MADISON AVE. NEW YORK 17 NEW YORK |
| | (LAST LISTED OWNER) **BROOKS** BROTHERS GROUP, INC. CORPORATION DELAWARE 100 PHOENIX AVENUE ENFIELD CONNECTICUT 06082 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Lisa W. Rosaya |
| **Prior Registrations** | 0103889;0640370;AND OTHERS |

**Type of Mark**    TRADEMARK
**Register**    PRINCIPAL
**Affidavit Text**    SECT 15. SECTION 8(10-YR) 20180411.
**Renewal**    4TH RENEWAL 20180411
**Live/Dead Indicator**    LIVE

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST |

| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |



United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Oct 2 05:21:01 EDT 2018*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |
| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At:     OR   Jump   to record:     **Record 64 out of 90**

TSDR    ASSIGN Status    TTAB Status   *( Use the "Back" button of the Internet Browser to return to TESS)*

## BROOKS BROTHERS 346

| | |
|---|---|
| **Word Mark** | 346 **BROOKS** BROTHERS |
| **Goods and Services** | IC 025. US 022 039. G & S: Clothing, namely, shirts, tops, sweaters, jackets, pants, suits, bottoms, socks, hats and caps, shoes, shorts, coats, neckties, underwear, vests, robes, hosiery, skirts, dresses, loungewear, scarves, rainwear, trousers, [ ascots, ties, ] [ outer shirts, including evening, dress, polo, and sports shirts, collars, ] pajamas, [ smoking jackets, ] [ dressing gowns, mufflers, ] gloves, [ hose, ] belts, suspenders, [ garters, ] boots, slippers, [ overshoes, ] beachwear, swimwear [, and formal wear, namely, jackets, pants, suits, shirts, shoes, cummerbunds, ties, suspenders and gowns ]. FIRST USE: 20010228. FIRST USE IN COMMERCE: 20010228 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 76024283 |
| **Filing Date** | April 12, 2000 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | September 4, 2001 |
| **Registration Number** | 2716108 |
| **Registration Date** | May 13, 2003 |
| **Owner** | (REGISTRANT) **Brooks** Brothers, Inc. CORPORATION DELAWARE 346 Madison Avenue New York NEW YORK 10017 |
| | (LAST LISTED OWNER) **BROOKS** BROTHERS GROUP, INC. CORPORATION DELAWARE 100 PHOENIX AVENUE ENFIELD CONNECTICUT 06082 |

| | |
|---|---|
| Assignment Recorded | ASSIGNMENT RECORDED |
| Attorney of Record | Lisa W. Rosaya |
| Prior Registrations | 0378603;0404792;0667458;1835798;AND OTHERS |
| Type of Mark | TRADEMARK |
| Register | PRINCIPAL |
| Affidavit Text | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20130515. |
| Renewal | 1ST RENEWAL 20130515 |
| Live/Dead Indicator | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST
FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

 United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Oct 2 05:21:01 EDT 2018*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |

| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At:     OR   Jump   to record:     **Record 14 out of 90**

| TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

# BLACK FLEECE BY BROOKS BROTHERS

| | |
|---|---|
| **Word Mark** | BLACK FLEECE BY **BROOKS** BROTHERS |
| **Goods and Services** | IC 003. US 001 004 006 050 051 052. G & S: Fragrances. FIRST USE: 20090901. FIRST USE IN COMMERCE: 20090901 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 85227463 |
| **Filing Date** | January 27, 2011 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | May 31, 2011 |
| **Registration Number** | 4012556 |
| **International Registration Number** | 1067234 |
| **Registration Date** | August 16, 2011 |
| **Owner** | (REGISTRANT) RETAIL BRAND ALLIANCE, INC. CORPORATION DELAWARE 100 Phoenix Avenue Enfield CONNECTICUT 06082 |
| | (LAST LISTED OWNER) **BROOKS** BROTHERS GROUP, INC. CORPORATION DELAWARE 100 PHOENIX AVENUE ENFIELD CONNECTICUT 06082 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Lisa W. Rosaya |
| **Prior Registrations** | 3029206;3741232;3821895;3938254;AND OTHERS |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). |

**Live/Dead Indicator**     LIVE

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST |

| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Oct 2 05:21:01 EDT 2018*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |
| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At:     OR   Jump   to record:     **Record 20 out of 90**

TSDR   ASSIGN Status   TTAB Status   *( Use the "Back" button of the Internet Browser to return to TESS)*

# BLACK FLEECE BY BROOKS BROTHERS

| | |
|---|---|
| **Word Mark** | BLACK FLEECE BY **BROOKS** BROTHERS |
| **Goods and Services** | IC 025. US 022 039. G & S: Belts; Blouses; Boots; Bottoms; Coats; Dresses; Evening dresses; Gloves; Hats; Hosiery; Jackets; Mufflers; Neckties; Pants; Rainwear; Scarves; Shirts; Shoes; Shorts; Skirts; Socks; Suits; Suspenders; Sweaters; Ties; Tops; Trousers, none of the forgoing include goods made from black fleece fabric. FIRST USE: 20070800. FIRST USE IN COMMERCE: 20070800 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 85494521 |
| **Filing Date** | December 13, 2011 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | April 16, 2013 |
| **Registration Number** | 4359876 |
| **Registration Date** | July 2, 2013 |
| **Owner** | (REGISTRANT) **BROOKS** BROTHERS GROUP, INC. CORPORATION DELAWARE 100 PHOENIX AVENUE ENFIELD CONNECTICUT 06082 |
| **Attorney of Record** | Lisa W. Rosaya |
| **Prior Registrations** | 3818372;3938254;4012556 |

| | |
|---|---|
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL-2(F)-IN PART |
| **Live/Dead Indicator** | LIVE |
| **Distinctiveness Limitation Statement** | as to "Black Fleece" |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST

FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

 United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Oct 2 05:21:01 EDT 2018*

**TESS HOME** | **NEW USER** | **STRUCTURED** | **FREE FORM** | **BROWSE DICT** | SEARCH OG | **BOTTOM** | **HELP**

Logout Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

**TSDR** | **ASSIGN Status** | **TTAB Status** *( Use the "Back" button of the Internet Browser to return to TESS)*

# Typed Drawing

| | |
|---|---|
| **Word Mark** | BROOKS BOYS |
| **Goods and Services** | IC 025. US 022 039. G & S: Clothing, namely, shirts, tops, sweaters, jackets, pants, suits, [ bottoms, ] socks, hats and caps; shoes; shorts, coats, neckties, underwear, vests, [ robes, hosiery, skirts, dresses, loungewear, ] scarves, rainwear, trousers, ascots, ties, [ outer shirts including evening, dress, ] polo, and sports shirts, [ collars, ] pajamas, [ robes, smoking jackets, dressing gowns, mufflers, ] gloves, [ hose, ] belts, [ suspenders, garters, ] boots, slippers, shoes, [ overshoes, ] beach wear, swimwear, formal wear, namely, jackets, pants, suits, shirts, shoes, cummerbunds, ties [, suspenders and gowns ]. FIRST USE: 20020930. FIRST USE IN COMMERCE: 20020930 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 78042659 |
| **Filing Date** | January 10, 2001 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | June 18, 2002 |
| **Registration Number** | 2765572 |
| **Registration Date** | September 16, 2003 |
| **Owner** | (REGISTRANT) Brooks Brothers, Inc. CORPORATION DELAWARE 346 Madison Avenue New York NEW YORK 10017 |
| | (LAST LISTED OWNER) BROOKS BROTHERS GROUP, INC. CORPORATION DELAWARE 100 PHOENIX AVENUE ENFIELD CONNECTICUT 06082 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Lisa W. Rosaya |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20130621. |

**Text**

**Renewal**    1ST RENEWAL 20130621

**Live/Dead Indicator**    LIVE

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |
|---|---|---|---|---|---|---|---|

| HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY



United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Oct 2 05:21:01 EDT 2018*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST
FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At:      OR   Jump   to record:     **Record 34 out of 90**

TSDR | ASSIGN Status | TTAB Status   *( Use the "Back" button of the Internet Browser to return to TESS)*

# BROOKS BROTHERS

| | |
|---|---|
| **Word Mark** | **BROOKS** BROTHERS |
| **Goods and Services** | IC 003. US 001 004 006 050 051 052. G & S: cosmetics and toiletries, namely, emery boards, cologne, cologne spray, after-shave lotion, after-shaving balms, shaving cream, [ soap, deodorant for personal use, ] shampoo, [ styling gels, ] body lotion, body gel, fragrances for personal use, body creams, shower gels, skin cleansing cream, and skin and body lotions for personal use. FIRST USE: 19640913. FIRST USE IN COMMERCE: 19640913

IC 008. US 023 028 044. G & S: Nail implements, namely, fingernail and toenail clippers, tweezers, cuticle nippers and scissors, and nail buffers; flatware, namely, forks, [ table and kitchen knives ] and spoons [ ; pocket knives ]. FIRST USE: 19481231. FIRST USE IN COMMERCE: 19481231

IC 009. US 021 023 026 036 038. G & S: Eyeglasses, comprising spectacles, spectacle frames, sunglasses, [ eyeglass chains, eyeglass retaining bands, ] eyeglass cases and lens [ ; binoculars, tape measures and pedometers, calculators, electronic calendars, electrically operated shoe shine units; barometers; electric or battery operated travel irons, voltage conversion devices ]. FIRST USE: 19930331. FIRST USE IN COMMERCE: 19930331

IC 014. US 002 027 028 050. G & S: Watches, watchbands, clocks, key chains made of precious metal, and jewelry. FIRST USE: 19481231. FIRST USE IN COMMERCE: 19481231

IC 016. US 002 005 022 023 029 037 038 050. G & S: [ Tie Cases Made of Cardboard and Covered with Paper or Fabric and Sold Empty, Shoe Bags for Travel, ] Garment Bags for Travel, diaries; [ thesauri; dictionaries; ] books on a variety of subjects, namely, history, wine, dining, etiquette, fashion, public speaking, and game rule books; personal organizers; calendars; stationery; [ gift wrapping paper; ] gift boxes; [ gift bags; ] appointment books; greeting cards; mail order catalogs featuring all of the foregoing as well as clothing and accessories [, and cosmetics ]. FIRST USE: 19030103. FIRST USE IN COMMERCE: 19030103

IC 018. US 001 002 003 022 041. G & S: Handbags, tote bags, backpacks, luggage, wallets, purses, key cases, briefcases, duffel bags, all-purpose sport bags, business card cases, credit card cases; briefcase-type portfolios, billfolds, tie case, attaché cases, passport cases and umbrellas. FIRST USE: 19030113. FIRST USE IN COMMERCE: 19030113 |

IC 020. US 002 013 022 025 032 050. G & S: picture frames [, furniture ] and pillows. FIRST USE: 19811231. FIRST USE IN COMMERCE: 19811231

IC 021. US 002 013 023 029 030 033 040 050. G & S: [ Hair combs and brushes, serving spoons and forks not made of metal; woodenware, ] porcelain and china, namely, dishes, bowls, plates, serving platters, salad bowls, [ salad servers, cake servers, ] cups, saucers, [ salt and pepper shakers, ] non-electric coffee pots, tea pots not made of metal, containers for serving cream not made of metal, [ napkin holders, napkin rings not of precious metal, ] candlestick holders not made of metal, vases and pitchers; crystal and glass beverage glassware, namely, [ cocktail shakers, mugs, goblets, ] wineglasses, [ coasters, ] decanters, pitchers, bowls, vases, [ carafes, flasks, ice buckets, ice tongs not made of metal; ceramic and laminated accessories, namely, soap dishes and toothbrush holders; corkscrews ]. FIRST USE: 19140000. FIRST USE IN COMMERCE: 19140000

IC 024. US 042 050. G & S: bed sheets, [ comforters, bed blankets, ] dust ruffles, duvet covers, pillow cases, pillow shams, bed shams, bed spreads, [ shower curtains, ] towels, wash cloths, [ fabric napkins, fabric placemats, fabric tablecloths and curtains ]. FIRST USE: 19030103. FIRST USE IN COMMERCE: 19030103

IC 025. US 022 039. G & S: Men's, women's, boy's and girl's shirts, tops, sweaters, jackets, pants, suits, bottoms, socks, hats and caps; shoes; shorts, coats, neckties, underwear, vests, robes, hosiery, skirts, dresses, loungewear, scarves, rainwear, trousers, ascots, ties, outer shirts including evening, dress, polo and sports shirts, collars, pajamas, robes, smoking jackets, dressing gowns, mufflers, gloves, hose, belts, suspenders, garters, boots, slippers, shoes, overshoes, beach wear, swimwear, and formal wear, namely, jackets, pants, suits, shirts, shoes, cummerbunds, ties, suspenders and gowns. FIRST USE: 18560000. FIRST USE IN COMMERCE: 18560000

(CANCELLED) IC 027. US 019 020 037 042 050. G & S: [ wallpaper ]. FIRST USE: 20050331. FIRST USE IN COMMERCE: 20050331

IC 028. US 022 023 038 050. G & S: Golf accessories and golf equipment, namely, divot tools, ball markers, golf balls, golf clubs, golf bags, [ golf ball washers, non-motorized golf carts, ] golf tees, and golf club covers. FIRST USE: 19030331. FIRST USE IN COMMERCE: 19030331

IC 035. US 100 101 102. G & S: retail store services, online retail store services and mail order catalog services featuring clothing for men, women and children, sporting goods, eyewear, fragrance, body lotions, housewares, personal accessories and luggage. FIRST USE: 18180000. FIRST USE IN COMMERCE: 18180000

| | |
|---|---|
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 78666736 |
| **Filing Date** | July 8, 2005 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | September 20, 2005 |
| **Change In Registration** | CHANGE IN REGISTRATION HAS OCCURRED |
| **Registration Number** | 3029206 |
| **International Registration Number** | 0893183; 0891965; 0939041; 0977803 |
| **Registration Date** | December 13, 2005 |
| **Owner** | (REGISTRANT) Retail Brand Alliance, Inc. CORPORATION DELAWARE 100 PHOENIX AVENUE ENFIELD CONNECTICUT 06082 |
| | (LAST LISTED OWNER) **BROOKS** BROTHERS GROUP, INC. CORPORATION DELAWARE 100 PHOENIX AVENUE ENFIELD CONNECTICUT 06082 |

| | |
|---|---|
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Lisa W. Rosaya |
| **Prior Registrations** | 1835478;1835798;1839876;AND OTHERS |
| **Type of Mark** | TRADEMARK. SERVICE MARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. PARTIAL SECT 8 (6-YR). SECTION 8(10-YR) 20160106. |
| **Renewal** | 1ST RENEWAL 20160106 |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST

FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

| HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY



United States Patent and Trademark Office

Home|Site Index|Search|FAQ|Glossary|Guides|Contacts|eBusiness|eBiz alerts|News|Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Oct 2 05:21:01 EDT 2018*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |

| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At:            OR  Jump  to record:        **Record 72 out of 90**

| TSDR | ASSIGN Status | TTAB Status |  *( Use the "Back" button of the Internet Browser to return to TESS)*

# Typed Drawing

| | |
|---|---|
| **Word Mark** | BROOKS BROTHERS |
| **Goods and Services** | IC 030. US 046. G & S: foods; namely, cakes, cookies. FIRST USE: 19900900. FIRST USE IN COMMERCE: 19900900 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 74297721 |
| **Filing Date** | July 27, 1992 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | February 23, 1993 |
| **Registration Number** | 1771690 |
| **Registration Date** | May 18, 1993 |
| **Owner** | (REGISTRANT) **Brooks** Brothers, Inc. CORPORATION DELAWARE 346 Madison Avenue New York NEW YORK 10017 |
| | (LAST LISTED OWNER) **BROOKS** BROTHERS GROUP, INC. CORPORATION DELAWARE 100 PHOENIX AVENUE ENFIELD CONNECTICUT 06082 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Lisa W. Rosaya |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20130605. |
| **Renewal** | 2ND RENEWAL 20130605 |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST

FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

| .HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Oct 2 05:21:01 EDT 2018*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |

| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At:    OR   Jump   to record:     **Record 30 out of 90**

TSDR   ASSIGN Status   TTAB Status   *( Use the "Back" button of the Internet Browser to return to TESS)*

*Brooks Brothers*

| | |
|---|---|
| **Word Mark** | **BROOKS** BROTHERS |
| **Goods and Services** | IC 018. US 001 002 003 022 041. G & S: Handbags, tote bags, backpacks, luggage, wallets, purses, key cases, briefcases, duffel bags, all-purpose sport bags, business card cases, credit card cases; briefcase-type portfolios, billfolds, attache cases, and key cases. FIRST USE: 19980801. USED IN ANOTHER FORM The mark was first used anywhere in a different form other than that sought to be registered on 01/13/1903. FIRST USE IN COMMERCE: 19980801 |
| **Mark Drawing Code** | (5) WORDS, LETTERS, AND/OR NUMBERS IN STYLIZED FORM |
| **Serial Number** | 78538066 |
| **Filing Date** | December 23, 2004 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | March 13, 2007 |
| **Registration Number** | 3250433 |
| **Registration Date** | June 12, 2007 |
| **Owner** | (REGISTRANT) Retail Brand Alliance, Inc. CORPORATION DELAWARE 100 Phoenix Avenue Enfield CONNECTICUT 06082 |
| | (LAST LISTED OWNER) **BROOKS** BROTHERS GROUP, INC. CORPORATION DELAWARE 100 PHOENIX AVENUE ENFIELD CONNECTICUT 06082 |
| **Assignment** | ASSIGNMENT RECORDED |

| | |
|---|---|
| **Recorded** | |
| **Attorney of Record** | Lisa W. Rosaya |
| **Prior Registrations** | 0404683;1835798 |
| **Description of Mark** | Color is not claimed as a feature of the mark. |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20170623. |
| **Renewal** | 1ST RENEWAL 20170623 |
| **Live/Dead Indicator** | LIVE |

TESS HOME   NEW USER   STRUCTURED   FREE FORM   BROWSE DICT   SEARCH OG   TOP   HELP   PREV LIST   CURR LIST   NEXT LIST   FIRST DOC   PREV DOC   NEXT DOC   LAST DOC

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Oct 2 05:21:01 EDT 2018*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |
| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At:     OR   Jump   to record:     **Record 70 out of 90**

| TSDR | ASSIGN Status | TTAB Status | ( Use the "Back" button of the Internet Browser to return to TESS)

# Typed Drawing

| | |
|---|---|
| **Word Mark** | **BROOKS BROTHERS** |
| **Goods and Services** | IC 042. US 101. G & S: retail store and mail order catalog services featuring clothing and accessories therefor, leather goods, soaps and cosmetics, glassware, eyewear, home furnishings and giftware. FIRST USE: 18180000. FIRST USE IN COMMERCE: 18180000 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 74347278 |
| **Filing Date** | January 11, 1993 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | February 15, 1994 |
| **Registration Number** | 1835798 |
| **Registration Date** | May 10, 1994 |
| **Owner** | (REGISTRANT) **Brooks** Brothers, Inc. CORPORATION DELAWARE 346 Madison Avenue New York NEW YORK 10017 |
| | (LAST LISTED OWNER) **BROOKS** BROTHERS GROUP, INC. CORPORATION DELAWARE 100 PHOENIX AVENUE ENFIELD CONNECTICUT 06082 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Lisa W. Rosaya |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Affidavit** | SECT 8 (6-YR). SECTION 8(10-YR) 20140418. |

| | |
|---|---|
| **Text** | |
| **Renewal** | 2ND RENEWAL 20140418 |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST

FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

| .HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Oct 2 05:21:01 EDT 2018*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |
| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At:     OR  Jump  to record:     **Record 57 out of 90**

TSDR | ASSIGN Status | TTAB Status  *( Use the "Back" button of the Internet Browser to return to TESS)*

# BROOKS BROTHERS

| | |
|---|---|
| **Word Mark** | **BROOKS** BROTHERS |
| **Goods and Services** | IC 016. US 002 005 022 023 029 037 038 050. G & S: Pens. FIRST USE: 20050000. FIRST USE IN COMMERCE: 20050000 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 77048808 |
| **Filing Date** | November 21, 2006 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | June 12, 2007 |
| **Registration Number** | 3285134 |
| **International Registration Number** | 0977803 |
| **Registration Date** | August 28, 2007 |
| **Owner** | (REGISTRANT) RETAIL BRAND ALLIANCE, INC. CORPORATION DELAWARE 100 PHOENIX AVENUE ENFIELD CONNECTICUT 06082 |
| | (LAST LISTED OWNER) **BROOKS** BROTHERS GROUP, INC. CORPORATION DELAWARE 100 PHOENIX AVENUE ENFIELD CONNECTICUT 06082 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Lisa W. Rosaya |
| **Prior Registrations** | 3029064;3029180;3029206;AND OTHERS |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20170805. |

| | |
|---|---|
| **Renewal** | 1ST RENEWAL 20170805 |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

| HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY

United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Oct 2 05:21:01 EDT 2018*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

Logout Please logout when you are done to release system resources allocated for you.

