THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BROOKS SPORTS, INC., a Washington corporation, | ) ) ) |
| Plaintiff, | ) ) Case No. 2:20-cv-1491-RSM ) |
| v. | ) ) |
| SPARC Group, LLC, a Delaware limited liability company, AUTHENTIC BRANDS GROUP, LLC, a Delaware limited liability company, BB IPCO, LLC, a Delaware limited liability company, BB OPCO LLC, a Delaware limited liability company | ) **DEFENDANT BB IPCO LLC'S** ) **ANSWER, DEFENSES, AND** ) **COUNTERCLAIMS** ) ) JURY DEMAND ) ) ) |
| Defendants. | ) ) |

BB IPCO, LLC ("BB IPCO"), by and through its attorneys, Lane Powell PC and Hodgson Russ LLP, for its Answer to the First Amended Complaint (the "Complaint") of Brooks Sports, Inc. ("Brooks Sports") and for its Defenses and Counterclaims, states as follows:

1.     BB IPCO acknowledges that Brooks Sports has filed a trademark infringement lawsuit, denies that the lawsuit has any merit, and denies the remaining allegations in that paragraph.

2.     BB IPCO denies the allegations in paragraph 2.

3.     BB IPCO denies the allegations in paragraph 3.

4.     With respect to the allegations in paragraph 4, BB IPCO admits that Brooks Brothers Group, Inc. ("Brooks Brothers") filed a trademark application on or about December

DEFENDANT BB IPCO LLC'S ANSWER, DEFENSES, AND
COUNTERCLAIMS - Case No. 2:20-cv-1491-RSM - 1

30, 2019, states that the trademark application speaks for itself, states that Brooks Sports has misrepresented the content of that trademark application, and denies the remaining allegations in that paragraph.

5.      With respect to the allegations in paragraph 5, BB IPCO admits that Brooks Sports filed a lawsuit against Brooks Brothers in this Court in February 2020, admits that Brooks Sports filed a motion for a preliminary injunction in that lawsuit, admits that Brooks Brothers filed counterclaims in that lawsuit, states that those counterclaims speak for themselves, admits that Brooks Brothers filed for Chapter 11 bankruptcy protection and that the Brooks Sports/Brooks Brothers litigation was stayed as a result, and denies the remaining allegations in that paragraph.

6.      With respect to the allegations in paragraph 6, BB IPCO admits that SPARC Group, LLC ("SPARC") purchased certain Brooks Brothers assets out of bankruptcy, admits that SPARC is a joint venture between Authentic Brands Group, LLC ("ABG") and Simon Property Group, Inc. ("SPG"), and denies the remaining allegations in that paragraph.

7.      With respect to the allegations in paragraph 7, BB IPCO admits that it owns a certain intent-to-use trademark application filed by Brooks Brothers on or about December 30, 2019, admits that it continued to lawfully oppose Brooks Sports' trademark applications filed in violation of the parties 1980 Agreement, and denies the remaining allegations in that paragraph.

8.      With respect to the allegations in paragraph 8, BB IPCO admits that it intends to utilize intellectual property rights relating to the Brooks Brothers brand, and denies the remaining allegations in that paragraph.

9.      With respect to the allegations in paragraph 9, BB IPCO states that any press releases or press statements issued or made by its representatives speak for themselves, states that Brooks Sports has misrepresented press releases and press statements, and denies the remaining allegations in that paragraph.

10.     With respect to the allegations in paragraph 10, BB IPCO acknowledges that Brooks Sports' Complaint includes several causes of action relating to purported trademark

DEFENDANT BB IPCO LLC'S ANSWER, DEFENSES, AND COUNTERCLAIMS - Case No. 2:20-cv-1491-RSM - 2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

infringement, dilution, and unfair competition, states that the causes of action are meritless, and denies the remaining allegations in that paragraph.

11.     With respect to the allegations in paragraph 11, BB IPCO lacks knowledge and information sufficient to form a belief as to the truth of Brooks Sports' allegations regarding its state of incorporation and principal place of business, and denies the remaining allegations in that paragraph.

12.     With respect to the allegations in paragraph 12, BB IPCO admits that SPARC is a Delaware limited liability company, admits that SPARC is a joint venture between ABG and SPG, admits that SPARC purchased certain Brooks Brothers assets out of bankruptcy in or around August 2020, and denies the remaining allegations in that paragraph.

13.     BB IPCO lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14.     BB IPCO admits the allegations in paragraph 14.

15.     BB IPCO lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16.     With respect to the allegations in paragraph 16, BB IPCO admits that its principal place of business is located at 1411 Broadway, New York, New York 10018, admits that ABG's principal place of business is located at 1411 Broadway, New York, New York 10018, and denies the remaining allegations in that paragraph.

17.     BB IPCO lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18.     The allegations in paragraph 18 are legal conclusions to which no response is required, and to the extent that a response is required, BB IPCO denies the allegations.

19.     The allegations in paragraph 19 are legal conclusions to which no response is required, and to the extent that a response is required, BB IPCO denies the allegations.

20.     The allegations in paragraph 20 are legal conclusions to which no response is required, and to the extent that a response is required, BB IPCO denies the allegations.

DEFENDANT BB IPCO LLC'S ANSWER, DEFENSES, AND
COUNTERCLAIMS - Case No. 2:20-cv-1491-RSM - 3

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

21.     BB IPCO denies the allegations in paragraph 21.

22.     BB IPCO denies the allegations in paragraph 22.

23.     BB IPCO denies the allegations in paragraph 23.

24.     BB IPCO denies the allegations in paragraph 24.

25.     BB IPCO denies the allegations in paragraph 25.

26.     With respect to the allegations in paragraph 26, BB IPCO states that its legal positions regarding trademark rights are set forth in its counterclaims and trademark applications, states that Brooks Sports has misrepresented BB IPCO's legal positions, and denies the remaining allegations in that paragraph.

27.     BB IPCO denies the allegations in paragraph 27.

28.     The allegations in paragraph 28 are legal conclusions to which no response is required, and to the extent that a response is required, BB IPCO denies the allegations.

29.     The allegations in paragraph 29 are legal conclusions to which no response is required, and to the extent that a response is required, BB IPCO denies the allegations.

30.     The allegations in paragraph 30 are legal conclusions to which no response is required, and to the extent that a response is required, BB IPCO denies the allegations.

31.     BB IPCO lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 31.

32.     The allegations in paragraph 32 are legal conclusions to which no response is required, and to the extent that a response is required, BB IPCO denies the allegations.

33.     The allegations in paragraph 33 are legal conclusions to which no response is required, and to the extent that a response is required, BB IPCO denies the allegations.

34.     BB IPCO lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 34.

35.     BB IPCO denies the allegations in paragraph 35.

36.     BB IPCO lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 36.

DEFENDANT BB IPCO LLC'S ANSWER, DEFENSES, AND
COUNTERCLAIMS - Case No. 2:20-cv-1491-RSM - 4

37.     BB IPCO lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 37.

38.     BB IPCO lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 38.

39.     BB IPCO lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 39.

40.     BB IPCO lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 40.

41.     BB IPCO lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 41.

42.     BB IPCO denies the allegations in paragraph 42.

43.     BB IPCO lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 43.

44.     BB IPCO lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 44.

45.     BB IPCO lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 45.

46.     With respect to the allegations in paragraph 46, BB IPCO denies that the purported "Brooks Marks" are distinctive, and lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in that paragraph.

47.     BB IPCO lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 47.

48.     With respect to the allegations in paragraph 48, BB IPCO admits that the Brooks Brothers business traces its founding to 1818, and denies the remaining allegations in that paragraph.

49.     BB IPCO denies the allegations in paragraph 49.

DEFENDANT BB IPCO LLC'S ANSWER, DEFENSES, AND
COUNTERCLAIMS - Case No. 2:20-cv-1491-RSM - 5

50.     With respect to the allegations in paragraph 50, BB IPCO admits that Brooks Brothers owns a family of registered and unregistered trademarks that it uses in connection with various products, and denies the remaining allegations in that paragraph.

51.     With respect to the allegations in paragraph 51, BB IPCO admits that Brooks Brothers' registered trademarks include trademarks that combine the word "Brooks" with other words, states that the registered trademarks speak for themselves, and denies the remaining allegations in that paragraph.

52.     BB IPCO lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 53.

53.     With respect to the allegations in paragraph 53, BB IPCO admits that Brooks Brothers opposed a trademark application filed by Brooks Sports for "BROOKS," admits that Brooks Brothers and Brooks Sports entered into a settlement agreement in 1980 (the "1980 Agreement"), states that the 1980 Agreement speaks for itself, states that the 1980 Agreement precludes Brooks Sports' claims in this case, and denies the remaining allegations in that paragraph.

54.     BB IPCO denies the allegations in paragraph 54.

55.     BB IPCO denies the allegations in paragraph 55.

56.     BB IPCO denies the allegations in paragraph 56.

57.     BB IPCO denies the allegations in paragraph 57.

58.     BB IPCO denies the allegations in paragraph 58.

59.     BB IPCO denies the allegations in paragraph 59.

60.     BB IPCO denies the allegations in paragraph 60.

61.     With respect to the allegations in paragraph 61, BB IPCO admits that Brooks Brothers filed Opposition No. 91243962 as a result of Brooks Sports' breach of the 1980 Agreement, and denies the remaining allegations in that paragraph.

62.     With respect to the allegations in paragraph 62, BB IPCO admits that, on or about December 30, 2019 and January 3, 2020, Brooks Brothers filed Trademark Application Nos.

DEFENDANT BB IPCO LLC'S ANSWER, DEFENSES, AND COUNTERCLAIMS - Case No. 2:20-cv-1491-RSM - 6

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

88/742,542 and 88/746,602, states that the applications speak for themselves, and denies the remaining allegations in that paragraph.

63.     With respect to the allegations in paragraph 63, BB IPCO admits that Brooks Sports filed a lawsuit against Brooks Brothers on February 10, 2020, admits that Brooks Sports sought injunctive relief for meritless allegations of trademark infringement, and denies the remaining allegations in that paragraph.

64.     With respect to the allegations in paragraph 64, BB IPCO admits that Brooks Brothers filed an Answer and Counterclaims in *Brooks Sports, Inc. v. Brooks Brothers Group, Inc.* (20-cv-207-TSZ), states that Brooks Brothers' Answer and Counterclaims speak for themselves, and denies the remaining allegations in that paragraph.

