UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BROOKS SPORTS, INC., <br><br>   Plaintiff, <br><br>   v. <br><br> SPARC GROUP, LLC, *et al.*, <br><br>   Defendants. | CASE NO. C20-1491-RSM <br><br> ORDER DENYING SPARC GROUP'S MOTION TO DISMISS AS MOOT |

This matter comes before the Court on Defendant Sparc Group LLC ("Sparc Group")'s Fed. R. Civ. P. 12(b)(1) and 12(b)(6) Motion to Dismiss. Dkt. #20. For the reasons set forth below, the Court DENIES Sparc Group's Motion as moot.

Sparc Group's motion is based on Plaintiff's original complaint filed on October 8, 2020, for trademark infringement, unfair competition, and trademark dilution under the Lanham Act, 15 U.S.C. §§ 1114, 1124, under the Washington Consumer Protection Act, RCW §§ 19.77.160, 19.86.020, and under Washington common law. *Id.* (citing Dkt. #1 at ¶¶ 54-114). After Sparc Group moved to dismiss the original complaint on December 7, 2020, Plaintiff filed an amended complaint on March 1, 2021. Dkt. #37. On April 14, 2021, Sparc Group filed an Answer to

ORDER DENYING SPARC GROUP'S MOTION TO DISMISS AS MOOT - 1

Plaintiff's amended complaint. Dkt. #47. Sparc Group did not renew its motion to dismiss in its Answer. *See generally id.*

"[T]he general rule is that an amended complaint supersedes the original complaint and renders it without legal effect . . . ." *Lacey v. Maricopa Cnty.,* 693 F.3d 896, 927 (9th Cir.2012); *see also Valadez–Lopez v. Chertoff,* 656 F.3d 851, 857 (9th Cir. 2011) ("[I]t is well-established that an amended complaint supersedes the original, the latter being treated thereafter as non-existent.") (internal quotations omitted). "Courts often apply this rule to motions to dismiss a complaint that has since been superseded and deny such motions as moot." *Bisson v. Bank of Am., N.A.*, No. C12-0995JLR, 2012 WL 5866309, at *1 (W.D. Wash. Nov. 16, 2012) (collecting cases).

However, if the amended complaint suffers from the same deficiencies as the original complaint, "it is within the court's discretion to consider a motion based on the original complaint as if it were based on the amended complaint." *Id.*; *see also* Schwarzer *et al.*, FEDERAL CIVIL PROCEDURE BEFORE TRIAL ¶¶ 9:262–63.1 (The Rutter Group 2012) ("[T]he court will usually treat the motion to dismiss as mooted. It may, however, proceed with the motion if the amendment does not cure the defect.").

Here, the Court declines to consider Sparc Group's Motion to Dismiss as addressing the amended complaint instead of the original complaint. While the complaints bear similarities, the amended complaint adds new defendants, facts, claims and legal theories not contained in the original complaint. *See* Dkt. #37 at ¶¶ 11-168. The Amended Complaint also appears to directly respond to the concerns raised by Sparc Group's motion to dismiss.

For the foregoing reasons, the Court DENIES Sparc Group's Motion to Dismiss, Dkt. #20, as moot.

1

2    DATED this 15th day of April, 2021.

3

4

5    RICARDO S. MARTINEZ
     CHIEF UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER DENYING SPARC GROUP'S MOTION TO DISMISS AS MOOT - 3