HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

BROOKS SPORTS, INC., a Washington corporation,

　　　　Plaintiff,

v.

SPARC GROUP, LLC, a Delaware limited liability company, AUTHENTIC BRANDS GROUP, LLC, a Delaware limited liability company, BB IPCO, LLC, a Delaware limited liability company, BB OPCO LLC, a Delaware limited liability company, SIMON PROPERTY GROUP, INC., a Delaware corporation, and SIMON PROPERTY GROUP, L.P., a Delaware Limited Partnership,

　　　　Defendants.

Case No. 2:20-cv-1491 RSM

**SECOND AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK DILUTION, AND DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

**JURY TRIAL DEMANDED**

**CONFIDENTIAL**

　　　　Plaintiff BROOKS SPORTS, INC. ("Brooks") files this SECOND AMENDED COMPLAINT for TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK DILUTION, and DECLARATORY JUDGMENT OF NON-INFRINGEMENT against Defendants SPARC GROUP, LLC ("SPARC"), BB IPCO LLC ("BB IPCO"), BB OPCO LLC ("BB OPCO"), AUTHENTIC BRANDS GROUP, LLC ("ABG"), SIMON PROPERTY GROUP, INC., and SIMON PROPERTY GROUP, L.P.

(together with SIMON PROPERTY GROUP, INC., "SIMON PROPERTY"), alleging as follows:

## I.    INTRODUCTION

1.       Brooks, a leading maker of performance athletic footwear and apparel, brings this action to defend its rights to its signature trademark: BROOKS.  Defendants are a group of opportunistic investors that purchased the Brooks Brothers[1] menswear business out of bankruptcy and immediately announced that they would "redefine" and "reinvent" the brand to focus on products such as sportswear and "athleisure" apparel.  Building on a strategy adopted by Brooks Brothers immediately before the bankruptcy, Defendants have claimed rights to Brooks' standalone BROOKS mark for themselves in an attempt to benefit from Brooks' brand identity and goodwill.  And since this action was filed, Defendants launched a new Brooks Brothers-branded "Athletic-Inspired Collection," replete with "athletic-inspired joggers" and "athletic-inspired sweat shorts," and a "Back to Brooks" marketing campaign, promoted with a "#BacktoBrooks" hashtag, that represented the first time Brooks Brothers had referred to itself by the shorthand "Brooks" in many years.  These actions threaten to confuse and deceive consumers and dilute Brooks' hard-won reputation as a premier performance brand.  Brooks asks the Court to stop Defendants from unlawfully encroaching on Brooks' trademark rights.

2.       Despite the similarities between the names Brooks and Brooks Brothers, the brands successfully co-existed for over a century by maintaining distinctly separate brand identities and operating in different retail markets.  Most fundamentally, Brooks has marketed itself as "Brooks" whereas Brooks Brothers has marketed itself as "Brooks Brothers."  As far as Brooks is aware, Brooks Brothers has never – throughout its 200-year history – sold or

---

[1] In this complaint, the term "Brooks Brothers" will be used to refer to the business operated under the "Brooks Brothers" name, formerly by Brooks Brothers Group, Inc. and its predecessors, and now by the Defendants.

SECOND AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK DILUTION, AND DECLARATORY JUDGMENT OF NON-INFRINGEMENT - 2

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

marketed any products bearing the standalone BROOKS trademark, while Brooks has consistently done so.  Furthermore, Brooks is a world-famous performance athletic apparel and footwear brand whereas Brooks Brothers is primarily known for its men's suits and business and formal wear.  Brooks did not make tuxedos and Brooks Brothers did not make running gear – until now.

3.      In recent years, Brooks has flourished and grown to become the premium performance running brand in the United States, known for its high-quality performance running shoes and athletic apparel.  Meanwhile, Brooks Brothers has struggled, culminating in the 2020 bankruptcy of the business's then-owner, Brooks Brothers Group, Inc. ("Brooks Brothers Group").[2]  Consumers have increasingly turned away from suits and ties, the heart of Brooks Brothers' business.  Prior to the bankruptcy, Brooks Brothers began to respond to this changing environment by offering more casual and athletic-inspired clothing; it even introduced an athletic shoe in 2018 that was virtually identical to a Brooks shoe.

4.      As part of its attempt to reverse its declining fortunes, Brooks Brothers began to contend that it, rather than Brooks, had the right to use the standalone BROOKS trademark on apparel.  In December 2019, Brooks Brothers, for the first time in its history, tried to register the standalone BROOKS word mark for its own use, declaring to the United States Patent and Trademark Office ("USPTO") that it was using, or intended to imminently use, the BROOKS mark in commerce.  Brooks Brothers also opposed Brooks' registration of its BROOKS mark for use on apparel and shoes.

5.      Finding its brand under attack, Brooks filed suit against Brooks Brothers Group in this Court in February 2020, and subsequently sought preliminary injunctive relief

---

[2] Madeline Stone, *Brooks Brothers was struggling even before the pandemic, as it became 'out of step' with a new generation's business fashion sense*, Business Insider (July 8, 2020), https://www.businessinsider.com/brooks-brothers-struggles-began-before-pandemic-fashion-shifted-2020-7.

SECOND AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 3
CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

to prevent Brooks Brothers from infringing Brooks' trademarks.[3]  Brooks Brothers Group counterclaimed, alleging that it had the superior right to the standalone BROOKS mark, based primarily on a 1980 agreement between the parties, despite the fact that Brooks Brothers had never used the standalone BROOKS mark on it products, either before or after the 1980 agreement.[4]  Just weeks after Brooks moved for injunctive relief—and before filing a response to Brooks' motion—Brooks Brothers Group filed for Chapter 11 bankruptcy and the case was stayed.

6.       Within weeks of the bankruptcy filing, the Brooks Brothers business was snapped up by SPARC, a joint venture between Defendant ABG and Defendant Simon Property.[5]  ABG is a licensing entity that buys intellectual property rights from companies in financial distress and licenses those rights to third-parties.  ABG owns a "sprawling mix" of once-venerable brands including Sports Illustrated, Juicy Couture, and Barney's department store, as well as the publicity rights of celebrities such as Marilyn Monroe and Elvis Presley.  ABG makes money by licensing its stable of trademarks for use "on new products," for example Sports Illustrated-brand CBD cream and protein powder.[6]  Meanwhile, Simon Property is a real estate investment trust and the largest owner of shopping malls in the United States, including ███ malls that house Brooks Brothers stores.  ABG and Simon Property previously partnered to purchase other ailing mall tenants out of bankruptcy—including both Forever 21 and Lucky Brands in 2020—and came together in this instance through their joint venture SPARC to purchase the Brooks Brothers business at a steep discount.

---

[3] *Brooks Sports, Inc. v. Brooks Brothers Group, Inc.*, 2:20-cv-207-TSZ, Complaint (Dkt. #1), Motion for Preliminary Injunction (Dkt. #20).  **EXHIBIT A** (Complaint).

[4] *Id.*, Answer (Dkt. # 14).  **EXHIBIT B** (Answer).

[5] SPARC is an acronym for Simon Properties Authentic Retail Concepts.  Defendant Simon Property Group holds 50 percent interest in SPARC and 6.6 percent interest in ABG.

[6] Sapna Maheshwari and Vanessa Friedman, *The Two Men Buying Your Favorite Retailers*, the New York Times (Sept. 8, 2020), https://www.nytimes.com/2020/09/08/business/retail-bankruptcy-authentic-brands.html.

SECOND AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK DILUTION, AND DECLARATORY JUDGMENT OF NON-INFRINGEMENT - 4

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

7.      Defendants' acquisition of Brooks Brothers intensified the threat to Brooks' trademark rights.  Defendants have maintained Brooks Brothers' claim to the BROOKS mark—before the trademark office, during bankruptcy proceedings, and in reference to the earlier litigation—and they continue to oppose Brooks' registration of its BROOKS mark.

8.      Meanwhile, consistent with their past business practices, Defendants announced their intention to "monetize" their newly acquired intellectual property rights by expanding their use to new markets.[7]  Despite having owned the Brooks Brothers business for just a few months, Defendants have already forged new collaborations and made plans for licensing deals for the Brooks Brothers brand.[8]

9.      Defendants' expansion plans involve moving the Brooks Brothers brand closer to the marketspace occupied by Brooks.  Defendants have repeatedly told the press that they intend to extend the Brooks Brothers business into activewear and athleisure.[9]  They hired a new creative director as well as a new designer who describes the Fall 2021 collection as "beefing up sportwear" to take advantage of the activewear "trend."[10]  In February 2021,

---

[7] Sanford Stein, *Sparc Group, The Simon Property Group/ABG Creation, May Well Reimagine the Future 'Brandscape,'* Forbes (Aug. 20, 2020) (complete article on file with undersigned counsel), https://www.forbes.com/sites/sanfordstein/2020/08/20/sparc-group-the-simon-property-groupabg-creation-may-well-reimagine-the-future-brandscape/?sh=18b3560c6057; *Who Should Design Brooks Brothers,* GQ (Aug. 18, 2020), https://money.yahoo.com/design-brooks-brothers-163324660.html; Jean Palmieri, *The Brooks Brothers Playbook Includes More Sportswear, E-comm and Fun,* Women's Wear Daily (Dec. 1, 2020), https://finance.yahoo.com/news/exclusive-brooks-brothers-playbook-includes-050129922.html.

[8] Jean Palmieri, *The Brooks Brothers Playbook Includes More Sportswear, E-comm and Fun,* Women's Wear Daily (Dec. 1, 2020), https://finance.yahoo.com/news/exclusive-brooks-brothers-playbook-includes-050129922.html.

[9] *Who Should Design Brooks Brothers,* GQ (Aug. 18, 2020), https://money.yahoo.com/design-brooks-brothers-163324660.html; Jean Palmieri, *The Brooks Brothers Playbook Includes More Sportswear, E-comm and Fun,* Women's Wear Daily (Dec. 1, 2020), https://finance.yahoo.com/news/exclusive-brooks-brothers-playbook-includes-050129922.html.

[10] Jean Palmieri, *The Brooks Brothers Playbook Includes More Sportswear, E-comm and Fun,* Women's Wear Daily (Dec. 1, 2020), https://finance.yahoo.com/news/exclusive-brooks-brothers-playbook-includes-050129922.html.

