# Exhibit E

AGREEMENT

THIS AGREEMENT, now made by and between GARFINCKEL, BROOKS BROTHERS, MILLER & RHOADES, INC., a Virginia corporation, having a place of business at 346 Madison Avenue, New York, New York 10017 (hereinafter referred to as BROOKS BROTHERS) and BROOKS SHOE MANUFACTURING CO., INC., a Pennsylvania corporation, having a place of business at 131 Factory Street, Hanover, Pennsylvania 17331 (hereinafter referred to as BROOKS SHOE);

WHEREAS, BROOKS BROTHERS and its predecessors have been using the Trademarks BROOKS BROTHERS and BROOKS for many years in connection with various articles of clothing, as set forth in United States Patent and Trademark Office Trademark Certificates of Registration No. 103,889, No. 404,625, No. 404,683, No. 404,790, No. 404,792, No. 405,037, No. 405,282, No. 640,370, No. 667,458 and No. 867,673;

WHEREAS, BROOKS SHOE and its predecessors have been using the Trademark BROOKS and BROOKS SHOE for many years in connection with athletic shoes, the use of the Trademark BROOKS being set forth in pending United States Patent and Trademark Office Trademark Application Serial No. 125,926;

WHEREAS, BROOKS BROTHERS has instituted Trademark Opposition No. 60,319 against the aforesaid United States Patent and Trademark Office Trademark Application Serial No. 125,926 of BROOKS SHOE;

WHEREAS, it is the desire of both parties amicably to settle said Trademark Opposition No. 60,319, as well as avoiding future conflicts for the entire world.

NOW, THEREFORE, in consideration of the mutual covenants and promises contained herein, and because it is the intention of the parties hereto to be legally bound, it is agreed as follows, for the entire world:

(1) BROOKS BROTHERS will not object to the use and registration by BROOKS SHOE for the entire world of the Trademark or Service Mark BROOKS or BROOKS SHOES in connection with any type of athletic shoes or in connection with services relating to the holding of athletic contests or any other athletically related promotional services relating thereto.

(2) BROOKS SHOE will not object to the use and registration by BROOKS BROTHERS for the entire world of the Trademark or Service Mark BROOKS or BROOKS BROTHERS in connection with services relating ot the sale of clothing, including, without limitation, shoes not classified as athletic shoes, and promotional services relating thereto.

(3) BROOKS BROTHERS will not object to the use and registration by BROOKS SHOE for the entire world of a composite Trademark or Service Mark comprising the word BROOKS and a second word (not similar to the word BROTHERS or any other word currently being used by BROOKS BROTHERS in association with the word BROOKS) or a symbol, such as, but not limited to, the "V" now appearing on athletic shoes being made and sold by BROOKS SHOE or the "CHEVRON" Design used by BROOKS SHOE on its letterhead in connection with athletically related clothing, equipment and products for use in various active sports such as, by way of example and not by way of limitation, walking, running, track & field, basketball, football, baseball, wrestling, tennis, soccer, racquetball, squash, swimming and other active sports, but not including golf. However, BROOKS SHOE agrees not to use any symbol similar to the "GOLDEN FLEECE" Design currently being used by BROOKS BROTHERS. With reference to golf related clothing, BROOKS SHOE shall have the right to use "BROOKS SHOE MANUFACTURING CO., INC." as the commercial corporate identity on any packaging. Such use shall be in a type style no larger than 1/4" (one-quarter inch) high, in a relatively inconspicuous place, near the edge of the packaging.

-2-

(4) In connection with paragraph (3), the use by BROOKS SHOE of the second word or symbol together with the word BROOKS shall be under such conditions that the word BROOKS will be fairly and closely associated with the second word or symbol and that the size of the letters in the word BROOKS shall be of a height not greater than twice the height of the second word or of the symbol. Where BROOKS SHOE uses a symbol together with the word BROOKS, such symbol shall be of a height at least equal to the height of the letters of the word BROOKS. The word BROOKS and the second word or symbol may be of the same or different colors and of the same and different logo or script, excluding script similar to the script currently being used by BROOKS BROTHERS.