Start **List At:** **OR** Jump **to record:** **Record 56 out of 90**

TSDR | ASSIGN Status | TTAB Status ***( Use the "Back" button of the Internet Browser to return to TESS)***

# BROOKS BROTHERS

| | |
|---|---|
| **Word Mark** | BROOKS BROTHERS |
| **Goods and Services** | IC 003. US 001 004 006 050 051 052. G & S: body beauty creams; Fragrances for personal use; Scented body lotions and creams; Shower and bath gel. FIRST USE: 19640913. FIRST USE IN COMMERCE: 19640913<br><br>IC 004. US 001 006 015. G & S: [ Candles ]. FIRST USE: 20061100. FIRST USE IN COMMERCE: 20061100 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 77315642 |
| **Filing Date** | October 29, 2007 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | April 15, 2008 |
| **Registration Number** | 4023020 |
| **International Registration Number** | 0954328 |
| **Registration Date** | September 6, 2011 |
| **Owner** | (REGISTRANT) Retail Brand Alliance, Inc. CORPORATION DELAWARE 100 PHOENIX AVENUE ENFIELD CONNECTICUT 06082 |

(LAST LISTED OWNER) **BROOKS** BROTHERS GROUP, INC. CORPORATION DELAWARE 100 PHOENIX AVENUE ENFIELD CONNECTICUT 06082

| | |
|---|---|
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Lisa W. Rosaya |
| **Prior Registrations** | 3029064;3029206;3250433;AND OTHERS |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). |
| **Live/Dead Indicator** | LIVE |

TESS HOME   NEW USER   STRUCTURED   FREE FORM   BROWSE DICT   SEARCH OG   TOP   HELP   PREV LIST   CURR LIST   NEXT LIST
FIRST DOC   PREV DOC   NEXT DOC   LAST DOC

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Oct 2 05:21:01 EDT 2018*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |
| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At:     OR   Jump   to record:     **Record 33 out of 90**

TSDR    ASSIGN Status    TTAB Status   *( Use the "Back" button of the Internet Browser to return to TESS)*

*Brooks Brothers*

| | |
|---|---|
| **Word Mark** | **BROOKS** BROTHERS |
| **Goods and Services** | IC 025. US 022 039. G & S: Men's, women's, boys' and girl' shirts, tops, sweaters, jackets, pants, suits, bottoms, socks, hats and caps; shoes; shorts, coats, neckties, underwear, vests, robes, hosiery, skirts, dresses, loungewear, scarves, rainwear, trousers, ascots, ties, outer shirts including evening, dress, polo and sports shirts, collars, pajamas, robes, smoking jackets, dressing gowns, mufflers, gloves, hose, belts, suspenders, garters, boots, slippers, shoes, overshoes, beach wear, swimwear, and formal wear, namely, jackets, pants, suits, shirts, shoes, cummerbunds, ties, suspenders and gowns. FIRST USE: 19980801. USED IN ANOTHER FORM The mark was first used anywhere in a different form other than that sought to be registered on 01/01/1818. FIRST USE IN COMMERCE: 19980801

IC 035. US 100 101 102. G & S: Retail store, on-line ecommerce store, and mail order catalog services featuring clothing and accessories therefor, leather goods, soaps and cosmetics, glassware, tableware, eyewear, home furnishings, and giftware. FIRST USE: 19980801. USED IN ANOTHER FORM The mark was first used anywhere in a different form other than that sought to be registered on 01/01/1856. FIRST USE IN COMMERCE: 19980801 |
| **Mark Drawing Code** | (5) WORDS, LETTERS, AND/OR NUMBERS IN STYLIZED FORM |
| **Serial Number** | 78538053 |
| **Filing Date** | December 23, 2004 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | September 20, 2005 |
| **Registration Number** | 3029064 |
| **Registration** | December 13, 2005 |

| | |
|---|---|
| **Date** | |
| **Owner** | (REGISTRANT) Retail Brand Alliance, Inc. CORPORATION DELAWARE 100 Phoenix Avenue Enfield CONNECTICUT 06082 |
| | (LAST LISTED OWNER) **BROOKS** BROTHERS GROUP, INC. CORPORATION DELAWARE 100 PHOENIX AVENUE ENFIELD CONNECTICUT 06082 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Lisa W. Rosaya |
| **Prior Registrations** | 0640370;0667458;1835798;AND OTHERS |
| **Description of Mark** | Color is not claimed as a feature of the mark. |
| **Type of Mark** | TRADEMARK. SERVICE MARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20160229. |
| **Renewal** | 1ST RENEWAL 20160229 |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST

FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

| HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY

 **United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Oct 2 05:21:01 EDT 2018*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |
| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

**Logout**   Please logout when you are done to release system resources allocated for you.

**Start**   List At:     OR **Jump** to record:     **Record 81 out of 90**

| TSDR | ASSIGN Status | TTAB Status |   *( Use the "Back" button of the Internet Browser to return to TESS)*

# Typed Drawing

| | |
|---|---|
| **Word Mark** | BROOKS BROTHERS |
| **Goods and Services** | IC 010 025 026. US 039. G & S: MEN'S AND BOYS' CLOTHING-NAMELY, SUITS, COATS INCLUDING TOPCOATS, OVERCOATS, AND RAINCOATS, SPORT COATS, JACKETS, PARKAS, SWEATERS, VESTS, TROUSERS, [ KILTS, ] WALKING SHORTS, OUTER SHIRTS INCLUDING EVENING, DRESS, POLO, AND SPORTS SHIRTS, COLLARS, PAJAMAS, ROBES, SMOKING JACKETS, DRESSING GOWNS, UNDERWEAR, MUFFLERS, GLOVES, NECKTIES, HANDKERCHIEFS, HOSE, CAPS, HATS, BELTS, SUSPENDERS, GARTERS, BOOTS, SLIPPERS, SHOES, OVERSHOES, BEACH WEAR, SWIMWEAR, FORMAL WEAR AND MILITARY UNIFORMS; AND WOMEN'S CLOTHING-NAMELY, OUTER SHIRTS, WALKING SHORTS, SWEATERS, RAINCOATS, AND OUTER COATS. FIRST USE: 18560000. FIRST USE IN COMMERCE: 18560000 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 72029152 |
| **Filing Date** | April 30, 1957 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Registration Number** | 0667458 |
| **Registration Date** | September 23, 1958 |
| **Owner** | (REGISTRANT) JULIUS GARFINCKEL & CO., INCORPORATED CORPORATION VIRGINIA 346 MADISON AVE. NEW YORK 17 NEW YORK |
| | (LAST LISTED OWNER) **BROOKS** BROTHERS GROUP, INC. CORPORATION DELAWARE 100 PHOENIX AVENUE ENFIELD CONNECTICUT 06082 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Lisa W. Rosaya |
| **Prior Registrations** | 0103889;0640370;AND OTHERS |

| | |
|---|---|
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECTION 8(10-YR) 20180411. |
| **Renewal** | 4TH RENEWAL 20180411 |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST
FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

| HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY



United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Oct 2 05:21:01 EDT 2018*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST
FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At:          OR  Jump  to record:          **Record 73 out of 90**

TSDR | ASSIGN Status | TTAB Status  *( Use the "Back" button of the Internet Browser to return to TESS)*

# Typed Drawing

| | |
|---|---|
| Word Mark | BROOKS BROTHERS |
| Goods and Services | IC 009. US 026. G & S: eyeglasses, comprising spectacles, spectacle frames, sunglasses, eyeglass chains, eyeglass retaining bands, eyeglass cases and lens; binoculars, tape measures and pedometers, calculators, electronic calendars, electrically operated shoe shine units; barometers; travel irons, voltage conversion devices. FIRST USE: 19930300. FIRST USE IN COMMERCE: 19930300 |
| Mark Drawing Code | (1) TYPED DRAWING |
| Serial Number | 74279208 |
| Filing Date | May 28, 1992 |
| Current Basis | 1A |
| Original Filing Basis | 1B |
| Published for Opposition | April 20, 1993 |
| Registration Number | 1839876 |
| Registration Date | June 14, 1994 |
| Owner | (REGISTRANT) Brooks Brothers, Inc. CORPORATION DELAWARE 346 Madison Avenue New York NEW YORK 10017 |
| | (LAST LISTED OWNER) BROOKS BROTHERS GROUP, INC. CORPORATION DELAWARE 100 PHOENIX AVENUE ENFIELD CONNECTICUT 06082 |
| Assignment Recorded | ASSIGNMENT RECORDED |
| Attorney of Record | Lisa W. Rosaya |
| Prior Registrations | 0610759;1232809 |
| Type of Mark | TRADEMARK |
| Register | PRINCIPAL |

**Affidavit Text** SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20140426.

**Renewal** 2ND RENEWAL 20140426

**Live/Dead Indicator** LIVE

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST |

| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Oct 2 05:21:01 EDT 2018*

# Typed Drawing

| | |
|---|---|
| **Word Mark** | BROOKS BROTHERS |
| **Goods and Services** | IC 021. US 002 013 023 029 030 033 040 050. G & S: beverage glassware, bottles sold empty, [ jars sold empty, ] beverage containers for household use, carafes, drinking flasks, insulated and uninsulated beverage bottles sold empty and drinking cups. FIRST USE: 19140000. FIRST USE IN COMMERCE: 19140000 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 74338598 |
| **Filing Date** | December 9, 1992 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | February 15, 1994 |
| **Registration Number** | 1835478 |
| **Registration Date** | May 10, 1994 |
| **Owner** | (REGISTRANT) **Brooks** Brothers, Inc. CORPORATION DELAWARE 346 Madison Avenue New York NEW YORK 10017<br><br>(LAST LISTED OWNER) **BROOKS** BROTHERS GROUP, INC. CORPORATION DELAWARE 100 PHOENIX AVENUE ENFIELD CONNECTICUT 06082 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Lisa W. Rosaya |
| **Prior Registrations** | 0103889;0404792;AND OTHERS |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20140418. |

Case 2:20-cv-01491-RSM   Document 37   Filed 03/01/21   Page 232 of 370

| | |
|---|---|
| Renewal | 2ND RENEWAL 20140418 |
| Live/Dead Indicator | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST

FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

Trademark Electronic Search System (TESS)

 **United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Oct 2 05:21:01 EDT 2018*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |
| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At:     OR   Jump   to record:     **Record 85 out of 90**

| TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | **BROOKS** BROTHERS |
| **Goods and Services** | IC 003 005. US 051. G & S: TOILETRIES FOR MEN-NAMELY, COLOGNE, AFTER SHAVE LOTION, ALL PURPOSE LOTION, HAIR TONIC, SHAVING CREAM, SHAVING SOAP, PERSONAL DEODORANT AND MOUTH-WASH. FIRST USE: 19640913. FIRST USE IN COMMERCE: 19640913 |
| | (CANCELLED) IC 003 005. US 052. G & S: [ TOILET SOAP AND LIQUID HAIR SHAMPOO ]. FIRST USE: 19640913. FIRST USE IN COMMERCE: 19640913 |
| **Mark Drawing Code** | (5) WORDS, LETTERS, AND/OR NUMBERS IN STYLIZED FORM |
| **Serial Number** | 72274477 |
| **Filing Date** | June 22, 1967 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Change In Registration** | CHANGE IN REGISTRATION HAS OCCURRED |
| **Registration Number** | 0867673 |
| **Registration Date** | April 1, 1969 |
| **Owner** | (REGISTRANT) JULIUS GARFINCKEL & CO., INCORPORATED CORPORATION VIRGINIA 1401 F ST. NW. WASHINGTON D.C. 20004 |
| | (LAST LISTED OWNER) **BROOKS** BROTHERS GROUP, INC. CORPORATION DELAWARE 100 PHOENIX AVENUE ENFIELD CONNECTICUT 06082 |
| **Assignment** | ASSIGNMENT RECORDED |

| | |
|---|---|
| **Recorded** | |
| **Attorney of Record** | Lisa W. Rosaya |
| **Prior Registrations** | 0103889;0794119;AND OTHERS |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. PARTIAL SECTION 8(10-YR) 20090410. |
| **Renewal** | 2ND RENEWAL 20090413 |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST
FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

| HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY



United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Oct 2 05:21:01 EDT 2018*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |
| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At:     OR   Jump   to record:     **Record 45 out of 90**

TSDR    ASSIGN Status    TTAB Status   *( Use the "Back" button of the Internet Browser to return to TESS)*

# BROOKS BROTHERS 1818

| | |
|---|---|
| **Word Mark** | **BROOKS** BROTHERS 1818 |
| **Goods and Services** | IC 003. US 001 004 006 050 051 052. G & S: Cologne; Fragrances for personal use. FIRST USE: 19640000. FIRST USE IN COMMERCE: 19640000 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 77549635 |
| **Filing Date** | August 18, 2008 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | February 17, 2009 |
| **Registration Number** | 4171950 |
| **International Registration Number** | 0978400 |
| **Registration Date** | July 10, 2012 |
| **Owner** | (REGISTRANT) **BROOKS** BROTHERS GROUP, INC. CORPORATION DELAWARE 100 PHOENIX AVENUE ENFIELD CONNECTICUT 06082 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Lisa W. Rosaya |
| **Prior Registrations** | 3029206;3258230;3277205;AND OTHERS |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL-2(F)-IN PART |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). |
| **Live/Dead Indicator** | LIVE |
| **Distinctiveness** | As to "1818". |

**Limitation Statement**

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST
FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

| .HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Oct 2 05:21:01 EDT 2018*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |

| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At:     OR   Jump   to record:     **Record 6 out of 90**

TSDR   ASSIGN Status   TTAB Status   *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | **BROOKS** BROTHERS 1818 RED FLEECE |
| **Goods and Services** | IC 003. US 001 004 006 050 051 052. G & S: After shave lotions; after-shave balms; after-shave creams; bath gel; bath lotion; bath soaps; bathing lotions; beauty lotions; body lotion; body sprays; cologne; eau de perfume; eau-de-toilette; face and body beauty creams; face and body lotions; fragrances for personal use; perfume; perfumes, aftershaves and colognes; scented body lotions and creams; scented body spray; shampoos; shaving balm; shaving cream; shaving gel; shaving preparations; shower and bath gel; skin cream. FIRST USE: 20140600. FIRST USE IN COMMERCE: 20140600 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 26.03.17 - Concentric ovals; Concentric ovals and ovals within ovals; Ovals within ovals; Ovals, concentric<br>26.11.21 - Rectangles that are completely or partially shaded<br>26.17.01 - Bands, straight; Bars, straight; Lines, straight; Straight line(s), band(s) or bar(s)<br>26.17.06 - Bands, diagonal; Bars, diagonal; Diagonal line(s), band(s) or bar(s); Lines, diagonal |
| **Serial Number** | 86302730 |
| **Filing Date** | June 6, 2014 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | September 9, 2014 |
| **Registration Number** | 5341026 |
| **International Registration Number** | 1222649 |
| **Registration Date** | November 21, 2017 |
| **Owner** | (REGISTRANT) **BROOKS** BROTHERS GROUP, INC. CORPORATION DELAWARE 100 PHOENIX AVENUE |

ENFIELD CONNECTICUT 06082

| | |
|---|---|
| **Attorney of Record** | Lisa W. Rosaya |
| **Prior Registrations** | 1908540;4012556;4105866;AND OTHERS |
| **Description of Mark** | The color(s) red, gold, blue and white is/are claimed as a feature of the mark. The mark consists of a repeat striped rectangular drawing with the colors red, gold, blue, gold, blue, gold, red with a white oval device in the center with a red concentric oval within and featuring the text "**BROOKS** BROTHERS", the **Brooks** Brothers Golden Fleece logo, the numbers "1818" and the text "RED FLEECE", all in red. |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL-2(F)-IN PART |
| **Live/Dead Indicator** | LIVE |
| **Distinctiveness Limitation Statement** | as to "1818" |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST |
| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC | | | | | | |

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | **PRIVACY POLICY**



United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Oct 2 05:21:01 EDT 2018*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |

| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At:      OR   Jump   to record:     **Record 49 out of 90**

TSDR   ASSIGN Status   TTAB Status   *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | **BROOKS** BROTHERS BB COUNTRY CLUB |
| **Goods and Services** | IC 003. US 001 004 006 050 051 052. G & S: Fragrances, after shave balm, body creams and body wash. FIRST USE: 20030331. FIRST USE IN COMMERCE: 20030331 |
| | (CANCELLED) IC 018. US 001 002 003 022 041. G & S: [ handbags, tote bags, backpacks, luggage, wallets, purses, duffle bags, all-purpose sport bags, billfolds, key cases, travel bags, overnight bags, umbrellas ]. FIRST USE: 20030331. FIRST USE IN COMMERCE: 20030331 |
| | IC 025. US 022 039. G & S: shirts, tops, [ sweaters, ] jackets, pants, [ bottoms, socks, hats and caps, shorts, coats, ] underwear, [ vests, robes, hosiery, skirts, dresses, loungewear, scarves, rainwear, ] trousers [, ties, pajamas, robes, gloves, belts, boots, beach wear, swimwear ]. FIRST USE: 20030331. FIRST USE IN COMMERCE: 20030331 |
| | IC 028. US 022 023 038 050. G & S: golf accessories and golf equipment, namely, golf balls, golf bags, golf tees, and golf club covers. FIRST USE: 20030331. FIRST USE IN COMMERCE: 20030331 |
| | (CANCELLED) IC 035. US 100 101 102. G & S: [ Retail mail order services and retail stores services and computerized online ordering and online retail store services via a computer network in the field of consumer goods, namely, clothing, luggage, wallets, cosmetics and jewelry ]. FIRST USE: 20030331. FIRST USE IN COMMERCE: 20030331 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 09.01.04 - Bows, decorative; Ribbons, giftwrap (gift wrap); Ribbons, hair |
| | 24.01.02 - Shields or crests with figurative elements contained therein or superimposed thereon |
| | 24.01.03 - Shields or crests with letters, punctuation or inscriptions contained therein or superimposed thereon |
| | 24.09.07 - Advertising, banners; Banners |
| | 26.05.02 - Plain single line triangles; Triangles, plain single line |
| | 26.05.25 - Triangles with one or more curved sides |
| | 26.17.01 - Bands, straight; Bars, straight; Lines, straight; Straight line(s), band(s) or bar(s) |

26.17.04 - Bands, vertical; Bars, vertical; Lines, vertical; Vertical line(s), band(s) or bar(s)
26.17.09 - Bands, curved; Bars, curved; Curved line(s), band(s) or bar(s); Lines, curved

| | |
|---|---|
| **Trademark Search Facility Classification Code** | ART-09.01 Textiles other than clothing<br>ART-24.09 Flags, banners<br>LETS-1 BB A single letter, multiples of a single letter or in combination with a design<br>SHAPES-BAR-BANDS Designs with bar, bands or lines<br>SHAPES-HERALDRY Marks with shields, crests, emblems, insignias, and crowns<br>SHAPES-MISC Miscellaneous shaped designs<br>SHAPES-TRIANGLES Triangular shaped designs and marks including incomplete triangles |
| **Serial Number** | 77936030 |
| **Filing Date** | February 15, 2010 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | May 4, 2010 |
| **Change In Registration** | CHANGE IN REGISTRATION HAS OCCURRED |
| **Registration Number** | 3821895 |
| **International Registration Number** | 1031707 |
| **Registration Date** | July 20, 2010 |
| **Owner** | (REGISTRANT) RETAIL BRAND ALLIANCE, INC. CORPORATION DELAWARE 100 PHOENIX AVENUE ENFIELD CONNECTICUT 06082<br><br>(LAST LISTED OWNER) **BROOKS** BROTHERS GROUP, INC. CORPORATION DELAWARE 100 PHOENIX AVENUE ENFIELD CONNECTICUT 06082 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Lisa W. Rosaya |
| **Prior Registrations** | 3029205;3029206;3277205;AND OTHERS |
| **Description of Mark** | Color is not claimed as a feature of the mark. The mark consists of the terms **"BROOKS** BROTHERS" in a script font and a crest design containing the letters "BB" with a decorative partition between the two letters and a ribbon containing the terms "COUNTRY CLUB". |
| **Type of Mark** | TRADEMARK. SERVICE MARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. PARTIAL SECT 8 (6-YR). |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST
FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

| HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY

United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Oct 2 05:21:01 EDT 2018*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

Logout Please logout when you are done to release system resources allocated for you.

Start List At: OR Jump to record: **Record 46 out of 90**

---

TSDR | ASSIGN Status | TTAB Status ***( Use the "Back" button of the Internet Browser to return to TESS)***

BROOKS BROTHERS COUNTRY CLUB

| | |
|---|---|
| **Word Mark** | **BROOKS** BROTHERS COUNTRY CLUB |
| **Goods and Services** | IC 003. US 001 004 006 050 051 052. G & S: [Bath soaps; ]bathing lotions; cologne[; shower and bath gel]. FIRST USE: 20030331. FIRST USE IN COMMERCE: 20030331 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 77524904 |
| **Filing Date** | July 17, 2008 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | December 9, 2008 |
| **Registration Number** | 4132169 |
| **International Registration Number** | 0976604; 0978392; 0988882 |
| **Registration Date** | April 24, 2012 |
| **Owner** | (REGISTRANT) **BROOKS** BROTHERS GROUP, INC. CORPORATION DELAWARE 100 PHOENIX AVENUE ENFIELD CONNECTICUT 06082 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Lisa W. Rosaya |
| **Prior Registrations** | 3029206;3258230;3277205;AND OTHERS |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). |
| **Live/Dead Indicator** | LIVE |

Case 2:20-cv-01491-RSM    Document 37    Filed 03/01/21    Page 242 of 370

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST

FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

| HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY



United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Oct 2 05:21:01 EDT 2018*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |

| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At:     OR   Jump   to record:     **Record 39 out of 90**

TSDR   ASSIGN Status   TTAB Status   *( Use the "Back" button of the Internet Browser to return to TESS)*

# Typed Drawing

| | |
|---|---|
| **Word Mark** | **BROOKS** BROTHERS COUNTRY CLUB |
| **Goods and Services** | (CANCELLED) IC 018. US 001 002 003 022 041. G & S: [ HANDBAGS, TOTE BAGS, ] [ BACKPACKS, LUGGAGE, WALLETS, ] [ PURSES, ] [ KEY CASES, BRIEF CASES, DUFFLE BAGS, ALL-PURPOSE SPORT BAGS, BUSINESS CARD CASES, CREDIT CARD CASES, BRIEFCASE-TYPE PORTFOLIOS, BILLFOLDS, ATTACHE CASES, KEY CASES, PASSPORT CASES, SUIT BAGS, WAIST AND FANNY PACKS; TRUNKS, TRAVEL BAGS, HAT BOXES FOR TRAVEL, LUGGAGE TAGS, OVERNIGHT BAGS AND CASES; COSMETIC; TOILETRY AND VANITY CASES SOLD EMPTY; ] [ UMBRELLAS, ] [ CANES AND WALKING STICKS ]. FIRST USE: 20040400. FIRST USE IN COMMERCE: 20040400 |
| | IC 025. US 022 039. G & S: CLOTHING, NAMELY, SHIRTS, TOPS, SWEATERS, JACKETS, PANTS, [ SUITS, ] BOTTOMS, [ SOCKS, ] HATS AND CAPS; [ SHOES; ] SHORTS, COATS, [ NECKTIES, ] UNDERWEAR, VESTS, [ ROBES, HOSIERY, ] SKIRTS, DRESSES, LOUNGEWEAR, [ SCARVES, RAINWEAR, TROUSERS, ASCOTS, TIES, OUTER SHIRTS INCLUDING EVENING, DRESS, ] POLO AND SPORTS SHIRTS, [ COLLARS, PAJAMAS, ROBES, SMOKING JACKETS, DRESSING GOWNS, MUFFLERS, ] GLOVES, [ HOSE, ] BELTS, [ SUSPENDERS, GARTERS, BOOTS, SLIPPERS, SHOES, OVERSHOES, BEACH WEAR, ] SWIMWEAR, [ FORMAL WEAR, NAMELY, JACKETS, PANTS, SUITS, SHIRTS, SHOES, CUMMERBUNDS, TIES, SUSPENDERS AND GOWNS ]. FIRST USE: 20040400. FIRST USE IN COMMERCE: 20040400 |
| | IC 028. US 022 023 038 050. G & S: GOLF ACCESSORIES AND GOLF EQUIPMENT, NAMELY, GOLF BALLS, [ GOLF CLUBS, ] GOLF BAGS, [ GOLF BALL WASHERS, NON-MOTORIZED GOLF CARTS, ] GOLF TEES, AND GOLF CLUB COVERS. FIRST USE: 20040400. FIRST USE IN COMMERCE: 20040400 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 78135283 |
| **Filing Date** | June 12, 2002 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | September 9, 2003 |
| **Change In Registration** | CHANGE IN REGISTRATION HAS OCCURRED |
| **Registration** | 2882928 |

| | |
|---|---|
| **Number** | |
| **International Registration Number** | 0896664; 0983106; 1133327 |
| **Registration Date** | September 7, 2004 |
| **Owner** | (REGISTRANT) Retail Brand Alliance, Inc. CORPORATION DELAWARE 100 Phoenix Avenue Enfield CONNECTICUT 06082 |
| | (LAST LISTED OWNER) **BROOKS** BROTHERS GROUP, INC. CORPORATION DELAWARE 100 PHOENIX AVENUE ENFIELD CONNECTICUT 06082 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Stephen L. Baker |
| **Prior Registrations** | 0404625;0404683;0404792;0667458;AND OTHERS |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). PARTIAL SECTION 8(10-YR) 20140818. |
| **Renewal** | 1ST RENEWAL 20140818 |
| **Live/Dead Indicator** | LIVE |

TESS HOME   NEW USER   STRUCTURED   FREE FORM   BROWSE DICT   SEARCH OG   TOP   HELP   PREV LIST   CURR LIST   NEXT LIST
FIRST DOC   PREV DOC   NEXT DOC   LAST DOC