65.     BB IPCO denies the allegations in paragraph 65.

66.     BB IPCO denies the allegations in paragraph 66.

67.     BB IPCO denies the allegations in paragraph 67.

68.     BB IPCO denies the allegations in paragraph 68.

69.     With respect to the allegations in paragraph 69, BB IPCO admits that Brooks Sports unlawfully tried to terminate the 1980 Agreement, states that Brooks Sports' attempt to terminate the 1980 Agreement is of no legal effect because Brooks Sports cannot unilaterally cancel a binding contract, and denies the remaining allegations in that paragraph.

70.     With respect to the allegations in paragraph 70, BB IPCO admits that Brooks Sports filed a motion for a preliminary injunction in *Brooks Sports, Inc. v. Brooks Brothers Group, Inc.* (20-cv-207-TSZ), and denies the remaining allegations in that paragraph.

71.     With respect to the allegations in paragraph 71, BB IPCO admits that Brooks Brothers filed for bankruptcy protection on or about July 8, 2020, and denies the remaining allegations in that paragraph.

72.     With respect to the allegations in paragraph 72, BB IPCO admits that SPARC purchased certain Brooks Brothers assets out of bankruptcy, admits that BB IPCO is the assignee of Brooks Brothers' trademark rights, and denies the remaining allegations in that paragraph.

DEFENDANT BB IPCO LLC'S ANSWER, DEFENSES, AND COUNTERCLAIMS - Case No. 2:20-cv-1491-RSM - 7

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

73.     With respect to the allegations in paragraph 73, BB IPCO states that the ITU Application and Brooks Brothers' Answer and Counterclaims in *Brooks Sports, Inc. v. Brooks Brothers Group, Inc.* (20-cv-207-TSZ) speaks for themselves, and denies the remaining allegations in that paragraph.

74.     BB IPCO denies the allegations in paragraph 74.

75.     BB IPCO denies the allegations in paragraph 75.

76.     BB IPCO denies the allegations in paragraph 76.

77.     With respect to the allegations in paragraph 77, BB IPCO admits that it is the owner of Brooks Brothers' trademark rights, applications, and oppositions, and denies the remaining allegations in that paragraph.

78.     With respect to the allegations in paragraph 78, BB IPCO states that any public statements made by its representatives speak for themselves, and denies the remaining allegations in that paragraph.

79.     With respect to the allegations in paragraph 79, BB IPCO states that any public statements made by its representatives speak for themselves, and denies the remaining allegations in that paragraph.

80.     With respect to the allegations in paragraph 80, BB IPCO states that any public statements made by its representatives speak for themselves, and denies the remaining allegations in that paragraph.

81.     With respect to the allegations in paragraph 81, BB IPCO states that the Brooks Brothers' website speaks for itself, and denies the remaining allegations in that paragraph.

82.     BB IPCO denies the allegations in paragraph 82.

83.     BB IPCO denies the allegations in paragraph 83.

84.     BB IPCO denies the allegations in paragraph 84.

85.     BB IPCO denies the allegations in paragraph 85.

86.     BB IPCO repeats its responses to the allegations incorporated by reference in paragraph 86.

DEFENDANT BB IPCO LLC'S ANSWER, DEFENSES, AND
COUNTERCLAIMS - Case No. 2:20-cv-1491-RSM - 8

1 87. BB IPCO denies the allegations in paragraph 87.

2 88. BB IPCO denies the allegations in paragraph 88.

3 89. BB IPCO denies the allegations in paragraph 89.

4 90. BB IPCO denies the allegations in paragraph 90.

5 91. BB IPCO denies the allegations in paragraph 91.

6 92. BB IPCO denies the allegations in paragraph 92.

7 93. BB IPCO denies the allegations in paragraph 93.

8 94. BB IPCO denies the allegations in paragraph 94.

9 95. BB IPCO denies the allegations in paragraph 95.

10 96. BB IPCO denies the allegations in paragraph 96.

11 97. BB IPCO repeats its responses to the allegations incorporated by reference in

12 paragraph 97.

13 98. BB IPCO denies the allegations in paragraph 98.

14 99. BB IPCO denies the allegations in paragraph 99.

15 100. BB IPCO denies the allegations in paragraph 100.

16 101. BB IPCO denies the allegations in paragraph 101.

17 102. BB IPCO denies the allegations in paragraph 102.

18 103. BB IPCO denies the allegations in paragraph 103.

19 104. BB IPCO denies the allegations in paragraph 104.

20 105. BB IPCO denies the allegations in paragraph 105.

21 106. BB IPCO denies the allegations in paragraph 106.

22 107. BB IPCO repeats its responses to the allegations incorporated by reference in

23 paragraph 107.

24 108. BB IPCO denies the allegations in paragraph 108.

25 109. BB IPCO denies the allegations in paragraph 109.

26 110. BB IPCO denies the allegations in paragraph 110.

27 111. BB IPCO denies the allegations in paragraph 111.

DEFENDANT BB IPCO LLC'S ANSWER, DEFENSES, AND
COUNTERCLAIMS - Case No. 2:20-cv-1491-RSM - 9

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

112.    BB IPCO denies the allegations in paragraph 112.

113.    BB IPCO denies the allegations in paragraph 113.

114.    BB IPCO denies the allegations in paragraph 114.

115.    BB IPCO denies the allegations in paragraph 115.

116.    BB IPCO denies the allegations in paragraph 116.

117.    BB IPCO denies the allegations in paragraph 117.

118.    BB IPCO repeats its responses to the allegations incorporated by reference in paragraph 118.

119.    BB IPCO denies the allegations in paragraph 119.

120.    BB IPCO denies the allegations in paragraph 126.

121.    BB IPCO denies the allegations in paragraph 121.

122.    BB IPCO denies the allegations in paragraph 122.

123.    BB IPCO denies the allegations in paragraph 123.

124.    BB IPCO denies the allegations in paragraph 124.

125.    BB IPCO denies the allegations in paragraph 125.

126.    BB IPCO denies the allegations in paragraph 126.

127.    BB IPCO repeats its response to the allegations incorporated by reference in paragraph 127.

128.    BB IPCO denies the allegations in paragraph 128.

129.    BB IPCO denies the allegations in paragraph 129.

130.    BB IPCO denies the allegations in paragraph 130.

131.    BB IPCO denies the allegations in paragraph 131.

132.    BB IPCO denies the allegations in paragraph 132.

133.    BB IPCO denies the allegations in paragraph 133.

134.    BB IPCO denies the allegations in paragraph 134.

135.    BB IPCO denies the allegations in paragraph 135.

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

136.    BB IPCO repeats its responses to the allegations incorporated by reference in paragraph 136.

137.    BB IPCO denies the allegations in paragraph 137.

138.    BB IPCO denies the allegations in paragraph 138.

139.    BB IPCO denies the allegations in paragraph 139.

140.    BB IPCO denies the allegations in paragraph 140.

141.    BB IPCO denies the allegations in paragraph 141.

142.    BB IPCO denies the allegations in paragraph 142.

143.    BB IPCO denies the allegations in paragraph 143.

144.    BB IPCO denies the allegations in paragraph 144.

145.    BB IPCO repeats its responses to the allegations incorporated by reference in paragraph 145.

146.    With respect to the allegations in paragraph 146, BB IPCO acknowledges that Brooks Sports seeks a declaratory judgment in this action, denies that the action has any merit, and denies the remaining allegations in that paragraph.

147.    With respect to the allegations in paragraph 147, BB IPCO admits Brooks Brothers filed counterclaims in *Brooks Sports, Inc. v. Brooks Brothers Group, Inc.* (20-cv-207-TSZ), states that Brooks Brothers' counterclaims speak for themselves, and denies the remaining allegations in that paragraph.

148.    With respect to the allegations in paragraph 148, BB IPCO admits that it owns Brooks Brothers' trademark rights, including but not limited to, trademark registrations, applications (including the ITU Applications), and oppositions, and denies the remaining allegations in that paragraph.

149.    With respect to the allegations in paragraph 149, BB IPCO states that the ITU Applications and the documents filed in connection with the applications speak for themselves, and denies the remaining allegations in that paragraph.

DEFENDANT BB IPCO LLC'S ANSWER, DEFENSES, AND
COUNTERCLAIMS - Case No. 2:20-cv-1491-RSM - 11

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

1    150.    With respect to the allegations in paragraph 150, BB IPCO states that the ITU

2  Applications and the documents filed in connection with the applications speak for themselves,

3  and denies the remaining allegations in that paragraph.

4    151.    BB IPCO denies the allegations in paragraph 151.

5    152.    BB IPCO denies the allegations in paragraph 152.

6    153.    BB IPCO denies the allegations in paragraph 153.

7    154.    BB IPCO denies the allegations in paragraph 154.

8    155.    BB IPCO repeats is responses to the allegations incorporated by reference in

9  paragraph 155.

10   156.    BB IPCO denies the allegations in paragraph 156.

11   157.    BB IPCO repeats is responses to the allegations incorporated by reference in

12  paragraph 157.

13   158.    BB IPCO denies the allegations in paragraph 158.

14   159.    BB IPCO repeats is responses to the allegations incorporated by reference in

15  paragraph 159.

16   160.    BB IPCO denies the allegations in paragraph 160.

17   161.    BB IPCO repeats is responses to the allegations incorporated by reference in

18  paragraph 161.

19   162.    BB IPCO denies the allegations in paragraph 162.

20   163.    BB IPCO repeats is responses to the allegations incorporated by reference in

21  paragraph 163.

22   164.    BB IPCO denies the allegations in paragraph 164.

23   165.    BB IPCO repeats is responses to the allegations incorporated by reference in

24  paragraph 165.

25   166.    BB IPCO denies the allegations in paragraph 166.

26   167.    BB IPCO denies the allegations in paragraph 167.

27

DEFENDANT BB IPCO LLC'S ANSWER, DEFENSES, AND
COUNTERCLAIMS - Case No. 2:20-cv-1491-RSM - 12

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

168.    The allegations in paragraph 168 are legal conclusions to which no response is required, due to the extent that a response is required, BB IPCO denies the allegations.