SECOND AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 5

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

Defendants took a dramatic step in furtherance of this strategy, launching a Brooks Brothers-brand "Athletic-Inspired Collection" that includes "athletic-inspired joggers"  "designed to move from workouts to lounging," "athletic-inspired sweat shorts," and an "athletic-inspired hooded sweatshirt" that is advertised as perfect for throwing "over a tee for a jog."  The collection dominated the Brooks Brothers website homepage and was featured prominently on various Brooks Brothers social media platforms.  These faux athletic clothes sold under the "Brooks Brothers" brand threaten to confuse and demoralize consumers accustomed to associating the "Brooks" name with high-quality performance athletic apparel.

10.    Defendants have also followed through on their threat to begin using the standalone BROOKS mark in commerce.  In August 2021, Brooks Brothers launched a "Back to Brooks" marketing campaign, promoted with a #BackToBrooks hashtag, that dominated their website and social media platforms and donned the windows of Brooks Brothers' stores.  Defendant Simon Property participated in the campaign, using its social media accounts to post about Brooks Brothers with a #BackToBrooks hashtag while inviting customers to shop at the Brooks Brothers stores in Simon Property's malls.

11.    In the face of Defendants' threats to its brand, Brooks brings this action for a declaratory judgment that Brooks, not Brooks Brothers, owns the BROOKS mark and has the right to use that mark in connection with footwear and apparel without unlawful interference from Defendants.  Brooks further asserts claims for infringement of Brooks' famous federally-registered BROOKS and BROOKS-formative trademarks under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); and substantial and related claims of unfair competition, trademark infringement, and trademark dilution under the statutory and common laws of Washington state.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

## II.    THE PARTIES

12.    Brooks is a Washington corporation with its principal place of business and flagship retail store located at 3400 Stone Way North, Suite 500, Seattle, Washington 98103 ("Brooks Flagship Store").  Brooks markets and sells performance athletic footwear and apparel under the BROOKS trademark.

13.    SPARC is a Delaware limited liability company.  SPARC, a joint venture between ABG and Simon Property Group, Inc., purchased the Brooks Brothers business out of bankruptcy in August 2020.  SPARC, on its own behalf and through its subsidiaries, is responsible for the Brooks Brothers operations, including retail, wholesale, and e-commerce.

14.    ABG is a Delaware limited liability company.  ABG controls the Brooks Brothers trademarks, acquired by SPARC out of bankruptcy and assigned to BB IPCO.  ABG is also responsible for all licensing partnerships, brand development, and marketing of the acquired Brooks Brothers brand.

15.    BB IPCO is a Delaware limited liability company.  BB IPCO is the assignee of some or all of the intellectual property of Brooks Brothers, including its registered trademarks.

16.    BB OPCO is a Delaware limited liability company.  BB OPCO is operating some or all of the Brooks Brothers business, including the Brooks Brothers website.

17.    ABG and BB IPCO share a physical address at 1411 Broadway, 21st floor, New York, New York, 10018.

18.    SPARC and BB OPCO share a physical address at 125 Chubb Ave, Fl. 5, Lyndhurst, New Jersey 07071.

19.    Simon Property Group, Inc. is a Delaware corporation.  It owns and exercises control over Simon Property Group, L.P.

20.    Simon Property Group, L.P. is a Delaware limited partnership.  Simon Property Group, Inc. ███████████ owns 50% of SPARC, ███████████

SECOND AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 7

CASE NO. 2:20-CV-1491 RSM

1    ████████████████████    Simon Property Group, Inc. also partially owns

2    ABG and is a landlord to ██ Brooks Brothers stores.

3        21.      Simon Property Group, Inc. and Simon Property Group, L.P. share a physical

4    address at 225 West Washington Street, Indianapolis, Indiana 46204.

5                    **III.    JURISDICTION AND VENUE**

6                    **A.    SUBJECT MATTER JURISDICTION**

7        22.      This Court has subject matter jurisdiction over this action under 15 U.S.C. §

8    1121 and 28 U.S.C. §§ 1331 and 1338 because this action arises under the federal Lanham

9    Act.  This Court has supplemental jurisdiction over the causes of action under Washington

10   state law because those causes of action are substantially related to the causes of action over

11   which this Court has original jurisdiction and are part of the same case and controversy,

12   pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

13       23.      This Court also has subject matter jurisdiction over this action under 28

14   U.S.C. § 1332, because the matter in controversy exceeds the value of $75,000, exclusive of

15   interest and costs, and is between citizens of different states.  Brooks is a Washington state

16   corporation with its principal place of business in Washington state.  SPARC and BB OPCO

17   are both Delaware limited liability companies with their principal place of business in New

18   Jersey.  ABG and BB IPCO are both Delaware limited liability companies with their principal

19   places of business in New York.  Simon Property Group, Inc. and Simon Property Group, L.P.

20   are organized under the laws of Delaware and have their principal places of business in

21   Indiana.

22       24.      The Court has subject matter jurisdiction over Brooks' claim for declaratory

23   judgment of non-infringement pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–

24   2202 and for the reasons set forth in the Seventh Claim for Relief, incorporated herein by

25   reference.

26

SECOND AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 8
CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

## B.     PERSONAL JURISDICTION

25.     Defendants market, advertise, offer, and/or intend to offer infringing goods and services to Washington residents and persons in Washington, including through the Brooks Brothers website and at least one Brooks Brothers retail store located in Washington state.

26.     Defendants employ dozens of employees in Washington state in connection with the Brooks Brothers business.  Among other things, the employees solicit and consummate or intend to solicit and consummate sales of infringing goods in the Brooks Brothers brand retail store located in Washington state.  Each of the Defendants actively participates in the Washington activities of the Brooks Brothers business.

27.     ABG, SPARC, and BB OPCO have an immediate intent and capacity to market and/or presently do market, advertise, and solicit sales of infringing goods in Washington state through the Brooks Brothers-brand retail store and in other third-party retail stores located in Washington state.

28.     ABG, SPARC, and BB OPCO operate an interactive website and knowingly send or intend to imminently send direct solicitations via e-mail to Washington state residents and others in Washington to solicit the sale of its infringing goods and services.

29.     According to public statements, BB IPCO licenses the acquired trademark rights to SPARC, which has an immediate intent and capacity to and/or presently does market, advertise, and solicit sales of infringing goods in Washington state through the Brooks Brothers-brand retail store and in other third-party retail stores located in Washington state.

30.     Simon Property owns retail spaces located in Washington state at which Brooks Brothers-brand retail stores and other third-party retail stores presently market, advertise, and solicit sales of infringing goods, and Simon Property has an immediate intent and capacity to and/or presently does market such goods at retail spaces located in

SECOND AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 9
CASE NO. 2:20-CV-1491 RSM

Washington state. Simon Property also operates social media accounts that market, advertise, and solicit sales of Brooks Brothers' goods to Washington state residents.

31. Defendants are seeking, and purport to be entitled to, the exclusive right to use the BROOKS mark for retail and online retail services featuring the sale of footwear and apparel, in Washington state as well as in the rest of the United States.

32. Defendants know that Brooks is headquartered with hundreds of employees in Washington state; operates two brick-and-mortar Brooks stores in Washington state; has retail marketing, advertising and sales at Expo events and "pop-up" stores in Washington state; and that harm to Brooks will be felt in Washington state.

33. By filing its motion to dismiss without challenging personal jurisdiction, SPARC consented to personal jurisdiction in the instant action. Brooks Brothers Group did the same in the earlier litigation, by filing its Answer without challenging personal jurisdiction.

34. This Court has specific personal jurisdiction over Defendants because they have committed, and/or have the immediate intention and capacity to commit, willful acts of trademark infringement, unfair competition, and trademark dilution in Washington state, and have purposely availed themselves of Washington law by owning and/or operating retail stores in Washington state, marketing and selling products in other retail stores in Washington state, and intentionally soliciting and consummating sales with Washington state residents and other persons in Washington through the Brooks Brothers' highly interactive website.

### C. VENUE

35. Venue is proper under 28 U.S.C. § 1391(b)(2).

36. Brooks offers its goods for direct sales to consumers under the trademark BROOKS through its website, which is operated, developed, tested and maintained by Brooks employees in Washington state; the Brooks Flagship Store; its retail outlet store located at 24110 Bothell-Everett Hwy, Bothell, WA 98021 ("Brooks Outlet Store"); Brooks-branded

SECOND AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 10
CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

stores at Expos in this judicial district; and in retail "pop-up" stores located in this judicial district.  Brooks has completed several hundred thousand sales in this judicial district through these channels.

37.     Defendants are transacting business within this judicial district and intend to commit the acts complained of in this judicial district.  Defendants own and/or operate retail stores and market and sell goods and services in other third-party retail stores within this judicial district and do business using the highly interactive Brooks Brothers brand website in this judicial district with persons in Washington and with Washington residents.  Defendants purport to have exclusive rights in trademarks used by Brooks in this judicial district. Defendants have committed and intend to commit the acts described in this Second Amended Complaint in this judicial district.  Accordingly, Defendants' acts have been aimed at and felt within this judicial district.

38.     By filing its motion to dismiss without challenging venue, SPARC consented to venue in this action.  Brooks Brothers Group consented to this venue in the earlier litigation as well.

## IV.     FACTS

### A.  Brooks' Famous Marks

39.     Brooks was founded in 1914.  Since then, it has grown from a small, family-owned shoe factory to become a premium global brand for performance athletic footwear, apparel, and accessories.

40.     Brooks has always been known to the world as Brooks.  For the past century, Brooks has made widespread, continuous, and exclusive use of the BROOKS mark to identify its goods and services.  Brooks owns valid and subsisting federal statutory and common law rights in the BROOKS mark as well as BROOKS-formative marks in connection with footwear, apparel, and accessories, and retail store and online store services for the same, including many registered trademarks (collectively, the "Brooks Marks").