(5) In the event BROOKS SHOE should cause to be published an advertisement for athletically related clothing, as further defined in paragraph (3) of the Agreement,, and in the further event that such advertisement also includes golf clothing, BROOKS SHOE shall take care that a trademark in compliance with this Agreement shall be fairly associated with the golf clothing.

(6) While the parties recognize that BROOKS SHOE can exercise no control over its customers' advertising, BROOKS SHOE agrees that it will not suggest to its customers that clothing bearing the Trademark BROOKS used in accordance with paragraphs (3) and (4) hereinabove, is capable of golf use nor will it make any representation to its customers that such customers have the right to suggest such use.

(7) In order to carry out this Agreement, the parties shall execute a Stipulation of Dismissal in the form attached hereto as Exhibit A, dismissing Opposition No. 60,319. The Stipulation of Dismissal shall be executed and filed with the Patent and Trademark Office within thirty (30) days of the last signature of this Agreement.

— 3 —

(8) Subject to the rights and limitations as set forth in paragraphs (1) to (6) hereinabove, each party undertakes to the other party that:

    (a) It will not oppose or in any way contest the validity of the registration of the Trademarks or Service Marks of the other party.

    (b) It will, when reasonably requested to do so, and within thirty (30) days of request, furnish written consent to registration of the Trademarks and Service Marks to the other party.

(9) Each party hereto releases the other party, its successors and assigns from all claims arising from the prior use by the respective parties of the Trademarks or Service Marks set forth herein. However, nothing contained in this paragraph shall be deemed to affect the obligations arising under this Agreement.

(10) This Agreement shall be of indefinite duration so long as a party has not abandoned all of its Trademarks or Service Marks covered in this Agreement. In the event that one party abandons all of its Trademarks or Service Marks as set forth herein in a particular country, then the other party shall have the right to use and register its Trademarks or Service Marks in that country and shall not be obligated in the future to issue a license to the party that has abandoned such Trademarks or Service Marks.

(11) Each party will be responsible for its own costs incurred by the implementation of any part of this Agreement.

(12) This Agreement shall be binding upon the successors and assigns of the respective parties. This Agreement may be assigned together with substantially all of the assets of a

- 4 -

particular party relating to the subject matter of this Agreement, but shall not otherwise be assignable without the written consent of the other party having first been obtained.

IN WITNESS WHEREOF, the parties have hereunto set their hands and seals on the dates hereinbelow indicated.

GARFINCKEL, BROOKS BROTHERS, MILLER & RHOADES, INC.

January 16, 1980     By _____

(CORPORATE SEAL)     Senior Vice President-Treasurer
                     TITLE

BROOKS SHOE MANUFACTURING CO., INC.

December 15, 1980    By _____

(CORPORATE SEAL)     President
                     TITLE

- 5 -

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| | |
|---|---|
| GARFINCKEL, BROOKS BROTHERS, MILLER & RHOADES, INC., <br><br>　　　　Opposer, <br><br>　　vs. <br><br>BROOKS SHOE MANUFACTURING CO., INC., <br><br>　　　　Applicant. | OPPOSITION NO. 60,319 |

## STIPULATION OF DISMISSAL

Hon. Commissioner of Patents and Trademarks
Washington, D. C. 20231

Sir:

　　It is hereby stipulated by and between counsel for the parties hereto that the above-entitled Opposition is dismissed with prejudice.

AMSTER, ROTHSTEIN & ENGELBERG

_____, 1980       By_____
　　　　　　　　　　　　　　Anthony F. Locicero
　　　　　　　　　　　　　　90 Park Avenue
　　　　　　　　　　　　　　New York, New York 10016
　　　　　　　　　　　　　　(212) 697-5995
　　　　　　　　　　　　　　Attorneys for Opposer.

CAESAR, RIVISE, BERNSTEIN & COHEN, LTD.

_____, 1980       By_____
　　　　　　　　　　　　　　Alan H. Bernstein
　　　　　　　　　　　　　　Suite 800 - Stephen Girard Bldg.
　　　　　　　　　　　　　　21 South 12th Street
　　　　　　　　　　　　　　Philadelphia, Pennsylvania 19107
　　　　　　　　　　　　　　(215) 567-2010
　　　　　　　　　　　　　　Attorneys for Applicant.