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Oct 2 05:21:01 EDT 2018*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |

| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At:      OR   Jump   to record:      **Record 83 out of 90**

| TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*



Brooks Brothers
ESTABLISHED 1818

| | |
|---|---|
| **Word Mark** | BROOKS BROTHERS ESTABLISHED 1818 |
| **Goods and Services** | IC 022 024 026 027. US 042. G & S: [ Motor Robes, Foot Muffs, Blankets, Napkins, and ] Towels. FIRST USE: 19030113. USED IN ANOTHER FORM SINCE 1850 TO THE WORDS "BROOK BROTHERS" AND SINCE 1894 AS TO THE MARK AS SHOWN IN THE DRAWING. FIRST USE IN COMMERCE: 19030103 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 03.07.10 - Goats; Goats, sheep, rams; Lambs; Rams; Sheep<br>09.01.04 - Bows, decorative; Ribbons, giftwrap (gift wrap); Ribbons, hair |
| **Serial Number** | 71462304 |
| **Filing Date** | July 26, 1943 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Registration Number** | 0404792 |
| **Registration Date** | December 21, 1943 |
| **Owner** | (REGISTRANT) **Brooks** Brothers CORPORATION NEW YORK 346 Madison Avenue New York NEW YORK<br><br>(LAST LISTED OWNER) **BROOKS** BROTHERS GROUP, INC. CORPORATION DELAWARE 100 PHOENIX AVENUE ENFIELD CONNECTICUT 06082 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Lisa W. Rosaya |

| Prior Registrations | 0103889;0103992 |
|---|---|
| Description of Mark | The mark consists of the Golden Fleece logo above the terms **BROOKS** BROTHERS in a script font with the terms Established 1818 at the bottom. |
| Type of Mark | TRADEMARK |
| Register | PRINCIPAL |
| Affidavit Text | SECT 12C. SECTION 8(10-YR) 20131214. |
| Renewal | 4TH RENEWAL 20131214 |
| Live/Dead Indicator | LIVE |

TESS HOME   NEW USER   STRUCTURED   FREE FORM   BROWSE DICT   SEARCH OG   TOP   HELP   PREV LIST   CURR LIST   NEXT LIST
FIRST DOC   PREV DOC   NEXT DOC   LAST DOC

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Oct 2 05:21:01 EDT 2018*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST
FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At:     OR   Jump   to record:     **Record 84 out of 90**

---

TSDR    ASSIGN Status    TTAB Status    *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | BROOKS BROTHERS ESTABLISHED 1818 |
| **Goods and Services** | IC 018. US 003. G & S: [ Riding Crops and Whips, Polo Whips, Spur-Straps, Hound Collars and Couples Beagle Collars and Couples, ] Suitcases, Trunks, Duffle Bags, Gladstone Bags, Attache Cases, Wallets and Key Purses, Pocketbooks, Portfolios, Overnight Bags, [ Brief Cases, Utility Bags, ] Toilet Kits, Wardrobe [ Trunks, Collar Boxes Made of Leather, Cravat and Handkerchief Cases Made of Leather, Beach Bags and Bathing Suit Bags, Hat and Tie Boxes Made of Leather, Boot and Shoe Trunks, Jewel Cases Made of Leather, Cases for Playing Cards, and Empty Kits for Toilet Articles ]. FIRST USE: 19030113. USED IN ANOTHER FORM SINCE 1850 AS TO THE WORDS "BROOKS BROTHER" AND SINCE 1894 AS TO THE MARK AS SHOWN IN THE DRAWING. FIRST USE IN COMMERCE: 19030113 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 03.07.10 - Goats; Goats, sheep, rams; Lambs; Rams; Sheep<br>09.01.04 - Bows, decorative; Ribbons, giftwrap (gift wrap); Ribbons, hair |
| **Serial Number** | 71462299 |
| **Filing Date** | July 26, 1943 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Registration Number** | 0404683 |
| **Registration Date** | December 14, 1943 |
| **Owner** | (REGISTRANT) **Brooks** Brothers CORPORATION NEW YORK 346 Madison Avenue New York NEW YORK 10017 |

(LAST LISTED OWNER) **BROOKS** BROTHERS GROUP, INC. CORPORATION DELAWARE 100 PHOENIX AVENUE ENFIELD CONNECTICUT 06082

| | |
|---|---|
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Lisa W. Rosaya |
| **Prior Registrations** | 0103889;0103992 |
| **Description of Mark** | The mark consists of the Golden Fleece logo above the terms **BROOKS** BROTHERS in a script font with the terms Established 1818 at the bottom. |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 12C. SECT 15. SECTION 8(10-YR) 20131214. |
| **Renewal** | 4TH RENEWAL 20131214 |
| **Live/Dead Indicator** | LIVE |

TESS HOME   NEW USER   STRUCTURED   FREE FORM   BROWSE DICT   SEARCH OG   TOP   HELP   PREV LIST   CURR LIST   NEXT LIST
FIRST DOC   PREV DOC   NEXT DOC   LAST DOC

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Oct 2 05:21:01 EDT 2018*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |

| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout　Please logout when you are done to release system resources allocated for you.

Start　List At:　　　　OR　Jump　to record:　　**Record 86 out of 90**

| TSDR | ASSIGN Status | TTAB Status |　*( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | BROOKS BROTHERS ESTABLISHED 1818 |
| **Goods and Services** | IC 006 013 014 015 016 018 020 021 022 034. US 002. G & S: [Sandwich Boxes, ] [ Boxes for Hunting Tools, Cardboard Collar Boxes Sold Empty, Cravat Cases and Handkerchief Cases Made of Cardboard and Covered with Paper or Fabric and Sold Empty, Hat Boxes Made of Cardboard and Covered with Paper or Fabric and Sold Empty, Tie Cases Made of Cardboard and Covered with Paper or Fabric and Sold Empty, Sewing Baskets, Garden Baskets, ] Shoe Bags, [ Tea Baskets, Jewel Cases Made with Cardboard and Covered with Paper or Fabric and Sold Empty, ] Garment Bags [, Jacketed Vacuum Bottles and Lunch-Boxes, Trays Made of Wood or Cardboard Covered with Paper and Paper Cups]. FIRST USE: 19030113. USED IN ANOTHER FORM SINCE 1850 TO THE WORDS "**BROOK** BROTHERS" AND SINCE 1849 AS TO THE MARK AS SHOWN IN THE DRAWING. FIRST USE IN COMMERCE: 19030113 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 03.07.10 - Goats; Goats, sheep, rams; Lambs; Rams; Sheep<br>09.01.04 - Bows, decorative; Ribbons, giftwrap (gift wrap); Ribbons, hair |
| **Serial Number** | 71462298 |
| **Filing Date** | July 26, 1943 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Change In Registration** | CHANGE IN REGISTRATION HAS OCCURRED |
| **Registration Number** | 0404790 |
| **Registration Date** | December 21, 1943 |

| | |
|---|---|
| Owner | (REGISTRANT) **Brooks** Brothers CORPORATION NEW YORK 346 Madison Avenue New York NEW YORK |
| | (LAST LISTED OWNER) **BROOKS** BROTHERS GROUP, INC. CORPORATION DELAWARE 100 PHOENIX AVENUE ENFIELD CONNECTICUT 06082 |
| Assignment Recorded | ASSIGNMENT RECORDED |
| Attorney of Record | Lisa W. Rosaya |
| Prior Registrations | 0103889;0103992 |
| Description of Mark | The mark consists of The mark consists of the Golden Fleece logo above the terms **BROOKS** BROTHERS in a script font with the terms Established 1818 at the bottom. |
| Type of Mark | TRADEMARK |
| Register | PRINCIPAL |
| Affidavit Text | SECT 12C. SECT 15. SECTION 8(10-YR) 20131230. |
| Renewal | 4TH RENEWAL 20131230 |
| Live/Dead Indicator | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST

FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Oct 2 05:21:01 EDT 2018*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |

| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At:      OR   Jump   to record:     **Record 82 out of 90**

---

| TSDR | ASSIGN Status | TTAB Status |   *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | BROOKS BROTHERS ESTABLISHED 1818 |
| **Goods and Services** | IC 018. US 041. G & S: Walking Sticks and Canes, Umbrellas, Shooting Seats, Usable as Walking Sticks and Cane Umbrellas. FIRST USE: 19030113. USED IN ANOTHER FORM SINCE 1850 AS TO THE WORDS "**BROOKS** BROTHERS", AND SINCE 1894 AS TO THE MARK AS SHOWN IN THE DRAWING. FIRST USE IN COMMERCE: 19030113 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 03.07.10 - Goats; Goats, sheep, rams; Lambs; Rams; Sheep<br>09.01.04 - Bows, decorative; Ribbons, giftwrap (gift wrap); Ribbons, hair |
| **Serial Number** | 71462303 |
| **Filing Date** | July 26, 1943 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Change In Registration** | CHANGE IN REGISTRATION HAS OCCURRED |
| **Registration Number** | 0404625 |
| **Registration Date** | December 7, 1943 |
| **Owner** | (REGISTRANT) **Brooks** Brothers CORPORATION NEW YORK 346 Madison Avenue New York NEW YORK 10017<br><br>(LAST LISTED OWNER) **BROOKS** BROTHERS GROUP, INC. CORPORATION DELAWARE 100 PHOENIX AVENUE ENFIELD CONNECTICUT 06082 |

| | |
|---|---|
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Lisa W. Rosaya |
| **Prior Registrations** | 0103889;0103992 |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 12C. SECT 15. SECTION 8(10-YR) 20131214. |
| **Renewal** | 4TH RENEWAL 20131214 |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

| HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY



**United States Patent and Trademark Office**

Home|Site Index|Search|FAQ|Glossary|Guides|Contacts|eBusiness|eBiz alerts|News|Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Oct 2 05:21:01 EDT 2018*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST

FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At:          OR  Jump  to record:          **Record 12 out of 90**

TSDR | ASSIGN Status | TTAB Status  *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | **BROOKS** BROTHERS ESTABLISHED 1818 COLLEGIATE COLLECTION |
| **Goods and Services** | IC 025. US 022 039. G & S: Shirts; Sweaters; Ties; Tops. FIRST USE: 20110800. FIRST USE IN COMMERCE: 20110800 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 03.07.10 - Goats; Goats, sheep, rams; Lambs; Rams; Sheep<br>09.01.04 - Bows, decorative; Ribbons, giftwrap (gift wrap); Ribbons, hair<br>26.01.02 - Circles, plain single line; Plain single line circles<br>26.01.17 - Circles, two concentric; Concentric circles, two; Two concentric circles<br>26.11.02 - Plain single line rectangles; Rectangles (single line) |
| **Serial Number** | 86264393 |
| **Filing Date** | April 28, 2014 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | September 2, 2014 |
| **Registration Number** | 4641284 |
| **Registration Date** | November 18, 2014 |
| **Owner** | (REGISTRANT) **BROOKS** BROTHERS GROUP, INC. CORPORATION DELAWARE 100 PHOENIX AVENUE ENFIELD CONNECTICUT 06082 |
| **Attorney of Record** | Lisa W. Rosaya |

| | |
|---|---|
| **Prior Registrations** | 0404790;1771690;4171950;AND OTHERS |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "COLLEGIATE COLLECTION" AND "ESTABLISHED 1818" APART FROM THE MARK AS SHOWN |
| **Description of Mark** | Color is not claimed as a feature of the mark. The mark consists of a circle design containing the terms "**BROOKS BROTHERS**", beneath which is the Golden Fleece design, beneath which are the terms "ESTABLISHED 1818". Beneath the circle design are the terms "COLLEGIATE COLLECTION". |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST
FIRST DOC | PREV DOC | NEXT DOC | LAST DOC



United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Oct 2 05:21:01 EDT 2018*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |
| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At:          OR   Jump   to record:      **Record 31 out of 90**

| TSDR | ASSIGN Status | TTAB Status |   *( Use the "Back" button of the Internet Browser to return to TESS)*

# BROOKS BROTHERS FACTORY STORE

| | |
|---|---|
| Word Mark | **BROOKS** BROTHERS FACTORY STORE |
| Goods and Services | IC 035. US 100 101 102. G & S: Retail stores featuring clothing for men, women and children, sporting goods, eyewear, fragrance, body lotions, housewares, personal accessories and luggage. FIRST USE: 19910000. FIRST USE IN COMMERCE: 19910000 |
| Standard Characters Claimed | |
| Mark Drawing Code | (4) STANDARD CHARACTER MARK |
| Serial Number | 78914606 |
| Filing Date | June 22, 2006 |
| Current Basis | 1A |
| Original Filing Basis | 1A |
| Published for Opposition | December 26, 2006 |
| Registration Number | 3218098 |
| International Registration Number | 0903987 |
| Registration Date | March 13, 2007 |
| Owner | (REGISTRANT) RETAIL BRAND ALLIANCE, INC. CORPORATION DELAWARE 100 PHOENIX AVENUE ENFIELD CONNECTICUT 06082

(LAST LISTED OWNER) **BROOKS** BROTHERS GROUP, INC. CORPORATION DELAWARE 100 PHOENIX AVENUE ENFIELD CONNECTICUT 06082 |

| Assignment Recorded | ASSIGNMENT RECORDED |
|---|---|
| Attorney of Record | Lisa W. Rosaya |
| Prior Registrations | 0404792;3029206;AND OTHERS |
| Disclaimer | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "FACTORY STORE" APART FROM THE MARK AS SHOWN |
| Type of Mark | SERVICE MARK |
| Register | PRINCIPAL |
| Affidavit Text | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20170327. |
| Renewal | 1ST RENEWAL 20170327 |
| Live/Dead Indicator | LIVE |

TESS HOME   NEW USER   STRUCTURED   FREE FORM   BROWSE DICT   SEARCH OG   TOP   HELP   PREV LIST   CURR LIST   NEXT LIST
FIRST DOC   PREV DOC   NEXT DOC   LAST DOC

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Oct 2 05:21:01 EDT 2018*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST

FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At:     OR   Jump   to record:     **Record 13 out of 90**

TSDR | ASSIGN Status | TTAB Status   *( Use the "Back" button of the Internet Browser to return to TESS)*

## BROOKS BROTHERS FLATIRON SHOP

| | |
|---|---|
| **Word Mark** | **BROOKS** BROTHERS FLATIRON SHOP |
| **Goods and Services** | IC 035. US 100 101 102. G & S: Retail store services featuring clothing, footwear, eyewear, fragrances, leather goods, bags, and personal accessories. FIRST USE: 20111112. FIRST USE IN COMMERCE: 20111112 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 85247752 |
| **Filing Date** | February 21, 2011 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | May 31, 2011 |
| **Registration Number** | 4122925 |
| **International Registration Number** | 1121316 |
| **Registration Date** | April 3, 2012 |
| **Owner** | (REGISTRANT) **BROOKS** BROTHERS GROUP, INC. CORPORATION DELAWARE 100 PHOENIX AVENUE ENFIELD CONNECTICUT 06082 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |

Case 2:20-cv-01491-RSM   Document 37   Filed 03/01/21   Page 258 of 370

| | |
|---|---|
| **Attorney of Record** | Lisa W. Rosaya |
| **Prior Registrations** | 1835478;1835798;3029206;AND OTHERS |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "SHOP" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST |
|---|---|---|---|---|---|---|---|---|---|---|

| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |
|---|---|---|---|

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



Trademark Electronic Search System (TESS)

United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Oct 2 05:21:01 EDT 2018*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |
| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At:          OR  Jump  to record:          **Record 50 out of 90**

TSDR   ASSIGN Status   TTAB Status   ( *Use the "Back" button of the Internet Browser to return to TESS*)

# BROOKS BROTHERS FLEECE

| | |
|---|---|
| **Word Mark** | **BROOKS** BROTHERS FLEECE |
| **Goods and Services** | IC 025. US 022 039. G & S: Clothing, namely, shirts, tops, sweaters, jackets, pants, suits, bottoms, socks, hats and caps; shoes; shorts, coats, underwear, vests, robes, hosiery, skirts, dresses, loungewear, scarves, rainwear, trousers, ties, polo shirts, pajamas, gloves, belts, boots, slippers, beach wear, swimwear. FIRST USE: 20100801. FIRST USE IN COMMERCE: 20100801

IC 035. US 100 101 102. G & S: Retail store services, online retail store services and mail order catalog services featuring clothing, sporting goods, eyewear, fragrance, housewares, personal accessories and luggage. FIRST USE: 20110226. FIRST USE IN COMMERCE: 20110226 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 77907226 |
| **Filing Date** | January 7, 2010 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | May 4, 2010 |
| **Registration Number** | 4289342 |
| **Registration Date** | February 12, 2013 |

| | |
|---|---|
| Owner | (REGISTRANT) **BROOKS** BROTHERS GROUP, INC. CORPORATION DELAWARE 100 PHOENIX AVENUE ENFIELD CONNECTICUT 06082 |
| Assignment Recorded | ASSIGNMENT RECORDED |
| Attorney of Record | Lisa W. Rosaya |
| Prior Registrations | 3029064;3029206;3258230;AND OTHERS |
| Disclaimer | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "FLEECE" APART FROM THE MARK AS SHOWN |
| Type of Mark | TRADEMARK. SERVICE MARK |
| Register | PRINCIPAL |
| Live/Dead Indicator | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST |
| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Oct 2 05:21:01 EDT 2018*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST
FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At:     OR   Jump   to record:     **Record 54 out of 90**

TSDR | ASSIGN Status | TTAB Status   *( Use the "Back" button of the Internet Browser to return to TESS)*

## BROOKS BROTHERS MADISON

| | |
|---|---|
| **Word Mark** | **BROOKS** BROTHERS MADISON |
| **Goods and Services** | IC 003. US 001 004 006 050 051 052. G & S: Fragrances for personal use. FIRST USE: 20101100. FIRST USE IN COMMERCE: 20101100 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 77348241 |
| **Filing Date** | December 10, 2007 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | November 10, 2009 |
| **Registration Number** | 4214156 |
| **International Registration Number** | 1089360 |
| **Registration Date** | September 25, 2012 |
| **Owner** | (REGISTRANT) **BROOKS** BROTHERS GROUP, INC. CORPORATION DELAWARE 100 PHOENIX AVENUE ENFIELD CONNECTICUT 06082 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Lisa W. Rosaya |
| **Prior Registrations** | 3029206;3258230;3277205;AND OTHERS |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST
FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Oct 2 05:21:01 EDT 2018*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |
| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At:     OR   Jump   to record:     **Record 63 out of 90**

TSDR    ASSIGN Status    TTAB Status   *( Use the "Back" button of the Internet Browser to return to TESS)*

# BROOKS BROTHERS MAKERS

| | |
|---|---|
| **Word Mark** | **BROOKS** BROTHERS MAKERS |
| **Goods and Services** | (CANCELLED) IC 018. US 001 002 003 022 041. G & S: [ Handbags, tote bags, backpacks, luggage, wallets, purses, key cases, briefcases, duffel bags, all-purpose sport bags, business card cases, credit card cases; briefcase-type portfolios, billfolds, attache cases and passport cases ]. FIRST USE: 19430000. FIRST USE IN COMMERCE: 19430000

IC 025. US 022 039. G & S: Clothing, namely, shirts, tops, [ sweaters, jackets, pants, suits, bottoms, socks, hats and caps; shoes; shorts, coats, neckties, underwear, vests, robes, hosiery, skirts, dresses, loungewear, scarves, rainwear, trousers, ascots, ties, outer shirts including evening, dress, polo, and sports shirts, collars, pajamas, robes, smoking jackets, dressing gowns, mufflers, gloves, handkerchiefs, hose, belts, suspenders, garters, boots, slippers, shoes, overshoes, beach wear, swimwear and formal wear, namely jackets, pants, suits, shirts, shoes, cummerbunds, ] ties, [ suspenders and gowns ]. FIRST USE: 19430000. FIRST USE IN COMMERCE: 19430000 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 76249859 |
| **Filing Date** | May 2, 2001 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | July 23, 2002 |
| **Change In Registration** | CHANGE IN REGISTRATION HAS OCCURRED |
| **Registration Number** | 2634532 |
| **Registration** | October 15, 2002 |

| | |
|---|---|
| **Date** | |
| **Owner** | (REGISTRANT) **Brooks** Brothers, Inc. CORPORATION DELAWARE 346 Madison Avenue New York NEW YORK 10016 |
| | (LAST LISTED OWNER) **BROOKS** BROTHERS GROUP, INC. CORPORATION DELAWARE 100 PHOENIX AVENUE ENFIELD CONNECTICUT 06082 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Lisa W. Rosaya |
| **Prior Registrations** | 0404625;0404683;0404792;0667458;AND OTHERS |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. PARTIAL SECT 8 (6-YR). SECTION 8(10-YR) 20121107. |
| **Renewal** | 1ST RENEWAL 20121107 |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST |
|---|---|---|---|---|---|---|---|---|---|---|

| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |
|---|---|---|---|

| HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY



United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Oct 2 05:21:01 EDT 2018*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |

| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At:       OR   Jump   to record:       **Record 55 out of 90**

TSDR   ASSIGN Status   TTAB Status   *( Use the "Back" button of the Internet Browser to return to TESS)*

# BROOKS BROTHERS NEW YORK

| | |
|---|---|
| **Word Mark** | **BROOKS** BROTHERS NEW YORK |
| **Goods and Services** | IC 003. US 001 004 006 050 051 052. G & S: Fragrances for personal use; After-shave lotions; Body cream. FIRST USE: 20081100. FIRST USE IN COMMERCE: 20081100 |
| | (CANCELLED) IC 004. US 001 006 015. G & S: [ Candles ]. FIRST USE: 20081100. FIRST USE IN COMMERCE: 20081100 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 77443939 |
| **Filing Date** | April 9, 2008 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | July 8, 2008 |
| **Change In Registration** | CHANGE IN REGISTRATION HAS OCCURRED |
| **Registration Number** | 4042389 |
| **Registration Date** | October 18, 2011 |
| **Owner** | (REGISTRANT) Retail Brand Alliance, Inc. CORPORATION DELAWARE 100 PHOENIX AVENUE ENFIELD CONNECTICUT 06082 |
| | (LAST LISTED OWNER) **BROOKS** BROTHERS GROUP, INC. CORPORATION DELAWARE 100 PHOENIX AVENUE ENFIELD CONNECTICUT 06082 |

| | |
|---|---|
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Lisa W. Rosaya |
| **Prior Registrations** | 3029206;3258230;3277205;AND OTHERS |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "NEW YORK" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. PARTIAL SECT 8 (6-YR). |
| **Live/Dead Indicator** | LIVE |

TESS HOME   NEW USER   STRUCTURED   FREE FORM   BROWSE DICT   SEARCH OG   TOP   HELP   PREV LIST   CURR LIST   NEXT LIST

FIRST DOC   PREV DOC   NEXT DOC   LAST DOC

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Oct 2 05:21:01 EDT 2018*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |
| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At:    OR   Jump   to record:    **Record 16 out of 90**

TSDR   ASSIGN Status   TTAB Status   *( Use the "Back" button of the Internet Browser to return to TESS)*