169.    BB IPCO denies each and every allegation not expressly addressed in the preceding paragraphs of this Answer.

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

## DEFENSES

### First Defense

170.    Brooks Sports' Complaint fails to state a claim upon which relief can be granted.

### Second Defense

171.    Brooks Sports' claims are barred by the 1980 Agreement.

### Third Defense

172.    Brooks Sports' claims are barred because Brooks Sports breached the 1980 Agreement.

### Fourth Defense

173.    Brooks Sports' claims are moot and present no justiciable claim.

### Fifth Defense

174.    Brooks Brothers' filing of trademark applications does not constitute trademark use or infringement and does not create a justiciable controversy.  Brooks Brothers' alleged intent to use trademark applications does not constitute trademark use or infringement and does not create a justiciable controversy.

### Sixth Defense

175.    Brooks Sports' claims are barred by the doctrines of waiver, laches, acquiescence and/or estoppel.  In addition, Brooks Sports is estopped under the parties' 1980 settlement agreement from pursuing any of its claims.

### Seventh Defense

176.    Brooks Sports' claims are barred, in whole in part, by the doctrine of unclean hands.

### Eighth Defense

177.    Brooks Sports has failed to mitigate its alleged damages, if any.

DEFENDANT BB IPCO LLC'S ANSWER, DEFENSES, AND COUNTERCLAIMS - Case No. 2:20-cv-1491-RSM - 14

**Ninth Defense**

178.    BB IPCO's actions alleged in the Complaint were innocent and non-willful.

**Tenth Defense**

179.    Except with respect to athletic footwear, the BROOKS word mark is primarily merely a surname and has not acquired any secondary meaning that can be claimed by Brooks Sports.

**Eleventh Defense**

180.    Except with respect to athletic footwear, the BROOKS word mark is unregistrable, invalid, and unprotectable to Brooks Sports.

**Twelfth Defense**

181.    Brooks Sports is not entitled to injunctive relief because any alleged injury to Brooks Sports is not immediate or irreparable, and Brooks Sports has an adequate remedy at law.

**Thirteenth Defense**

182.    Brooks Sports' claims are barred because Brooks Brothers (and thus BB IPCO) has trademark priority.

**Fourteenth Defense**

183.    Brooks Sports' claims are barred because Brooks Brothers (and now BB IPCO) is the owner of a family of prior BROOKS and BROOKS-formative registrations, as set forth on Exhibit 1 and as discussed in the Counterclaims, and many of the prior registrations are incontestable.

**Fifteenth Defense**

184.    Brooks Sports' alleged trademarks are not famous or distinctive, and as a result, Brooks Sports' dilution and tarnishment claims are barred.

**Sixteenth Defense**

185.    Brooks Sports' claims are barred because BB IPCO is the owner of prior BROOKS and BROOKS-formative registrations, which cover all types of clothing, without

DEFENDANT BB IPCO LLC'S ANSWER, DEFENSES, AND
COUNTERCLAIMS - Case No. 2:20-cv-1491-RSM - 15

limitation.  Brooks Brothers sold all types of clothing using these marks prior to any date that may be claimed by Brooks Sports.

### Seventeenth Defense

186.    Brooks Sports' claims are barred because Brooks Brothers' goods fall within the natural zone of expansion.

### Eighteenth Defense

187.    Some of Brooks Sports' claims are barred the applicable statutes of limitations.

### RESERVATION OF RIGHTS

188.    BB IPCO reserves its right to assert other defenses as they may become available or apparent during the course of discovery.

DEFENDANT BB IPCO LLC'S ANSWER, DEFENSES, AND
COUNTERCLAIMS - Case No. 2:20-cv-1491-RSM - 16

## COUNTERCLAIMS

### Overview of the Action

189.     This dispute arises out of Brooks Sports' bad-faith breach of a long-standing coexistence agreement and Brooks Sports' willful infringement of BB IPCO's intellectual property rights in the Brooks Brothers family of trademarks.

190.     Brooks Brothers is an iconic brand founded in 1818.  It is the oldest apparel company in the United States and a world-renowned fashion innovator.  While famous for its clothing offerings and related retail services, Brooks Brothers is also well-known as a lifestyle brand, which has marketed and sold footwear, eyewear, bags, jewelry, watches, sports articles, games, personal care items, tableware, fragrances, bedding, linens, Christmas ornaments, food items, beverages, and more.

191.     Brooks Brothers traces its founding to April 7, 1818, when Henry Sands Brooks opened the "Brooks Clothing Store" in New York City.  Brooks Brothers started using the trademark BROOKS BROTHERS on its clothing and in connection with retail services as early as 1854.  Brooks Brothers owned numerous trademark registrations in the United States Patent and Trademark Office ("USPTO") that are comprised of BROOKS BROTHERS or BROOKS for various goods and services—the earliest of which registered in 1915 (Reg. No. 103,889 issued April 20, 1915) for a myriad of clothing articles and footwear.  *See also infra* ¶¶ 194, 213 & **Exhibit 1**.

192.     Brooks Brothers has long been known by consumers as BROOKS as a result of the company's marketing campaigns that refer to the brand as BROOKS.  Brooks Brothers reinforced this branding message through its use of the BROOKS BROTHERS trademark and a family of BROOKS-formative marks.

193.     Brooks Sports, formerly known as "BRUXSHU" and "Brooks Shoe," sells only running shoes and clothing used in the sport of running.  Its ecommerce site, www.brooksrunning.com, is dedicated solely to footwear and running apparel.  Brooks Sports first started selling running shoes in the 1970s—over a century after Brooks Brothers' adoption

DEFENDANT BB IPCO LLC'S ANSWER, DEFENSES, AND
COUNTERCLAIMS - Case No. 2:20-cv-1491-RSM - 17

and use of the BROOKS BROTHERS mark, and about sixty years after the first BROOKS

BROTHERS trademark registration for clothing and footwear.

194.    In 1977, Brooks Sports filed its first trademark application with the USPTO.

Brooks Sports sought protection for the word BROOKS alone (not joined with another word or

symbol) in connection with athletic shoes.  Brooks Brothers opposed that application before the

Trademark Trial and Appeal Board ("TTAB") based on Brooks Brothers' numerous preexisting

BROOKS-formative registrations and family of marks, including, for example, registrations for

BROOKS BROTHERS (Reg. No. 103,889 issued April 20, 1915), BROOKSWEAVE (Reg. No.

585,767 issued February 16, 1954), BROOKSCLOTH (Reg. No. 610,759 issued August 16,

1955), BROOKSTWEED (Reg. No. 716,195 issued December 8, 1964), BROOKSTRAVELER

(Reg. No. 794,119 issued August 10, 1965), BROOKSEASE (Reg. No. 840,920 issued

December 19, 1967), BROOKSGATE (Reg. No. 1,007,938 dated April 1, 1975), and BROOKS-

AIRE (Reg. No. 1,033,956 issued February 17, 1976).

195.    To resolve the dispute before TTAB and to memorialize an understanding on

coexisting trademark use and filings, Brooks Brothers and Brooks Sports entered into a

settlement agreement in 1980 (the "1980 Agreement"), which is attached as **Exhibit 2.**

196.    One of the principal objectives of the 1980 Agreement was to govern the parties'

use of the word BROOKS alone.  To that end, under the 1980 Agreement, the parties agreed to

the following principal terms:

(a)     Brooks Brothers would not object to Brooks Sports' use or
registration of the word BROOKS, as a stand-alone mark, solely in
connection with athletic shoes.  Brooks Sports would only use or
apply for a stand-alone BROOKS word mark in connection with
athletic shoes.  *See, e.g.*, Ex. 2 ¶ 1.

(b)     Brooks Sports would not object to Brooks Brothers' use or
registration of BROOKS, as a stand-alone mark, in connection with
clothing and footwear not classified as athletic shoes.  *See, e.g.*, Ex.
2 ¶ 2.

(c)     Brooks Sports could use or seek to register the word
BROOKS in connection with certain athletic clothing, but *only if*
Brooks Sports closely joined that word with another word or symbol

DEFENDANT BB IPCO LLC'S ANSWER, DEFENSES, AND
COUNTERCLAIMS - Case No. 2:20-cv-1491-RSM - 18

(*i.e.*, if it used BROOKS within a composite mark).  *See, e.g.*, Ex. 2 ¶ 3.

(d)     Brooks Sports would abide by specific use parameters designed to ensure that the word BROOKS would not be featured by Brooks Sports as a stand-alone mark.  *See, e.g.*, Ex. 2 ¶ 3.

197.    Brooks Brothers abided by the terms of the 1980 Agreement.  Brooks Brothers did not challenge Brooks Sports' use and registration of BROOKS as a stand-alone mark in connection with athletic shoes.  Brooks Brothers did not challenge Brooks Sports' use and registration of BROOKS in connection with athletic clothing when BROOKS was closely joined with another word or symbol.

198.    After almost thirty years of contract compliance by Brooks Brothers, Brooks Sports decided to willfully breach the 1980 Agreement.  In 2018 and 2020, Brooks Sports filed trademark applications for the word mark BROOKS alone, without joining any symbol or other word, to be used in connection with athletic clothing.  Brooks Sports also began offering for sale and selling clothing emblazoned with the mark BROOKS, without a symbol or second term (the "Breaching Goods").

199.    Brooks Brothers tried to resolve the dispute in good faith and requested Brooks Sports' compliance with the 1980 Agreement.  But Brooks Sports refused to honor its contract.

200.    Then, in February 2020, Brooks Sports filed a preemptive lawsuit in this Court—captioned *Brooks Sports, Inc. v. Brooks Brothers Group, Inc.* (20-cv-207-TSZ)—which constituted yet another breach of the 1980 Agreement.  In its Complaint, Brooks Sports sought to prevent Brooks Brothers from using the word BROOKS in connection with the sale of athletic clothing and apparel (**Exhibit 9 ¶¶** 48-52), even though Brooks Sports expressly agreed in paragraph 2 of the 1980 Agreement that it would "not object to the use and registration by BROOKS BROTHERS for the entire world of the Trademark or Service Mark BROOKS or BROOKS BROTHERS in connection with services related to the sale of ***clothing*** . . . ."  *See* Ex. 2 ¶ 2 (emphasis added).  Brooks Sports included a baseless cause of action for alleged breach of

DEFENDANT BB IPCO LLC'S ANSWER, DEFENSES, AND COUNTERCLAIMS - Case No. 2:20-cv-1491-RSM - 19

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

the 1980 Agreement, and in doing so, Brooks Sports acknowledged that the 1980 Agreement is a binding, enforceable contract.  Ex. 9 ¶¶ 121-124.