SECOND AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 11
CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

41.     For example, Brooks is the owner of federal registrations for BROOKS and BROOKS-formative marks for athletic footwear, apparel, and accessories (the "Registered Brooks Marks"). The Registered Brooks Marks include the BROOKS mark on its own as well as BROOKS alongside its chevron symbol. Four of these marks are incontestable.[11] A sample of the Registered Brooks Marks is attached to this Second Amended Complaint as **EXHIBIT C** and is incorporated herein by reference.

42.     Among others, Brooks' registered marks include:

| Trademark | Category | Date |
|---|---|---|
| BROOKS | Athletic shoes. | Registered in the United States since July 1981. |
| BROOKS and Heritage Design **BROOKS** | Athletic clothing, namely, shirts, pants, jackets, hats, caps, shirts, tights, and hosiery and athletic footwear. | Registered in the United States since April 1992. |
| BROOKS and Path Design **BROOKS** | Footwear, shoes; athletic clothing, namely, gloves, mittens, hats, headbands, jackets, jogging suits, pants, shirts, shorts, socks, t-shirts, tank tops, tights, track suits, visors, warm up suits, waterproof jackets and pants, wind resistant jackets. | Registered in the United States since November 2014. |

---

[11] A trademark achieves incontestable status five years after the mark has achieved registration on the Principal Register of the Patent and Trademark Office. 15 U.S.C. §§ 1064–65. Once a trademark becomes incontestable, the grounds under which the trademark owner's rights in the mark may be challenged are limited by statute. *Id.*

SECOND AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 12

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

| BROOKS Below Chevron Oval Design | Clothing, namely, shoes, socks, footwear. | Registered in the United States since December 2001. |
| --- | --- | --- |

43.     Brooks also has international registered BROOKS and BROOKS-formative trademarks for footwear, apparel, and accessories (the "International Registered Brooks Marks"), which it uses in connection with its worldwide sales.  Among others, Brooks has registrations for the standalone BROOKS mark for use on apparel in Australia, Austria, Bahrain, Brazil, China, France, Japan, Mexico, Morocco, New Zealand, Russia, Saudi Arabia, South Africa, Switzerland, Taiwan, Tangiers, Thailand, Ukraine, the United Kingdom, Uruguay, and Venezuela.  A sample of the International Registered Brooks Marks is attached to this Second Amended Complaint as **EXHIBIT D** and is incorporated herein by reference.

44.     Brooks makes prolific use of the Brooks Marks.  Brooks uses the Brooks Marks throughout the United States and worldwide to offer its goods and services online, in stores, in over 5,000 third-party retail stores (including fifty in Washington state) as well as in connection with outreach and sporting events in the community.  Some representative examples of Brooks' use in commerce of the Brooks Marks include:

SECOND AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK DILUTION, AND DECLARATORY JUDGMENT OF NON-INFRINGEMENT - 13

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

a.   The Brooks Marks on shoes:





b.   The Brooks Marks on apparel:

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26







SECOND AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 15

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

c.   The Brooks Marks on accessories:



d.   The Brooks Marks on packaging for goods and to offer services:





SECOND AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 16
CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001



45.     Brooks offers its goods for direct sale to consumers under the Brooks Marks through its website located at www.brooksrunning.com, as well as at Brooks-branded retail stores, at Brooks-branded stores at Expos for athletic and fitness events in cities across the United States, and in numerous retail "pop-up" stores located throughout the United States. Brooks uses the Brooks Marks in those venues as well, including:

a.   The Brooks Marks on the Brooks Flagship Store:



SECOND AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 17
CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

b.   The Brooks Marks on its website:



46.      Brooks also uses its Brooks Marks to represent itself in the community. Brooks operates and supports community engagement events such as the November Project (a nonprofit dedicated to building communities through free workouts); the Brooks Trailhead Running Club (which has over 600 members and has regular group runs starting and ending at its flagship retail store called the "Brooks Trailhead"); the Seattle Running Club (which has several hundred active members); the annual Brooks PR Invitational (an annual invitation-only track and field contest for the top high school athletes in the country that is held at the University of Washington's Husky Stadium); and the Seattle Rock and Roll Marathon (featuring races of various distances including a marathon that starts and finishes at Seattle Center, taking runners through downtown Seattle, Fremont, over the Ballard Bridge, and past Kerry Park).  Brooks was a supporter of the 2018 USA Special Olympics and sponsored two athletes at the games.  Brooks sponsors the Brooks Beasts, a Seattle-based professional running team.  It also operates and/or supports approximately 25 races and other major events in the United States each year.  Representative photographs of these events are shown below:

SECOND AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 18
CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001





47.    Brooks offers a complete line of state-of-the-art running shoes, apparel, and accessories under the Brooks Marks and consumers recognize and trust the Brooks Marks as indicators of quality and excellence.  The Brooks Marks have acquired incalculable distinction, reputation, and goodwill belonging exclusively to Brooks.

48.    Brooks has invested time, money, and other resources to grow the Brooks brand.  In the last ten years alone, Brooks spent over $48 million on research to pioneer

SECOND AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 19
CASE NO. 2:20-CV-1491 RSM

developments in design and materials and to ensure its products are top of the line.  Brooks has spent more than $424 million dollars since 2011 on marketing its products.  These efforts were not in vain; industry commentators have repeatedly recognized and praised Brooks for its athletic footwear and apparel and Brooks Marks-bearing products have been named Editor's Choice "best running shoe," "best running shorts," "best sports bra," "best workout hoodie," and more from *Outside*, *Men's Health*, *Women's Health*, *Fit Bottomed Girls*, *Trail Runner*, *Runner's World*, *Trail Sisters*, *Esquire*, and *Self* magazines.

49.     Brooks' products have been an enormous commercial success with runners and non-runners alike.  Brooks has been the top-selling running shoe brand in specialty running stores since 2011.  Brooks' reputation for performance high-quality and innovative running shoes extends to footwear and apparel for consumers interested in active lifestyles and fitness.  In fact, over half of Brooks' sales are to consumers who do not consider themselves to be runners.

50.     Brooks sold more than 14 million units of its goods in 2020 worth over $1.5 billion dollars in consumer purchases at retail, all bearing a Brooks trademark.  More than $25 million of that total was derived from sales in Washington state.  Brooks has completed several hundred thousand sales to Washington state residents through its website, the Brooks Flagship Store, the Brooks Outlet Store, Brooks-branded stores at Expos for athletic and fitness events, and in "pop-up" retail stores.

51.     The Brooks Marks are distinctive to both the consuming public at large and to consumers in Brooks' market.  This is particularly true online.  Over the past decade, internet sales have generated a significant and growing share of Brooks' revenues.  In 2020, approximately 55% of Brooks' retail sales came from online channels.  Since March 2020, as the response to the COVID-19 pandemic closed most retail stores, Brooks' online sales surged.  Online sales in the United States from March through December 2020 were approximately 81% higher than the same period in 2019. Every product that Brooks advertises or sells on the

SECOND AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 20

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

internet is branded with a Brooks trademark, and consumers looking for Brooks products can find them by typing "Brooks" into a search engine.

52.     Brooks dominates internet search results for the query "Brooks."  For example, running a Google search for Brooks in incognito mode (so that the browser does not tailor search results based on stored data) pulls up the following result:



**B.  The Brooks Brothers Marks**

53.     The Brooks Brothers business has been in operation since the 1800s. Whereas Brooks is known as Brooks and recognized for its athletic footwear, apparel, and accessories, Brooks Brothers is known to consumers as Brooks Brothers and associated with its traditional ready-to-wear fashion apparel and tailored business and formal wear.  Brooks

SECOND AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 21
CASE NO. 2:20-CV-1491 RSM

Summit Law Group, pllc
315 Fifth Avenue South, Suite 1000
Seattle, Washington 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

Brothers primary market—making up 80% of its sales—has been classic men's wear.[12] Specifically, consumers know Brooks Brothers for its suits, ties, collared shirts, and leather oxford shoes.

54.     Until 2019, when it represented to the USPTO that it intended to use the stand-alone BROOKS mark on apparel, Brooks Brothers had, to the best of Brooks' knowledge, never used the standalone word BROOKS as a trademark in connection with the sale or offer for sale of its goods or services.  Until recently, Brooks Brothers also did not sell or offer for sale athletic or athletic-related goods or services (with the exception of its golf polo shirts) under any trademark.

55.     Brooks Brothers had its own family of marks that it used on its products (the "Brooks Brothers Marks").  The Brooks Brothers Marks include registered marks for BROOKS BROTHERS and other marks that include "Brooks Brothers," such as BROOKSBROTHERS.COM, BROOKS BROTHERS FACTORY STORE, BROOKS BROTHERS WOMEN, BROOKS BROTHERS COUNTRY CLUB, and the scripted BROOKS BROTHERS logo.

56.     The Brooks Brothers Marks also include certain registered trademarks that replace the word "brothers" with another word, for example BROOKSTWEED and BROOKSCOOL (the "Combination Marks").  In connection with apparel, Brooks Brothers has typically used these BROOKS BROTHERS Combination Marks as secondary marks along with the Brooks Brothers name to denote specific fabrics or subcategories of Brooks Brothers-brand products.  For instance:

---

[12] Teri Agins, *With a Glance Backwards, Brooks Brothers Looks to the Future*, the New York Times (Apr. 21, 2018), https://www.nytimes.com/2018/04/21/business/brooks-brothers-looks-to-the-future.html.

SECOND AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 22

CASE NO. 2:20-CV-1491 RSM

Summit Law Group, PLLC
315 Fifth Avenue South, Suite 1000
Seattle, Washington 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001




57.     Throughout its history, *Brooks Brothers has never held a single trademark registration for the standalone BROOKS mark on any class of goods or services.*

### C.  Past Disputes Between Brooks and Brooks Brothers

58.     After Brooks entered the running shoe market in earnest in the 1970s, it applied to register the BROOKS trademark for use with athletic shoes.  Brooks Brothers opposed the application on the grounds that "BROOKS" was confusingly similar to "Brooks Brothers."  The parties resolved this dispute by agreement and Brooks Brothers dismissed its opposition to Brooks' registration of the BROOKS mark.  **EXHIBIT E** (the "1980 Agreement").  In addition to resolving the registration dispute, the 1980 Agreement created a framework aimed at avoiding certain conflicts.  Brooks Brothers agreed not to object to certain trademark uses and registrations by Brooks, and Brooks agreed not to object to certain trademark uses and registrations by Brooks Brothers.