## BROOKS BROTHERS RED FLEECE

| | |
|---|---|
| **Word Mark** | **BROOKS** BROTHERS RED FLEECE |
| **Goods and Services** | IC 003. US 001 004 006 050 051 052. G & S: Shampoos; Shower and bath gel, Bath soaps, Eau-de-toilette. FIRST USE: 20140600. FIRST USE IN COMMERCE: 20140600 |
| | IC 014. US 002 027 028 050. G & S: Jewelry; Tie clips; Watches. FIRST USE: 20150600. FIRST USE IN COMMERCE: 20150600 |
| | IC 018. US 001 002 003 022 041. G & S: All purpose sport bags; All-purpose athletic bags; All-purpose carrying bags, backpacks, attaché cases, briefcases, wallets, handbags, messenger bags and tote bags. FIRST USE: 20160100. FIRST USE IN COMMERCE: 20160100 |
| | IC 025. US 022 039. G & S: Belts, caps, gloves, hats, hosiery, scarves, socks; bathing suits; blouses; coats; dresses; jackets; loungewear; neckties; pants; raincoats; rainwear; shirts; shorts; skirts; suits; sweat pants; sweaters; sweatshirts; swim suits; swimwear; ties; tops; trousers; vests. FIRST USE: 20131100. FIRST USE IN COMMERCE: 20131100 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 85859593 |
| **Filing Date** | February 25, 2013 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | January 21, 2014 |

| | |
|---|---|
| **Registration Number** | 5078203 |
| **Registration Date** | November 8, 2016 |
| **Owner** | (REGISTRANT) **BROOKS** BROTHERS GROUP, INC. CORPORATION DELAWARE 100 PHOENIX AVENUE ENFIELD CONNECTICUT 06082 |
| **Attorney of Record** | Lisa W. Rosaya |
| **Prior Registrations** | 0404790;1908540;3029206;AND OTHERS |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "RED FLEECE" FOR INTERNATIONAL CLASSES 18 & 25 APART FROM THE MARK AS SHOWN |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Oct 2 05:21:01 EDT 2018*



| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |

| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At:    OR   Jump   to record:    **Record 8 out of 90**

TSDR    ASSIGN Status    TTAB Status    *( Use the "Back" button of the Internet Browser to return to TESS)*

## BROOKS BROTHERS RED FLEECE

| | |
|---|---|
| **Word Mark** | **BROOKS** BROTHERS RED FLEECE |
| **Goods and Services** | IC 035. US 100 101 102. G & S: Mail order services featuring fragrances, body lotions, housewares, eyewear, jewelry, watches, leather goods, personal accessories, bags, luggage, clothing, footwear, hats, furniture, pillows, tableware, games, sporting equipment; On-line retail store services featuring fragrances, body lotions, housewares, eyewear, jewelry, watches, leather goods, personal accessories, bags, luggage, clothing, footwear, hats, furniture, pillows, tableware, games, sporting equipment; Retail store services featuring fragrances, body lotions, housewares, eyewear, jewelry, watches, leather goods, personal accessories, bags, luggage, clothing, footwear, hats, furniture, pillows, tableware, games, sporting equipment. FIRST USE: 20131100. FIRST USE IN COMMERCE: 20131100 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 86121225 |
| **Filing Date** | November 18, 2013 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | April 29, 2014 |
| **Registration Number** | 5124632 |
| **Registration Date** | January 17, 2017 |

| | |
|---|---|
| **Owner** | (REGISTRANT) **BROOKS** BROTHERS GROUP, INC. CORPORATION DELAWARE 100 PHOENIX AVENUE ENFIELD CONNECTICUT 06082 |
| **Attorney of Record** | Lisa W. Rosaya |
| **Prior Registrations** | 1908540;4012556;4105866;AND OTHERS |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "RED FLEECE" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST

FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

Trademark Electronic Search System (TESS)

 **United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Oct 2 05:21:01 EDT 2018*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |
| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At:     OR   Jump   to record:     **Record 15 out of 90**

TSDR    ASSIGN Status    TTAB Status    *( Use the "Back" button of the Internet Browser to return to TESS)*

# BROOKS BROTHERS THE ORIGINAL AMERICAN BRAND

| | |
|---|---|
| **Word Mark** | BROOKS BROTHERS THE ORIGINAL AMERICAN BRAND |
| **Goods and Services** | IC 035. US 100 101 102. G & S: Mail order services featuring Fragrances, body lotions, housewares, eyewear, jewelry, watches, leather goods, personal accessories, bags, luggage, clothing, footwear, hats, furniture, pillows, tableware, games, sporting equipment; On-line retail store services featuring Fragrances, body lotions, housewares, eyewear, jewelry, watches, leather goods, personal accessories, bags, luggage, clothing, footwear, hats, furniture, pillows, tableware, games, sporting equipment; Retail store services featuring Fragrances, body lotions, housewares, eyewear, jewelry, watches, leather goods, personal accessories, bags, luggage, clothing, footwear, hats, furniture, pillows, tableware, games, sporting equipment; The bringing together, for the benefit of others, of a variety of goods, enabling customers to conveniently view and purchase those goods in the field of Fragrances, body lotions, housewares, eyewear, jewelry, watches, leather goods, personal accessories, bags, luggage, clothing, footwear, hats, furniture, pillows, tableware, games, sporting equipment; The bringing together, for the benefit of others, of a variety of goods and services, enabling customers to conveniently view and purchase those goods and services from an Internet web site particularly specializing in the marketing of the sale of goods and services of others; Wholesale distributorships featuring Fragrances, body lotions, housewares, eyewear, jewelry, watches, leather goods, personal accessories, bags, luggage, clothing, footwear, hats, furniture, pillows, tableware, games, sporting equipment. FIRST USE: 20170106. FIRST USE IN COMMERCE: 20170106 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 85949984 |
| **Filing Date** | June 4, 2013 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | November 12, 2013 |
| **Registration Number** | 5161322 |

| | |
|---|---|
| International Registration Number | 1181803 |
| Registration Date | March 14, 2017 |
| Owner | (REGISTRANT) **BROOKS** BROTHERS GROUP, INC. CORPORATION DELAWARE 100 PHOENIX AVENUE ENFIELD CONNECTICUT 06082 |
| Attorney of Record | Lisa W. Rosaya |
| Prior Registrations | 0404790;3029206;3218098;AND OTHERS |
| Disclaimer | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "THE ORIGINAL AMERICAN BRAND" APART FROM THE MARK AS SHOWN |
| Type of Mark | SERVICE MARK |
| Register | PRINCIPAL |
| Live/Dead Indicator | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST

FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

| .HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

Trademark Electronic Search System (TESS)



United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Oct 2 05:21:01 EDT 2018*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |

| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At:      OR   Jump   to record:     **Record 27 out of 90**

TSDR   ASSIGN Status   TTAB Status   *( Use the "Back" button of the Internet Browser to return to TESS)*

# BROOKS BROTHERS WOMEN

| | |
|---|---|
| **Word Mark** | **BROOKS** BROTHERS WOMEN |
| **Goods and Services** | IC 035. US 100 101 102. G & S: [Retail mail order services and ] retail stores services [ and computerized online ordering and retail services via a computer network ] in the field of consumer goods and services, namely, clothing, [fabrics, housewares,] jewelry, leather goods, luggage and handbags, cosmetics [, paper goods and printed matter]. FIRST USE: 19980911. FIRST USE IN COMMERCE: 19980911 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Trademark Search Facility Classification Code** | SHAPES-MISC Miscellaneous shaped designs |
| **Serial Number** | 78979708 |
| **Filing Date** | September 10, 2004 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | October 25, 2005 |
| **Registration Number** | 3403721 |
| **Registration Date** | March 25, 2008 |
| **Owner** | (REGISTRANT) Retail Brand Alliance, Inc. CORPORATION DELAWARE 100 Phoenix Avenue Enfield CONNECTICUT 06082 |

(LAST LISTED OWNER) **BROOKS** BROTHERS GROUP, INC. CORPORATION DELAWARE 100 PHOENIX AVENUE ENFIELD CONNECTICUT 06082

| | |
|---|---|
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Lisa W. Rosaya |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "women" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20180326. |
| **Renewal** | 1ST RENEWAL 20180326 |
| **Live/Dead Indicator** | LIVE |

TESS HOME  NEW USER  STRUCTURED  FREE FORM  BROWSE DICT  SEARCH OG  TOP  HELP  PREV LIST  CURR LIST  NEXT LIST
FIRST DOC  PREV DOC  NEXT DOC  LAST DOC

| .HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Oct 2 05:21:01 EDT 2018*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout   Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status |   *( Use the "Back" button of the Internet Browser to return to TESS)*

# BROOKS BUYS

| | |
|---|---|
| **Word Mark** | BROOKS BUYS |
| **Goods and Services** | IC 035. US 100 101 102. G & S: Retail stores services and computerized online ordering and retail services via a computer network in the field of consumer goods, namely, shirts, tops, sweaters, jackets, pants, suits, bottoms, socks, hats and caps, shoes, shorts, coats, neckties, underwear, vests, robes, hosiery, skirts, dresses, loungewear, scarves, rainwear, trousers, ascots, ties, [ outer shirts including evening, dress, polo, and sports shirts, collars, ] pajamas, [ robes, smoking jackets, dressing gowns, mufflers, ] gloves, handkerchiefs, [ hose, ] belts [, suspenders, garters, boots, slippers, shoes, overshoes, beach wear, swimwear, formal wear, handbags, tote bags, backpacks, luggage, wallets, purses, key cases, brief cases, duffle bags, all-purpose sport bags, business card cases, credit card cases, briefcase-type portfolios, billfolds, attaché cases, key cases, passport cases, suit bags, waist and fanny packs, trunks, travel bags, hat boxes for travel, key fobs, luggage tags, overnight bags and cases, cosmetic, toiletry and vanity cases sold empty, umbrellas, canes, and walking sticks, cosmetics and jewelry, golf accessories, namely, golf equipment including golf balls, golf clubs, golf bags, golf shoes, golf ball washers, golf carts, golf tees, and golf club covers ]. FIRST USE: 20010900. FIRST USE IN COMMERCE: 20010900 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 78229743 |
| **Filing Date** | March 25, 2003 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | July 20, 2004 |
| **Change In Registration** | CHANGE IN REGISTRATION HAS OCCURRED |
| **Registration Number** | 2893198 |
| **Registration Date** | October 12, 2004 |
| **Owner** | (REGISTRANT) RETAIL BRAND ALLIANCE, INC. CORPORATION DELAWARE 100 PHOENIX AVENUE ENFIELD CONNECTICUT 06082 |

(LAST LISTED OWNER) BROOKS BROTHERS GROUP, INC. CORPORATION DELAWARE 100 PHOENIX AVENUE ENFIELD CONNECTICUT 06082

| | |
|---|---|
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Lisa W. Rosaya |
| **Prior Registrations** | 0667458;1835798;2523247 |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20131017. |
| **Renewal** | 1ST RENEWAL 20131017 |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Oct 2 05:21:01 EDT 2018*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout   Please logout when you are done to release system resources allocated for you.

## Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status |   *( Use the "Back" button of the Internet Browser to return to TESS)*

# BROOKS STRETCH

| | |
|---|---|
| **Word Mark** | BROOKS STRETCH |
| **Goods and Services** | IC 025. US 022 039. G & S: Clothing, namely, shirts, pants, [ shorts, skirts, sweaters, ] jackets, [ shoes, socks, ties, hats, overcoats, dresses, underwear, hosiery, scarves, blouses, swimwear, ] suits, [ loungewear, caps, gloves, pajamas, ascots, trousers, raincoats, parkas, vests, polo and sport shirts, belts, suspenders, boots, slippers, sport coats, dress shirts, formal wear, namely jackets, pants, suits, shirts, shoes, cummerbunds, ties, suspenders and gowns and robes ]. FIRST USE: 19990300. FIRST USE IN COMMERCE: 19990300 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 75806140 |
| **Filing Date** | September 22, 1999 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | October 31, 2000 |
| **Registration Number** | 2498929 |
| **Registration Date** | October 16, 2001 |
| **Owner** | (REGISTRANT) Brooks Brothers, Inc. CORPORATION DELAWARE 346 Madison Avenue New York NEW YORK 10017 |
| | (LAST LISTED OWNER) BROOKS BROTHERS GROUP, INC. CORPORATION DELAWARE 100 PHOENIX AVENUE ENFIELD CONNECTICUT 06082 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Lisa W. Rosaya |

| | |
|---|---|
| Prior Registrations | 0667458;1354158;1432985;2185431;AND OTHERS |
| Disclaimer | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "STRETCH" APART FROM THE MARK AS SHOWN |
| Type of Mark | TRADEMARK |
| Register | PRINCIPAL |
| Affidavit Text | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20111018. |
| Renewal | 1ST RENEWAL 20111018 |
| Live/Dead Indicator | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



### United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Oct 2 05:21:01 EDT 2018*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout   Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)* |

# Typed Drawing

| | |
|---|---|
| **Word Mark** | BROOKSBROTHERS.COM |
| **Goods and Services** | IC 035. US 100 101 102. G & S: Retail store services, mail order services and computerized on-line retail services via a computer network featuring a wide variety of consumer goods; computerized on-line ordering services. FIRST USE: 20000800. FIRST USE IN COMMERCE: 20000800 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 78053282 |
| **Filing Date** | March 15, 2001 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | July 2, 2002 |
| **Registration Number** | 2625045 |
| **Registration Date** | September 24, 2002 |
| **Owner** | (REGISTRANT) Brooks Brothers, Inc. CORPORATION DELAWARE 346 Madison Avenue New York NEW YORK 10017 |
| | (LAST LISTED OWNER) BROOKS BROTHERS GROUP, INC. CORPORATION DELAWARE 100 PHOENIX AVENUE ENFIELD CONNECTICUT 06082 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Lisa W. Rosaya |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20121003. |
| **Renewal** | 1ST RENEWAL 20121003 |
| **Live/Dead** | LIVE |

**Indicator**

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

Trademark Electronic Search System (TESS)



United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Oct 2 05:21:01 EDT 2018*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP

Logout   Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

TSDR | ASSIGN Status | TTAB Status   *( Use the "Back" button of the Internet Browser to return to TESS)*

# BROOKSCOOL

| | |
|---|---|
| **Word Mark** | BROOKSCOOL |
| **Goods and Services** | IC 025. US 022 039. G & S: Jackets; Pants; Shirts; Suits. FIRST USE: 20030300. FIRST USE IN COMMERCE: 20030300 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 85463944 |
| **Filing Date** | November 3, 2011 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | February 28, 2012 |
| **Registration Number** | 4142789 |
| **Registration Date** | May 15, 2012 |
| **Owner** | (REGISTRANT) Brooks Brothers Group, Inc. CORPORATION DELAWARE 100 Phoenix Avenue Enfield CONNECTICUT 06082 |
| **Attorney of Record** | Lisa W. Rosaya |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP

| HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY



United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Oct 2 05:21:01 EDT 2018*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout   Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status |   *( Use the "Back" button of the Internet Browser to return to TESS)*

# BROOKSIE

| | |
|---|---|
| **Word Mark** | BROOKSIE |
| **Goods and Services** | IC 028. US 022 023 038 050. G & S: Teddy bears. FIRST USE: 20091101. FIRST USE IN COMMERCE: 20091101 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 77807759 |
| **Filing Date** | August 19, 2009 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | November 17, 2009 |
| **Registration Number** | 3861885 |
| **Registration Date** | October 12, 2010 |
| **Owner** | (REGISTRANT) RETAIL BRAND ALLIANCE, INC. CORPORATION DELAWARE 100 PHOENIX AVENUE ENFIELD CONNECTICUT 06082 |
| | (LAST LISTED OWNER) BROOKS BROTHERS GROUP, INC. CORPORATION DELAWARE 100 PHOENIX AVENUE ENFIELD CONNECTICUT 06082 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Lisa W. Rosaya |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Oct 2 05:21:01 EDT 2018*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout   Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status |   *( Use the "Back" button of the Internet Browser to return to TESS)*

# Typed Drawing

| | |
|---|---|
| **Word Mark** | BROOKSSTORM |
| **Goods and Services** | IC 025. US 022 039. G & S: Clothing with water resistant properties namely jackets, coats and rainwear. FIRST USE: 20010900. FIRST USE IN COMMERCE: 20010900 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 78060954 |
| **Filing Date** | April 28, 2001 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | March 5, 2002 |
| **Registration Number** | 3009280 |
| **International Registration Number** | 0894035 |
| **Registration Date** | October 25, 2005 |
| **Owner** | (REGISTRANT) RETAIL BRAND ALLIANCE, INC. CORPORATION DELAWARE 100 Phoenix Avenue Enfield CONNECTICUT 06082 |
| | (LAST LISTED OWNER) BROOKS BROTHERS GROUP, INC. CORPORATION DELAWARE 100 PHOENIX AVENUE ENFIELD CONNECTICUT 06082 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Lisa W. Rosaya |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20160102. |
| **Renewal** | 1ST RENEWAL 20160102 |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |



United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Oct 2 05:21:01 EDT 2018*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout   Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status |   *( Use the "Back" button of the Internet Browser to return to TESS)*

# BROOKSTWEED

| | |
|---|---|
| **Word Mark** | BROOKSTWEED |
| **Goods and Services** | IC 025. US 022 039. G & S: clothing, namely, blazers, coats, jackets and vests. FIRST USE: 20170800. FIRST USE IN COMMERCE: 20170800 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 86460507 |
| **Filing Date** | November 20, 2014 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | April 28, 2015 |
| **Registration Number** | 5386978 |
| **Registration Date** | January 23, 2018 |
| **Owner** | (REGISTRANT) Brooks Brothers Group, Inc. CORPORATION DELAWARE 100 Phoenix Avenue Enfield CONNECTICUT 06082 |
| **Attorney of Record** | Lisa W. Rosaya |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

| HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY



United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Oct 2 05:21:01 EDT 2018*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout　Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

# MY BROOKS REWARDS

| | |
|---|---|
| **Word Mark** | MY BROOKS REWARDS |
| **Goods and Services** | IC 035. US 100 101 102. G & S: Providing incentive award programs through issuance and processing of loyalty points for purchase of a company's goods and services. FIRST USE: 20171000. FIRST USE IN COMMERCE: 20171000 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 87545715 |
| **Filing Date** | July 27, 2017 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | December 26, 2017 |
| **Registration Number** | 5477176 |
| **Registration Date** | May 22, 2018 |
| **Owner** | (REGISTRANT) Brooks Brothers Group, Inc. CORPORATION DELAWARE 100 Phoenix Avenue Enfield CONNECTICUT 06082 |
| **Attorney of Record** | Lisa W. Rosaya |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "REWARDS" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead** | LIVE |

**Indicator**

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

 United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Oct 2 05:21:01 EDT 2018*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout   Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status |   *( Use the "Back" button of the Internet Browser to return to TESS)*

**My Brooks Rewards**

| | |
|---|---|
| **Word Mark** | MY BROOKS REWARDS |
| **Goods and Services** | IC 035. US 100 101 102. G & S: Providing incentive award programs through issuance and processing of loyalty points for purchase of a company's goods and services. FIRST USE: 20171000. FIRST USE IN COMMERCE: 20171000 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 03.07.10 - Goats; Goats, sheep, rams; Lambs; Rams; Sheep<br>03.07.26 - Costumed bovines, deer, antelopes, goats, sheep, pigs, cows, bulls, buffalo, moose<br>09.01.04 - Bows, decorative; Ribbons, giftwrap (gift wrap); Ribbons, hair |
| **Serial Number** | 87545720 |
| **Filing Date** | July 27, 2017 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | December 26, 2017 |
| **Registration Number** | 5477177 |
| **Registration Date** | May 22, 2018 |
| **Owner** | (REGISTRANT) Brooks Brothers Group, Inc. CORPORATION DELAWARE 100 Phoenix Avenue Enfield CONNECTICUT 06082 |
| **Attorney of Record** | Lisa W. Rosaya |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "REWARDS" APART FROM THE MARK AS SHOWN |
| **Description of Mark** | Color is not claimed as a feature of the mark. The mark consists of the wording "MY BROOKS REWARDS" in stylized font, above which appears a design of a sheep suspended from a ring by a ribbon tied around its middle. |

| Type of Mark | SERVICE MARK |
| Register | PRINCIPAL |
| Live/Dead Indicator | LIVE |

**TESS HOME** | **NEW USER** | **STRUCTURED** | **FREE FORM** | **BROWSE DICT** | **SEARCH OG** | **TOP** | **HELP**

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



United States Patent and Trademark Office

Home|Site Index|Search|FAQ|Glossary|Guides|Contacts|eBusiness|eBiz alerts|News|Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Oct 2 05:21:01 EDT 2018*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout  Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status |  *( Use the "Back" button of the Internet Browser to return to TESS)*

## THE BROOKS CARD

| | |
|---|---|
| Word Mark | THE BROOKS CARD |
| Goods and Services | IC 036. US 100 101 102. G & S: Credit card services. FIRST USE: 19991100. FIRST USE IN COMMERCE: 19991100 |
| Mark Drawing Code | (1) TYPED DRAWING |
| Serial Number | 75843184 |
| Filing Date | November 8, 1999 |
| Current Basis | 1A |
| Original Filing Basis | 1B |
| Published for Opposition | October 24, 2000 |
| Registration Number | 2498978 |
| Registration Date | October 16, 2001 |
| Owner | (REGISTRANT) Brooks Brothers, Inc. CORPORATION DELAWARE 346 Madison Avenue New York NEW YORK 10017 |
| | (LAST LISTED OWNER) BROOKS BROTHERS GROUP, INC. CORPORATION DELAWARE 100 PHOENIX AVENUE ENFIELD CONNECTICUT 06082 |
| Assignment Recorded | ASSIGNMENT RECORDED |
| Attorney of Record | Lisa W. Rosaya |
| Prior Registrations | 1750407 |
| Disclaimer | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CARD" APART FROM THE MARK AS SHOWN |
| Type of Mark | SERVICE MARK |
| Register | PRINCIPAL |
| Affidavit Text | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20111129. |

| Renewal | 1ST RENEWAL 20111129 |
| Live/Dead Indicator | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

# Exhibit G

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1478 (Rev 09/2006)
OMB No. 0651-0009 (Exp 02/28/2021)

# Trademark/Service Mark Application, Principal Register

**Serial Number: 88742542**
**Filing Date: 12/30/2019**

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 88742542 |
| **MARK INFORMATION** | |
| *MARK | BROOKS |
| **STANDARD CHARACTERS** | YES |
| **USPTO-GENERATED IMAGE** | YES |
| **LITERAL ELEMENT** | BROOKS |
| **MARK STATEMENT** | The mark consists of standard characters, without claim to any particular font style, size, or color. |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | Brooks Brothers Group, Inc. |
| *STREET | 100 Phoenix Avenue |
| *CITY | Enfield |
| *STATE<br>(Required for U.S. applicants) | Connecticut |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE<br>(Required for U.S. and certain international addresses) | 06082 |
| **LEGAL ENTITY INFORMATION** | |
| **TYPE** | corporation |
| **STATE/COUNTRY OF INCORPORATION** | Delaware |
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |
| **INTERNATIONAL CLASS** | 009 |
| *IDENTIFICATION | Eyewear, namely, eyeglasses, sunglasses, and cases therefor |
| **FILING BASIS** | SECTION 1(b) |
| **INTERNATIONAL CLASS** | 014 |
| *IDENTIFICATION | Jewelry |
| **FILING BASIS** | SECTION 1(b) |
| **INTERNATIONAL CLASS** | 016 |
| *IDENTIFICATION | Pens, stationery |
| **FILING BASIS** | SECTION 1(b) |

| | |
|---|---|
| INTERNATIONAL CLASS | 018 |
| *IDENTIFICATION | Handbags, tote bags, backpacks, luggage, wallets, purses, key cases, briefcases, duffel bags, all-purpose sport bags, business card cases, credit card cases; briefcase-type portfolios, billfolds, tie case, attaché cases; umbrellas; shoe bags for travel, garment bags for travel |
| FILING BASIS | SECTION 1(b) |
| INTERNATIONAL CLASS | 020 |
| *IDENTIFICATION | Pillows |
| FILING BASIS | SECTION 1(b) |
| INTERNATIONAL CLASS | 021 |
| *IDENTIFICATION | Plates, bowls, serving platters, mugs, cups, saucers |
| FILING BASIS | SECTION 1(b) |
| INTERNATIONAL CLASS | 024 |
| *IDENTIFICATION | Bed sheets, towels, pillow cases, blankets, fabrics for textile use |
| FILING BASIS | SECTION 1(b) |
| INTERNATIONAL CLASS | 035 |
| *IDENTIFICATION | Retail store services and online retail store services featuring clothing for men, women and children, sporting goods, eyewear, fragrance, body lotions, housewares, personal accessories and luggage. |
| FILING BASIS | SECTION 1(b) |

## ATTORNEY INFORMATION

| | |
|---|---|
| NAME | Lisa W. Rosaya |
| ATTORNEY BAR MEMBERSHIP NUMBER | XXX |
| YEAR OF ADMISSION | XXXX |
| U.S. STATE/ COMMONWEALTH/ TERRITORY | XX |
| FIRM NAME | Baker & McKenzie LLP |
| STREET | 452 Fifth Avenue |
| CITY | New York |
| STATE | New York |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 10018 |
| PHONE | 212-626-4557 |
| FAX | 212 310 1659 |
| EMAIL ADDRESS | nyctrademarks@bakermckenzie.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
| OTHER APPOINTED ATTORNEY | Pamela T. Church, Lindsey E. Utrata, Joshua Wolkoff, Gia Wakil, Alysha Preston and all other attorneys with the firm |

## CORRESPONDENCE INFORMATION

| | |
|---|---|
| **NAME** | Lisa W. Rosaya |
| **FIRM NAME** | Baker & McKenzie LLP |
| **STREET** | 452 Fifth Avenue |
| **CITY** | New York |
| **STATE** | New York |
| **COUNTRY** | United States |
| **ZIP/POSTAL CODE** | 10018 |
| **PHONE** | 212-626-4557 |
| **FAX** | 212 310 1659 |
| *****EMAIL ADDRESS** | nyctrademarks@bakermckenzie.com; lisa.rosaya@bakermckenzie.com |
| *****AUTHORIZED TO COMMUNICATE VIA EMAIL** | Yes |
| **FEE INFORMATION** | |
| **APPLICATION FILING OPTION** | TEAS RF |
| **NUMBER OF CLASSES** | 8 |
| **APPLICATION FOR REGISTRATION PER CLASS** | 275 |
| *****TOTAL FEE DUE** | 2200 |
| *****TOTAL FEE PAID** | 2200 |
| **SIGNATURE INFORMATION** | |
| **SIGNATURE** | /lwr/ |
| **SIGNATORY'S NAME** | Lisa W. Rosaya |
| **SIGNATORY'S POSITION** | Attorney of Record, Authorized Attorney, New York bar member |
| **SIGNATORY'S PHONE NUMBER** | 212-626-4557 |
| **DATE SIGNED** | 12/30/2019 |

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1478 (Rev 09/2006)
OMB No. 0651-0009 (Exp 02/28/2021)

## Trademark/Service Mark Application, Principal Register

**Serial Number: 88742542**
**Filing Date: 12/30/2019**

## To the Commissioner for Trademarks:

**MARK:** BROOKS (Standard Characters, see mark)
The literal element of the mark consists of BROOKS. The mark consists of standard characters, without claim to any particular font style, size, or color.
The applicant, Brooks Brothers Group, Inc., a corporation of Delaware, having an address of
    100 Phoenix Avenue
    Enfield, Connecticut 06082
    United States

requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

International Class 009:  Eyewear, namely, eyeglasses, sunglasses, and cases therefor
Intent to Use: The applicant has a bona fide intention, and is entitled, to use the mark in commerce on or in connection with the identified goods/services.