201.    On March 4, 2020, Brooks Brothers filed counterclaims in *Brooks Sports, Inc. v. Brooks Brothers Group, Inc.* (20-cv-207-TSZ), alleging, *inter alia*, breach of the 1980 Agreement, unfair competition, trademark infringement, and dilution.  *See* **Exhibit 10**.  In its Counterclaims, Brooks Brothers explained that Brooks Sports' lawsuit was an ill-conceived ploy to evade the 1980 Agreement.

202.    Recognizing the weakness of its legal position, Brooks Sports shifted strategy.  In June 2020 (about two months after receiving Brooks Brothers' counterclaims), Brooks Sports' CEO purported to unilaterally terminate the 1980 Agreement by letter—with no justification and no statement of cause.  Brooks Sports no longer liked the deal that the company had negotiated in 1980, and as a result, Brooks Sports wanted to renege.  Of course, Brooks Sports cannot simply walk away from a binding contract and void mutual obligations based on the say-so of its CEO.  Brooks Sports' June 2020 letter was a declaration of intentional breach, not a legally effective termination notice.

203.    On July 9, 2020, the Court stayed *Brooks Sports, Inc. v. Brooks Brothers Group, Inc.* (20-cv-207-TSZ) after Brooks Brothers filed for Chapter 11 bankruptcy protection.  BB IPCO is now the owner by assignment of Brooks Brothers' trademarks and trademark applications.  BB IPCO is also Brooks' Brothers successor to the 1980 Agreement.

204.    In this case, Brooks Sports has asserted baseless, preemptive claims against BB IPCO and the other defendants as part of a continuing effort to evade the 1980 Agreement and to infringe the Brooks Brothers trademarks.  Unlike its first case against Brooks Brothers, in which Brooks Sports sued for alleged breach of the 1980 Agreement, Brooks Sports now pretends that the 1980 Agreement no longer exists.

205.    Through these Counterclaims, BB IPCO seeks equitable and monetary remedies for Brooks Sports' willful breach of the 1980 Agreement and Brooks Sport's continuing trademark infringement.

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

**The Parties, Relevant Non-Parties, and Jurisdiction**

206.    Brooks Brothers Group, Inc. ("Brooks Brothers") (the successor-in-interest to Garfinckel, Brooks Brothers, Miller & Rhoads, Inc.) was a Delaware Corporation with a principal place of business in New York, New York.  Brooks Brothers marketed and sold lifestyle goods and apparel, including, but not limited to, clothing, footwear, eyewear, bags, jewelry, watches, sports articles, games, personal care items, tableware, fragrances, bedding, linens, Christmas ornaments, food items, beverages, and more under the BROOKS family of marks.

207.    BB IPCO is a Delaware limited liability company with a principal place of business in New York, New York.  BB IPCO is the owner of the Brooks Brothers family of trademarks, including all trademark registrations and applications.  BB IPCO is a party to the 1980 Agreement by virtue of assignment.  BB IPCO possesses all rights formerly held by Brooks Brothers under the 1980 Agreement.

208.    Brooks Sports (the successor in interest to Brooks Shoe Manufacturing Company) is a Washington corporation with a principal place of business in Seattle, Washington.  Brooks Sports was founded as a ballet shoe and water shoe company.  It began selling running shoes in the 1970s under the name BRUXSHU.

209.    Brooks Sports is subject to general personal jurisdiction in Washington because it is a Washington corporation with a principal place of business in Washington.

210.    Venue is proper under 28 U.S.C. Section 1392(b)(1).

**THE FACTS**

I.    **Brooks Brothers' Famous Brand and Trademarks**

211.    Brooks Brothers started using the trademark BROOKS BROTHERS on its clothing, and in connection with retail store services, as early as 1854.  Its first trademark registration for clothing and footwear (among other things) issued in 1915.

DEFENDANT BB IPCO LLC'S ANSWER, DEFENSES, AND COUNTERCLAIMS - Case No. 2:20-cv-1491-RSM - 21

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

212.    Brooks Brothers has long referred to itself as BROOKS, and Brooks Brothers' customers do as well.

213.    Brooks Brothers has owned, and BB IPCO continues to own, many registrations for BROOKS-formative marks in the United States and throughout the world, including, but not limited to: BROOKS BOYS, THE BROOKS CARD, BROOKS BUYS, MY BROOKS REWARDS, BROOKSGATE, BROOKSTWEED, BROOKSCLOUD, BROOKSCOOL, BROOKSSTORM, BROOKS-AIRE, BROOKSTECH BROOKS STRETCH, BROOKSFLANNEL, BROOKS BONUS, BROOKS BASICS, BROOKSCLOTH, BROOKSSUEDE, BROOKS-BLEND, BROOKS LISLE, and BROOKSWEAVE.  The registrations encompass a family of BROOKS-formative marks.

214.    These registrations cover a wide variety of goods and services, including clothing and footwear, jewelry, bags and luggage, sporting goods, home furnishings, fragrances, and retail store services.

215.    A summary table that identifies BB IPCO's current family of BROOKS-formative marks is attached as **Exhibit 1**, along with copies of corresponding applications and registration certificates.  Each of the trademarks noted with an asterisk is incontestable under 15 U.S.C. §§ 1065 and 1115(b).

216.    BB IPCO is the owner of the trademarks on Exhibit 1.  BB IPCO also owns the common law rights in the identified trademarks and the mark BROOKS.  The Brooks Brothers' registered and common-law trademarks, now owned by BB IPCO, are referred to collectively herein as the "Trademarks" or the "Brooks Brothers Trademarks."

217.    The Trademarks are in full force and effect.  The Trademarks and associated goodwill have never been abandoned.  BB IPCO intends to continue to use, preserve, and maintain its rights in the Trademarks.

DEFENDANT BB IPCO LLC'S ANSWER, DEFENSES, AND
COUNTERCLAIMS - Case No. 2:20-cv-1491-RSM - 22

A.     The Long History of Use and Promotion of
       the Brooks Brothers Famous Brand and Trademarks

218.    Most recently, Brooks Brothers owned and operated more than 250 retail stores in the United States and more than 500 store locations in 45 countries around the world.  Brooks Brothers spent millions of dollars each year to advertise and promote products offered for sale and sold under the Trademarks.  For example, Brooks Brothers' products are advertised and promoted through print media, social media, email blasts, outdoor advertising, on the radio, and through sponsorship of various sporting events, music events, and charitable events.

219.    For nearly a century, a Brooks Brothers' advertisement has appeared daily on page two of *The New York Times*.  Copies of these advertisements also appeared generally in *The Boston Globe*, *The Los Angeles Times, The Chicago Tribune* and *The Washington Post*.  Brooks Brothers has long been the subject of unsolicited media coverage referencing Brooks Brothers within articles authored by third parties since 1857.

220.    Before the launch of Brooks Brothers' e-commerce website in 1997, Brooks Brothers' sales catalogs were distributed to nearly one million households and businesses throughout the United States.

221.    Brooks Brothers' shirts have repeatedly been top rated in *Consumer Reports*.

222.    Brooks Brothers has clothed 40 out of 45 U.S. Presidents.  Brooks Brothers outfitted soldiers with uniforms during the Civil War.

223.    Brooks Brothers' clothes are often adorned by celebrities and "A-listers" to award shows and high profile events, including the Academy Awards.

224.    Brooks Brothers clothing and stores can be found within hundreds of movies, television shows, and Broadway musicals, including, but not limited to: *Mad Men; Saturday Night Live; The Colbert Report; The Graduate; The Great Debaters; In the Heat of the Night; Pearl Harbor; Royal Tenenbaums; Ali;Up in the Air; The Adjustment Bureau; The Muppets; Argo; Slumdog Millionaire; The Great Gatsby; Parks and Recreation; The Shadow*; *Promises, Promises; How to Succeed in Business; Finding Neverland; Love Letters; West Side Story; How*

DEFENDANT BB IPCO LLC'S ANSWER, DEFENSES, AND
COUNTERCLAIMS - Case No. 2:20-cv-1491-RSM - 23

*to get away with Murder; Scandal; The Americans; Manifest; Blacklist; The Politician;*
*American Horror Story (all seasons); Law & Order SVU; Prodigal Son; Bosch; Goliath; Good*
*Girls; Glee; Gossip Girl; Billions; and Succession.*

225.    Brooks Brothers has been the selected outfitter and designer for various uniforms and dress, including, for example, Jazz at Lincoln Center, the Inter Milan Soccer Team, the Olympiacos Football Club, the Japan Samurai baseball team, and the New York Yacht Club.

226.    Brooks Brothers has entered into various sports ambassadorship agreements to promote the Trademarks, including agreements with professional athletes, such as Taylor Leon and James Driscoll.

227.    Brooks Brothers used the Trademarks in sponsorship of various sporting events and/or co-branded product lines, including the Head of the Charles Regatta, the Churchill Downs/Kentucky Derby, the PGA, St. Jude Classic, Pebble Beach the Concours D'Elegance, St. Andrews Links and the International Tennis Hall of Fame.

228.     Brooks Brothers used the Trademarks in connection with philanthropic activities for St. Jude Children's Hospital, the Make A Wish Foundation, the American Red Cross, and others.

229.    In 2020, when the United States suffered the onset of the COVID-19 pandemic, in response to an urgent call from the White House and other state and local leaders for personal protective equipment, Brooks Brothers transformed its factories to manufacture hand-sewn masks for front-line workers

230.    Throughout Brooks Brothers' history, customers, the media, and authors of famous literary works have referred to Brooks Brothers as "BROOKS," and Brooks Brothers has routinely referred to itself as "BROOKS" on its website and in advertising, such that BROOKS is synonymous with BROOKS BROTHERS.