59.     For a number of years, the 1980 Agreement served its purpose of minimizing conflicts between Brooks and Brooks Brothers throughout the world.  Brooks sold its athletic footwear, apparel, and accessories under its Brooks Marks and Brooks Brothers sold its ready-to wear and formal fashions under its Brooks Brothers Marks.  Notably, during the years from 1980 to 2018, Brooks filed numerous trademark registrations for the standalone BROOKS trademark on athletic footwear and apparel in countries throughout the world.  During these

years, Brooks Brothers never sought to use or register the standalone BROOKS mark on any class of goods or services.

60.     Meanwhile, as consumers increasingly turned to active-lifestyle and athletic-inspired footwear and apparel for everyday wear—and even for business wear—the market for traditional suits, ties, and ready-to-wear and tailored clothing dwindled.  In the last decade, sales of athletic-inspired footwear and apparel grew by double digits.[13]  Along with many other retailers in its industry, Brooks Brothers struggled as its key market shrank.[14]

61.     Brooks Brothers' challenges were compounded by the rise of e-commerce and the diminishing importance of brick-and-mortar stores.  In the early 2000s, Brooks Brothers unwisely doubled down on the brick-and-mortar strategy, vastly expanding its physical locations in the United States and worldwide.  By 2018, Brooks Brothers had 300 stores nationally (up from 160 in 2001) and 600 stores globally (up from around 235).[15]  In contrast, Brooks was growing its internet sales and by 2020, 55% of Brooks' retail sales in the United States came from online.  Brooks was on the right side of industry trends.  Industry-wide, online apparel sales increased from almost nothing in 2000 to nearly 40% in 2019 – before the global pandemic further boosted ecommerce.[16]

---

[13] George Arnett, *The future of athleisure lies in the workplace*, Vogue Business (May 21, 2019), https://www.voguebusiness.com/consumers/the-future-of-athleisure.

[14] Madeline Stone, *Brooks Brothers was struggling even before the pandemic, as it became 'out of step' with a new generation's business fashion sense*, Business Insider (July 8, 2020), https://www.businessinsider.com/brooks-brothers-struggles-began-before-pandemic-fashion-shifted-2020-7.

[15] Erin White, *Retail Brand Buys Brooks Brothers from Marks & Spencer for $225 Million*, Wall Street Journal (Nov. 23, 2001) (complete article on file with undersigned counsel), https://www.wsj.com/articles/SB1006468068166373960; Andria Cheng, *How 200-Year Old Brooks Brothers is Embracing AI and Millennials – And Why it May Cozy up to Amazon*, Forbes (Nov. 30, 2018) (complete article on file with undersigned counsel), https://www.forbes.com/sites/andriacheng/2018/11/30/how-200-year-old-brooks-brothers-is-embracing-ai-millennials-and-why-it-may-snuggle-up-to-amazon/?sh=2fb9fe3b321c.

[16] Digital Commerce 360, 2020 Online Apparel Report, https://www.digitalcommerce360.com/product/online-apparel-report/.

SECOND AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK DILUTION, AND DECLARATORY JUDGMENT OF NON-INFRINGEMENT - 24

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

62.     In a belated attempt to adapt to the changing tide, Brooks Brothers increased its offering of athletic or athletic-inspired apparel and shoes, including online.   For example, Brooks Brothers began selling vests and half-zip sweaters with an athletic feel:

**Brooks Brothers' Vest**          **Brooks Brothers' Colorblock Half Zip**




In or around 2018, Brooks Brothers began offering its so-called "Athletic" shoes on its website:



SECOND AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 25
CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

63.     The Brooks Brothers' Sporty Sneaker was nearly identical to a Brooks shoe. It copied the distinctive elements of Brooks' Heritage Collection shoe, including: the running-inspired design; the rubber outsole below a foam midsole extending up to the front of the toe box; the sole curving up towards the toe; the prominently raised heel tab; a leather heel tab on fabric upper; a heel cup wrapped in additional fabric; a lace guard with a rounded bottom; the lace guard, heel cup, and toe cap in a different shade but the same color as the upper.

| Brooks Brothers' "Sporty Sneaker" | Brooks' Heritage Collection Shoe |
|---|---|
|  |  |

64.     Around the same time that Brooks Brothers was attempting to pivot its brand closer to the markets in which Brooks operated, Brooks Brothers began to pursue the BROOKS mark for its own use.

65.     In 2018, Brooks Brothers opposed Brooks' registration of the BROOKS mark for athletic footwear and clothing in the United States. **EXHIBIT F** ("2018 Opposition"). Brooks already own an incontestable registration for the standalone BROOKS mark in the United States for use on athletic shoes; it had multiple registrations for the use of BROOKS with a symbol; and it had long used BROOKS (both alone and with a symbol) in the United States for its footwear, apparel, and accessories.  Brooks had also registered the standalone BROOKS word mark for use on athletic apparel and other items in dozens of countries.

SECOND AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 26
CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

Despite this history, Brooks Brothers contended that Brooks' continued use of the BROOKS mark would interfere with Brooks Brothers' trademark rights.

66.     In late 2019, Brooks Brothers, for the first time in its 200-year history, filed its own federal trademark application seeking the exclusive right to use the standalone BROOKS trademark.  **EXHIBIT G** ("First ITU Application").  Brooks Brothers applied to use the BROOKS mark in connection with a wide variety of goods as well as retail store and online retail store services featuring clothing for men, women, and sporting goods, among others.  Brooks Brothers applied for the registration on the basis that it had a bona fide intent to use the BROOKS mark in commerce under Section 1(b) of the Lanham Act, 15 U.S.C. § 1051(b).  Specifically, Brooks Brothers declared it "believe[d] that [it] is entitled to use the mark in commerce" and that it "has a bona fide intention to use the mark in commerce on or in connection with the goods/services" in the ITU Application.  In early 2020, it filed a second application to use the standalone BROOKS trademark, this time on Christmas tree ornaments, again declaring its intention to use the BROOKS mark in commerce.  **EXHIBIT H** ("Second ITU Application").

### D.  *Brooks v. Brooks Brothers*

67.     In the face of Brooks Brothers' encroachment into the market for athletic and athletic-inspired footwear and apparel and its brazen attempts to claim the BROOKS mark for itself, Brooks was left with no choice but to seek legal recourse.  On February 10, 2020, Brooks filed suit against Brooks Brothers in this District seeking injunctive relief on the basis that, among other things, Brooks Brothers had infringed Brooks' federal and common law trademark rights ("*Brooks v. Brooks Brothers*").[17]

---

[17] *Brooks Sports, Inc. v. Brooks Brothers Group, Inc.*, 2:20-cv-207-TSZ, Complaint (Dkt. #1).  **EXHIBIT A**.

SECOND AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK DILUTION, AND DECLARATORY JUDGMENT OF NON-INFRINGEMENT - 27
CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

68.     In its answer to the complaint in *Brooks v. Brooks Brothers*, Brooks Brothers alleged that it owned common law rights to BROOKS and asserted that it was ***Brooks*** that was infringing the Brooks Brothers' trademark rights by marketing its products under the BROOKS name.  Brooks Brothers thus counterclaimed for trademark infringement, trademark dilution, unfair competition, and breach of contract.[18]  In its counterclaims, Brooks Brothers relied heavily on the 1980 Agreement, contending that – despite the fact that Brooks Brothers had never before used or sought to register the standalone BROOKS mark on any products either before or after 1980 – the agreement somehow gave Brooks Brothers rights in the standalone BROOKS trademark.

69.     Brooks Brothers' claim to the BROOKS mark is untenable.  Brooks Brothers does not have a registered BROOKS mark.  To the best of Brooks' knowledge, Brooks Brothers has never sold or offered for sale an item with the BROOKS mark or otherwise used BROOKS in commerce as required to possess trademark rights of any kind.  Moreover, Brooks Brothers' position disregards Brooks' federally-registered and common law rights to BROOKS.  And to the extent Brooks Brothers contends that the 1980 Agreement affords it rights beyond those it has developed through the goodwill of its business, it fundamentally misinterprets the 1980 Agreement.  The 1980 Agreement existed to minimize conflict between the parties as they pursued their respective businesses by avoiding disputes over trademark uses and registrations.  The 1980 Agreement did not limit or expand the trademark rights of either party.

70.     Brooks Brothers' recent claims to the standalone BROOKS mark are also contrary to Brooks Brothers' own prior representations to the USPTO during the lifetime of the 1980 Agreement.  For example, when Brooks Brothers tried to register a BROOKSBOYS mark in 2001, the USPTO refused the application based on a likelihood of confusion with

---

[18] *Brooks Sports, Inc. v. Brooks Brothers Group, Inc.*, 2:20-cv-207-TSZ, Answer (Dkt. #14). **EXHIBIT B**.

SECOND AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 28

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

eight of Brooks' registrations for BROOKS and BROOKS-formative marks.  **EXHIBIT I** (BROOKSBOYS refusal and response).  The examiner determined that there was a high degree of similarity between the marks because of the presence of BROOKS in BROOKSBOYS.  To overcome the refusal, Brooks Brothers argued that "***it might be a different story if Applicant [Brooks Brothers] were seeking to register BROOKS alone***," but assured the USPTO that it was not seeking rights to the standalone BROOKS.  *Id.* at 12.

71.     Brooks Brothers faced the same issue when it tried to register BROOKS SHIRTS for a wide variety of clothing; the USPTO refused the application because the mark was "substantially similar" to Brooks' registered BROOKS and design trademark and the goods were "closely related" such that there existed a likelihood of confusion.  **EXHIBIT J** (BROOKS SHIRTS refusal and response).  Again, Brooks Brothers countered that "[i]t might be a different story if Applicant were seeking to register BROOKS alone . . . [h]owever, ***it is not***."  *Id.* at 11.