International Class 014:  Jewelry
Intent to Use: The applicant has a bona fide intention, and is entitled, to use the mark in commerce on or in connection with the identified goods/services.

International Class 016:  Pens, stationery
Intent to Use: The applicant has a bona fide intention, and is entitled, to use the mark in commerce on or in connection with the identified goods/services.

International Class 018:  Handbags, tote bags, backpacks, luggage, wallets, purses, key cases, briefcases, duffel bags, all-purpose sport bags, business card cases, credit card cases; briefcase-type portfolios, billfolds, tie case, attaché cases; umbrellas; shoe bags for travel, garment bags for travel
Intent to Use: The applicant has a bona fide intention, and is entitled, to use the mark in commerce on or in connection with the identified goods/services.

International Class 020:  Pillows
Intent to Use: The applicant has a bona fide intention, and is entitled, to use the mark in commerce on or in connection with the identified goods/services.

International Class 021:  Plates, bowls, serving platters, mugs, cups, saucers
Intent to Use: The applicant has a bona fide intention, and is entitled, to use the mark in commerce on or in connection with the identified goods/services.

International Class 024:  Bed sheets, towels, pillow cases, blankets, fabrics for textile use
Intent to Use: The applicant has a bona fide intention, and is entitled, to use the mark in commerce on or in connection with the identified goods/services.

International Class 035:  Retail store services and online retail store services featuring clothing for men, women and children, sporting goods, eyewear, fragrance, body lotions, housewares, personal accessories and luggage.
Intent to Use: The applicant has a bona fide intention, and is entitled, to use the mark in commerce on or in connection with the identified goods/services.

The applicant hereby appoints Lisa W. Rosaya. Other appointed attorneys are Pamela T. Church, Lindsey E. Utrata, Joshua Wolkoff, Gia Wakil,

Alysha Preston and all other attorneys with the firm. Lisa W. Rosaya of Baker & McKenzie LLP, is a member of the XX bar, admitted to the bar in XXXX, bar membership no. XXX, and the attorney(s) is located at

452 Fifth Avenue
New York, New York 10018
United States
212-626-4557(phone)
212 310 1659(fax)
nyctrademarks@bakermckenzie.com (authorized).

Lisa W. Rosaya submitted the following statement: The attorney of record is an active member in good standing of the bar of the highest court of a U.S. state, the District of Columbia, or any U.S. Commonwealth or territory.
The applicant's current Correspondence Information:

Lisa W. Rosaya

Baker & McKenzie LLP

452 Fifth Avenue

New York, New York 10018

212-626-4557(phone)

212 310 1659(fax)

nyctrademarks@bakermckenzie.com; lisa.rosaya@bakermckenzie.com (authorized).

**Email Authorization:** I authorize the USPTO to send email correspondence concerning the application to the applicant, the applicant's attorney, or the applicant's domestic representative at the email address provided in this application. I understand that a valid email address must be maintained and that the applicant or the applicant's attorney must file the relevant subsequent application-related submissions via the Trademark Electronic Application System (TEAS). Failure to do so will result in the loss of TEAS Reduced Fee status and a requirement to submit an additional processing fee of $125 per international class of goods/services.

A fee payment in the amount of $2200 has been submitted with the application, representing payment for 8 class(es).

<div align="center">

**Declaration**

</div>

☑ **Basis:**
   **If the applicant is filing the application based on use in commerce under 15 U.S.C. § 1051(a):**

- The signatory believes that the applicant is the owner of the trademark/service mark sought to be registered;
- The mark is in use in commerce on or in connection with the goods/services in the application;
- The specimen(s) shows the mark as used on or in connection with the goods/services in the application; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

**And/Or**
   **If the applicant is filing the application based on an intent to use the mark in commerce under 15 U.S.C. § 1051(b), § 1126(d), and/or § 1126(e):**

- The signatory believes that the applicant is entitled to use the mark in commerce;
- The applicant has a bona fide intention to use the mark in commerce on or in connection with the goods/services in the application; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

☑ To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.

☑ To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.

☑ The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

**Declaration Signature**

Signature: /lwr/   Date: 12/30/2019

Signatory's Name: Lisa W. Rosaya
Signatory's Position: Attorney of Record, Authorized Attorney, New York bar member
Payment Sale Number: 88742542
Payment Accounting Date: 12/30/2019

Serial Number: 88742542
Internet Transmission Date: Mon Dec 30 17:58:08 EST 2019
TEAS Stamp: USPTO/BAS-XXX.XXX.XXX.XXX-20191230175808
372675-88742542-7005a5b3af43a9b9abe64ed8
4c07b291aa9c94b99a017dfff4d8e413f7b93a03
b-DA-58084218-20191230160631028486

# BROOKS

# Exhibit H

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1478 (Rev 09/2006)
OMB No. 0651-0009 (Exp 02/28/2021)

# Trademark/Service Mark Application, Principal Register

**Serial Number: 88746602**
**Filing Date: 01/03/2020**

### The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 88746602 |
| **MARK INFORMATION** | |
| *MARK | BROOKS |
| **STANDARD CHARACTERS** | YES |
| **USPTO-GENERATED IMAGE** | YES |
| **LITERAL ELEMENT** | BROOKS |
| **MARK STATEMENT** | The mark consists of standard characters, without claim to any particular font style, size, or color. |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | Brooks Brothers Group, Inc. |
| *STREET | 100 Phoenix Avenue |
| *CITY | Enfield |
| *STATE (Required for U.S. applicants) | Connecticut |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE (Required for U.S. and certain international addresses) | 06082 |
| **LEGAL ENTITY INFORMATION** | |
| **TYPE** | corporation |
| **STATE/COUNTRY OF INCORPORATION** | Delaware |
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |
| **INTERNATIONAL CLASS** | 028 |
| *IDENTIFICATION | Christmas tree ornaments |
| **FILING BASIS** | SECTION 1(b) |
| **ATTORNEY INFORMATION** | |
| **NAME** | Lisa W. Rosaya |
| **ATTORNEY BAR MEMBERSHIP NUMBER** | XXX |
| **YEAR OF ADMISSION** | XXXX |
| **U.S. STATE/ COMMONWEALTH/ TERRITORY** | XX |
| **FIRM NAME** | Baker & McKenzie LLP |

| STREET | 452 Fifth Avenue |
|---|---|
| CITY | New York |
| STATE | New York |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 10018 |
| PHONE | 212-626-4557 |
| FAX | 212 310 1659 |
| EMAIL ADDRESS | nyctrademarks@bakermckenzie.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
| OTHER APPOINTED ATTORNEY | Pamela T. Church, Lindsey E. Utrata, Joshua Wolkoff, Gia Wakil, Alysha Preston and all other attorneys with the firm |
| **CORRESPONDENCE INFORMATION** | |
| NAME | Lisa W. Rosaya |
| FIRM NAME | Baker & McKenzie LLP |
| STREET | 452 Fifth Avenue |
| CITY | New York |
| STATE | New York |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 10018 |
| PHONE | 212-626-4557 |
| FAX | 212 310 1659 |
| *EMAIL ADDRESS | nyctrademarks@bakermckenzie.com; lisa.rosaya@bakermckenzie.com |
| *AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
| **FEE INFORMATION** | |
| APPLICATION FILING OPTION | TEAS RF |
| NUMBER OF CLASSES | 1 |
| APPLICATION FOR REGISTRATION PER CLASS | 275 |
| *TOTAL FEE DUE | 275 |
| *TOTAL FEE PAID | 275 |
| **SIGNATURE INFORMATION** | |
| SIGNATURE | /lwr/ |
| SIGNATORY'S NAME | Lisa W. Rosaya |
| SIGNATORY'S POSITION | Attorney of Record, Authorized Attorney, New York bar member |
| SIGNATORY'S PHONE NUMBER | 212-626-4557 |
| DATE SIGNED | 01/03/2020 |

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1478 (Rev 09/2006)
OMB No. 0651-0009 (Exp 02/28/2021)

## Trademark/Service Mark Application, Principal Register

**Serial Number: 88746602**
**Filing Date: 01/03/2020**

## To the Commissioner for Trademarks:

**MARK:** BROOKS (Standard Characters, see mark)
The literal element of the mark consists of BROOKS. The mark consists of standard characters, without claim to any particular font style, size, or color.
The applicant, Brooks Brothers Group, Inc., a corporation of Delaware, having an address of
    100 Phoenix Avenue
    Enfield, Connecticut 06082
    United States

requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

International Class 028:  Christmas tree ornaments
Intent to Use: The applicant has a bona fide intention, and is entitled, to use the mark in commerce on or in connection with the identified goods/services.


The applicant hereby appoints Lisa W. Rosaya. Other appointed attorneys are Pamela T. Church, Lindsey E. Utrata, Joshua Wolkoff, Gia Wakil, Alysha Preston and all other attorneys with the firm. Lisa W. Rosaya of Baker & McKenzie LLP, is a member of the XX bar, admitted to the bar in XXXX, bar membership no. XXX, and the attorney(s) is located at
    452 Fifth Avenue
    New York, New York 10018
    United States
    212-626-4557(phone)
    212 310 1659(fax)
    nyctrademarks@bakermckenzie.com (authorized).

Lisa W. Rosaya submitted the following statement: The attorney of record is an active member in good standing of the bar of the highest court of a U.S. state, the District of Columbia, or any U.S. Commonwealth or territory.
The applicant's current Correspondence Information:
    Lisa W. Rosaya
    Baker & McKenzie LLP
    452 Fifth Avenue
    New York, New York 10018
    212-626-4557(phone)
    212 310 1659(fax)
    nyctrademarks@bakermckenzie.com; lisa.rosaya@bakermckenzie.com (authorized).

**Email Authorization:** I authorize the USPTO to send email correspondence concerning the application to the applicant, the applicant's attorney, or the applicant's domestic representative at the email address provided in this application. I understand that a valid email address must be maintained and that the applicant or the applicant's attorney must file the relevant subsequent application-related submissions via the Trademark Electronic Application System (TEAS). Failure to do so will result in the loss of TEAS Reduced Fee status and a requirement to submit an additional processing fee of $125 per international class of goods/services.

A fee payment in the amount of $275 has been submitted with the application, representing payment for 1 class(es).

## Declaration

☑ **Basis:**
**If the applicant is filing the application based on use in commerce under 15 U.S.C. § 1051(a):**

- The signatory believes that the applicant is the owner of the trademark/service mark sought to be registered;
- The mark is in use in commerce on or in connection with the goods/services in the application;
- The specimen(s) shows the mark as used on or in connection with the goods/services in the application; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

**And/Or**
**If the applicant is filing the application based on an intent to use the mark in commerce under 15 U.S.C. § 1051(b), § 1126(d), and/or § 1126(e):**

- The signatory believes that the applicant is entitled to use the mark in commerce;
- The applicant has a bona fide intention to use the mark in commerce on or in connection with the goods/services in the application; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

☑ To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.

☑ To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.

☑ The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

**Declaration Signature**

Signature: /lwr/   Date: 01/03/2020
Signatory's Name: Lisa W. Rosaya
Signatory's Position: Attorney of Record, Authorized Attorney, New York bar member
Payment Sale Number: 88746602
Payment Accounting Date: 01/03/2020

Serial Number: 88746602
Internet Transmission Date: Fri Jan 03 18:12:56 EST 2020
TEAS Stamp: USPTO/BAS-XXX.XXX.XXX.XXX-20200103181256
081187-88746602-70075c1b57396fed4ee11d01
f44f1b8c277be5b2090676e772d605e31e74781b
1b-DA-12550604-20200103175507052590

# BROOKS

# Exhibit I

# UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| **SERIAL NO.** 78/042659 | **APPLICANT** Brooks Brothers, Inc. | **PAPER NO.** |
| **MARK** BROOKSBOYS | | |
| **ADDRESS** Stephen L. Baker Baker & Rannells P. O. Box 672 Somerville NJ 08876 | **ACTION NO.** 01 **MAILING DATE** 06/04/01 **REF. NO.** | **ADDRESS:** Commissioner for Trademarks 2900 Crystal Drive Arlington, VA 22202-3513 www.uspto.gov *If no fees are enclosed, the address should include the words "Box Responses - No Fee."* |

FORM PTO-1525 (5-90)    U.S. DEPT. OF COMM. PAT. & TM OFFICE

Please provide in all correspondence:

1. Filing Date, serial number, mark and Applicant's name.
2. Mailing date of this Office action.
3. Examining Attorney's name and Law Office number.
4. Your telephone number and ZIP code.

**A PROPER RESPONSE TO THIS OFFICE ACTION MUST BE RECEIVED WITHIN 6 MONTHS FROM THE DATE OF THIS ACTION IN ORDER TO AVOID *ABANDONMENT*.** *For your convenience and to ensure proper handling of your response, a label has been enclosed. Please attach it to the upper right corner of your response.  If the label is not enclosed, print or type the <u>Trademark Law Office No.</u>, <u>Serial No.</u>, and <u>Mark</u> in the upper right corner of your response.*

RE: Serial Number: 78/042659 BROOKSBOYS

The assigned examining attorney has reviewed the referenced application and determined the following.

## Likelihood of Confusion – Section 2(d)

The examining attorney refuses registration under Trademark Act Section 2(d), 15 U.S.C. Section 1052(d), because the applicant's mark, when used on or in connection with the identified goods, so resembles the marks in U.S. Registration Nos. 1161034, 1213324, 1319454, 1319455, 1336768, 1342765, 1360549, 1683840, and 1777883 as to be likely to cause confusion, to cause mistake, or to deceive.  TMEP section 1207.  See the enclosed registrations.

The examining attorney must analyze each case in two steps to determine whether there is a likelihood of confusion.  First, the examining attorney must look at the marks themselves for similarities in appearance, sound, connotation and commercial impression.  *In re E. I. DuPont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (CCPA 1973).  Second, the examining attorney must compare the goods or services to determine if they are related or if the activities surrounding their marketing are such that confusion as to origin is likely.  *In re August Storck KG*, 218 USPQ 823 (TTAB 1983); *In re International Telephone and Telegraph Corp.*, 197 USPQ 910 (TTAB 1978); *Guardian Products Co., v. Scott Paper Co.*, 200 USPQ 738 (TTAB 1978).

The examining attorney is of the opinion that confusion is likely, due to the similarities of the marks and goods.  The marks create a similar commercial impression, due to the fact that they all share the dominant element "BROOKS."  The examining attorney must look at the marks in their entireties under Section 2(d).  Nevertheless, one feature of a mark may be recognized as more significant in creating a commercial impression.  Greater weight is given to that dominant feature in determining whether there is a likelihood of confusion.  *In re National Data Corp.*, 224 USPQ 749 (Fed. Cir. 1985); *Tektronix, Inc. v. Daktronics, Inc.*, 534 F.2d 915, 189 USPQ 693 (CCPA 1976).  *In re J.M. Originals Inc.*, 6 USPQ2d 1393 (TTAB 1988).  Here, the sound, appearance, and commercial impression of the dominant element is identical in each case, resulting in a high degree of similarity between the marks.  The goods travel in the same channels of trade because they are all clothing and related accessory items.  They would be offered to the same or similar consumers in the same or similar forums in the marketplace, thereby adding to the likelihood of confusion.

## Application Not Entitled to Register – Prior Pending Application

The examining attorney also encloses information regarding pending Application Serial No. 75932902.  The filing date of the referenced application precedes the applicant's filing date.  There may be a likelihood of confusion between the two marks under Trademark Act Section 2(d), 15 U.S.C. Section 1052(d).  If the referenced application matures into a registration, the examining attorney may refuse registration in this case under Section 2(d).  37 C.F.R. Section 2.83; TMEP section 1208.01.

## Response by Applicant

Although the examining attorney has refused registration, the applicant may respond to the refusal to register by submitting evidence and arguments in support of registration.

## Informalities

If the applicant chooses to respond to the refusal to register, the applicant must also respond to the following informalities.

## Identification of Goods and Services Indefinite

The identification of goods and services is unacceptable as indefinite because the precise nature of the goods and services is unclear from the present wording.  The applicant must amend the identification to specify the common commercial name of the goods and services.  If there is no common commercial name, the applicant must describe the goods and services and their intended uses.  TMEP sections 804 and 1301.05.

In particular, the identification of goods is indefinite because the applicant uses the wording "including."  The identification of goods must be specific.  The applicant should amend the identification to replace this wording with "namely."  The applicant may amend to list only items that are within the scope of goods set forth in the identification.  37 C.F.R. Section 2.71(a); TMEP sections 804 and 804.08(c).

In the identification, the applicant must use the common commercial names for the goods, be as complete and specific as possible and avoid the use of indefinite words and phrases.  If the applicant chooses to use indefinite terms, such as "**accessories**," "components," "devices,"

78/042659                                              -3-

"**equipment**," "materials," "parts," "systems" and "products," then those words must be followed by the word "namely" and the goods listed by their common commercial names.  TMEP sections 804 and 804.08(c).

The applicant has listed the goods "robes" and "shoes" twice in the identification of goods and services.  The duplicate listing has been omitted in the suggested identification below.  If the duplication was intentional, and the applicant intended to specify particular types of robes and shoes, the applicant should amend the identification accordingly.

The applicant may adopt the following identification of goods and services, if accurate:

> International Class 24
> Handkerchiefs.  [**Applicant should note that paper handkerchiefs are classified in International Class 16.**]
>
> International Class 25
> Clothing, namely, shirts; tops; sweaters; jackets; pants; suits; bottoms; socks; hats; caps; shoes; shorts; coats; neckties; underwear; vests; robes; hosiery; skirts; dresses; loungewear; scarves; rainwear; trousers; ascots; ties; _____[**applicant must specify what is intended by the wording "outer shirts including evening, dress, polo, and sports shirts," using common commercial terms, e.g., outer shirts, namely, evening shirts; dress shirts; polo shirts; sports shirts**]; collars; pajamas; smoking jackets; dressing gowns; mufflers; gloves; hose; belts; suspenders; garters; boots; slippers; overshoes; beach wear; swimwear; formal wear, namely, _____[**applicant must specify the formal wear intended, using common commercial terms, e.g., tuxedos, cummerbunds (applicant should note that cuff-links and similar jewelry items are classified in International Class 14)**]; golf shoes.
>
> International Class 28
> _____[**applicant must specify what is intended by the wording "golf accessories," using common commercial terms, e.g., divot repair tools, golf flags**]; golf equipment, namely, golf balls; golf clubs; golf bags; golf ball washers; **non-motorized** golf carts [**applicant should note that motorized golf carts are classified in International Class 12**]; golf tees; golf club covers.
>
> International Class 35
> Retail store services and online retail services featuring _____[**applicant must specify what is intended by the wording "consumer goods and services," using common commercial terms, e.g., clothing, golf equipment**].

TMEP Sections 804 and 1301.05.

Applicant may wish to refer to the on-line identification manual on the PTO homepage for acceptable names of goods and services.  The web page address is:

> http://www.uspto.gov/web/office/tac/doc/gsmanual/

78/042659                                         -4-

Please note that, while an application may be amended to clarify or limit the identification, additions to the identification are not permitted. 37 C.F.R. Section 2.71(b); TMEP section 804.09. Therefore, the applicant may not amend to include any goods or services that are not within the scope of goods and services set forth in the present identification.

## Additional Classes Required
If the applicant adopts the suggested amendment to the identification of goods and services, the applicant must amend the classification to International Classes 24, 25, 28, and 35. 37 C.F.R. Sections 2.32(a)(7) and 2.85; TMEP sections 805 and 1401.

## Insufficient Fee
The application identifies goods and services that may be classified in several international classes. Therefore, the applicant must either: (1) restrict the application to the number of classes covered by the fee already paid, or (2) pay the required fee for each additional class. 37 C.F.R. Section 2.86(a)(2); TMEP sections 810.01 and 1113.01.

Effective January 10, 2000, the fee for filing a trademark application is $325 for each class. This applies to classes added to pending applications as well as to new applications filed on or after that date. 37 C.F.R. Section 2.6(a)(1).

## Requirements for Combined Application
If the applicant prosecutes this application as a combined, or multiple-class, application, the applicant must comply with each of the following.

> (1) The applicant must list the goods and services by international class with the classes listed in ascending numerical order. TMEP section 1113.01.