231.    The federal judiciary has recognized that "BROOKS" is a source indicator for Brooks Brothers.  In 1945, when Brooks Brothers filed a trademark infringement lawsuit against Brooks Clothing of California, the U.S. District Court for the Southern District of California

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

ruled in Brooks Brothers' favor and found that the word "BROOKS," without "BROTHERS," had become the identification mark of Brooks Brothers and its clothes:

> [A]s the plaintiff, over a long period of years, has used "Brooks Brothers" as a tradename and mark, and has had, since 1915, a federal registration, and the plaintiff and the family which began the business a century and a quarter ago, having used the name "Brooks" in one form or another, which use was accompanied by extensive nation-wide advertising and solicitation of custom and fair dealings with customers in most of the states in the Union, the good will engendered by the word "Brooks" and by these practices belong to it.  More, it has created a condition where, to use the language of the Restatement of Torts, "confusion of source" is inherent in the use of the word "Brooks" by anyone but the plaintiff.

*See* **Exhibit 3**.

232.    As a result of Brooks Brothers' remarkable success, it has become one of the largest and best-known apparel companies in the United States and in the world.

233.    Due to Brooks Brothers' exclusive and extensive use of the Trademarks, and BB IPCO's continued use of the Trademarks, the marks have acquired enormous value, recognition, and goodwill in the United States and throughout the world.  The Trademarks are well known to the consuming public and trade as identifying and distinguishing Brooks Brothers, exclusively and uniquely, as the source of origin of the high-quality products to which the Trademarks are applied.

234.    The Trademarks qualify as famous marks under 15 U.S.C. §1125(c)(1).

235.    Due to the widespread sale of Brooks Brothers' goods and celebrity that the Trademarks have achieved, Brooks Brothers' goods and the Trademarks are recognized by the public and the trade as originating from a single source.

**B.**    **Use of the Brooks Brothers Famous Brand and Trademarks on Sportswear**

236.    Brooks Brothers has long offered a wide array of clothing.  While most sought after for its tailored clothing, shirts, pants, and related articles, it was also an innovator and seller of sportswear and athleisure.  Brooks Sports' allegations to the contrary are demonstrably false.

DEFENDANT BB IPCO LLC'S ANSWER, DEFENSES, AND COUNTERCLAIMS - Case No. 2:20-cv-1491-RSM - 25

Indeed, the Brooks Brothers Trademarks and famous brand were used in connection with sportswear long before Brooks Sports even sold clothing.

237.    Brooks Brothers is credited with bringing to the United States the first polo shirt, as well as designing and selling tennis clothing, ski clothing, swimwear, and golf apparel, which continues to be popular among customers today.

238.    Brooks Brothers also marketed and sold sports shoes, golf balls, golf tees, golf tools, golf bags, croquet sets, hunting apparel, and custom polo gear.

239.    Brooks Brothers sold sportswear under the Trademarks beginning in the 1800s. The company marketed its "sporting department" in advertising as early as 1939.  In 1940 advertising, the Brooks Brothers "Sporting Department offered everything to wear for skiing." Brooks Brothers' mail order catalogs, which were distributed nationwide, have consistently advertised sportswear and athleisure.  Examples of some of these items offered over approximately the last 60 years can be found in **Exhibit 4**.

240.    The Trademarks have no limitations within their registrations.  They afford BB IPCO protection for its marks for all types of clothing and all channels of trade.  As a result of the foregoing, BB IPCO has the exclusive rights to use the Trademarks without limitation.

## II.    The 1980 Agreement and the Parties' Course of Dealing

241.    Brooks Sports, originally known as BRUXSHU and later as Brooks Shoe, was founded as a company that sold water shoes and ballet shoes.  The company's website celebrates the brand's history of selling under the name BRUXSHU in the early-to-mid 1900s.

242.    In the 1970s, Brooks Sports first started selling running shoes.

243.    In 1977—over 62 years after the first BROOKS BROTHERS trademark registration for clothing and footwear and over 100 years after Brooks Brothers started using its Trademarks in commerce —Brooks Sports filed a trademark application in the USPTO for the word mark BROOKS in connection with athletic shoes.  Brooks Sports had knowledge of Brooks Brothers' Trademarks before Brooks Sports' use and adoption of the name BROOKS.

DEFENDANT BB IPCO LLC'S ANSWER, DEFENSES, AND
COUNTERCLAIMS - Case No. 2:20-cv-1491-RSM - 26

244.     On the basis of its prior rights in BROOKS, and registrations for

BROOKS-formative marks in relation to clothing and footwear, Brooks Brothers opposed the

1977 BROOKS application of Brooks Sports (U.S. Serial No. 73/125,926, dated May 9, 1977)

for athletic shoes before the TTAB.  When Brooks Brothers instituted the opposition, Brooks

Brothers owned, by way of example, registrations for BROOKS BROTHERS (Reg. No. 103,889

issued April 20, 1915 and Reg. No. 667,458 issued September 23, 1958), BROOKSWEAVE

(Reg. No. 585,767 issued February 16, 1954), BROOKSCLOTH (Reg. No. 610,759 issued

August 16, 1955), BROOKSTWEED (Reg. No. 716,195 issued December 8, 1964),

BROOKSTRAVELER (Reg. No. 794,119 issued August 10, 1965), BROOKSEASE (Reg. No.

840,920 issued December 19, 1967), BROOKSGATE (Reg. No. 1,007,938 dated April 1, 1975),

and BROOKS-AIRE (Reg. No. 1,033,956 issued February 17, 1976).  As a result of such

ownership and use, Brooks Brothers had legal priority in a family of BROOKS-formative marks.

245.     To resolve the TTAB proceeding, and to memorialize a path forward for the two

companies to coexist in the marketplace and on trademark registers, the parties entered into the

1980 Agreement (Ex. 2).

246.     The 1980 Agreement was signed by Garfinckel, Brooks Brothers, Miller &

Rhoads, Inc., on the one hand, and Brooks Shoe Manufacturing Company, Inc., on the other.

Brooks Brothers is a successor to Garfinckel, Brooks Brothers, Miller & Rhoads, Inc.  Brooks

Sports is a successor to Brooks Shoe Manufacturing Company, Inc.  BB IPCO succeeded to all

of Brooks Brothers' rights under the 1980 Agreement.  Brooks Sports and BB IPCO are

currently parties to, and are bound by, the 1980 Agreement.

247.     In the introductory paragraphs of the 1980 Agreement, Brooks Sports

acknowledged Brooks Brothers' longstanding ownership of the BROOKS BROTHERS and

BROOKS marks.  *See* Ex. 2.

248.     One of the principal objectives of the 1980 Agreement was to govern the parties'

use and registration of word BROOKS alone.  To that end, under the 1980 Agreement, Brooks

Sports and Brooks Brothers agreed to several covenants whereby (1) each party promised not to

DEFENDANT BB IPCO LLC'S ANSWER, DEFENSES, AND
COUNTERCLAIMS - Case No. 2:20-cv-1491-RSM - 27

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

object to certain activity and (2) each party promised not to use or seek registration of certain marks.

249.    Under the 1980 Agreement, Brooks Brothers agreed not to object to Brooks Sports' use or registration of the word BROOKS, as a stand-alone mark, solely in connection with athletic shoes.  Brooks Sports agreed that it would only use or apply for a stand-alone BROOKS word mark in connection with athletic shoes.  *See, e.g.*, Ex. 2 ¶ 1.

250.    Under the 1980 Agreement, Brooks Sports agreed not to object to Brooks Brothers' use or registration of BROOKS, as a stand-alone mark, in connection with clothing and footwear not classified as athletic shoes.  *See, e.g.*, Ex. 2 ¶ 2.

251.    Under the 1980 Agreement, Brooks Sports agreed that, to the extent it used or sought to register a mark including the word BROOKS in connection with athletic clothing or athletic equipment, it would closely join that word with a symbol or other word.  *See, e.g.*, Ex. 2 ¶ 3.

252.    Under paragraph 4 of the 1980 Agreement, Brooks Sports agreed to abide by specific use parameters.  These use parameters were designed to avoid confusion in the marketplace and to ensure that the word BROOKS would not be featured by Brooks Sports as a separate or stand-alone mark on Brooks' Sports athletic clothing and equipment:

> [T]he use by Brooks Shoe of the second word or symbol together with the word BROOKS shall be under such conditions that the word BROOKS will be fairly and closely associated with the second word or symbol and that the size of the letters in the word BROOKS shall be of a height not greater than twice the height of the second word or of the symbol.  Where Brooks Shoe uses a symbol together with the word BROOKS, such symbol shall be of a height at least equal to the height of the letters of the word BROOKS.

Ex. 2 ¶ 4.

253.    The language and intent of the 1980 Agreement was clear.  Brooks Sports could use or seek to register the word BROOKS as a stand-alone mark in connection with athletic shoes.  Brooks Brothers could use or seek to register the word BROOKS as a stand-alone mark

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

in connection with clothing and footwear, as long as the footwear was not classified as athletic shoes.  Brooks Sports could use or seek to register the word BROOKS in connection with athletic clothing, but only as a composite mark—that is, closely joined with a symbol or other word.

254.    The parties' course of dealing confirmed this understanding.  For many years after the 1980 Agreement, Brooks Sports sold only running shoes.  During the period of 1983 to 2000, Brooks Sports filed several trademark applications for athletic equipment or clothing that incorporated the word BROOKS, but in every instance, the word was joined with a symbol that Brooks Sports refers to as its "Path Logo."  *See, e.g.*, U.S. Trademark Application Serial Nos. 73425026; 73425027; 74280580; 74046570; and 75932902.  *See* **Exhibit 5**.

255.    On several occasions, Brooks Sports acknowledged its obligations under the 1980 Agreement by abandoning trademark applications or limiting its marketplace conduct.  For example:

(a)    In October 2004, Brooks Sports filed a U.S. trademark application (Serial No. 78508128) for BROOKS as a stand-alone word mark for water-bottle holsters and for athletic bags, gym bags, backpacks, fanny packs, and fanny packs with water holders.  This application violated the 1980 Agreement.  After Brooks Brothers challenged Brooks Sports' breach, Brooks Sports expressly abandoned the application and acknowledged its obligations under the 1980 Agreement.

(b)    In or about 2004 through 2006, Brooks Sports filed trademark applications for BROOKS alone (not in connection with a symbol or other word) in several countries for bags and clothing in Classes 18 and 25, respectively. Brooks Brothers objected to these filings because, among other reasons, they violated the 1980 Agreement.  Brooks Sports later withdrew the registrations in recognition of the parties' 1980 Agreement.  *See, e.g.*, Canadian Trademark Application No. 1233948 and Australian Trademark Application No. 1145895.