72.     In *Brooks v. Brooks Brothers*, Brooks Brothers began to tell the "different story" that it had previously disavowed.  It adopted a new interpretation of the 1980 Agreement, which it sought to weaponize in support of a desperate strategy to save its struggling business.  In its Answer, Brooks Brothers asserted that if Brooks and Brooks Brothers market similar apparel under their respective names—with Brooks using its BROOKS mark and Brooks Brothers using its BROOKS BROTHERS or Combination Marks—there would be consumer confusion.[19]  Brooks Brothers also asserted that if both parties used the standalone BROOKS marks in connection with their respective goods, consumers would be confused.[20]  But Brooks Brothers maintained that this alleged consumer confusion—precipitated by Brooks Brothers' efforts to pivot into new markets and its newly-

[19] *Brooks Sports, Inc. v. Brooks Brothers Group, Inc.*, 2:20-cv-207-TSZ, Answer, at ¶ 220 (Dkt. #14).

[20] *Id.* at ¶ 252.

SECOND AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 29

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

concocted position that it owns the standalone BROOKS mark—should be avoided by allowing **Brooks Brothers**, rather than Brooks, to use the standalone BROOKS mark on clothing.  Brooks Brothers contended that the 1980 Agreement required this inequitable and commercially unreasonable result.

73.     Brooks Brothers' aggressive reinterpretation of the 1980 Agreement in pursuit of a new business strategy thwarted the agreement's purpose of avoiding conflicts between the parties.  For this reason, among others, Brooks terminated the 1980 Agreement on June 13, 2020.

74.     To head off Brooks Brothers' desperate efforts to steal its intellectual property, Brooks filed for preliminary injunctive relief on June 22, 2020 in *Brooks v. Brooks Brothers* to prevent Brooks Brothers from using the BROOKS mark pending resolution of the dispute.  That motion was never decided, however, because while it was pending, the already-reeling Brooks Brothers business collapsed in the face of the global Covid-19 pandemic.

### E.  The Brooks Brothers Bankruptcy and Defendants' Acquisition

75.     On or about July 8, 2020, Brooks Brothers Group filed for bankruptcy.  Less than two months later, Defendants bought Brooks Brothers' assets out of the bankruptcy for $325 million.  According to industry observers, this was a "bargain basement price for the two-hundred-year-old label . . . , which in 2019 generated a revenue of $991 million."[21]

76.     Public statements and filings, as well as ▇▇▇▇▇▇▇▇▇▇▇▇ indicate that Defendants acquired and manage the Brooks Brothers assets as follows:

    a.  SPARC—the joint venture between Simon Property and ABG—purchased

        Brooks Brothers' assets out of bankruptcy and had Brooks Brothers assign all

---

[21] *New executive team drives relaunch of Brooks Brothers*, Fashion Network, https://ww.fashionnetwork.com/news/New-executive-team-drives-relaunch-of-brooks-brothers,1267596.html.

SECOND AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 30
CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

trademark rights to BB IPCO, a holding company wholly owned and controlled by ABG.

b. ABG controls the Brooks Brothers trademark rights through BB IPCO.  ABG holds itself out as having "purchased" the trademark rights assigned to BB IPCO LLC and claims to control those rights.[22]  It has declared that it will oversee all licensing partnerships, new business, and brand development.

c. SPARC is "the dedicated operating company for ABG owned brands ."  *Id.*  SPARC assigned at least some of the Brooks Brothers assets to BB OPCO, which functions as an operating company.

d. ABG and SPARC—through BB IPCO and BB OPCO—jointly control the marketing and advertising of the Brooks Brothers goods and services, which includes use of all Brooks Brothers trademarks and therefore materially contribute to the use of those trademarks.

e. ABG and SPARC—through BB OPCO—jointly manage the sale and offer for sale of Brooks Brothers' goods and services in commerce.

f. Simon Property ███████████████ 50% of SPARC, ██████████ ██████ and 6.6% of ABG.  Simon Property ███████████████ ████████████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ██████████████████████████████████ ██████████████████████████████████████ ██████████████████████

---

[22] *Authentic Brands Group and SPARC Group Finalize the Acquisition of Brooks Brothers*, ABG press release (Sept. 1, 2020), https://abgnewsroom.com/home/authentic-brands-group-and-sparc-group-finalize-the-acquisition-of-brooks-brothers.

SECOND AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 31

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

g. Simon Property plays an active role  ███████████ ███████████████ by participating in Brooks Brothers marketing campaigns.

h. Simon Property is also a landlord to ██ Brooks Brothers stores and exercises control over Defendants' conduct.  In this capacity, Simon Property contributes services to the other Defendants by providing physical locations for Defendants to offer for sale and sell Brooks Brothers' infringing goods and services, knowing that they are engaged in trademark infringement. Simon Property promotes Defendants' infringing behavior by advertising for the Brooks Brothers locations found in its malls.

i. Defendants operate as partners and have the authority to bind one another in transactions with third parties.  Defendants exercise joint ownership and control over the Brooks Brothers' products and trademarks.  Defendants have actual knowledge of all uses and intended uses of any trademarks on Brooks Brothers' goods and services.

**F.  Defendants' Infringement of the Brooks Marks**

77.    Before Brooks Brothers filed for bankruptcy, it declared its intent to use the BROOKS mark in its ITU Application.  Brooks Brothers also claimed actual use of the BROOKS mark by alleging common law rights in the mark.[23]

78.    Prior to its bankruptcy, Brooks Brothers had also begun blurring the longstanding market segmentation between Brooks and Brooks Brothers.  Brooks Brothers began to characterize itself as an "innovator and seller of sportswear."[24]  It declared its intent

---

[23] *Brooks Sports, Inc. v. Brooks Brothers Group, Inc.*, 2:20-cv-207-TSZ, Answer, at ¶ 166 (Dkt. #14).

[24] *Id.* at ¶ 187.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

to move into Brooks' market for athletic and athletic-inspired footwear and apparel and then began selling a "Sporty Sneaker" bearing an uncanny resemblance to a Brooks running shoe.

79.     Along with its other actions, Brooks Brothers' sworn representations in multiple forums that it was using and intended to use the BROOKS mark in commerce led Brooks to move for preliminary injunctive relief.

80.     With the acquisition of Brooks Brothers by Defendants, the threat to Brooks' brand is even more acute.  The CEO of Simon Property has described ABG as "very, very good about understanding where there is value in the [acquired] brand because they know how they can monetize that intellectual property."[25]  Defendants' efforts to milk every last dollar from the ailing Brooks Brothers' brand place Brooks' thriving premium brand in considerable jeopardy.

81.     Since the acquisition, Defendants have maintained Brooks Brothers' claim to the standalone BROOKS mark.  They adopted and continue to pursue Brooks Brothers intent-to-use application for the BROOKS mark and maintained the opposition to Brooks' registration of its BROOKS mark for shoes and apparel.  Defendants have also indicated that they will maintain Brooks Brothers' counterclaims from *Brooks v. Brooks Brothers*, including the claims to the BROOKS mark and their allegations that Brooks is infringing Brooks Brothers' purported rights in the BROOKS mark.

82.     Defendants have publicly stated their intention to pursue the growth of athletic-inspired clothing even more aggressively and rapidly than Brooks Brothers.[26]  In an

---

[25] Sanford Stein, *Sparc Group, The Simon Property Group/ABG Creation, May Well Reimagine the Future 'Brandscape,'* Forbes (Aug. 20, 2020) (complete article on file with undersigned counsel), https://www.forbes.com/sites/sanfordstein/2020/08/20/sparc-group-the-simon-property-groupabg-creation-may-well-reimagine-the-future-brandscape/?sh=18b3560c6057.

[26] Jean Palmieri, *The Brooks Brothers Playbook Includes More Sportswear, E-comm and Fun,* Women's Wear Daily (Dec. 1, 2020), https://finance.yahoo.com/news/exclusive-brooks-brothers-playbook-includes-050129922.html; Cam Wolf, *Brooks Brothers's Future Looks a Lot Like Menswear's Past,* GQ (Dec. 1, 2020), https://www.gq.com/story/brooks-brothers-hires-michael-bastian.

SECOND AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK DILUTION, AND DECLARATORY JUDGMENT OF NON-INFRINGEMENT - 33

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

article from August of 2020, SPARC and ABG executive Jamie Salter was quoted as stating that "[t]here will be a lot more leisurewear and activewear" in the Brooks Brothers product line and that "[w]e won't forget the tailored piece but there won't be a huge emphasis in that area."[27] Mr. Salter acknowledged that Brooks Brothers' reputation is primarily as a purveyor of suits and sport coats, but said that going forward leisure and activewear "needs to be 80%" of the Brooks Brothers product line. *Id.* He added that he intended to hire a "big-name designer" with a "strong sportswear background" to engineer this change. *Id.*

83.     By December, Defendants had done just that.   The new designer, Michael Bastian, claimed to be "beefing up sportwear" and jumping on the athleisure "trend" for both men and women for the Fall 2021 collection to "get a bigger piece of the pie."[28] Mr. Bastian indicated that the brand was going to try to expand in the women's market and to "accelerate . . . growth in digital" and online commerce. *Id.* Mr. Salter has similarly disclosed Defendants' plans to expand Brooks Brothers' e-commerce business from "a couple hundred million" to $1 billion within two to three years.[29] President and Chief Marketing Officer of ABG Nick Woodhouse previewed some "collaborations that are not expected from us" in a recent interview.[30]

---

[27] Jean Palmieri, *Big-Name Designer Among the Changes Expected for Brooks Brothers,* Women's Wear Daily (Aug. 14, 2020) (complete article on file with undersigned counsel), https://wwd.com/business-news/retail/big-name-designer-among-the-changes-expected-for-brooks-brothers-1203699451/.

[28] Jean Palmieri, *The Brooks Brothers Playbook Includes More Sportswear, E-comm and Fun,* Women's Wear Daily (Dec. 1, 2020), https://finance.yahoo.com/news/exclusive-brooks-brothers-playbook-includes-050129922.html.

[29] Jean Palmieri, *Big-Name Designer Among the Changes Expected for Brooks Brothers*, Women's Wear Daily (Aug. 14, 2020) (complete article on file with undersigned counsel),  https://wwd.com/business-news/retail/big-name-designer-among-the-changes-expected-for-brooks-brothers-1203699451/.

[30] Jean Palmieri, *The Brooks Brothers Playbook Includes More Sportswear, E-comm and Fun,* Women's Wear Daily (Dec. 1, 2020), https://finance.yahoo.com/news/exclusive-brooks-brothers-playbook-includes-050129922.html.