> (2) The applicant must submit a filing fee for each international class of goods or services not covered by the fee already paid. 37 C.F.R. Sections 2.6(a)(1) and 2.86(b); TMEP sections 810.01 and 1113.01. Effective January 10, 2000, the fee for filing a trademark application is $325 for each class. This applies to classes added to pending applications as well as to new applications filed on or after that date.

## Authorities and Response Guidelines
No set form is required for response to this Office action. The applicant must respond to each point raised. The applicant should simply set forth the required changes or statements and request that the Office enter them. The applicant must sign the response. In addition to the identifying information required at the beginning of this letter, the applicant should provide a telephone number to speed up further processing.

In all correspondence to the Patent and Trademark Office, the applicant should list the name and law office of the examining attorney, the serial number of this application, the mailing date of this Office action, and the applicant's telephone number.

The following authorities govern the processing of trademark and service mark applications: The Trademark Act, 15 U.S.C. Section 1051 *et seq.*, the Trademark Rules of Practice, 37 C.F.R. Part 2, and the *Trademark Manual of Examining Procedure* (TMEP).

78/042659                                -5-

If the applicant or the applicant's attorney has any questions or needs assistance in responding to this Office action, please contact the assigned examining attorney.

Steven B. Powell, Trademark Attorney
Law Office 112
Tel.: (703) 308-9112 ext. 129
FAX: (703) 308-7186

SBP

```
***  User: spowell  ***  Serial Number: 73125926  ***  6/1/01 6:49:13 PM  ***
                                    [Typed Drawing]
Mark
    BROOKS

Goods and Services
    IC 025.  US 039.  G & S: Athletic Shoes.  FIRST USE: 19140000. FIRST USE
    IN COMMERCE: 19140000

Mark Drawing Code
    (1) TYPED DRAWING

Serial Number
    73125926

Filing Date
    May 9, 1977

Publication for Opposition Date
    October 25, 1977

Registration Number
    1161034

Registration Date
    July 14, 1981

Owner Name and Address
    (REGISTRANT) Brooks Shoe Manufacturing Company, Inc. CORPORATION
    PENNSYLVANIA 131 Factory St. Hanover PENNSYLVANIA 17331

    (LAST LISTED OWNER) WOLVERINE WORLD WIDE,INC. CORPORATION ASSIGNE OF
    PENNSYLVANIA 131 FACTORY STREET HANOVER PENNSYLVANIA 17331

Assignment Recorded
    ASSIGNMENT RECORDED

Type of Mark
    TRADEMARK

Register
    PRINCIPAL

Affidavit Text
    SECT 15.  SECT 8 (6-YR).

Live Dead Indicator
    LIVE
```

```
*** Search: 15 *** Document Number: 27 ***
```

*** User: spowell  ***  Serial Number: 73253544  ***  6/1/01 6:49:13 PM ***

**BROOKS**

Mark
    BROOKS

Goods and Services
    IC 025.  US 039.  G & S: Running Shoes.  FIRST USE: 19780301. FIRST USE
    IN COMMERCE: 19780301

Mark Drawing Code
    (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS

Design Code
    261712

Serial Number
    73253544

Filing Date
    March 10, 1980

Publication for Opposition Date
    May 25, 1982

Registration Number
    1213324

Registration Date
    October 19, 1982

Owner Name and Address
    (REGISTRANT) Brooks Shoe Manufacturing Co., Inc. CORPORATION PENNSYLVANIA
    131 Factory St. Hanover PENNSYLVANIA 17331

    (LAST LISTED OWNER) WOLVERINE WORLD WIDE, INC. CORPORATION ASSIGNEE OF
    DELAWARE 131 FACTORY  STREET HANOVER PENNSYLVANIA 17331

Assignment Recorded
    ASSIGNMENT RECORDED

Type of Mark
    TRADEMARK

Register
    PRINCIPAL

Affidavit Text
    SECT 15.  SECT 8 (6-YR).

Live Dead Indicator

*** Search: 15 ***  Document Number: 26 ***                    (cont)

```
*** User: spowell   *** Serial Number: 73253544 ***
  .   . LIVE

Attorney of Record
      LlOYD A. HENEVELD
```

```
*** Search: 15 *** Document Number: 26 ***
```

*** User: spowell   ***  Serial Number: 73425027  ***  6/1/01 6:49:12 PM  ***



Mark
    BROOKS

Goods and Services
    IC 025.  US 039.  G & S: Athletic Clothing-Namely, Shirts, Pants,
    Shorts, Warm-Up Suits, Caps and Hosiery.  FIRST USE: 19770100.  FIRST USE
    IN COMMERCE: 19770100

Mark Drawing Code
    (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS

Design Code
    261103 261121 261712

Serial Number
    73425027

Filing Date
    May 9, 1983

Publication for Opposition Date
    May 22, 1984

Registration Number
    1319454

Registration Date
    February 12, 1985

Owner Name and Address
    (REGISTRANT) Wolverine World Wide, Inc. CORPORATION DELAWARE 9341
    Courtland Dr., NE. Rockford MICHIGAN 49351

Assignment Recorded
    ASSIGNMENT RECORDED

Prior Registration(s)
    1161034;1213324

Type of Mark
    TRADEMARK

Register
    PRINCIPAL

Affidavit Text

*** Search: 15 *** Document Number: 23 ***                    (cont)

```
*** User: spowell   *** Serial Number: 73425027 ***
    .  · SECT 15.  SECT 8 (6-YR).
```

Live Dead Indicator
        LIVE

Attorney of Record
        Richard C. Cooper

```
*** Search: 15 *** Document Number: 23 ***
```

Mark
    BROOKS

Goods and Services
    IC 025.  US 022 039.  G & S: Footwear-Namely, Athletic Shoes. FIRST USE:
    19730500.  FIRST USE IN COMMERCE: 19730500

Mark Drawing Code
    (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS

Design Code
    090702 261712

Serial Number
    73427688

Filing Date
    May 26, 1983

Publication for Opposition Date
    May 22, 1984

Registration Number
    1319455

Registration Date
    February 12, 1985

Owner Name and Address
    (REGISTRANT) Wolverine World Wide, Inc. CORPORATION DELAWARE 9341
    Courtland Dr., NE. Rockford MICHIGAN 49351

Assignment Recorded
    ASSIGNMENT RECORDED

Prior Registration(s)
    1161034;1213324

Type of Mark
    TRADEMARK

Register
    PRINCIPAL

Affidavit Text
    SECT 15.  SECT 8 (6-YR).

*** Search: 15 *** Document Number: 20 ***                    (cont)

```
*** User: spowell    *** Serial Number: 73427688 ***



Live Dead Indicator
        LIVE

Attorney of Record
        Peter P. Price
```

```
*** Search: 15 *** Document Number: 20 ***
```

```
***  User: spowell  ***  Serial Number: 73427681  ***  6/1/01 6:49:12 PM  ***
```



Mark
      BROOKS

Goods and Services
      IC  025.  US 022 039.  G & S: Footwear-Namely, Athletic Shoes. FIRST USE:
      19730500.  FIRST USE IN COMMERCE: 19730500

Mark Drawing Code
      (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS

Design Code
      090702 261121 261712

Serial Number
      73427681

Filing Date
      May 26, 1983

Publication for Opposition Date
      March 12, 1985

Change in Registration
      CHANGE IN REGISTRATION HAS OCCURRED

Registration Number
      1336768

Registration Date
      May 21, 1985

Owner Name and Address
      (REGISTRANT) WOLVERINE WORLD WIDE, INC. CORPORATION DELAWARE 9341
      COURTLAND DRIVE, N.E. ROCKFORD MICHIGAN 49351

Assignment Recorded
      ASSIGNMENT RECORDED

Prior Registration(s)
      1161034;1213324

Description of Mark
      The dotted lines on the drawing are meant to show the position of the
      mark only, and are not claimed as a feature of the mark.

Type of Mark
      TRADEMARK

*** Search: 15 *** Document Number: 21 ***                    (cont)

```
*** User: spowell   *** Serial Number: 73427681 ***
 .    .
 .    .
Register
      PRINCIPAL

Affidavit Text
      SECT 15.  SECT 8 (6-YR).

Live Dead Indicator
      LIVE

Attorney of Record
      LLOYD A. HENEVELD
```

```
*** Search: 15 *** Document Number: 21 ***
```

```
***  User: spowell  ***  Serial Number: 73425694  ***  6/1/01 6:49:12 PM  ***
                              [Typed Drawing]
```

Mark
    BROOKS

Goods and Services
    IC 025.  US 039.  G & S: Leather Clothing-Namely, Jackets, Pants, Chaps,
    Vests, Gloves and Caps.  FIRST USE: 19640500.  FIRST USE IN COMMERCE:
    19640500

Mark Drawing Code
    (1) TYPED DRAWING

Serial Number
    73425694

Filing Date
    May 13, 1983

Publication for Opposition Date
    April 9, 1985

Registration Number
    1342765

Registration Date
    June 18, 1985

Owner Name and Address
    (REGISTRANT) Brooks Leather Sportswear, Inc. CORPORATION MICHIGAN 14511
    W. Eleven Mile Rd. Oak Park MICHIGAN 48237

Type of Mark
    TRADEMARK

Register
    PRINCIPAL

Affidavit Text
    SECT 15.  SECT 8 (6-YR).

Live Dead Indicator
    LIVE

Attorney of Record
    RICHARD D. GRAUER

```
*** Search: 15 *** Document Number: 22 ***
```

*** User: spowell  *** Serial Number: 734.5026 *** 6/1/01 6:49:13 PM ***

# BROOKS

Mark
    BROOKS

Goods and Services
    IC  018.  US 003.  G & S: All Purpose Sports Bags.  FIRST USE: 19770100.
    FIRST USE IN COMMERCE: 19770100

Mark Drawing Code
    (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS

Design Code
    261521 261525 261712

Serial Number
    73425026

Filing Date
    May 9, 1983

Publication for Opposition Date
    April 16, 1985

Registration Number
    1360549

Registration Date
    September 17, 1985

Owner Name and Address
    (REGISTRANT) Wolverine World Wide, Inc. CORPORATION DELAWARE 9541
    Courtland Dr., NE. Rockford MICHIGAN 49351

Assignment Recorded
    ASSIGNMENT RECORDED

Prior Registration(s)
    1161034;1213324

Type of Mark
    TRADEMARK

Register
    PRINCIPAL

Affidavit Text
    SECT 15.  SECT 8 (6-YR).

Live Dead Indicator
    LIVE

*** Search: 15 *** Document Number: 24 ***                (cont)

*** User: spowell    *** Serial Number: 73425026 ***

Attorney of Record
        LLOYD A. HENEVELD

*** Search: 15 *** Document Number: 24 ***

*** User: spowell  *** Serial Number: 74046570 *** 6/1/01 6:49:11 PM ***

# BROOKS

Mark
    BROOKS

Goods and Services
    IC 025.  US 039.  G & S: athletic clothing; namely, shirts, pants,
    jackets, hats, caps, shorts, tights and hosiery, and athletic footwear.
    FIRST USE: 19871117.  FIRST USE IN COMMERCE: 19871117

Mark Drawing Code
    (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS

Design Code
    261712

Serial Number
    74046570

Filing Date
    April 6, 1990

Publication for Opposition Date
    January 28, 1992

Registration Number
    1683840

Registration Date
    April 21, 1992

Owner Name and Address
    (REGISTRANT) Wolverine World Wide, Inc. CORPORATION DELAWARE 9341
    Courtland Drive, N.E. Rockford MICHIGAN 49351

    (LAST LISTED OWNER) BROOKS SPORTS, INC. CORPORATION ASSIGNEE OF
    WASHINGTON 11720 North Creek Parkway North Bothell WASHINGTON 98011

Assignment Recorded
    ASSIGNMENT RECORDED

Prior Registration(s)
    1161034;1213324;1319454;AND OTHERS

Type of Mark
    TRADEMARK

Register
    PRINCIPAL

Affidavit Text

*** Search: 15 *** Document Number: 9 ***                    (cont)

```
*** User: spowell   *** Serial Number: 74046570 ***
       ·SECT 15.   SECT 8 (6-YR).

Live Dead Indicator
       LIVE

Attorney of Record
       ROBERT G WOOLSTON
```

```
*** Search: 15 *** Document Number: 9 ***
```

```
*** User: spowell  *** Serial Number: 74280580  *** 6/1/01 6:49:11 PM ***
```

# BROOKS

Mark
    BROOKS

Goods and Services
    IC 018.  US 003.  G & S: all purpose leather and non-leather sports
    bags, luggage, backpacks and tote bags.  FIRST USE: 19880801. FIRST USE
    IN COMMERCE: 19880801

Mark Drawing Code
    (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS

Design Code
    261712

Serial Number
    74280580

Filing Date
    June 2, 1992

Publication for Opposition Date
    December 8, 1992

Registration Number
    1777883

Registration Date
    June 22, 1993

Owner Name and Address
    (REGISTRANT) WOLVERINE WORLD WIDE, INC. CORPORATION DELAWARE 9341
    Courtland Dr., N.E. Rockford MICHIGAN 49351

    (LAST LISTED OWNER) BROOKS SPORTS, INC. CORPORATION Assignee of
    WASHINGTON 11720 North Creek Parkway North Bothell WASHINGTON 98011

Assignment Recorded
    ASSIGNMENT RECORDED

Prior Registration(s)
    1161034;1213324;1319453;1319454;1319455;1336768;1360549;1360550;1419241;
    1683840;AND OTHERS

Type of Mark
    TRADEMARK

Register
    PRINCIPAL


*** Search: 15 *** Document Number: 7 ***                        (cont)

```
*** User: spowell   *** Serial Number: 74280580 ***


Affidavit Text
      SECT 15.  SECT 8 (6-YR).

Live Dead Indicator
      LIVE

Attorney of Record
      ROBERT G WOOLSTON
```

```
*** Search: 15 *** Document Number: 7 ***
```

```
***  User: spowell   ***  Serial Number: 75932902  ***  6/2/01 1:48:59 PM  ***
```



Mark
    BROOKS

Goods and Services
    IC  025.  US 022 039.  G & S: Clothing, namely shoes, boots, slippers,
    socks, footwear, shirts, pants, jackets, hats, caps, shorts, tights,
    hosiery, jogging suits, gloves, sweat pants, sweat suits, sweat shirts,
    warm up suits, headwear, head bands, T-shirts, skirts, leggings,
    unitards, wind resistant jackets, belts, rainwear, insoles, vests,
    waterproof jackets, waterproof pants, waterproof vests, sweaters, track
    suits, tank tops, turtle necks, trousers, jerseys, visors, and wrist
    bands

Mark Drawing Code
    (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS

Design Code
    260303 260321

Serial Number
    75932902

Filing Date
    March 2, 2000

Filed ITU
    FILED AS ITU

Publication for Opposition Date
    December 19, 2000

Owner Name and Address
    (APPLICANT) Brooks Sports, Inc. CORPORATION WASHINGTON 19820 North Creek
    Parkway Suite 200 Bothell WASHINGTON 98011

Description of Mark
    The mark consists of the word "BROOKS" and a Chevron design within an
    oval.

Type of Mark
    TRADEMARK

Register
    PRINCIPAL

*** Search: 1 *** Document Number: 1 ***                    (cont)

```
*** User: spowell   *** Serial Number: 75932902 ***
  .    .

Live Dead Indicator
      LIVE

Attorney of Record
      Robert G. Woolston
```

*** Search: 1 *** Document Number: 1 ***

Jan 10, 2002                                78042659                                10:33 AM

**TYPED DRAWING**

**Serial Number**
78042659

**Examining Attorney**
POWELL, STEVEN
LAW OFFICE 112

**Filing Date**
Jan 10, 2001

**Original Filing Basis**
1B

**Current Filing Basis**
1B

**Amended Filing Basis**
NONE

**Status of Application**
RESPONSE AFTER NON-FINAL ACTION - ENTERED

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Word Mark**
BROOKSBOYS

**OTHER MARK DATA**

**Color Drawing Indicator**
NO COLOR DRAWING

**Mark Drawing Code**
(1) TYPED DRAWING

**Pseudo-Mark**
BROOKS BOYS

**OWNER DATA**

PARTY TYPE 10 - ENTRY NUMBER 001 - COMPOSED FLAG FALSE

ASSIGNMENT RECORDED: NO

Brooks Brothers, Inc.

-1-



**Jan 10, 2002**                    **78042659**                         **10:33 AM**

DELAWARE
CORPORATION
346 Madison Avenue
New York, NEW YORK 10017

## GOODS AND SERVICES DATA

G & S: CLOTHING, NAMELY, SHIRTS, TOPS, SWEATERS, JACKETS, PANTS,
SUITS, BOTTOMS, SOCKS, HATS AND CAPS; SHOES; SHORTS, COATS, NECKTIES,
UNDERWEAR, VESTS, ROBES, HOSIERY, SKIRTS, DRESSES, LOUNGEWEAR,
SCARVES, RAINWEAR, TROUSERS, ASCOTS, TIES, OUTER SHIRTS INCLUDING
EVENING, DRESS, POLO, AND SPORTS SHIRTS, COLLARS, PAJAMAS, ROBES,
SMOKING JACKETS, DRESSING GOWNS, MUFFLERS, GLOVES, HANDKERCHIEFS,
HOSE, BELTS, SUSPENDERS, GARTERS, BOOTS, SLIPPERS, SHOES, OVERSHOES,
BEACH WEAR, SWIMWEAR, FORMAL WEAR.  IC 025.  US  022 039

## OTHER DATA

## FOREIGN REGISTRATION DATA

## CORRESPONDENCE DATA

**Attorney of Record**
Stephen L. Baker

**Correspondence Address**
Stephen L. Baker
Baker & Rannells
P. O. Box 672
Somerville NJ 08876

**Automatic Last Update**
NOT UPDATED

-2-

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

TRADEMARK LAW OFFICE 112
SERIAL NUMBER:  78/042,659
MARK:  BROOKSBOYS

APPLICANT:  Brooks Brothers, Inc.
FILED:  January 10, 2001

Assistant Commissioner
    for Trademarks
2900 Crystal Drive
Arlington, Virginia  22202-3513

Attn:  Steven B. Powell, Trademark Examining Attorney, Law Office 112

Responsive to the Office Action of June 4, 2001:

<u>INFORMALITIES OF RECORD</u>

Before dealing with the 2(d) rejection, Applicant will deal with the informalities of

record.  In the identification of goods/services, please delete all goods/services not

falling into International Class 25.  With regard to the Class 25 goods, please amend the

same to read:

> Clothing, namely, shirts, tops, sweaters, jackets, pants, suits,
> bottoms, socks, hats and caps; shoes; shorts, coats, neckties,
> underwear, vests, robes, hosiery, skirts, dresses, loungewear,
> scarves, rainwear, trousers, ascots, ties, outer shirts including
> evening, dress, polo, and sports shirts, collars, pajamas, robes,
> smoking jackets, dressing  gowns, mufflers, gloves,
> handkerchiefs, hose, belts, suspenders, garters, boots,
> slippers, shoes, overshoes, beach wear, swimwear, formal
> wear in Class 25

While a number of issues were raised regarding the informalities of record, all

have been resolved by Applicant limiting the application to a single class.

## THE 2(d) REJECTION

Applicant has applied to register BROOKSBOYS for a wide variety of clothing. The application has been rejected on a series of BROOKS applications and registrations, all in the name of the successor-in-interest to Brooks Shoe Manufacturing company, Inc., with the exception of U.S. Reg. No. 1,342,765 for BROOKS for leather clothing dated April 9, 1985.  Reconsideration is thought to be in order.

Applicant is Brooks Brothers, Inc., ("BBI"), the owner and operator of the world famous Brooks Brothers retail clothing outlets.  BBI, on its own and through its predecessors-in-interest, has used BROOKS BROTHERS and BROOKS combination marks since at least as early as 1818.  It is the owner of no less than 25 BROOKS BROTHERS registrations in the United States, as well as 25 BROOKS combination marks.  The BROOKS combination marks (with the exception of BROOKS BROTHERS) are comprised of the word BROOKS with a descriptive term such as "AIRE", "BLEND", "CLOTH", "STRETCH", "SUEDE", "WEAVE", "BONUS" and the like.  Several of BBI's BROOKS combination marks are registered, incontestable, and are for clothing or fabric in International Class 25 or fabric to be made into clothing in International Class 24.  For example, U.S. Reg. No. 1,354,158 for BROOKS-BLEND is dated August 13, 1985.  The registration , is incontestable and is for fabrics to be made into clothing.  Insofar as BBI's more recent BROOKS combination marks are concerned, Applicant is the owner of 2,498,929 for BROOKS STRETCH for a wide variety of clothing.  The BROOKS STRETCH registration issued on October 16, 2001.

The earliest of the Brooks Shoe registration (1,161,034) issued July 14, 1981.  At that time, and in addition to BBI'S BROOKS BROTHERS registration, BBI was the

owner of the following BROOKS incontestable combination marks:  Reg. Nos. 781,452

for BROOKSTWEED dated December 8, 1964 for men's and boy's clothing - namely

sports jackets, top coats and over coats; 585,767 for BROOKSWEAVE dated February

16, 1954 for clothing; 1,007,938 for BROOKSGATE dated April 1, 1975 for clothing;

840,920 for BROOKSEASE dated December 19, 1967 for clothing.

Subsequent to the earliest Brooks Shoe registration, BBI was issued now

incontestable Reg. Nos. 1,432,985 for BROOKS LISLE dated March 7, 1987 for fabric

for use in the manufacturing of clothing; 1,291,279 for BROOKSUEDE dated August 21,

1984 for clothing; and 1,905,025 for BROOKSCLOTH SHIRT COLLECTION dated July

11, 1995 for shirts.  More recently Applicant's applications for BROOKS BROTHERS

PERFORMANCE, BROOKS BASICS and BROOKS JR. have been allowed while the

subject application has been rejected.

BBI's BROOKS combination marks also issued both prior and subsequent to the

issuance of Reg. No. 1,342,765 for BROOKS for leather clothing in the name of Brooks

Leather sportswear, Inc.  The BROOKS leather sportswear registration issued in 1985

over several of BBI'S incontestable BROOKS combination marks as well as over the

registrations in the name of Brooks Shoe Manufacturing Co., Inc. and its successors-in-

interest.  In addition to BBI, Brooks Leather Sportswear, Inc. and the successors-in-

interest to Brooks Shoe Manufacturing Co., Inc., there are in excess of 100 registrations

and pending applications for BROOKS and BROOKS combination marks in Classes 24

and 25.  For example, U.S. Reg. No. 2,229,999 issued March 9, 1999, for BROOKS for

clothing, namely briefs and undergarments to Maxi Drug, Inc., a company unrelated to

any of the prior registrants, including BBI, Brooks Leather Sportswear, Inc. and the

-3-

successors-in-interest to Brooks Shoe Manufacturing Co., inc.  If BROOKS for undergarments is entitled to be registered over the BROOKS registrations cited by the Trademark Examining Attorney, then Applicant's BROOKS combination mark is entitled to at least be published.

In D. Brooks Limited v. Brooks Fashion Stores, Inc., 1 USPQ2d 1128 (DC COLO 1986), a Federal District Court in Colorado found BROOKS for women's apparel not to be confusingly similar to BROOKS FASHIONS for essentially the same goods.  In reaching its decision, the Court noted that there were several other users of the BROOKS mark including Brooks Brothers (the Applicant herein), Donald Brooks, Bobbie Brooks, Stevie Brooks as well as the defendant Brooks Fashions.  In its findings of fact, the Court noted that Brooks Fashions operated over 700 Brooks and/or Brooks Fashions stores located throughout the United States.  Brooks Fashion Stores has since acquired U.S. Reg. No. 1,359,832 for BROOKS FASHIONS for retail women's apparel store services.  The registration issued on September 10, 1985, and is now incontestable.