256.    Attached as **Exhibit 6** is a 2011 email from Brooks Sports' counsel to Brooks Brothers' counsel acknowledging that several trademark applications filed by Brooks Sports in Panama, Australia, the EU, Canada, Taiwan, Chile, and Singapore violated the 1980 Agreement. The email also summarized Brooks Sports' undertakings to remedy these breaches.

DEFENDANT BB IPCO LLC'S ANSWER, DEFENSES, AND COUNTERCLAIMS - Case No. 2:20-cv-1491-RSM - 29

257.   The longstanding agreement and course of dealing between Brooks Sports and Brooks Brothers was that Brooks Sports could file trademarks and use BROOKS alone only for athletic shoes, and that in connection with athletic apparel, Brooks Sports must always file and use a symbol (*i.e.*, the Path Logo) or a word with BROOKS in accordance with the parameters set forth in the 1980 Agreement.

III.   **Brooks Sports' Willful Breach of the 1980 Agreement**

   A.   **The Trademark Applications**

258.   In 2018 and 2020, Brooks Sports breached the 1980 Agreement, and the parties' long-standing course of dealing, by filing trademark applications for the word mark BROOKS in connection with athletic clothing and not solely athletic footwear.

259.   Specifically, on February 20, 2018, Brooks Sports filed U.S. Trademark Application Serial No. 87804267 (the "'267 Application") for the word mark BROOKS in connection with athletic footwear and athletic clothing—namely, tops, pants, jackets, headwear, shorts, tights, hosiery, bras, gloves, mittens, sweat shirts, skirts, leggings, rainwear, and vests in Class 25.  *See* **Exhibit 7**.

260.   On January 27, 2020, Brooks Sports filed U.S. Trademark Application Serial No. 88775125 (the "'125 Application") for the word mark BROOKS in connection with retail store services featuring clothing and footwear, and online retail store services featuring clothing and footwear.  *See* **Exhibit 8**.

261.   By filing the '267 and '125 Applications, Brooks Sports violated the 1980 Agreement and the parties' course of dealing because, among other reasons, Brooks Sports sought to register the word BROOKS without joining the word with a symbol (such as the "Path Logo") or another word.

262.   Brooks Sports also filed trademark applications for BROOKS by itself and oppositions against Brooks Brothers' lawful trademark filings outside of the United States in violation of the 1980 Agreement.

DEFENDANT BB IPCO LLC'S ANSWER, DEFENSES, AND COUNTERCLAIMS - Case No. 2:20-cv-1491-RSM - 30

263.    Despite notices from Brooks Brothers reminding Brooks Sports of its violation of the 1980 Agreement, Brooks Sports has refused to withdraw the aforementioned applications and opposition proceedings.

264.    Brooks Brothers, and now BB IPCO, have been forced to expend money and resources to protect the trademark registers in the United States and other countries around the world, so that the filings by Brooks Sports do not block lawful trademark applications of Brooks Brothers and BB IPCO on likelihood of confusion grounds or otherwise place a cloud on the title of the Brooks Brothers' trademarks or cause marketplace confusion.

**B.    The Sale of Clothing (the Breaching Goods)**

265.    In addition to the breaching trademark filings, Brooks Sports has been advertising, distributing, offering for sale, and selling articles of apparel that breach the terms and conditions of the 1980 Agreement (the "Breaching Goods").  Examples of the breaching apparel can be found below:



266.    In each instance above, Brooks Sports has used the word BROOKS on apparel, and Brooks Sports has failed to use BROOKS as a composite mark with either another word or symbol (such as the Chevron device) in close proximity and size, as required under the terms of the 1980 Agreement.

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

267.     Based upon the description of goods within the '267 Application, Brooks Sports is selling or intends to enlarge its offerings under the BROOKS mark alone beyond footwear, the only article permitted to be sold under the 1980 Agreement, without the chevron device, and such additional clothing articles are of the same type that have long been sold by Brooks Brothers and continue to be sold by BB IPCO's affiliate.

**C.      Brooks Sports' Lawsuit**

268.     By filing *Brooks Sports, Inc. v. Brooks Brothers Group, Inc.* (20-cv-207-TSZ) and this lawsuit, Brooks Sports has breached the 1980 Agreement.

269.     In *Brooks Sports, Inc. v. Brooks Brothers Group, Inc.* (20-cv-207-TSZ) and in its First Amended Complaint in this case, Brooks Sports has sought to prevent Brooks Brothers, and now BB IPCO, from using the word BROOKS in connection with sale of athletic clothing and apparel and certain footwear.  Brooks Sports alleges, among other things, that Brooks Brothers unlawfully applied for a new trademark applications (Application Nos. 88742542 and 88746602, now held by BB IPCO) to use BROOKS alone, without the word BROTHERS, on various categories of goods, including clothing, sporting goods, and accessories for retail stores.

270.     But in paragraph 2 of the 1980 Agreement, Brooks Sports expressly agreed that it would not object to Brooks Brothers' use of the mark BROOKS on clothing:

> BROOKS SHOE will not object to the use and registration by BROOKS BROTHERS for the entire world of the Trademark or Service Mark BROOKS or BROOKS BROTHERS in connection with services related to the sale of ***clothing***, including, without limitation, shoes not classified as athletic shoes, and promotional services relating thereto.

Ex. 2 ¶ 2 (emphasis added).  BB IPCO succeeded to the rights set forth in paragraph 2 of the 1980 Agreement.

271.     Under the 1980 Agreement, Brooks Brothers and BB IPCO may use the word BROOKS and BROOKS BROTHERS in connection with the sale of clothing, including athletic clothing.  Brooks Sports' claims to the contrary in this lawsuit are without merit, and by

DEFENDANT BB IPCO LLC'S ANSWER, DEFENSES, AND
COUNTERCLAIMS - Case No. 2:20-cv-1491-RSM - 32

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

presenting such claims, Brooks Sports has breached the covenant not to oppose such use or registration.

## IV.   **Brooks Sports' Willful Trademark Infringement**

272.    In an effort to restore profits, Brooks Sports is trying to broaden its apparel offerings.  Brooks Sports has filed trademark applications—and Brooks Sports intends to market and sell clothing articles—that are directly in conflict with the Brooks Brothers' Trademarks and the clothing articles sold by Brooks Brothers and by companies under license from BB IPCO.

273.    With knowledge of Brooks Brothers' Trademarks and the parameters for permitted use and registration contained in the 1980 Agreement, Brooks Sports has distributed, offered for sale, and sold the Breaching Goods to consumers in interstate commerce bearing unauthorized uses of the Trademarks.

274.    The offer for sale and sale of the Breaching Goods is likely to cause confusion, to cause mistake, or to deceive consumers, or otherwise dilute the distinctive quality of the Trademarks.

275.    The aforementioned actions of Brooks Sports were willful and intentional. Brooks Sports either knew that the Breaching Goods bore unauthorized uses of the Trademarks or willfully ignored such facts.  Brooks Sports' actions were part of a deliberate effort to cause confusion and mistake among the consuming public as to the source, affiliation, or sponsorship of Brooks Sports' products, and to gain for Brooks Sports the benefit of the enormous goodwill associated with Brooks Brothers' Trademarks.

276.    The unauthorized use of the BROOKS word mark by Brooks Sports, and Brooks Sports' expansion of its use of BROOKS beyond footwear, has caused BB IPCO to lose the ability to control its reputation and the Brooks Brothers reputation and image among the public.

277.    Brooks Sports' actions have diluted, tarnished, and caused injury to the Brooks Brothers' Trademarks.

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

278.     Brooks Sports' actions are likely to have caused, and are likely to continue to cause, confusion and deception in the marketplace.

279.     Brooks Sports' actions have been likely to cause, and are likely to continue to cause, the public to believe that the Breaching Goods possess the same quality and standards as the products distributed or licensed by Brooks Brothers and BB IPCO.

280.     The aforementioned actions of Brooks Sports in manufacturing, importing, distributing, offering for sale, and/or selling in interstate commerce the Breaching Goods: (a) are likely to cause confusion and mistake among the consuming public that all such goods originate with Brooks Brothers or BB IPCO: (b) are likely to cause confusion and mistake among the consuming public that the Breaching Goods are being offered to the consuming public with the sponsorship or approval of Brooks Brothers or BB IPCO: and (c) are likely to cause dilution of the distinctive quality of Brooks Brothers' Trademarks.

281.     Brooks Sports' conduct has caused irreparable injury and harm to the goodwill and reputation associated with the Brooks Brothers Trademarks, and will continue to cause irreparable injury and harm, unless and until Brooks Sports is restrained by this Court.

282.     BB IPCO has no adequate remedy at law.

### First Counterclaim
(Breach of Contract)

283.     BB IPCO repeats and incorporates here all of the allegations set forth in the preceding paragraphs of these Counterclaims.

284.     BB IPCO and Brooks Sports are parties to the 1980 Agreement.

285.     The 1980 Agreement is an enforceable and binding contract.

286.     Brooks Brothers satisfied all of its obligations under the 1980 Agreement.  BB IPCO has satisfied all of its obligations under the 1980 Agreement.

287.     Brooks Sports has willfully, and in bad faith, breached the 1980 Agreement by, among other things, filing the '267 and '125 Applications, which seek protection for the word mark BROOKS alone in connection with athletic clothing, namely, tops, pants, jackets,

DEFENDANT BB IPCO LLC'S ANSWER, DEFENSES, AND
COUNTERCLAIMS - Case No. 2:20-cv-1491-RSM - 34

headwear, shorts, tights, hosiery, bras, gloves, mittens, sweat shirts, skirts, leggings, rainwear and vests. Brooks Sports has also filed trademark applications and oppositions outside of the United States that breach the 1980 Agreement.

288.   Brooks Sports has willfully, and in bad faith, breached the 1980 Agreement by, among other things, using the word BROOKS alone in connection with the sale of the Breaching Goods.

289.   Brooks Sports has willfully, and in bad faith, breached the 1980 Agreement by commencing *Brooks Sports, Inc. v. Brooks Brothers Group, Inc.* (20-cv-207-TSZ) and this action. Brooks Sports seeks to prevent BB IPCO from using or registering the word BROOKS and/or BROOKS BROTHERS in connection with sale of athletic clothing and apparel, but in the 1980 Agreement, Brooks Sports expressly agreed not to object to such use or registration.