SECOND AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK DILUTION, AND DECLARATORY JUDGMENT OF NON-INFRINGEMENT - 34

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

84.     During the course of this lawsuit, Defendants made good on their promises to veer aggressively away from Brooks Brothers' traditional domain.   On or about February 26, 2021, Defendants launched an "Athletic-Inspired Collection" under the Brooks Brothers name.   On about that day, the front page of the Brooks Brothers website began advertising that collection, notifying consumers that Brooks Brothers was now offering "[s]weatshirts, joggers & shorts that raise the bar on comfort" and began advertising the same on social media:

SECOND AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK DILUTION, AND DECLARATORY JUDGMENT OF NON-INFRINGEMENT - 35

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001





SECOND AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 36

CASE NO. 2:20-CV-1491 RSM

85.     Among other items, the Brooks Brothers "Athletic-Inspired Collection" includes:

a.   Athletic-inspired joggers that are "[d]esigned to move from workouts to lounging":



b.   Athletic-inspired sweatshirt for "workouts to weekdays":

SECOND AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 37
CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001



c.  Athletic-inspired sweat shorts for "ultimate comfort through workouts":



SECOND AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 38

CASE NO. 2:20-CV-1491 RSM

Summit Law Group, PLLC
315 Fifth Avenue South, Suite 1000
Seattle, Washington 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

d.   Athletic-inspired hooded sweatshirts to wear "for a jog":



86.     The Brooks Brothers "Athletic-Inspired Collection" is a threat to Brooks' brand equity and trademark rights.  Although Defendants' new collection is clearly not the sort of performance athletic apparel for which Brooks is famous, the new collection openly purports to mimic such apparel and expressly advertises itself as running gear.  The use of the "Brooks Brothers" name on these fake running clothes threatens to confuse consumers who associate the "Brooks" name with high-quality performance running shoes and apparel, and to tarnish Brooks' hard-earned reputation as a premium performance brand.

87.     Defendants have also followed through on their threat to use the standalone BROOKS mark in commerce in connection with the sale, offer for sale, or distribution of their goods.  In August 2021, Brooks Brothers launched a "Back to Brooks" marketing campaign, promoted with a #BackToBrooks hashtag, that dominated their website and social media platforms and donned the windows of Brooks Brothers' stores.

SECOND AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 39
CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

88.    Prior to the Brooks Brothers' campaign, the #BackToBrooks hashtag had been used by consumers to refer to Brooks on social media but never to Brooks Brothers.  Indeed, even since the launch of Defendants' "Back to Brooks" campaign, consumers continue to use the hashtag to refer primarily to Brooks and its products:



89.    On August 27, 2021, Brooks sent Defendants SPARC, ABG, BB IPCO, and BB OPCO a letter demanding that Brooks immediately end the "Back to Brooks" campaign and remove all references to the campaign and all uses of the #BacktoBrooks hashtag across all social media platforms.  On September 1, 2021, Defendants SPARC, ABG, BB IPCO, and BB OPCO responded that the campaign would "expire" on September 9, 2021, but refusing to remove the infringing #BacktoBrooks social media posts.

SECOND AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 40
CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

90.     On or about September 24, 2021, Brooks learned that Defendant Simon Property was also using its social media accounts to post about Brooks Brothers using a #BackToBrooks hashtag and inviting customers to shop at the Brooks Brothers stores in Simon Property's malls.  Brooks immediately asked Simon Property to cease and desist the infringing conduct.  Simon Property denied that the posts were infringing but agreed to take down the posts.

91.     The unauthorized use by Defendants of the BROOKS standalone mark as part of a "Back to Brooks" campaign on the Brooks Brothers websites, stores, and social media accounts is confusing and deceptive and threatens to dilute Brooks' reputation and goodwill and mislead consumers.

92.     The unauthorized use by Defendant Simon Property of the BROOKS standalone mark on its social media accounts on behalf of Brooks Brothers as part of the "Back to Brooks" campaign is confusing and deceptive and threatens to dilute Brooks' reputation and goodwill and mislead consumers.

93.     Defendants' acts are willful, and are committed with the deliberate intent to trade on the goodwill of the Brooks Marks, cause confusion and deception in the marketplace, and divert potential sales of Brooks' goods and services to Defendants.

94.     Defendants' acts, unless restrained, will cause damage and irreparable harm to Brooks and to its valuable reputation and goodwill with the consuming public for which Brooks has no adequate remedy at law.

## V.     CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

95.     Brooks repeats and realleges the factual allegations stated above as if fully set forth herein.

SECOND AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK DILUTION, AND DECLARATORY JUDGMENT OF NON-INFRINGEMENT - 41
CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

96.     Brooks owns the rights to the Registered Brooks Marks, which are valid and subsisting.

97.     Brooks' rights in its Registered Brooks Marks predate Defendants' use of any BROOKS BROTHERS and/or Combination Marks in connection with athletic footwear, apparel, or accessories (other than golf apparel) and predate Defendants' use of BROOKS in connection with any goods or services.

98.     Based on the totality of the facts and circumstances alleged herein, Defendants are using the BROOKS BROTHERS Marks and are using and/or have an intent to imminently use in commerce the Combination Marks in connection with the sale, offering for sale, distribution, or advertising of athletic footwear, apparel, or accessories in ways that are likely to confuse consumers; and Defendants are using and/or have an intent to imminently use in commerce the BROOKS mark for the sale, offering for sale, and distribution of their goods.

99.     Defendants' conduct as alleged herein is likely to cause confusion, or to cause mistake, or to deceive, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

100.     The public in the United States and worldwide associate the Registered Brooks Marks with Brooks' goods and services.  Defendants' conduct as alleged herein will confuse and deceive consumers as to the origin, source, sponsorship or affiliation of their goods and services and will allow Defendants to unjustly benefit from Brooks' long-standing reputation in the marketplace for quality, innovation, and performance.  Among other things, Defendants unauthorized use is likely to cause consumers to believe, contrary to fact, that Defendants' goods and services are sold, authorized, endorsed, sponsored, or otherwise approved by Brooks, or that Defendants are in some way affiliated with Brooks.

101.     Defendants' conduct as alleged herein threatens to cause and is causing immediate and irreparable harm and injury to Brooks and to its goodwill and reputation.

SECOND AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK DILUTION, AND DECLARATORY JUDGMENT OF NON-INFRINGEMENT - 42
CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

Defendants' conduct as alleged herein will continue to both damage Brooks and confuse the public unless enjoined by this Court.  Brooks has no adequate remedy at law.

102.     Defendants' continued conduct as alleged herein constitutes willful infringement of Brooks' exclusive rights in the Brooks Marks.

103.     Defendants' continued conduct as alleged herein is extraordinary and therefore makes this an exceptional case within the meaning of 15 U.S.C. § 1117.

104.     Each Defendant is directly, contributorily, and vicariously liable for the infringement of every other Defendant.

105.     Brooks is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**SECOND CLAIM FOR RELIEF**

**FEDERAL UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)**

106.     Brooks repeats and realleges the factual allegations stated above as if fully set forth herein.

107.     Brooks owns the rights to the Brooks Marks, including all federal statutory and common law rights.

108.     Based on the totality of the facts and circumstances alleged herein, Defendants are using the BROOKS BROTHERS Marks and are using and/or have an intent to imminently use in commerce the Combination Marks in connection with the sale, offering for sale, distribution, or advertising of athletic footwear, apparel, or accessories in ways that are likely to confuse consumers; and Defendants are using and/or have an intent to imminently use in commerce the BROOKS mark for the sale, offering for sale, and distribution of their goods.

SECOND AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 43
CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

109.     Defendants' conduct as alleged herein is likely to cause confusion, or to cause mistake, or to deceive, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

110.     The public in the United States and worldwide associate the Brooks Marks with Brooks' goods and services.  Defendants' conduct as alleged herein will confuse and deceive consumers as to the origin, source, sponsorship or affiliation of their goods and services and will allow Defendants to unjustly benefit from Brooks' long-standing reputation in the marketplace for quality, innovation, and performance.   Defendants' conduct is likely to cause consumers to believe, contrary to fact, that Defendants' goods and services are sold, authorized, endorsed, or sponsored by Brooks, or that Defendants are in some way affiliated with or sponsored by Brooks.

111.     Defendants' conduct as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

112.     Defendants' conduct as alleged herein threatens to cause and is causing immediate and irreparable harm and injury to Brooks, and to its goodwill and reputation. Defendants' conduct as alleged herein will continue to both damage Brooks and confuse the public unless enjoined by this Court.  Brooks has no adequate remedy at law.

113.     Defendants' conduct as alleged herein is willful and is intended to and likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Brooks.

114.     Defendants' continued and threatened conduct as alleged herein despite their awareness of Brooks' ownership of the Brooks Marks and the harm and confusion that they are causing and will cause is extraordinary and makes this an exceptional case within the meaning of 15 U.S.C. § 1117.

SECOND AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 44
CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

115.     Brooks is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

### THIRD CLAIM FOR RELIEF

### FEDERAL TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c)

116.     Brooks repeats and realleges the factual allegations stated above as if fully set forth herein.

117.     Brooks owns the rights to the Brooks Marks, including all federal statutory and common law rights.

118.     Due to over 100 years of use, and as evidenced by Brooks' impressive commercial success and industry praise of Brooks' goods and services, the Brooks Marks are distinctive and "famous marks" within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).  The Brooks Marks became distinctive and famous before Defendants' conduct as alleged herein.

119.     Based on the totality of the facts and circumstances alleged herein, Defendants are using the BROOKS BROTHERS Marks and are using and/or have an intent to imminently use in commerce the Combination Marks in connection with the sale, offering for sale, distribution, or advertising of athletic footwear, apparel, or accessories in ways that are likely to confuse consumers; and Defendants are using and/or have an intent to imminently use in commerce the BROOKS mark for the sale, offering for sale, and distribution of their goods.

120.     Defendants are using and/or intend to imminently use one or more marks that is identical or nearly identical to the BROOKS mark.