In the Brooks Fashion case, the Court noted that both parties had been using the surname "BROOKS" either alone or in combination with other words.  The Court also noted that others were using BROOKS combination marks.  We have established that not only does BBI use and own registrations for BROOKS combination marks, but that there are many class 24 and 25 BROOKS registrations in the name of a several companies including Maxi Drug and Brooks Fashion Stores, Inc.

We are annexing hereto a summary of BBI's BROOKS BROTHERS and BROOKS combination registrations and applications showing the status thereof.  We

have only included registrations or applications that have been allowed.  We are also enclosing representative BROOKS registrations in the name of BBI as well as representative third parties.  The several registrations demonstrate that the PTO has determined that BROOKS and BROOKS combination marks are registrable over prior BROOKS and BROOKS combination marks even where the goods are in part identical and in part substantially related.  It is noted that the third party registrations are limited to Class 25.  If we were to include Class 18 goods (luggage and the like are closely related to clothing), or Class 35 (retail store services are closely related to clothing), the number of relevant third party registrations and applications would increase significantly.

According to Pro CD Phone Disc (1996 Edition), there are approximately 7,300 firms in the United States which have business titles beginning with BROOKS.  When one limits the scope of the search to women's clothing stores, one finds business listings for Brooks, Brooks Associates, Brooks Colony, Brooks Fashions, Susan Brooks, Brookside Fashions and others.  When family retail clothing stores are considered, one finds hundreds of listings, including many Brooks Fashions stores as were referenced in the D. Brooks litigation cited above.

In addition to USPTO records, Phone Disc records and cited cases, a search of infouel.com, a web based telephone directory, disclosed in excess of 250 companies, the names of which begin with the word "Brooks".  More would have been disclosed except for the fact that the search aborted at 250 hits, and the limitation could not be overridden.

A search of Network Solutions "WhoIs" database of domains beginning with the word "Brooks" disclosed so many citations that the search automatically aborted.

A search of "Brooks, clothing" in google.com disclosed up to 100,000 "brooks" hits including Brooks Brothers, Brooks Feast, Brooks Clothing, David Brooks, Victoria Brooks, Donald Brooks, Ivy Brooks, Brooks Clothing, Brooks Fashion Stores, etc. Representative search page results are submitted herewith.

Clearly, "brooks" is widely used and widely registered for a wide range of goods and services, including clothing and closely related goods and services.  In part, the reason may have to do with the fact that "Brooks" is within the top 100 most common surnames in the United States along with Baker, Davis, Cook, Smith and others - a page from the Internet site entitled Top 100 Surnames is annexed.

For whatever the reason, BROOKS is widely used and widely registered.  As such, minor differences in marks/goods renders a BROOKS combination mark registerable.  As neither our search nor the search of the Trademark Examining Attorney disclosed any registrations or applications for BROOKSBOYS, Applicant's mark should proceed onto publication.

The widespread use of BROOKS suggests that purchasers have been conditioned to look for other elements of the mark as a means of distinguishing the source of the goods or services in the field - see In re Broadway Chicken Inc., 38 USPQ2d 1559 (TTAB 1996).  In Broadway Chicken, the Board relied upon search reports, telephone listings, and a variety of other sources to determine that the contemporary use of BROADWAY CHICKEN and BROADWAY PIZZA is not likely to lead to confusion.  The Board considered the differences in the marks, the significance of "BROADWAY", evidence of widespread third party use of tradename/mark and determine that the same are sufficient in an ex parte proceeding to persuade the Board

that no confusion would be likely to result from the simultaneous use of the marks in issue.  The same principle should be applied in this case.

In Steve's Ice Cream Inc. v. Steve's Famous Hot Dogs, 3 USPQ2d 1477 (TTAB 1987), the Trademark Trial and Appeal Board held that STEVE'S for ice cream and STEVE'S and design for restaurant's featuring hot dogs were, when considered in their entireties, readily distinguishable.  The Board noted that although "STEVE'S" is not an inherently weak mark, "the numerous third-party uses demonstrated that the purchasing public has become conditioned to recognize that many businesses in the restaurant and food store fields use the term, or something closely related to it, and that this purchasing public is able to distinguish between these businesses based on small distinctions among the marks."  In Steve's, electronic classified phone directories were introduced which disclosed a total of 226 businesses.  In this case we have shown many more BROOKS listings.

In the Steve's case, the marks were indistinguishable.  In the present application, the marks are not only distinguishable, but BBI's mark is unusual in that it is one word and as such is an intentional misspelling.

While third party marks are not evidence regarding the lack of confusing similarity, the same are good evidence go show why a mark has been adopted.  In that regard, see Shoe Corp. of America v. Juvenile Shoe Corp., 121 USPQ 510 (CCPA 1959) wherein the Court of Customs and Patent Appeals held:

> We regard the registrations only as evidence that five other
> concerns have considered five other marks, each of which
> contains "Lazy" as its initial word, to be appropriate as
> trademarks for shoes.

-7-

> The Registration of five such marks scarcely be attributed to
> mere coincidence, but affords definite evidence that the word
> "Lazy" has a suggestive significance as applied to shoes and
> hence would be taken primarily as describing or suggesting
> some quality of shoes rather than as pointing to their origin.

In <u>Shoe Corp.</u>, case, five third party registrations were considered sufficient to render LAZY "weak" so as to limit the scope of protection.

Further, the fact that the applicant's mark and the cited mark have in common BROOKS is not determinative.  In <u>Royal Petroleum Corporation v. River States Oil Company v. Union Oil Company of California</u>, 136 USPQ 79 (TTAB 1962) the Board specifically held that "it has been consistently held that trademarks will not ordinarily be held confusingly similar because each of them includes a word of that type" (suggestive as opposed to arbitrary).  As a result, the Board allowed

> (1) Applicant Petroleum a registration for ROYAL for gasoline;
>
> (2) Applicant Union a registration for ROYAL 76 for gasoline;
>
> (3) Applicant River a registration for ROYAL with a background "RS" for gasolines;
>
> (4) Applicant River a registration for ROYAL LUBE for lubricating oil.

Obviously, only minor differences were required to avoid confusion.  In this case, the cumulative differences are greater than what existed in the <u>Royal</u> case.  Here the marks are clearly distinguishable.  Applicant's mark is a variation of the BROOKS marks it has used and registered for years, both before and after the cited registrations issued. Accordingly, it is respectfully submitted that confusion is unlikely.

In <u>In re Dayco Products-Eaglemotive Inc.</u>, 9 USPQ2d 1910  (TTAB 1988) the Board addresses the issue of weakness based on third party registrations as follows:

-8-

While the Examining Attorney is correct in his assertion that these third party registrations are of limited probative value, they are useful to demonstrate the sense in which a term is used in ordinary parlance and they can show that a particular term has been adopted by those engaged in a certain field or industry and that said term has less than arbitrary significance with respect to certain goods or services.  See; Sams, Third Party Registrations in TTAB Proceedings, 72 TMR 297 (May-June, 1982).

In our view, the submission of the third party registrations is probative to demonstrate that "IMPERIAL" has been adopted by others in the vehicular field to refer to that term's ordinary significance as a laudatory designation.  See: Webster's Third New International Dictionary (1976) which defines "imperial," inter alia, as "of superior or unusual size or excellence."  As such, we find the term to be a relatively weak mark and we agree with applicant that the scope of protection afforded such a mark is considerably narrower than that afforded a more arbitrary designation.  Compare: In re Eldorado Motor Corp. 6 USPQ2d 1732  (TTAB 1988) and cases cited therein.  We think the weakness of the marks involved herein is a significant factor and serves, in this case, to "tip the scales" in favor of a finding of no likelihood of confusion.

Decision: The refusal of registration is reversed and the mark will be published for opposition in due course.

In re Martin's Famous Pastry Shoppe, Inc., 223 USPQ 1289 (F.Cir. 1984) was an

appeal from In re Martin's Famous Pastry Shoppe, Inc., 221 USPQ 364, 367 (TTAB

1984), wherein the Board found that the mark MARTIN'S FAMOUS PASTRY SHOPPE

INC. for bakery goods was registrable over MARTIN'S for cheese.  The Board noted

that the goods were so closely related that purchasers would assume that they would

come from a common source if the marks were confusingly similar.  While MARTIN'S v.

MARTIN'S were found to be confusingly similar as applied to closely related goods,

MARTIN'S v. MARTIN'S FAMOUS PASTRY SHOPPE INC. were not found to be

confusingly similar as applied to the same goods.  In the latter case, "FAMOUS

PASTRY SHOPPE INC." was disclaimed but nevertheless considered by the Board in determining the overall commercial impression of the mark.  The Federal Circuit Court of Appeals affirmed the ruling of the Board.  In other words, as pointed out in <u>In re Martin's</u>, a disclaimed descriptive portion (in this case the descriptive suffix) of a mark should be considered when determining the likelihood of confusion, particularly where the common portion is laudatory and weak as in this case.

<u>In re Martin's</u> is particularly instructive because:

    1. MARTIN'S is a surname as is BROOKS;

    2. the goods are closely related; and

    3. nothing more than descriptive matter was held sufficient is distinguish the marks.

In <u>In re British Bulldog, Ltd.</u>, 224 USPQ 854 (TTAB 1984) the Board reversed the refusal to register and allowed PLAYERS for underwear to be allowed over a prior registration for PLAYERS for shoes.  The Board rejected what it called a "per se" rule to the effect that the use of the same or similar marks on different items of wearing apparel was likely to cause confusion.  The Board specifically held at p. 856:

> In more recent years, however, the Board and its reviewing tribunal, the Court of Customs and Patent Appeals (now merged into the Court of Appeals for the Federal Circuit), have backed away form the application of such "per se' rules, emphasizing instead that each case must be decided on its own particular facts and circumstances.  See, for example: <u>Interstate Brands Corp. V. Celestial Seasonings, Inc.</u>, 196 USPQ 321 (TTAB 1977), affirmed 576 F.2d 926, 198 USPQ 151 (CCPA 1978); <u>In re E.I. du Pont de Nemours & Co.</u>, 476 F.2d 1357, 177 USPQ 563 (CCPA 1973); <u>Harry Fischer Corp. v. Kenneth Knits, Inc.</u>, 207 USPQ 1019 (TTAB 1980); and In re Skydel Lingerie Co., Ltd., 197 USPQ 629 (TTAB 1977).

The marks herein are different in look, sound and meaning.  An additional consideration is that the mark sought to be registered, BROOKSOYS, is similar to Applicant's primary mark and name, BROOKS BROTHERS, in that they both include a familial term used in association with "BROOKS".  None of the marks cited against the application in issue share this element.

To the extent there are any similarities, that has to do with the common use of weak elements.  As held by the Board in <u>Bost Bakery v. Roland Industries, Inc.</u>, 216 USPQ 799 (TTAB 1982) at page 891:

> Moreover, the principle that similarity between the marks in
> meaning or commercial significance alone may be sufficient
> to create a likelihood of confusion is applicable primarily to
> situations where marks are coined or arbitrary rather than
> highly suggestive in cast.  <u>Penn Dairies, Inc. v.  Pennsylvania</u>
> <u>Agricultural Cooperative Marketing Assn.</u>, 200 USPQ 462
> (TTAB 1978) ("PENN BEST" and "PENSURPREME" held
> not confusing for, among other things, soft drinks); <u>In re Haddock</u>,
> 181 USPQ 796 (TTAB 1974) ("MINI-BASS" and "LIL' BASS"
> held not confusing for fish lures); <u>Sure-Fit Products, Co. v. Saltzson</u>
> <u>Drapery Co.</u>, 117 USPQ 295 (CCPA 1958) "RITE-FIT" and
> "SURE-FIT" held not confusing for slip covers).

As explained in <u>Sure-Fit Products Co. v. Saltzson Drapery Co.</u>, 117 USPQ 295, 297 (CCPA 1958) :

> It seems both logical and obvious to us that where a party
> chooses a  trademark which is inherently weak, he will not
> enjoy the wide latitude of  protection afforded the owners
> of strong trademarks. Where a party uses a weak mark, his
> competitors may come closer to his mark than would be the
> case with  a strong mark without violating his rights. The
> essence of all we have said is  that in the former case there
> is not the possibility of confusion that exists  in the latter case.

# Exhibit J

# UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| **SERIAL NO.**  **APPLICANT**<br>78/053283 Brooks Brothers, Inc. | **PAPER NO.** |
| **MARK**<br>BROOKS SHIRTS | **ADDRESS:** |
| **ADDRESS**<br>Stephen L. Baker<br>Baker & Rannells<br>P. O. Box 672<br>359 East Main Street<br>Somerville NJ 08876 | **Commissioner for Trademarks**<br>**2900 Crystal Drive**<br>**Arlington, VA 22202-3513**<br>**www.uspto.gov** |

**ACTION NO.**
02

**MAILING DATE**
04/02/02

**REF. NO.**

If no fees are enclosed, the address should include the words "Box Responses - No Fee."

Please provide in all correspondence:

1. Filing Date, serial number, mark and Applicant's name.
2. Mailing date of this Office action.
3. Examining Attorney's name and Law Office number.
4. Your telephone number and ZIP code.

FORM PTO-1525 (5-90)        U.S. DEPT. OF COMM. & TM OFFICE

**A PROPER RESPONSE TO THIS OFFICE ACTION MUST BE RECEIVED WITHIN 6 MONTHS FROM THE DATE OF THIS ACTION IN ORDER TO AVOID *ABANDONMENT*.**
*For your convenience and to ensure proper handling of your response, a label has been enclosed*

*For your convenience and to ensure proper handling of your response, a label has been enclosed. Please attach it to the upper right corner of your response. If the label is not enclosed, print or type the <u>Trademark Law Office No.</u>, <u>Serial No.</u>, and <u>Mark</u> in the upper right corner of your response.*

RE: Serial Number: 78/053283

This letter responds to the applicant's communication filed on January 25, 2002.

The amendment to the identification of goods has been accepted and made of record. The requirement for a disclaimer of the term "shirts" is continued.

The refusal under Section 2(d) based upon Registration Nos. 1161034, 1213324, 1319454, 1359832, and 1683840 is maintained.

Registration Nos. 1777883 and 1360549 have been withdrawn as bars to registration.

Application Serial No. 75/932902. has matured into a registration. Therefore, registration is refused as follows.

**<u>Likelihood of Confusion</u>**
The examining attorney refuses registration under Trademark Act Section 2(d), 15 U.S.C. Section 1052(d), because the applicant's mark, when used on or in connection with the identified goods, so resembles the mark in U.S. Registration No. 2521124, as to be likely to cause confusion, to cause mistake, or to deceive. TMEP section 1207. See the enclosed registration.

78/053283                                    -2-

The examining attorney must analyze each case in two steps to determine whether there is a likelihood of confusion. First, the examining attorney must look at the marks themselves for similarities in appearance, sound, connotation and commercial impression. *In re E. I. DuPont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (CCPA 1973).

The test of likelihood of confusion is not whether the marks can be distinguished when subjected to a side-by-side comparison. The issue is whether the marks create the same overall impression. *Visual Information Institute, Inc. v. Vicon Industries Inc.*, 209 USPQ 179 (TTAB 1980). The focus is on the recollection of the average purchaser who normally retains a general rather than specific impression of trademarks. *Chemetron Corp. v. Morris Coupling & Clamp Co.*, 203 USPQ 537 (TTAB 1979); *Sealed Air Corp. v. Scott Paper Co.*, 190 USPQ 106 (TTAB 1975); TMEP section 1207.01(b).

The examining attorney must look at the marks in their entireties under Section 2(d). Nevertheless, one feature of a mark may be recognized as more significant in creating a commercial impression. Greater weight is given to that dominant feature in determining whether there is a likelihood of confusion. *In re National Data Corp.*, 224 USPQ 749 (Fed. Cir. 1985); *Tektronix, Inc. v. Daktronics, Inc.*, 534 F.2d 915, 189 USPQ 693 (C.C.P.A. 1976). *In re J.M. Originals Inc.*, 6 USPQ2d 1393 (TTAB 1988). TMEP §1207.01(b)(viii).

The applicant's mark is BROOKS SHIRTS. The registered mark is BROOKS and Design. The marks are substantially similar in appearance and commercial impression. The dominant portion of the marks is the term "BROOKS" it is this term that consumers are most likely to recall when asking for the goods.

Second, the examining attorney must compare the goods or services to determine if they are related or if the activities surrounding their marketing are such that confusion as to origin is likely. *In re August Storck KG*, 218 USPQ 823 (TTAB 1983); *In re International Telephone and Telegraph Corp.*, 197 USPQ 910 (TTAB 1978); *Guardian Products Co., v. Scott Paper Co.*, 200 USPQ 738 (TTAB 1978).

The applicant's goods are "clothing, namely, shirts, tops, sweaters, outer shirts including evening, dress, polo, and sports shirts". The registrants goods are "clothing, namely shoes, boots, slippers, socks, footwear, shirts, pants, jackets, hats, caps, shorts, tights, hosiery, jogging suits, gloves, sweat pants, sweat suits, sweat shirts, warm up suits, headwear, head bands, T-shirts, skirts, leggings, unitards, wind resistant jackets, belts, rainwear, insoles, vests, waterproof jackets, waterproof pants, waterproof vests, sweaters, track suits, tank tops, turtle necks, trousers, jerseys, visors, and wrist bands". The goods are closely related, namely, they are all clothing items. Therefore, the examining attorney must assume that the registrant's goods and the applicant's goods are sold everywhere that is normal for such items, such as clothing and department stores. Further, the examining attorney must assume that the same classes of purchasers shop for these items and that consumers are accustomed to seeing them sold under the same or similar marks.

Because the marks are substantially similar and the goods are closely related, the similarities among the marks and the goods are so great as to create a likelihood of confusion among consumers as to the source of the goods. The examining attorney must resolve any doubt regarding a likelihood of confusion in favor of the prior registrant. *In re Hyper Shoppers (Ohio), Inc.*, 837 F.2d 463, 6 USPQ2d 1025 (Fed. Cir., 1988).

78/053283                                    -3-

Although the examining attorney has refused registration, the applicant may respond to the refusal to register by submitting evidence and arguments in support of registration.

If the applicant chooses to respond to the refusal to register, the applicant must also respond to the following issues.

**Disclaimer**
The applicant must disclaim the descriptive wording "SHIRTS" apart from the mark as shown, because the wording is merely descriptive of the applicant's goods. Trademark Act Section 6, 15 U.S.C. Section 1056; TMEP sections 1213 and 1213.02(a).

Trademark Act Section 6(a), 15 U.S.C. Section 1056(a), states that the Commissioner may require the applicant to disclaim an unregistrable component of a mark.  Trademark Act Section 2(e), 15 U.S.C. Section 1052(e), bars the registration of a mark which is merely descriptive or deceptively misdescriptive, or primarily geographically descriptive of the goods.  Therefore, the Commissioner may require the disclaimer of a portion of a mark which, when used in connection with the goods or services, is merely descriptive or deceptively misdescriptive, or primarily geographically descriptive.  If an applicant does not comply with a disclaimer requirement, the examining attorney may refuse registration of the entire mark TMEP section 1213.01(b).

The computerized printing format for the *Trademark Official Gazette* requires a standard form for a disclaimer.  TMEP section 1213.09(a)(i).  A properly worded disclaimer should read as follows:

No claim is made to the exclusive right to use "SHIRTS" apart from the mark as shown.

*See In re Owatonna Tool Co.*, 231 USPQ 493 (Comm'r Pats. 1983).

**Response to Office Action**
Please note: If the applicant submits a response via email, an electronic signature is required.  An applicant, registrant or attorney may sign an e-mail communication by entering a "symbol" that he or she has adopted as a signature between two slashes.  In addition, the Office will accept an e-mail communication containing the "/s/" ("/(signature)/") notation in lieu of a signature.  A scanned image of a document signed in ink is also acceptable, as long as the image is attached in .jpg or .gif format.  TMEP  Section 304.08

If the applicant has any questions or needs assistance in responding to the Office action, please telephone or email the assigned examining attorney.

April Lueders Rademacher
Examining Attorney
Law Office 102
(703) 308-9102 x206
(703) 872-9166 (fax)
april.rademacher@uspto.gov

78/053283  -4-

---

**NOTICE FOR APPLICANTS FILING IN INTERNATIONAL CLASS 42**
Effective January 1, 2002, the 8th edition of the Nice Agreement governing the classification of goods and services divided prior International Class 42 into four service mark classes.  Information about revised International Class 42 and new International Classes 43, 44, and 45 is available at www.uspto.gov/web/offices/tac/notices/notices.htm.
*All applications filed on or after January 1, 2002, must comply with the new classification schedule.*  For applications filed *before* January 1, 2002, the new classification schedule is optional. Applicants opting to amend to the new schedule must advise the assigned Examining Attorney.

*** User: alueders   ***   Serial Number: 75932902   ***   4/1/02 3:37:51 PM   ***



Mark
    BROOKS

Goods and Services
    IC 025. US 022 039. G & S: Clothing, namely shoes, boots, slippers,
    socks, footwear, shirts, pants, jackets, hats, caps, shorts, tights,
    hosiery, jogging suits, gloves, sweat pants, sweat suits, sweat shirts,
    warm up suits, headwear, head bands, T-shirts, skirts, leggings,
    unitards, wind resistant jackets, belts, rainwear, insoles, vests,
    waterproof jackets, waterproof pants, waterproof vests, sweaters, track
    suits, tank tops, turtle necks, trousers, jerseys, visors, and wrist
    bands. FIRST USE: 20000100. FIRST USE IN COMMERCE: 20000200

Mark Drawing Code

(3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS

Design Code
      260303 260321

Serial Number
      75932902

Filing Date
      March 2, 2000

Filed ITU
      FILED AS ITU

Publication for Opposition Date
      December 19, 2000

Registration Number
      2521124

Registration Date
      December 18, 2001

Owner Name and Address
      (REGISTRANT) Brooks Sports, Inc. CORPORATION WASHINGTON 19820 North Creek
      Parkway Suite 200 Bothell WASHINGTON 98011


*** Search: 2 *** Document Number: 1 ***                    (cont)

```
*** User: alueders   *** Serial Number: 75932902 ***
```

Description of Mark
      The mark consists of the word "BROOKS" and a Chevron design within an
      oval.

Type of Mark
      TRADEMARK

Register
      PRINCIPAL

Live Dead Indicator
      LIVE

Attorney of Record
      Robert G. Woolston

```
*** Search: 2 *** Document Number: 1 ***
```

L 0102

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

TRADEMARK LAW OFFICE 102
SERIAL NUMBER: 78/053,283
MARK: BROOKS SHIRTS



APPLICANT: Brooks Brothers, Inc.
FILED: March 15, 2001

01-25-2002
U.S. Patent & TMOfc/TM Mail Rcpt Dt. #73

Assistant Commissioner
  for Trademarks
2900 Crystal Drive
Arlington, Virginia  22202-3513



Attn:  April Lueders Rademacher, Trademark Examining Attorney, Law Office 102

Responsive to the Office Action of July 24, 2001:

## INFORMALITIES OF RECORD

Before dealing with the 2(d) rejection, Applicant will deal with the informalities of

record.  In the identification of goods/services, please delete all goods/services not

falling into International Class 25.  With regard to the Class 25 goods, please amend the

same to read:

> Clothing, namely, shirts, tops, sweaters, outer shirts including
> evening, dress, polo, and sports shirts, in Class 25

While a number of issues were raised regarding the informalities of record, all

have been resolved by Applicant limiting the application to a single class.

## THE 2(d) REJECTION

Applicant has applied to register BROOKS SHIRTS for a wide variety of clothing.