290.   Brooks Sports also has breached its duty of good faith and fair dealing by perpetrating the actions summarized above.

291.   Brooks Sports' willful, bad-faith breach caused substantial and irreparable harm to Brooks Brothers, and will continue to cause, substantial and irreparable harm to BB IPCO for which BB IPCO has no adequate remedy at law. Among other things, Brooks Sports' filing and prosecution of the '267 and '125 Applications will serve to block lawful trademark applications of BB IPCO, which were contemplated by the parties under the 1980 Agreement.

292.   Brooks Sports' filing and prosecution of the '267 and '125 Applications, and its use of the word BROOKS in violation of the 1980 Agreement, will cause irreparable damage to the Trademarks and to the Brooks Brothers brand and its value, and will create a cloud on BB IPCO's right to use the Trademarks.

293.   BB IPCO is entitled to equitable relief and specific performance, including an order from this Court requiring Brooks Sports to withdraw the '267 and '125 Applications, and to cease any and all use of the word BROOKS, without a joining symbol or word, in connection with the sale of any athletic clothing, apparel, or equipment.

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

294.    BB IPCO is also entitled to monetary damages, in an amount to be proved at trial, plus attorneys' fees and costs.

**Second Counterclaim**

(Federal False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(a))

295.    BB IPCO repeats and incorporates here all of the allegations set forth in the preceding paragraphs of these Counterclaims.

296.    The Trademarks are valid, federally-registered trademarks entitled to protection under the Lanham Act.  Many of the Trademarks are incontestable.

297.    BB IPCO owns the Trademarks and has the exclusive right to use the Trademarks. BB IPCO also has common law rights in the Trademarks.

298.    BB IPCO, and its predecessors in interest, have long used the family of Trademarks on and in connection with its lifestyle goods and services for many years prior to any date which may be claimed by Brooks Sports.

299.    BB IPCO, and its predecessors in interest, have used and continue to use the inherently distinctive and famous Trademarks in connection with its lifestyle goods and services, including, but not limited to, sportswear, athleisure, headwear, and sports shoes.

300.    BB IPCO, and its predecessors in interest, have expended and continue to expend significant effort and expense in the form of advertising, promotion, and sales to promote the Trademarks in the United States and throughout the world as distinctive of Brooks Brothers' goods and services in commerce.

301.    The Trademarks represent valuable goodwill owned by BB IPCO.

302.    Brooks Sports' ability to register and use the BROOKS word mark was specifically limited to athletic shoes by the 1980 Agreement.

303.    Brooks Sports used the Trademarks—specifically, the BROOKS word mark— without the consent of BB IPCO or its predecessors in interest.  Such use constitutes a false designation of origin, a false or misleading description or representation of goods, tending

DEFENDANT BB IPCO LLC'S ANSWER, DEFENSES, AND
COUNTERCLAIMS - Case No. 2:20-cv-1491-RSM - 36

wrongfully and falsely to describe or represent a connection between BB IPCO's goods and Brooks Sports' goods.

304.    Brooks Sports' use of the Trademarks—namely, BROOKS alone—on a wide variety of clothing articles, including the Breaching Goods, is likely to cause confusion, mistake, or deception as to the source or origin, sponsorship, or approval of its goods and services, in that consumers or others are likely to believe Brooks Sports' goods and services are actually the goods and services of BB IPCO or its predecessors in interest, or those of a company legitimately connected with, approved by, or related to BB IPCO or its predecessors in interest.

305.    Brooks Sports' use of the Trademarks—namely, BROOKS alone—enables Brooks Sports to represent and deceptively advertise, merchandise, market, display, and promote Brooks Sports' goods and services as emanating from BB IPCO and its predecessors in interest, or from a company legitimately connected with, approved by, or related to BB IPCO and its predecessors in interest.

306.    Brooks Sports had actual knowledge of Brooks Brothers' and BB IPCO's ownership and prior use of the Trademarks before Brooks Sports' conduct described herein, and Brooks Sports has acted knowingly, willfully, and maliciously with intent to trade upon the reputation and goodwill of Brooks Brothers and BB IPCO and to injure BB IPCO.

307.    Brooks Sports' conduct described herein constitutes unfair competition, false designation of origin of goods and services, and false or misleading description or representation of goods and services under 15 U.S.C. § 1125(a).

308.    The willful nature of Brooks Sports' conduct described herein renders this an exceptional case within the meaning of 15 U.S.C. § 1117.

309.    By reason of the foregoing, BB IPCO has been injured in an amount not yet ascertained, and is entitled to the remedies provided for in 15 U.S.C. §§ 1116 *et seq.*

310.    Brooks Sports' conduct described herein has caused, and if not enjoined will continue to cause, irreparable damage to BB IPCO's rights in the Trademarks, and to BB IPCO's business, reputation, and goodwill, which cannot be adequately compensated solely by monetary

DEFENDANT BB IPCO LLC'S ANSWER, DEFENSES, AND COUNTERCLAIMS - Case No. 2:20-cv-1491-RSM - 37

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

damages.  BB IPCO therefore has no adequate remedy at law and seeks preliminary and permanent injunctive relief pursuant to 15 U.S.C. §§ 1116 *et seq.*

### Third Counterclaim
(Federal Trademark Infringement, 15 U.S.C. §§ 1114, 1125(a))

311.    BB IPCO repeats and incorporates here all of the allegations set forth in the preceding paragraphs of these Counterclaims.

312.    The Trademarks are valid, federally-registered trademarks entitled to protection under the Lanham Act.  Under these registrations, BB IPCO has the exclusive right to use the Trademarks.  BB IPCO also has common law rights in the Trademarks.

313.    BB IPCO and its predecessors in interest have long used the family of Trademarks on and in connection with its lifestyle goods and services for many years prior to any date which may be claimed by Brooks Sports.

314.    BB IPCO and its predecessors in interest have long used the inherently distinctive and famous Trademarks continuously in connection with its goods and services, including, but not limited to, sportswear, athleisure, headwear, and sports shoes.

315.    BB IPCO and its predecessors in interest have long used marks that consist of BROOKS, including for example, BROOKS, BROOKS BROTHERS, BROOKS BOYS, THE BROOKS CARD, BROOKS BUYS, MY BROOKS REWARDS, BROOKSGATE, BROOKSTWEED, BROOKSCLOUD, BROOKSCOOL, BROOKSSTORM, BROOKS-AIRE, BROOKSTECH BROOKS STRETCH, BROOKSFLANNEL, BROOKS BONUS, BROOKS BASICS, BROOKSCLOTH, BROOKSSUEDE, BROOKS-BLEND, BROOKS LISLE, and BROOKSWEAVE, thereby creating a family of "BROOKS" marks.  BB IPCO and its predecessors in interest have employed joint advertising and promotion of the family of marks in a manner that created an association of common origin for all marks containing "BROOKS." Use of the common term BROOKS by BB IPCO and its predecessors in interest was distinctive and an indicator of common source.  BB IPCO and its predecessors in interest established this family of marks long before any date that could be claimed by Brooks Sports.

DEFENDANT BB IPCO LLC'S ANSWER, DEFENSES, AND
COUNTERCLAIMS - Case No. 2:20-cv-1491-RSM - 38

316.    Brooks Brothers exerted significant effort and expense in the form of advertising, promotion, and sales to promote the Trademarks in the United States and throughout the world as distinctive of Brooks Brothers' goods and services in commerce.  BB IPCO continues to exert significant effort and expense in the form of advertising, promotion, and sales to promote the Trademarks in the United States and throughout the world.

317.    The Trademarks represent valuable goodwill owned by BB IPCO.

318.    Brooks Sports had actual knowledge of BB IPCO's and its predecessors' ownership and prior use of the Trademarks before its filing and use of the infringing marks alleged herein, and has acted knowingly, willfully, and maliciously with intent to trade upon the reputation and goodwill of BB IPCO and its predecessors in interest by causing confusion and mistake among consumers, and by deceiving them.

319.    Brooks Sports has willfully, deliberately, and in conscious disregard of BB IPCO's rights used BROOKS without a Chevron device in interstate commerce in connection with the sale, offering for sale, distribution, and advertising of goods or services, including the Breaching Goods.

320.    Brooks Sports' use of BROOKS by itself beyond the parameters and license of the 1980 Agreement is likely to cause confusion, mistake, or deception as to the source or origin, sponsorship, or approval of its goods and services, in that consumers or others are likely to believe Brooks Sports' Breaching Goods are the goods and services of BB IPCO and its predecessors in interest, or those of a company legitimately connected with, approved by, or related to BB IPCO and its predecessors in interest.

321.    Brooks Sports' use of BROOKS by itself enables Brooks Sports to represent and deceptively advertise, merchandise, market, display, and promote Brooks Sports' Breaching Goods as emanating from BB IPCO and its predecessors in interest, or from a concern legitimately connected with, approved by, or related to BB IPCO and its predecessors in interest, and to substitute or pass off Brooks Sports' goods and services as those of BB IPCO and its predecessors in interest.

DEFENDANT BB IPCO LLC'S ANSWER, DEFENSES, AND
COUNTERCLAIMS - Case No. 2:20-cv-1491-RSM - 39

322.     Brooks Sports' knowing and willful use has reproduced, copied, colorably imitated, and infringed the Trademarks in interstate commerce in violation of 15 U.S.C. § 1114.

323.     The willful nature of Brooks Sports' conduct described herein renders this an exceptional case within the meaning of 15 U.S.C. § 1117.

324.     By reason of the foregoing, BB IPCO has been injured in an amount not yet ascertained, and is entitled to the remedies provided for in 15 U.S.C. §§ 1116 *et seq.*

325.     Brooks Sports' conduct described herein has caused, and if not enjoined will continue to cause, irreparable damage to BB IPCO's rights in the Trademarks and to BB IPCO's business, reputation, and goodwill, which cannot be adequately compensated solely by monetary damages.

326.     BB IPCO therefore has no adequate remedy at law and seeks preliminary and permanent injunctive relief pursuant to 15 U.S.C. §§ 1116 *et seq.*

**Fourth Counterclaim**
(Federal Trademark Dilution, 15 U.S.C. § 1125(c))

327.     BB IPCO repeats and incorporates here all of the allegations set forth in the preceding paragraphs of these Counterclaims.