SECOND AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK DILUTION, AND DECLARATORY JUDGMENT OF NON-INFRINGEMENT - 45

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

121.     Defendants' conduct as alleged herein is likely to cause dilution by blurring or dilution by tarnishment of the famous Brooks Marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

122.     Defendants' conduct as alleged herein have diluted and will, unless enjoined, continue to dilute and are likely to dilute the distinctive quality of Brooks' famous Brooks Marks.

123.     Defendants' acts as alleged herein have tarnished and will, unless enjoined, continue to tarnish, and are likely to tarnish the Brooks Marks by undermining and damaging the valuable goodwill associated therewith.

124.     Defendants' acts as alleged herein are intentional and willful and have already caused Brooks irreparable damage and will, unless enjoined, damage and continue to so damage Brooks, which has no adequate remedy at law.

125.     Defendants' continued and threatened conduct as alleged herein despite their awareness of Brooks' ownership of the Brooks Marks and the harm and confusion that they are causing and will cause is extraordinary.

126.     Brooks is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## FOURTH CLAIM FOR RELIEF

## UNFAIR COMPETITION UNDER RCW § 19.86.020

127.     Brooks repeats and realleges the factual allegations stated above as if fully set forth herein.

128.     Brooks owns the rights to the Brooks Marks, including all common law rights.

SECOND AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK DILUTION, AND DECLARATORY JUDGMENT OF NON-INFRINGEMENT - 46
CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

129.     Based on the totality of the facts and circumstances alleged herein, Defendants are using the BROOKS BROTHERS Marks and are using and/or have an intent to imminently use in commerce the Combination Marks in connection with the sale, offering for sale, distribution, or advertising of athletic footwear, apparel, or accessories in ways that are likely to confuse consumers; and Defendants are using and/or have an intent to imminently use in commerce the BROOKS mark in connection for the sale, offering for sale, and distribution of their goods.

130.     Defendants' conduct as alleged herein is an unfair and deceptive practice and constitutes unfair competition in violation of RCW § 19.86.020.

131.     The public in the United States and worldwide associate the Brooks Marks with Brooks' goods and services.  Defendants' conduct as alleged herein will confuse and deceive consumers as to the origin, source, sponsorship or affiliation of their goods and services and will allow Defendants to unjustly benefit from Brooks' long-standing reputation in the marketplace for quality, innovation, and performance.

132.     Defendants' conduct as alleged herein threatens to cause and is causing immediate and irreparable harm and injury to Brooks, and to its goodwill and reputation, and will continue to both damage Brooks and confuse the public unless enjoined by this Court. Brooks has no adequate remedy at law.

133.     Defendants' unfair and deceptive practices have directly and proximately injured Brooks and its threatened acts will continue to injure Brooks, including causing injury to Brooks' business and property.

134.     Defendants' unfair and deceptive practices have negatively affected and injured the public interest.

135.     Brooks is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys'

SECOND AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK DILUTION, AND DECLARATORY JUDGMENT OF NON-INFRINGEMENT - 47

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

fees, and costs of the action, and an increased award of up to three times its actual damages

under RCW §19.86.090, together with prejudgment and post-judgment interest.

## FIFTH CLAIM FOR RELIEF

## TRADEMARK DILUTION UNDER RCW § 19.77.160

136.     Brooks repeats and realleges the factual allegations stated above as if fully set

forth herein.

137.     Brooks owns rights in the Brooks Marks, including all common law rights.

All such rights owned by Brooks are superior to any rights that Defendants may claim to have

in the BROOKS mark or any other Brooks Marks.

138.     Due to over 100 years of use, and as evidenced by Brooks' impressive

commercial success and industry praise of Brooks' goods and services, the Brooks Marks are

famous and distinctive in the state of Washington.  The Brooks Marks became distinctive and

famous in the State of Washington before Defendants' conduct as alleged herein.

139.     Based on the totality of the facts and circumstances alleged herein,

Defendants are using the BROOKS BROTHERS Marks and are using and/or have an intent to

imminently use in commerce the Combination Marks in connection with the sale, offering for

sale, distribution, or advertising of athletic footwear, apparel, or accessories in ways that are

likely to confuse consumers; and Defendants are using and/or have an intent to imminently

use in commerce the BROOKS mark for the sale, offering for sale, and distribution of their

goods.

140.     Defendants are using and/or intend to imminently use one or more marks that

are identical or nearly identical to the BROOKS mark.

141.     Defendants' unauthorized conduct in the State of Washington as alleged

herein is likely to cause dilution of the famous Brooks Marks in violation of RCW §

19.77.160.

SECOND AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 48
CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

142.     Defendants' conduct as alleged herein has diluted and will, unless enjoined, continue to dilute and is likely to dilute the distinctive quality of Brooks' famous Brooks Marks.

143.     Defendants' conduct as alleged herein is intentional and willful in violation of RCW § 19.77.160, and has already caused Brooks irreparable damage and will, unless enjoined, damage and continue to so damage Brooks, which has no adequate remedy at law.

144.     Brooks is entitled to, among other relief, injunctive relief and its actual damages under RCW § 19.77.160.

**SIXTH CLAIM FOR RELIEF
TRADEMARK INFRINGEMENT UNDER
WASHINGTON STATE COMMON LAW**

145.     Brooks repeats and realleges the factual allegations stated above as if fully set forth herein.

146.     Brooks owns the rights to the valid Brooks Marks, including all common law rights.  All such rights owned by Brooks are superior to any rights that Defendants may claim to have in the BROOKS mark or any other of the Brooks Marks.  Brooks' rights in the Brooks Marks predate Defendants' use of any BROOKS BROTHERS and/or Combination Marks in connection with athletic footwear, apparel, or accessories (other than golf apparel) and predate Defendants' use of the BROOKS mark in connection with any goods or services.

147.     Based on the totality of the facts and circumstances alleged herein, Defendants are using the BROOKS BROTHERS Marks and are using and/or have an intent to imminently use in commerce the Combination Marks in connection with the sale, offering for sale, distribution, or advertising of athletic footwear, apparel, or accessories in ways that are likely to confuse consumers; and Defendants are using and/or have an intent to imminently use in commerce the BROOKS mark for the sale, offering for sale, and distribution of their goods.

SECOND AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 49
CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

148.     Defendants' conduct as alleged herein is likely to cause, has caused, and will continue to cause confusion and deception with the Brooks Marks, or cause confusion, mistake or deception as to the origin of Defendants' goods and services in violation of Washington state common law and RCW § 19.77.900.

149.     The public in the United States and worldwide associate the Brooks Marks with Brooks' goods and services.  Defendants actions as alleged herein will confuse and deceive consumers as to the origin, source, sponsorship or affiliation of their goods and services and will allow Defendants to unjustly benefit from Brooks' long-standing reputation in the marketplace for quality, innovation, and performance.   Among other things, Defendants unauthorized use is likely to cause consumers to believe, contrary to fact, that Defendants' goods and services are sold, authorized, endorsed, sponsored, or otherwise approved by Brooks, or that Defendants are in some way affiliated with Brooks.

150.     Defendants' conduct as alleged herein threatens to cause and is causing immediate and irreparable harm and injury to Brooks and to its goodwill and reputation. Defendants' conduct as alleged herein will continue to both damage Brooks and confuse the public unless enjoined by this Court.  Brooks has no adequate remedy at law.

151.     Defendants' conduct constitutes intentional and willful infringement of Brooks' exclusive rights in the Brooks Marks.

152.     Each Defendant is directly, contributorily, and vicariously liable for the infringement of every other Defendant.

153.     Brooks is entitled to, among other relief, injunctive relief and its actual damages under common law.

## SEVENTH CLAIM FOR RELIEF

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

154.     Brooks repeats and realleges the factual allegations stated above as if fully set forth herein.

SECOND AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK DILUTION, AND DECLARATORY JUDGMENT OF NON-INFRINGEMENT - 50
CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

155.     This is a Declaratory Judgment action for declarations of non-infringement that Brooks' use of BROOKS does not infringe any trademark right owned by Defendants and that Brooks is the senior user of the BROOKS mark.

156.     On March 4, 2020, Brooks Brothers filed claims against Brooks for trademark infringement, trademark dilution, false designation of origin, and unfair competition, alleging that Brooks Brothers owns the exclusive right to use the trademark BROOKS on apparel, and that Brooks' sale and offer for sale of apparel using its BROOKS mark was a willful violation of Brooks Brothers' trademark rights.  Brooks Brothers alleged that in selling goods marked with its house mark, which Brooks has been using for over a century, Brooks knowingly, willfully, and maliciously acted with intent to trade upon Brooks Brothers' reputation and goodwill and to injure Brooks Brothers.  Brooks Brothers sought injunctive relief, damages, and an order enjoining Brooks from using its own name on its products.

157.     According to public statements made by the Defendants, BB IPCO now owns, and Defendants control, any and all trademark rights that were previously owned by Brooks Brothers, including all federal trademark applications and registrations.  As part of their ownership of the Brooks Brothers' trademarks, Defendants have continued prosecuting the ITU Applications.

158.     By continuing to prosecute the ITU Applications, Defendants have represented that they have a bona fide intention to claim exclusive rights to the BROOKS mark, and to use the BROOKS mark, in connection with, among other goods and services, sports bags and retail and online retail store services for the sale of clothing and sporting goods.

159.     Notably, Defendants have not amended the ITU Applications to subrogate BB IPCO's claimed rights in BROOKS to Brooks' rights, which are known to Defendants. Defendants therefore maintain Brooks Brothers' attestation that its rights in the BROOKS

SECOND AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 51
CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1   mark in connection with the goods and services in the ITU Applications are superior to

2   Brooks' rights.

3       160.    Brooks continues to use its BROOKS mark on its goods and services as it has

4   for years, including in connection with apparel, retail store and online retail store services

5   featuring clothing, and a host of other products and services—the very acts that Brooks

6   Brothers accused as being willful, intentional, and malicious acts of infringement of rights

7   that Defendants now own, and the very goods and services in connection with which

8   Defendants now seeks exclusive rights via the ITU Application.

9       161.    To the best of Brooks' knowledge, none of the Defendants nor their

10  predecessor in interest, Brooks Brothers Group, ever used the trademark or service mark

11  BROOKS, and none of them has any trademark rights in the BROOKS mark.  In contrast,

12  Brooks has been known to the world as "Brooks" since its founding in 1914.  And, as a result

13  of over a century of widespread, continuous and exclusive use of the Brooks Marks to identify

14  its goods and services—including the BROOKS mark—Brooks owns valid and subsisting

15  federal statutory and common law rights in the BROOKS mark in connection with footwear,

16  apparel and accessories, and retail and online store services for the same.  Consequently,

17  Brooks' rights to BROOKS are superior to any Defendant's rights, if any.

18      162.    As the senior user in the United States, Brooks cannot infringe upon any

19  rights Defendants claim to have in the BROOKS marks under federal statutory or common

20  law.