The application has been rejected on a series of BROOKS applications and

registrations, all in the name of the successor-in-interest to Brooks Shoe Manufacturing

company, Inc.  Reconsideration is thought to be in order.

Applicant is Brooks Brothers, Inc., ("BBI"), the owner and operator of the world famous Brooks Brothers retail clothing outlets.  BBI, on its own and through its predecessors-in-interest, has used BROOKS BROTHERS and BROOKS combination marks since at least as early as 1818.  It is the owner of no less than 25 BROOKS BROTHERS registrations in the United States, as well as 25 BROOKS combination marks.  The BROOKS combination marks (with the exception of BROOKS BROTHERS) are comprised of the word BROOKS with a descriptive term such as "AIRE", "BLEND", "CLOTH", "STRETCH", "SUEDE", "WEAVE", "BONUS" and the like.  Several of BBI's BROOKS combination marks are registered, incontestable, and are for clothing or fabric in International Class 25 or fabric to be made into clothing in International Class 24.  For example, U.S. Reg. No. 1,354,158 for BROOKS-BLEND is dated August 13, 1985.  The registration , is incontestable and is for fabrics to be made into clothing.  Insofar as BBI's more recent BROOKS combination marks are concerned, Applicant is the owner of U.S. Reg. No. 2,498,929 for BROOKS STRETCH for a wide variety of clothing.  The BROOKS STRETCH registration issued on October 16, 2001.

The earliest of the Brooks Shoe registration (1,161,034) issued July 14, 1981.  At that time, and in addition to BBI'S BROOKS BROTHERS registration, BBI was the owner of the following BROOKS incontestable combination marks:  Reg. Nos. 781,452 for BROOKSTWEED dated December 8, 1964 for men's and boy's clothing - namely sports jackets, top coats and over coats; 585,767 for BROOKSWEAVE dated February 16, 1954 for clothing; 1,007,938 for BROOKSGATE dated April 1, 1975 for clothing; 840,920 for BROOKSEASE dated December 19, 1967 for clothing.

Subsequent to the earliest Brooks Shoe registration, BBI was issued now incontestable Reg. Nos. 1,432,985 for BROOKS LISLE dated March 7, 1987 for fabric for use in the manufacturing of clothing; 1,291,279 for BROOKSUEDE dated August 21, 1984 for clothing; and 1,905,025 for BROOKSCLOTH SHIRT COLLECTION dated July 11, 1995 for shirts.  More recently Applicant's applications for BROOKS BROTHERS PERFORMANCE, BROOKS BASICS and BROOKS JR. have been allowed while the subject application has been rejected.

In addition to BBI, and the successors-in-interest to Brooks Shoe Manufacturing Co., Inc., there are in excess of 100 registrations and pending applications for BROOKS and BROOKS combination marks in Classes 24 and 25 in the name of unrelated third parties.  For example, U.S. Reg. No. 2,229,999 issued March 9, 1999, for BROOKS for clothing, namely briefs and undergarments to Maxi Drug, Inc., and U.S. Reg. No. 1,342,765 issued April 9, 1985, for BROOKS for leather clothing to Brooks Leather Sportswear, Inc., companies unrelated to any of the prior registrants, including BBI and the successors-in-interest to Brooks Shoe Manufacturing Co., inc.  If BROOKS for undergarments is entitled to be registered over the BROOKS registrations cited by the Trademark Examining Attorney, then Applicant's BROOKS combination mark is entitled to at least be published.

In D. Brooks Limited v. Brooks Fashion Stores, Inc., 1 USPQ2d 1128 (DC COLO 1986), a Federal District Court in Colorado found BROOKS for women's apparel not to be confusingly similar to BROOKS FASHIONS for essentially the same goods.  In reaching its decision, the Court noted that there were several other users of the BROOKS mark including Brooks Brothers (the Applicant herein), Donald Brooks,

-3-

Bobbie Brooks, Stevie Brooks as well as the defendant Brooks Fashions.  In its findings of fact, the Court noted that Brooks Fashions operated over 700 Brooks and/or Brooks Fashions stores located throughout the United States.  Brooks Fashion Stores has since acquired U.S. Reg. No. 1,359,832 for BROOKS FASHIONS for retail women's apparel store services.  The registration issued on September 10, 1985, and is now incontestable.

In the Brooks Fashion case, the Court noted that both parties had been using the surname "BROOKS" either alone or in combination with other words.  The Court also noted that others were using BROOKS combination marks.  We have established that not only does BBI use and own registrations for BROOKS combination marks, but that there are many class 24 and 25 BROOKS registrations in the name of a several companies including Maxi Drug and Brooks Fashion Stores, Inc.

We are annexing hereto a summary of BBI's BROOKS BROTHERS and BROOKS combination registrations and applications showing the status thereof.  We have only included registrations or applications that have been allowed.  We are also enclosing representative BROOKS registrations in the name of BBI as well as representative third parties.  The several registrations demonstrate that the PTO has determined that BROOKS and BROOKS combination marks are registrable over prior BROOKS and BROOKS combination marks even where the goods are in part identical and in part substantially related.  It is noted that the third party registrations are limited to Class 25.  If we were to include Class 18 goods (luggage and the like are closely related to clothing), or Class 35 (retail store services are closely related to clothing), the number of relevant third party registrations and applications would increase significantly.

-4-

According to Pro CD Phone Disc (1996 Edition), there are approximately 7,300 firms in the United States which have business titles beginning with BROOKS.  When one limits the scope of the search to women's clothing stores, one finds business listings for Brooks, Brooks Associates, Brooks Colony, Brooks Fashions, Susan Brooks, Brookside Fashions and others.  When family retail clothing stores are considered, one finds hundreds of listings, including many Brooks Fashions stores as were referenced in the D. Brooks litigation cited above.

In addition to USPTO records, Phone Disc records and cited cases, a search of infouel.com, a web based telephone directory, disclosed in excess of 250 companies, the names of which begin with the word "Brooks".  More would have been disclosed except for the fact that the search aborted at 250 hits, and the limitation could not be overridden.

A search of Network Solutions "WhoIs" database of domains beginning with the word "Brooks" disclosed so many citations that the search automatically aborted.

A search of "Brooks, clothing" in google.com disclosed up to 100,000 "brooks" hits including Brooks Brothers, Brooks Feast, Brooks Clothing, David Brooks, Victoria Brooks, Donald Brooks, Ivy Brooks, Brooks Clothing, Brooks Fashion Stores, etc. Representative search page results are submitted herewith.

Clearly, "brooks" is widely used and widely registered for a wide range of goods and services, including clothing and closely related goods and services.  In part, the reason may have to do with the fact that "Brooks" is within the top 100 most common surnames in the United States along with Baker, Davis, Cook, Smith and others - a page from the Internet site entitled Top 100 Surnames is annexed.

-5-

For whatever the reason, BROOKS is widely used and widely registered.  As such, minor differences in marks/goods renders a BROOKS combination mark registerable.  As neither our search nor the search of the Trademark Examining Attorney disclosed any registrations or applications for BROOKS SHIRTS, Applicant's mark should proceed onto publication.

The widespread use of BROOKS suggests that purchasers have been conditioned to look for other elements of the mark as a means of distinguishing the source of the goods or services in the field - see In re Broadway Chicken Inc., 38 USPQ2d 1559 (TTAB 1996).  In Broadway Chicken, the Board relied upon search reports, telephone listings, and a variety of other sources to determine that the contemporary use of BROADWAY CHICKEN and BROADWAY PIZZA is not likely to lead to confusion.  The Board considered the differences in the marks, the significance of "BROADWAY", evidence of widespread third party use of tradename/mark and determine that the same are sufficient in an ex parte proceeding to persuade the Board that no confusion would be likely to result from the simultaneous use of the marks in issue.  The same principle should be applied in this case.

In Steve's Ice Cream Inc. v. Steve's Famous Hot Dogs, 3 USPQ2d 1477 (TTAB 1987), the Trademark Trial and Appeal Board held that STEVE'S for ice cream and STEVE'S and design for restaurant's featuring hot dogs were, when considered in their entireties, readily distinguishable.  The Board noted that although "STEVE'S" is not an inherently weak mark, "the numerous third-party uses demonstrated that the purchasing public has become conditioned to recognize that many businesses in the restaurant and food store fields use the term, or something closely related to it, and that this purchasing

-6-

public is able to distinguish between these businesses based on small distinctions among the marks." In <u>Steve's</u>, electronic classified phone directories were introduced which disclosed a total of 226 businesses. In this case we have shown many more BROOKS listings.

In the <u>Steve's</u> case, the marks were indistinguishable. In the present application, the marks are not only distinguishable, but BBI's mark is unusual in that it is one word and as such is an intentional misspelling.

While third party marks are not evidence regarding the lack of confusing similarity, the same are good evidence go show why a mark has been adopted. In that regard, see <u>Shoe Corp. of America v. Juvenile Shoe Corp.</u>, 121 USPQ 510 (CCPA 1959) wherein the Court of Customs and Patent Appeals held:

> We regard the registrations only as evidence that five other concerns have considered five other marks, each of which contains "Lazy" as its initial word, to be appropriate as trademarks for shoes.
>
> The Registration of five such marks scarcely be attributed to mere coincidence, but affords definite evidence that the word "Lazy" has a suggestive significance as applied to shoes and hence would be taken primarily as describing or suggesting some quality of shoes rather than as pointing to their origin.

In <u>Shoe Corp.</u>, case, five third party registrations were considered sufficient to render LAZY "weak" so as to limit the scope of protection.

Further, the fact that the Applicant's mark and the cited mark have in common BROOKS is not determinative. In <u>Royal Petroleum Corporation v. River States Oil Company v. Union Oil Company of California</u>, 136 USPQ 79 (TTAB 1962) the Board specifically held that "it has been consistently held that trademarks will not ordinarily be

held confusingly similar because each of them includes a word of that type" (suggestive as opposed to arbitrary).  As a result, the Board allowed

> (1) Applicant Petroleum a registration for ROYAL for gasoline;
>
> (2) Applicant Union a registration for ROYAL 76 for gasoline;
>
> (3) Applicant River a registration for ROYAL with a background "RS" for gasolines;
>
> (4) Applicant River a registration for ROYAL LUBE for lubricating oil.

Obviously, only minor differences were required to avoid confusion.  In this case, the cumulative differences are greater than what existed in the Royal case.  Here the marks are clearly distinguishable.  Applicant's mark is a variation of the BROOKS marks it has used and registered for years, both before and after the cited registrations issued.  Accordingly, it is respectfully submitted that confusion is unlikely.

In re Dayco Products-Eaglemotive Inc., 9 USPQ2d 1910  (TTAB 1988) the Board addresses the issue of weakness based on third party registrations as follows:

> While the Examining Attorney is correct in his assertion that these third party registrations are of limited probative value, they are useful to demonstrate the sense in which a term is used in ordinary parlance and they can show that a particular term has been adopted by those engaged in a certain field or industry and that said term has less than arbitrary significance with respect to certain goods or services.  See; Sams, Third Party Registrations in TTAB Proceedings, 72 TMR 297 (May-June, 1982).
>
> In our view, the submission of the third party registrations is probative to demonstrate that "IMPERIAL" has been adopted by others in the vehicular field to refer to that term's ordinary significance as a laudatory designation.  See:  Webster's Third New International Dictionary (1976) which defines "imperial," inter alia, as "of superior or unusual size or excellence."  As such, we find the term to be a relatively weak mark and we agree with applicant that the scope of protection afforded such a mark is considerably narrower than that afforded a more

-8-

> arbitrary designation.  Compare: In re Eldorado Motor Corp. 6
> USPQ2d 1732  (TTAB 1988) and cases cited therein.  We think
> the weakness of the marks involved herein is a significant
> factor and serves, in this case, to "tip the scales" in favor of a
> finding of no likelihood of confusion.
>
> Decision: The refusal of registration is reversed and the mark
> will be published for opposition in due course.

In re Martin's Famous Pastry Shoppe, Inc., 223 USPQ 1289 (F.Cir. 1984) was an

appeal from In re Martin's Famous Pastry Shoppe, Inc., 221 USPQ 364, 367 (TTAB

1984), wherein the Board found that the mark MARTIN'S FAMOUS PASTRY SHOPPE

INC. for bakery goods was registrable over MARTIN'S for cheese.  The Board noted

that the goods were so closely related that purchasers would assume that they would

come from a common source if the marks were confusingly similar.  While MARTIN'S v.

MARTIN'S were found to be confusingly similar as applied to closely related goods,

MARTIN'S v. MARTIN'S FAMOUS PASTRY SHOPPE INC. were not found to be

confusingly similar as applied to the same goods.  In the latter case, "FAMOUS

PASTRY SHOPPE INC." was disclaimed but nevertheless considered by the Board in

determining the overall commercial impression of the mark.  The Federal Circuit Court

of Appeals affirmed the ruling of the Board.  In other words, as pointed out in In re

Martin's, a disclaimed descriptive portion (in this case the descriptive suffix) of a mark

should be considered when determining the likelihood of confusion, particularly where

the common portion is laudatory and weak as in this case.

In re Martin's is particularly instructive because:

    1.  MARTIN'S is a surname as is BROOKS;

    2.  the goods are closely related; and

3. nothing more than descriptive matter was held sufficient is distinguish the marks.

In <u>In re British Bulldog, Ltd.</u>, 224 USPQ 854 (TTAB 1984) the Board reversed the refusal to register and allowed PLAYERS for underwear to be allowed over a prior registration for PLAYERS for shoes.  The Board rejected what it called a "per se" rule to the effect that the use of the same or similar marks on different items of wearing apparel was likely to cause confusion.  The Board specifically held at p. 856:

> In more recent years, however, the Board and its reviewing tribunal, the Court of Customs and Patent Appeals (now merged into the Court of Appeals for the Federal Circuit), have backed away form the application of such "per se' rules, emphasizing instead that each case must be decided on its own particular facts and circumstances.  See, for example: <u>Interstate Brands Corp. V. Celestial Seasonings, Inc.</u>, 196 USPQ 321 (TTAB 1977), affirmed 576 F.2d 926, 198 USPQ 151 (CCPA 1978); <u>In re E.I. du Pont de Nemours & Co.</u>, 476 F.2d 1357, 177 USPQ 563 (CCPA 1973); <u>Harry Fischer Corp. v. Kenneth Knits, Inc.</u>, 207 USPQ 1019 (TTAB 1980); and In re Skydel Lingerie Co., Ltd., 197 USPQ 629 (TTAB 1977).

The marks herein are different in look, sound and meaning.  To the extent there are any similarities, that has to do with the common use of weak elements.  As held by the Board in <u>Bost Bakery v. Roland Industries, Inc.</u>, 216 USPQ 799 (TTAB 1982) at page 891:

> Moreover, the principle that similarity between the marks in meaning or commercial significance alone may be sufficient to create a likelihood of confusion is applicable primarily to situations where marks are coined or arbitrary rather than highly suggestive in cast.  <u>Penn Dairies, Inc. v.  Pennsylvania Agricultural Cooperative Marketing Assn.</u>, 200 USPQ 462 (TTAB 1978) ("PENN BEST" and "PENSURPREME" held not confusing for, among other things, soft drinks); <u>In re Haddock</u>, 181 USPQ 796 (TTAB 1974) ("MINI-BASS" and "LIL' BASS" held not confusing for fish lures); <u>Sure-Fit Products, Co. v. Saltzson</u>

-10-

Drapery Co., 117 USPQ 295 (CCPA 1958) "RITE-FIT" and
"SURE-FIT" held not confusing for slip covers).

As explained in Sure-Fit Products Co. v. Saltzson Drapery Co., 117 USPQ 295,

297 (CCPA 1958) :

> It seems both logical and obvious to us that where a party
> chooses a  trademark which is inherently weak, he will not
> enjoy the wide latitude of  protection afforded the owners
> of strong trademarks. Where a party uses a weak mark, his
> competitors may come closer to his mark than would be the
> case with  a strong mark without violating his rights. The
> essence of all we have said is  that in the former case there
> is not the possibility of confusion that exists  in the latter case.

It might be a different story if Applicant were seeking to register BROOKS alone.

However, it is not.  It is seeking to register a variation of the widely used BROOKS

designation just as it and 100's of others have done.

Allowance is thought to be in order.

Respectfully submitted,

Stephen L. Baker
Attorney for Applicant
Baker & Rannells
626 North Thompson Street
Raritan, New Jersey  08869
(908) 722-5640
doc:brooks.shirts/responses

I hereby certify that this correspondence is
being deposited with the United States Postal
Service as first class mail in an envelope
addressed to:  Assistant Commissioner for
Trademarks, 2900 Crystal Drive, Arlington,
Virginia 22202.

*January 23, 2002*
Date of Deposit

*Stephen L. Baker*
Name of Applicant, Assignee, or
Registered Representative

Signature

*January 23, 2002*
Date of Signature

-11-

| Trademark | Company | Country | Registration No | Effective | Action | Expiration | Product / File Status | Misc / License | Off-Site Box Number |
|---|---|---|---|---|---|---|---|---|---|
| THE SIGN OF THE GOLDEN FLEECE BROOKS BROTHERS AND DESIGN | BBI | USA | 648,370 * | 1/11/57 | 7/11/06 | 1/11/07 | | | |
| BROOKS BROTHERS ESTABLISHED 1818 AND DESIGN | BBI | USA | 404,792 * | 12/21/43 | 6/21/03 | 12/21/03 | | | |
| BROOKS BROTHERS PERFORMANCE | BBI | USA | APP 76/024,284 | 4/12/00 | | | 25 | Notice of Allowance:  11/20/01  St. Use Due 5/20/02 | |
| BROOKS BROTHERS ESTABLISHED 1818 AND DESIGN | BBI | USA | 404,790 | 12/21/43 | 6/21/03 | 12/21/03 | 18 | | |
| BROOKS BROTHERS ESTABLISHED 1818 AND DESIGN | BBI | USA | 404,683 | 12/14/43 | 6/14/03 | 12/14/03 | 18 | | |
| BROOKS BROTHERS ESTABLISHED 1818 AND DESIGN | BBI | USA | 404,625 | 12/7/43 | 6/7/03 | 12/7/03 | | | |
| BROOKS BROTHERS | BBI | USA | 1,839,876 | 6/14/94 | 12/14/03 | 6/14/04 | 9 | | |
| BROOKS BROTHERS | BBI | USA | 1,835,798 | 5/10/94 | 11/10/03 | 5/10/04 | 42 | | |
| BROOKS BROTHERS | BBI | USA | 1,835,478 | 5/10/94 | 11/10/03 | 5/10/04 | 21 | | |
| BROOKS BROTHERS | BBI | USA | 1,771,690 | 5/18/93 | 11/18/02 | 5/18/03 | 30 | | |
| BROOKS BROTHERS | BBI | USA | 1,750,407 | 2/2/93 | 8/2/02 | 2/2/03 | 36 | | |
| BROOKS BROTHERS | BBI | USA | 667,458 | 9/23/58 | 3/23/08 | 9/23/08 | 25 | | |
| BROOKS-BLEND | BBI | USA | 1,354,158 | 8/13/85 | 2/13/05 | 8/13/05 | 24 | | |
| BROOKS BASICS | BBI | USA | APP 75/806,137 | 9/22/99 | | | 25 | Notice of Allowance:  1/23/01  St. Use Mailed to PTO 7/23/01  St. Use Accepted 11-16-01 | |
| BROOKS-AIRE | BBI | USA | 1,033,956 | 2/17/96 | 8/17/05 | 2/17/06 | 25 | | |
| BB 18 BROOKS BROTHERS | BBI | USA | 2,185,431 | 9/1/98 | 8/1/03 | 9/1/04 | 25 | | |
| BROOKS BROTHERS (script) | BBI | USA | 867,673 | 4/1/69 | 10/1/08 | 4/1/09 | 3 | | |
| BROOKS JR. | BBI | USA | APP75/806,141 | 9/22/99 | | | 25 | Notice of Allowance:  9/6/01  St. Use Due:  3/6/02 | |
| BROOKSWEAVE in script | BBI | USA | 585,767 | 2/16/54 | 8/16/03 | 2/16/04 | | | |
| BROOKSTWEED | BBI | USA | 781,452 | 12/8/64 | 6/8/04 | 12/8/04 | | | |
| BROOKSUEDE | BBI | USA | 1,291,279 | 8/21/84 | 2/21/04 | 8/21/04 | | | |
| BROOKS STRETCH | BBI | USA | 2,498,929 | 10/16/01 | 10/16/06 | 10/16/07 | 25 | Issued | |

| Trademark | Company | Country | Registration No | Effective | Actual | Expiration | Product / File Status | Misc / License | Off-Site Box Number |
|---|---|---|---|---|---|---|---|---|---|
| BROOKS LISLE | BBI | USA | 1,432,985 | 3/17/87 | 9/17/06 | 3/17/07 | | | |
| BROOKSGOLF | BBI | USA | APP 75/405,516 | 12/15/97 | | | 25 | Notice of Allowance | |
| BROOKSGATE | BBI | USA | 1,007,938 | 4/1/75 | 10/1/04 | 4/1/65 | 25 | | |
| BROOKSEASE | BBI | USA | 840,920 | 12/19/67 | 6/19/07 | 12/19/07 | | | |
| BROOKSCLOTH SHIRT COLLECTION | BBI | USA | 1,905,025 | 7/11/95 | 6/11/00 | 7/11/01 | 25 | | |
| BROOKSCLOTH | BBI | USA | 1,232,809 | 3/29/83 | 9/29/02 | 3/29/03 | | | |
| THE BROOKS CARD | BBI | USA | 2,498,978 | 10/16/01 | 10/16/06 | 10/16/07 | 36 | Issued | |



 **U.S. Trademark Electronic Search System (TESS)**

*TESS was last updated on Sat Dec 1 04:27:27 EST 2001*

| PTO HOME | TRADEMARK | TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | BOTTOM | HELP | PREV LIST |
| CURR LIST | NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

**Logout**  Please logout when you are done to release system resources allocated for you.

**Start**  List At: [    ]  OR  **Jump**  to record: [    ]   **Record 132 out of 135**

---

**Check Status**  *(TARR contains current status, correspondence address and attorney of record for this mark. Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | BOBBIE BROOKS |
| **Goods and Services** | IC 025. US 039. G & S: LADIES' DRESSES, SKIRTS, SWEATERS, COATS, SUITS, BLOUSES, SHIRTS, PLAY SUITS, SLACK SUITS, AND BATHING SUITS. FIRST USE: 19411001. FIRST USE IN COMMERCE: 19411001 |
| **Mark Drawing Code** | (5) WORDS, LETTERS, AND/OR NUMBERS IN STYLIZED FORM |
| **Serial Number** | 71626473 |
| **Filing Date** | March 14, 1952 |
| **Registration Number** | 0571337 |
| **Registration Date** | March 3, 1953 |
| **Owner** | (REGISTRANT) RITMOR SPORTSWEAR COMPANY COMPOSED OF MAX REITER AND MAURICE SALTZMAN, BOTH U.S. |

It might be a different story if Applicant were seeking to register BROOKS alone. However, it is not.  It is seeking to register a variation of the widely used BROOKS designation just as it and 100's of others have done.

Allowance is thought to be in order.

Respectfully submitted,

Stephen L. Baker
Attorney for Applicant
Baker & Rannells
359 East Main Street
Somerville, New Jersey  08876
(908) 722-5640
doc:brooksboys/responses

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to:  Assistant Commissioner for Trademarks, 2900 Crystal Drive, Arlington, Virginia 22202.

12 - 4 - 2001
Date of Deposit

Stephen L. Baker
Name of Applicant, Assignee, or Registered Representative

Signature

12 - 4 - 2001
Date of Signature

-12-