328.     The Trademarks are famous and distinctive, and they became famous and distinctive, before Brooks Sports' conduct alleged herein.

329.     The Trademarks are recognized by the consuming public of the United States as a designation of source for Brooks Brothers' and BB IPCO's goods and services, and are therefore famous marks.

330.     Brooks Sports' conduct alleged herein constitutes trademark uses in commerce that are likely to dilute the distinctive quality of the Trademarks, by both blurring and tarnishment, in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

331.     Brooks Sports has engaged in such conduct willfully, deliberately, and in conscious disregard of Brooks Brothers' and BB IPCO's rights, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

DEFENDANT BB IPCO LLC'S ANSWER, DEFENSES, AND
COUNTERCLAIMS - Case No. 2:20-cv-1491-RSM - 40

332.    By reason of the foregoing, BB IPCO has been injured in an amount not yet ascertained, and is entitled to the remedies provided for in 15 U.S.C. §§ 1116, *et seq.*

333.    Brooks Sports' conduct described herein has caused, and if not enjoined will continue to cause, irreparable damage to BB IPCO's rights in the Trademarks, and to Brooks Brothers and BB IPCO's business, reputation, and goodwill, which cannot be adequately compensated solely by monetary damages.

334.    BB IPCO therefore has no adequate remedy at law and seeks preliminary and permanent injunctive relief pursuant to 15 U.S.C. §§ 1116 et seq.

### Fifth Counterclaim
(Common Law Trademark Infringement)

335.    BB IPCO repeats and incorporates here all of the allegations set forth in the preceding paragraphs of these Counterclaims.

336.    The general consuming public recognizes the Trademarks as designating Brooks Brothers and BB IPCO as a source of goods and services.  BB IPCO has common law rights in the Trademarks.

337.    Brooks Sports has knowingly and willfully used the Trademarks in Washington in connection with the sale, offer for sale, distribution, and advertising of the Breaching Goods and related services.

338.    Brooks Sports willfully, deliberately, and in conscious disregard of Brooks Brothers' and BB IPCO's rights used the Trademarks in connection with the sale, offer for sale, distribution, and advertising of the Breaching Goods and related services.

339.    Brooks Sports' use of the Trademarks beyond the parameters and license of the 1980 Agreement is likely to cause confusion, mistake, or deception as to the source of origin, sponsorship, or approval of Brooks Sports' goods and services.

340.    By reason of the foregoing, BB IPCO has been injured in an amount not yet ascertained and is entitled to the remedies provided for it under the common law.

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

341.     Brooks Sports' conduct described herein has caused, and if not enjoined will continue to cause, irreparable damage to BB IPCO's rights in the Trademarks and Brooks Brothers' and BB IPCO's business, reputation, and goodwill, which cannot be adequately compensated solely by monetary damages.  BB IPCO therefore has no adequate remedy at law and seeks preliminary and permanent injunctive relief.

### Sixth Counterclaim
(Unfair Competition RCW § 19.86.020)

342.     BB IPCO repeats and incorporates here all of the allegations set forth in the preceding paragraphs of these Counterclaims.

343.     Brooks Sports' unfair and deceptive practices have directly and proximately injured BB IPCO, including causing injury to the Brooks Brothers brand and BB IPCO's business and property.

344.     Brooks Sports' unfair and deceptive practices have negatively affected and injured the public interest by creating, among other problems, brand confusion and deception.

345.     The aforementioned acts of Brooks Sports' constitute unfair competition in violation of Washington's Consumer Protection Act, RCW 19.86.020.

346.     Brooks Sports' conduct threatens to cause, and is causing, immediate and irreparable harm and injury to BB IPCO and the public, and to BB IPCO's goodwill and reputation, and will and continue to both damage BB IPCO and confuse the public unless enjoined by this court.  BB IPCO has no adequate remedy at law.

347.     BB IPCO is entitled to, among other relief, injunctive relief and an award of actual damages, Brooks Sports' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action, and an increased award of up to three times its actual damages under RCW 19.86.090, together with prejudgment and post-judgment interest.

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

### Seventh Counterclaim
(Trademark Dilution RCW § 19.77.160)

348.    BB IPCO repeats and incorporates here all of the allegations set forth in the preceding paragraphs of these Counterclaims.

349.    BB IPCO owns common law rights in the Trademarks and has priority in BROOKS and BROOKS-formative marks dating back almost 200 years, and all such rights owned by BB IPCO are superior to any rights that Brooks Sports may claim or that is permitted under the 1980 Agreement.

350.    As a result of 200 years of use and enviable commercial success and notoriety, the Brooks Brothers Trademarks were famous and distinctive in the State of Washington prior to any date that may lawfully be claimed by Brooks Sports.

351.    Brooks Sports' acts as alleged herein are intentional and willful in violation of RCW § 19.77.160 and have caused, and will continue to cause, irreparable damage to BB IPCO unless enjoined, and Brooks Brothers has no adequate remedy at law.

352.    Brooks Brothers is entitled to injunctive relief pursuant to RCW § 19.77.160.

### DEMAND FOR JURY TRIAL

353.    Brooks Brothers requests a trial by jury on all issues so triable.

**WHEREFORE**, BB IPCO seeks judgment as follows:

(1)    an order declaring Brooks Sports in breach of the 1980 Agreement;

(2)    an order requiring Brooks Sports to withdraw the '267 and '125 Applications and to cease any and all use of the word BROOKS, without a joining symbol or word as required by the specific parameters of the 1980 Agreement, in connection with the sale of any athletic clothing, apparel, or equipment;

(3)    an order enjoining Brooks Sports from prosecuting the '267 and '125 Applications and from using the word BROOKS, without a joining symbol or word as required by the specific parameters of the 1980 Agreement, in connection with the sale of any athletic clothing, apparel, or equipment;

DEFENDANT BB IPCO LLC'S ANSWER, DEFENSES, AND
COUNTERCLAIMS - Case No. 2:20-cv-1491-RSM - 43

(4)     an order requiring Brooks Sports to withdraw any other U.S. or foreign applications or registrations consisting of the mark BROOKS, without a joining symbol or word as required by the specific parameters of the 1980 Agreement, in connection with clothing, apparel, or equipment and services related thereto;

(5)     an order requiring Brooks Sports to withdraw any U.S. or foreign trademark oppositions that violate the 1980 Agreement;

(6)     an order enjoining Brooks Sports from using the word BROOKS, without a joining symbol or word as required by the specific parameters of the 1980 Agreement, in connection with clothing, apparel, or equipment and services related thereto;

(7)     an order declaring that that the Trademarks are valid and willfully infringed by Brooks Sports violation of 15 U.S.C. § 1114, et seq.;

(8)     an order declaring that Brooks Sports has violated Section 32 of the Lanham Act (15 U.S.C. § 1114), Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), and Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)),

(9)     an order declaring that Brooks Sports has violated RCW § 19.86.020, RCW § 19.77.160, and RCW §19.77.900

(10)     an order declaring that Brooks Sports infringed Brooks Brothers' common law Trademarks and unfairly competed with Brooks Brothers and BB IPCO at common law.

(11)     an order preliminarily and permanently enjoining and restraining Brooks Sports, its subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them, from:

a.     imitating, copying or making unauthorized use of the Trademarks;

b.     manufacturing, importing, exporting, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product bearing any unauthorized reproductions, copies or colorable imitations of the Trademarks;

c.     using any unauthorized colorable imitation of the Trademarks in connection with the manufacture, promotion, advertisement, display, sale, offering for sale,

DEFENDANT BB IPCO LLC'S ANSWER, DEFENSES, AND COUNTERCLAIMS - Case No. 2:20-cv-1491-RSM - 44

production, import, export, circulation or distribution of any product in such manner as to relate or connect, or tend to relate or connect, such product in any way with Brooks Brothers or BB IPCO or to any goods sold, sponsored, approved by, or connected with Brooks Brothers or BB IPCO;

        d.    using any unauthorized colorable imitation of the Trademarks in connection with the manufacture, promotion, advertisement, display, sale, offering for sale, production, import, export, circulation or distribution of any product which dilutes or is likely to dilute the distinctive quality of the Trademarks;

        e.    engaging in any other activity constituting unfair competition with BB IPCO, constituting an infringement of the Trademarks, or constituting dilution of the Trademarks and the reputation and the goodwill associated with the Trademarks; and

        f.    engaging in any other activity, including the effectuation of assignments or transfers of its interests in unauthorized colorable imitations of the Trademarks or the, the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsections 1(a) through 1(d) above; and

(12)    an order requiring Brooks Sports to recall and destroy all Breaching Goods or any other goods that violate the 1980 Agreement or Brooks Brothers' Trademarks.

(13)    an order and judgment awarding BB IPCO monetary damages, including but not limited to, actual and compensatory damages;

(14)    an order and judgment awarding BB IPCO punitive and exemplary damages as the Court finds appropriate to deter any future willful infringement and breach by Brooks Sports;

(15)    an order declaring that this is an exceptional case under Section 35(a) of the Lanham Act and awarding BB IPCO its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a));

(16)    an order and judgment awarding BB IPCO its actual damages sustained, its costs and expenses, including reasonable attorneys' fees and treble damages, under RCW 19.86.090.

DEFENDANT BB IPCO LLC'S ANSWER, DEFENSES, AND
COUNTERCLAIMS - Case No. 2:20-cv-1491-RSM - 45

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

(17)    an order and judgment awarding BB IPCO interest, including prejudgment and post-judgment interest, in the foregoing sums; and

(18)    any other relief that this Court deems just and proper.

DATED:  April 14, 2021

**LANE POWELL PC**


By   *s/ Tiffany S. Connors*
     Tiffany Connors, WSBA No. 41740
     connorst@lanepowell.com
     Joseph D. Adamson, WSBA No. 54752
     adamsonj@lanepowell.com
     Telephone: 206.223.7000
     Facsimile: 206.223.7107

and

     Neil B. Friedman
     Robert J. Fluskey, Jr.
     HODGSON RUSS LLP
     Telephone: (716) 848-1688
     rfluskey@hodgsonruss.com


     *Attorneys for BB IPCO*

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107