21      163.    Brooks has a reasonable apprehension that it will be sued by Defendants

22  because of the conduct alleged herein.  A real, immediate, justiciable controversy exists

23  between Brooks and Defendants with respect to which company, as between one or more of

24  the Defendants or Brooks, owns superior rights in BROOKS, and therefore as to whether the

25  use of BROOKS by Brooks infringes any trademark right owned by Defendants.  The Court

26

SECOND AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 52
CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1   has subject matter jurisdiction over this claim for declaratory judgment under the Declaratory

2   Judgment Act, 28 U.S.C. §§ 2201–2202.

3                      **Federal Trademark Infringement, 15 U.S.C. § 1114(a)**

4         164.   Brooks incorporates the preceding paragraphs by reference as if fully set forth

5   herein.

6         165.   As between the parties, Brooks is the senior user of BROOKS.  Brooks is

7   recognized by the consuming public of the United States as a designation of source for

8   Brooks.  Defendants have no valid claim for trademark infringement under 15 U.S.C. §

9   1114(a).

10          **Federal False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(a)**

11        166.   Brooks incorporates the preceding paragraphs by reference as if fully set forth

12   herein.

13        167.   As between the parties, Brooks is the senior user of BROOKS.   BROOKS is

14   recognized by the consuming public of the United States as a designation of source for

15   Brooks.  Defendants have no valid claim for false designation of origin or unfair competition

16   under 15 U.S.C. § 1125(a).

17                      **Federal Trademark Dilution, 15 U.S.C. § 1125(c)**

18        168.   Brooks incorporates the preceding paragraphs by reference as if fully set forth

19   herein.

20        169.   As between the parties, Brooks is the senior user of BROOKS.   BROOKS is

21   recognized by the consuming public of the United States as a designation of source for

22   Brooks.  Defendants have no valid claim for dilution under 15 U.S.C. § 1125(c).

23                           **Common Law Trademark Infringement**

24        170.   Brooks incorporates the preceding paragraphs by reference as if fully set forth

25   herein.

26

SECOND AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 53
CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

171.     As between the parties, Brooks is the senior user of BROOKS.  Defendants own no common law rights in BROOKS.  BROOKS is recognized by the consuming public of the United States as a designation of source for Brooks.  Defendants have no valid claim for common law trademark infringement against Brooks.

## Unfair Competition RCW § 19.86.020

172.     Brooks incorporates the preceding paragraphs by reference as if fully set forth herein.

173.     As between the parties, Brooks is the senior user of BROOKS, and therefore its use of BROOKS does not constitute an unfair or deceptive practice, and does not constitute unfair competition in violation of Washington's Consumer Protection Act, RCW § 19.86.020.

## Trademark Dilution RCW § 19.77.160

174.     Brooks incorporates the preceding paragraphs by reference as if fully set forth herein.

175.     As between the parties, Brooks is the senior user of BROOKS, and therefore no Defendant owns any common law rights in BROOKS, has priority in BROOKS, or owns superior rights in BROOKS.

176.     Brooks' use of BROOKS cannot and does not violate RCW § 19.77.160

## VI.  DEMAND FOR JURY TRIAL

177.     Pursuant to Fed. R. Civ. P. 38(b), Brooks requests a trial by jury on all issues.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Brooks requests judgment against Defendants as follows:

1.     That Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114); Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

2.     That Defendants are liable for vicarious trademark infringement.

SECOND AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK DILUTION, AND DECLARATORY JUDGMENT OF NON-INFRINGEMENT - 54

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

3.      That Defendants have contributorily infringed upon Brooks' rights in the Brooks Marks.

4.      That Defendants have violated RCW § 19.86.020; RCW § 19.77.160; and RCW § 19.77.900.

5.      That Defendants have committed trademark infringement and unfair competition under Washington state common law.

6.      Declaring that Brooks' use of the BROOKS mark does not violate Defendants' rights under 15 U.S.C. §§ 1114, 1125(a), or 1125(c); that Brooks' use of the BROOKS mark violates no common law trademark right owned by any Defendant; that Brooks' use of the BROOKS mark does not constitute unfair competition under RCW § 19.86.020; and that Brooks' use of BROOKS does not constitute trademark dilution under RCW § 19.77.160.

7.      Declaring that Brooks has the sole and exclusive right to use the term "BROOKS" as a trademark or service mark in connection with apparel, footwear, accessories, and equipment, and retail store and online store services for sale of the same.

8.      Granting an injunction permanently enjoining Defendants and their licensees, their respective employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, contractors, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

a.  manufacturing, distributing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute, sell, market, advertise or promote apparel, footwear, accessories, and equipment bearing the mark BROOKS or any other mark, including BROOKS-formative marks, that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Brooks Marks;

SECOND AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 55
CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

b.  manufacturing, distributing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute, sell, market, advertise or promote athletic apparel, footwear, accessories, and equipment bearing any of the BROOKS BROTHERS marks or Combination Marks, that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Brooks Marks;

c.  engaging in any activity that infringes Brooks' rights in its Brooks Marks;

d.  engaging in any activity constituting unfair competition with Brooks;

e.  engaging in any activity that is likely to dilute the distinctiveness of the Brooks Marks;

f.  making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendants' goods and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Brooks or (ii) Brooks' goods and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with any Defendant;

g.  using or authorizing any third-party to use any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Brooks and/or the Brooks Marks;

h.  registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the BROOKS mark without the term BROTHERS, including Combination Marks or any other mark that infringes or is likely to be confused with the Brooks Marks, in connection with athletic apparel, footwear, accessories, and equipment and retail store and online retail store services in connection with the sale of the same; and

SECOND AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK DILUTION, AND DECLARATORY JUDGMENT OF NON-INFRINGEMENT - 56

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

i.  aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (i).

9.     Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendants are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Brooks or constitute or are connected with Brooks' goods and services.

10.     Ordering that Defendants recall and destroy all apparel, footwear, accessories, and equipment and related advertisements, promotions, signs, displays, and other materials incorporating or bearing the BROOKS mark.

11.     Ordering that Defendants recall and destroy all athletic apparel, footwear, accessories, and equipment and related advertisements, promotions, signs, displays, and other materials incorporating or bearing BROOKS BROTHERS or BROOKS BROTHERS Combination Marks or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of Brooks' Brooks Marks.

12.     Ordering Defendants to formally abandon with prejudice any and all of its applications to register and registrations for the mark BROOKS, BROOKS-formative marks and any mark consisting of, incorporating, or containing Brooks' Brooks Marks or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof in connection with athletic footwear, accessories, and equipment on any state or federal trademark registry, including, without limitation, U.S. Application Serial Nos. 88/742,542 and 88/746,602 for BROOKS, and 88/643,092 for BROOKSFLEX, and U.S. Registration Nos. 5,823,029 for BROOKSCLOUD, 4,142,789 for BROOKSCOOL, 3,009,280 for BROOKSSTORM, 2,498,929 for BROOKS STRETCH, 6,266,946 for BROOKSTECH, and 6,053,946 for BROOKSTECH.

SECOND AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK DILUTION, AND DECLARATORY JUDGMENT OF NON-INFRINGEMENT - 57

CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

13.     Ordering Defendants to withdraw with prejudice Opposition No. 91,243,962 against U.S. Application Serial No. 87/804,267.

14.     Ordering, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendants to file with the court and serve upon Brooks' counsel within thirty (30) days after service on Defendants of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied therewith.

15.     Ordering corrective advertisements in a form approved by the Court that informs the public of the violations of the law as Brooks may prove, and to ameliorate the false and deceptive impressions produced by such violations.

16.     Awarding Brooks an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

17.     Ordering that Defendants account to and pay over to Brooks all profits realized by their wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Brooks for the damages caused thereby.

18.     Awarding Brooks punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

19.     Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)) and awarding Brooks its costs and reasonable attorneys' fees thereunder.

20.     Awarding Brooks its actual damages sustained, its costs and expenses, including reasonable attorney's fees, and treble damages under RCW § 19.86.090.

21.     Awarding Brooks its actual damages sustained, and its costs and expenses, including reasonable attorney's fees  under RCW § 19.86.160.

SECOND AMENDED COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK
DILUTION, AND DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - 58
CASE NO. 2:20-CV-1491 RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

22. Awarding Brooks injunctive relief and its actual damages, together with the costs and expenses, including reasonable attorneys' fees, sustained from Brooks' defense of Opposition No. 91,243,962.

23. Awarding Brooks interest, including prejudgment and post-judgment interest, on the foregoing sums.

24. Awarding such other and further relief as the Court deems just and proper.

Dated this 2nd day of November, 2021.

SUMMIT LAW GROUP

By: *s/Diana Siri Breaux*
Diana S. Breaux, WSBA #46112
Email: dianab@SummitLaw.com
315 5th Ave S, Suite 1000
Seattle, Washington 98104
Telephone: 206-676-7058

And

PATTERSON BELKNAP WEBB & TYLER LLP
Geoffrey Potter (*admitted pro hac vice*)
Email: gpotter@pbwt.com
Aron Fischer (*admitted pro hac vice*)
Email:  afischer@pbwt.com
Lachlan Campbell-Verduyn (*admitted pro hac vice*)
Email: lcampbellverduyn@pbwt.com
1133 Avenue of the Americas
New York, NY  10036
Telephone: 212-336-2000

*Attorneys for Brooks Sports, Inc.*

SECOND AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK DILUTION, AND DECLARATORY JUDGMENT OF NON-INFRINGEMENT - 59

CASE NO. 2:20-CV-1491 RSM